The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF, and BRIANA D. GAGE, | |
| Plaintiffs, | No. 2:24-cv-00343-TL |
| v. | |
| CITY OF SHORELINE, KING COUNTY, TOWN & COUNTRY MARKETS, EVAN B. FAGAN, WILLIAM C. AKERS and MR. THOMPSON, | KING COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO REVOKE PLAINTIFFS' IN FORMA PAUPERIS STATUS |
| Defendants. | Noted for July 1, 2024 |

## I.   ADDITIONAL FACTS

Plaintiffs' pattern of frivolous, abusive and harassing litigation against public officials, attorneys and judicial officers continues unabated. Many of his frivolous lawsuits have already been dismissed with prejudice.

*Benshoof v. Fauci et al.*, 2:22-cv-01291-LK[1]

---

[1] A court may take judicial notice of "matters of public record" including other state or federal court proceedings. F.R.E. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation omitted); *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take notice of proceedings in other courts whether in the federal or state systems.").

KING COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO REVOKE PLAINTIFFS' IN FORMA PAUPERIS STATUS
[No. 2:24-cv-00343-TL] - 1

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1    Prior to the lawsuits previously detailed in the Motion to Revoke IFP Status, Benshoof filed a frivolous 295-page complaint in September of 2022 against approximately 80 defendants comprised of elected officials, judges, public health officials, school employees and attorneys . 2:22-cv-1291, Dkt. 1. That action was dismissed with prejudice on October 31, 2022. 2:22-cv-1291, Dkt. 7.

*Benshoof v. Keenan et al.*, 2:23-cv-00751-RAJ

Benshoof's fourth action against King County Superior Court Judge Keenan was dismissed with prejudice on June 12, 2023. 2:23-cv-751, Dkt. 22.

*Benshoof and Gage v. Admon et al.*, 2-23-cv-01392-JNW

On June 28, 2024, Judge Whitehead dismissed all of Benshoof's and Gage's claims with prejudice, finding them to be "legally untenable". 2:23-cv-1392, Dkt. 245, at 2. Various motions to dismiss were pending but the court determined that it also had an "independent duty" to dismiss Plaintiffs' complaint "for want of legal sufficiency." *Id.*

In that case, like the present case, Benshoof and Gage alleged his constitutional rights were violated by private retail stores with face mask policies and their employees, and by the law enforcement officers who responded to 911 calls arising from Benshoof's numerous conflicts with those stores over his refusal to comply with their mask policies. 2:23-cv-1392, Dkt. 245, at 6-9. Judge Whitehead determined that Benshoof and Gage's claims against the private retail stores and their employees failed as a matter of law for lack of state action. *Id.* at 15-17.  Judge Whitehead ruled that the law enforcement officers were entitled to qualified immunity. *Id.* at 23-29. In particular, Judge Whitehead concluded that "in the context of a grocery store that required masking during the pandemic, the act of simply not wearing a mask is not one that would qualify as protected expression. Further, as discussed above, Benshoof does not demonstrate why wearing a mask imposes substantial burdens on his religion, and how refusing to wear a mask was protected religious conduct." *Id.* at 25.

KING COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO REVOKE PLAINTIFFS' IN FORMA PAUPERIS STATUS
 [No. 2:24-cv-00343-TL] - 2

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

Judge Whitehead also concluded that Benshoof and Gage failed to allege plausible § 1983 claims for municipal liability against King County and Seattle. *Id.* at 32-34.

*Benshoof v. Ferguson et al.*, 2-24-cv-00808-JHC

On June 24, 2024, Benshoof filed a frivolous emergency motion for a temporary restraining order, accusing King County Judge Marshall Ferguson and several attorneys of rendering criminal assistance. 2:24-cv-808, Dkt. 12.

*Frivolous Writs of Mandamus in the Ninth Circuit Court of Appeals*

Benshoof sought a writ of mandamus in the Ninth Circuit which was summarily denied on April 26, 2024. 2:23-cv-1392, Dkt. 189. Benshoof sought another writ of mandamus in the Ninth Circuit which was also summarily denied on June 20, 2024. 2:23-cv-1392, Dkt. 241.

## II. ARGUMENT IN REPLY

### A. Benshoof's IFP Status Should Be Revoked.

To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he seeks to pursue are not frivolous. *Ogunsalu v. Nair*, 117 Fed. Appx. 522, 523 (9th Cir. 2004). The litigant must show that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

In response to King County Defendants' motion, Benshoof provided no additional information about his purported inability to work, or how he meets his living expenses with no income.

Most importantly, Benshoof's pattern of frivolous, harassing litigation is patently clear by now. This Court should exercise its broad discretion by revoking Benshoof's IFP status due to the

KING COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO REVOKE PLAINTIFFS' IN FORMA PAUPERIS STATUS
 [No. 2:24-cv-00343-TL] - 3

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

demonstrated pattern of frivolous and abusive litigation. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)).

### B. Gage Failed to Respond to This Motion.

Plaintiff Gage has only provided her signature on her IFP application and the complaint in this case. Dkt. 7, 14. The other Plaintiff filings submitted in this case have been signed by Benshoof only. Dkt. 16, 19, 23, 24, 25, 33, 34,35, 39. Fed. R. Civ. P. 11 requires all pleadings to be signed by a party personally if the party is unrepresented. In his order of dismissal, Judge Whitehead expressed concern that Benshoof was attempting to improperly represent Gage. 2:23-cv-1392 Dkt. 245, at 3, n.2.

Importantly, Gage filed no response to King County Defendants' motion to revoke her IFP status. She has been a party to Benshoof's pattern of frivolous litigation.  As such, her IFP status should be revoked as well.

### III.   CONCLUSION

King County Defendants respectfully requests that both Plaintiffs' IFP status be revoked.

*I certify that this Memorandum contains 809 words in compliance with Local Civil Rules.*

DATED this 1st day of July, 2024.

>  LEESA MANION (she/her)
>  King County Prosecuting Attorney
>
>  By: _____
>  ANN SUMMERS, WSBA #21509
>  Senior Deputy Prosecuting Attorney
>  Attorney for King County Defendants
>  701 5th Avenue, Suite 600
>  Seattle, WA 98104
>  Phone: (206) 477-1120/Fax: (206) 296-0191
>  ann.summers@kingcounty.gov

KING COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO REVOKE PLAINTIFFS' IN FORMA PAUPERIS STATUS
 [No. 2:24-cv-00343-TL] - 4

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191