1

2

The Honorable Tana Lin
United States District Judge

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8
KURT A. BENSHOOF, and BRIANA D. GAGE,　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
9
　　　　　　　　　　　　Plaintiffs,　　)　　No. 2:24-cv-00343-TL
　　　v.　　　　　　　　　　　　　　　　　)
10
　　　　　　　　　　　　　　　　　　　　　　　)
CITY OF SHORELINE, KING COUNTY,　　　　　)　　CORRECTED DECLARATION OF
11
TOWN & COUNTRY MARKETS, EVAN B.　　　　　)　　ANN SUMMERS IN SUPPORT OF
FAGAN, WILLIAM C. AKERS and MR.　　　　　)　　KING COUNTY DEFENDANTS'
12
THOMPSON,　　　　　　　　　　　　　　　　　)　　MOTION TO REVOKE
　　　　　　　　　　　　　　　　　　　　　　　)　　PLAINTIFFS' IFP STATUS
13
　　　　　　　　　　　　Defendants.　　)
　　　　　　　　　　　　　　　　　　　　　　　)
14
_____)

15
I, Ann Summers, declare as follows:

16
　　　1.　I am over the age of 18 and I am competent to testify as to the matters stated herein.  I

17
　　　represent the City of Shoreline, King County, Deputy William C. Akers and Paul H.

18
　　　Thompson in this case.

19
　　　2.　Attached as Exhibits A  and B are true and accurate copies of email correspondence

20
　　　between undersigned counsel and Kurt Benshoof regarding Deputy Akers' and

21
　　　Detective Thompson's waivers of service.

22

23

CORRECTED DECLARATION OF ANN SUMMERS IN
SUPPORT OF KING COUNTY DEFENDANTS' MOTION
TO REVOKE IFP STATUS [No. 3:24-cv-00343-TL] - 1

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

3.  Attached as Exhibit C is a true and correct copy of the Order Restricting Abusive Litigation of Kurt Benshoof filed in *Benshoof v. Cliber et al.*, King County Cause No. 22-2-15958-8 SEA.

4.  Attached as Exhibit D is a true and correct copy of the Order Denying Respondent's Motion to Vacate filed in *In re Owen and Benshoof*, King County Cause No. 21-5-00680-6 SEA.

5.  Attached as Exhibit E is a true and correct copy of the Findings of Fact and Conclusions of Law filed in *Benshoof v. Owen,* King County Cause No. 22-2-03826-8 SEA.

6.  I am aware of this Court's standing order that requires parties to make a meaningful effort to confer prior to filing a motion. In my email communications with Mr. Benshoof in this matter, he has accused me of various crimes, including fraud and misappropriation of public funds, and has been extremely disrespectful. Ex. C; Dkt. 25. Mr. Benshoof has a history of harassing behavior toward participants of the judicial system, including attorneys and judges. See Benshoof et al. v. Admon et al., 2:23-cv-1392-JNW. In light of these facts, undersigned counsel concluded that there is no possibility of meaningfully conferring with Mr. Benshoof on the present motion, and did not attempt to do so.

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

Signed this 16th day of July, 2024 at Seattle, Washington.

_____
ANN M. SUMMERS

CORRECTED DECLARATION OF ANN SUMMERS IN
SUPPORT OF KING COUNTY DEFENDANTS' MOTION
TO REVOKE IFP STATUS [No. 3:24-cv-00343-TL] - 2

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

# Exhibit A

| | |
|---|---|
| **From:** | kurt benshoof |
| **To:** | Summers, Ann |
| **Cc:** | Briana Gage |
| **Subject:** | Re: Benshoof, et al. v. City of Shoreline, et al., 2:24-cv-00343-TL, waive of service for Defendants Akers and Thompson |
| **Date:** | Tuesday, May 28, 2024 12:51:40 PM |
| **Attachments:** | image001.png |

[EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Happy Tuesday!

I left you a voicemail, Ann.  The King County Code states the following, in part, (King County Code 2.21.050.B.1) "To have the benefit of the legal representation and indemnification, the county officer, employee, or agent **must** have performed or **acted in good faith**, within the scope of the county officer's, employee's or agent's service to or employment with the county, **and** with **no reasonable cause to believe the conduct was unlawful**."

The entire incident was recorded on my GoPro, which I can provide you.  I repeatedly asked Akers and Thompson to provide me with the law that I had violated, by which they were authorized to assert criminal jurisdiction to threaten me with arrest if I returned to the store within the next year.  Akers and Thomspon could not, and would not, provide me with the law I had violated.  I was generous enough to grant them the opportunity to retract their threats (RCW 9.04.110(28)(c)), which were a violation of RCW 9A.40.040 Unlawful imprisonment, a class C felony.  You will note that "restrain" is defined under RCW 9A.40.040 as "(6) "Restrain" means to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his or her liberty. Restraint is "without consent" if it is accomplished by (a) physical force, intimidation, or deception, or (b) any means including acquiescence of the victim"  (See RCW 9A.40.010)  The "scope of the county officer's employment" does not include violating criminal statutes, nor the Civil Rights Act of 1964.

King County sheriff deputies and City of Shoreline police were estopped from threatening me with arrest for shopping sans face covering, as they had explicitly confirmed in September 2020 that I could not be threatened with arrest for shopping at Central Markets for maskless shopping.  See *United States v. Tallmadge,* 829 F.2d 767 (9th Cir. 1987).  Entrapment by Estoppel.

Three Required Elements (**all** are required):
1.  must have performed or acted in good faith;
2.  must have acted within the scope of the county officer's employment; **and**
3.  must have acted with no reasonable cause to believe the conduct was unlawful.

Akers and Thompson were most definitely given reasonable cause to believe their conduct was unlawful, and this is evidenced on my GoPro video.  Unfortunately, they didn't want to admit that some dude with a high school education knew the law, and could quote the law, proving that Akers and Thompson could not claim criminal jurisdiction by which Akers and Thompson could restrain my movements without violating RCW 9A.40.040 and the Civil Rights Act of 1964.

Plaintiffs are amenable to resolving any and all claims without further litigation.  However, if the King County Office of the Prosecuting Attorney is going to violate RCW 42.20.270 to represent Akers and Thompson in their personal capacities as defendants, thereby seeking indemnification for their actions, Plaintiffs will object and seek a Petition for Declaratory Judgement prohibiting your office from thereby violating RCW 42.20.270.

In Truth & Spirit,
Reverend Kurt Benshoof

On Tue, May 28, 2024 at 10:51 AM Summers, Ann <Ann.Summers@kingcounty.gov> wrote:

King County Code Sec. 2.21.050

---

**From:** kurt benshoof <kurtbenshoof@gmail.com>
**Sent:** Tuesday, May 28, 2024 9:04 AM
**To:** Summers, Ann <Ann.Summers@kingcounty.gov>
**Cc:** brianagage702@gmail.com; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>; Bridgman, Kris <Kris.Bridgman@kingcounty.gov>
**Subject:** Re: Benshoof, et al. v. City of Shoreline, et al., 2:24-cv-00343-TL, waive of service for Defendants Akers and Thompson

[EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Happy Tuesday!

Thank you for the clarification.  Before Plaintiffs accept waiver of service for Mr. Akers and Mr. Thompson in their individual capacities, can you provide the statutory authority by which King County may allocate public funds to the legal representation of those sued in their individual capacities?  My concern is ensuring that RCW 42.20.070, misappropriation of public funds, a class B felony, is not inadvertently committed.

This issue arose when the City Attorney's Office claimed that it could spend public funds to defend people sued in their individual capacity in WAWD No. 2:23-cv-1392-JNW.  When the Municipal Charter was scrutinized, I discovered that the City Attorney's Office was violating RCW 42.20.270 by appearing on behalf of individual defendants and filing dispositive motions on their behalf.  Counsel Dallas LePierre attempted to weasel-word his way around this issue when Plaintiffs filed objections, and Mr. LePierre failed miserably.  Obviously, a municipality and county are contradistinguished, and you may be operating under valid statutory authority.

In Truth & Spirit,

Reverend Kurt Benshoof

"Cowardice asks the question, 'Is it *safe*?' Expediency asks the question, 'Is it *politic*?' Vanity asks the question, 'Is it *popular*?' But, conscience asks the question, '***Is it right?***' And there comes a time when one must take a position that is neither safe, nor politic, nor popular, but one must take it because one's conscience tells one that ***it is right***."

---Rev. Dr. Martin Luther King, Jr.

*"It's easier to build strong children than to repair broken men."*

---Frederick Douglass

*"Mercy for the guilty is cruelty to the innocent."*

---Adam Smith


*"It's amazing how much panic one honest man can spread among a multitude of hypocrites."*

---Thomas Sowell


On Tue, May 28, 2024 at 8:48 AM Summers, Ann <<u>Ann.Summers@kingcounty.gov</u>> wrote:

Yes, the waiver applies to their individual capacities.

Thank you,



**ANN SUMMERS** (she/her)

SENIOR DEPUTY PROSECUTING ATTORNEY, CIVIL DIVISION, GOVERNMENT
AFFAIRS AND LITIGATION

King County Prosecuting Attorney's Office

_____

701 Fifth Avenue, Suite 600, Seattle, WA  98104

O: (206) 477-1909

E: <u>ann.summers@kingcounty.gov</u>

---

**From:** kurt benshoof <<u>kurtbenshoof@gmail.com</u>>
**Sent:** Friday, May 24, 2024 2:48 PM
**To:** Summers, Ann <<u>Ann.Summers@kingcounty.gov</u>>
**Cc:** <u>brianagage702@gmail.com</u>; Munoz-Cintron, Rafael <<u>rmunozcintron@kingcounty.gov</u>>; Bridgman,
Kris <<u>Kris.Bridgman@kingcounty.gov</u>>
**Subject:** Re: Benshoof, et al. v. City of Shoreline, et al., 2:24-cv-00343-TL, waive of service for Defendants
Akers and Thompson

[EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Happy Friday!

Thank you for the offer to waive service for Dep. Akers and Det. Thompson.  If you are referencing their defense in their ***official*** capacities, they were served by my brother in their official capacities on May 10, 2024, along with King County, via **kcserviceofsummons@kingcounty.gov**.  Answer from King County, as well as Dep. Akers and Det. Thompson in their official capacities, are therefore due on Friday May 31, 2024.

Are you therefore offering to waive service for William Akers and Paul Thompson for their defense in their ***individual*** capacities?

On Friday, May 24, 2024, Summers, Ann <Ann.Summers@kingcounty.gov> wrote:

> Rev. Benshoof and Ms. Gage – I will be representing Dep. Akers and Det. Thompson in this matter.  I have been authorized to waive service on their behalf. For your convenience we have completed waiver of service forms, attached.

Thank you,

Ann Summers



**ANN SUMMERS** (she/her)

SENIOR DEPUTY PROSECUTING ATTORNEY, CIVIL DIVISION, GOVERNMENT AFFAIRS AND LITIGATION

King County Prosecuting Attorney's Office

_____

701 Fifth Avenue, Suite 600, Seattle, WA  98104

O: (206) 477-1909

E: ann.summers@kingcounty.gov

# Exhibit B

| | |
|---|---|
| **From:** | kurt benshoof |
| **To:** | Summers, Ann |
| **Cc:** | Munoz-Cintron, Rafael; brianagage702@gmail.com; Bridgman, Kris |
| **Subject:** | Re: Benshoof, et al. v. City of Shoreline, et al., USDC No.: 2:24-cv-00343-TL, |
| **Date:** | Wednesday, May 29, 2024 1:03:27 PM |
| **Attachments:** | 2024-05-29 Document 19 PLAINTIFF Praecipe Summons THOMPSON.pdf |

[EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Happy Wednesday!

Please see the attached praecipe and summons for Defendant Paul H. Thompson. (Dkt. #19)

In Truth & Spirit,
Reverend Kurt Benshoof

"Cowardice asks the question, 'Is it *safe*?' Expediency asks the question, 'Is it *politic*?' Vanity asks the question, 'Is it *popular*?' But, conscience asks the question, '***Is it right?***' And there comes a time when one must take a position that is neither safe, nor politic, nor popular, but one must take it because one's conscience tells one that ***it is right***."
---Rev. Dr. Martin Luther King, Jr.

*"It's easier to build strong children than to repair broken men."*
---Frederick Douglass

*"Mercy for the guilty is cruelty to the innocent."*
---Adam Smith

*"It's amazing how much panic one honest man can spread among a multitude of hypocrites."*
---Thomas Sowell


On Wed, May 29, 2024 at 11:38 AM kurt benshoof <kurtbenshoof@gmail.com> wrote:
> Happy Wednesday!
>
> I sent you the following yesterday, as well as a voicemail:
>
> The King County Code states the following, in part, (King County Code 2.21.050.B.1) "To have the benefit of the legal representation and indemnification, the county officer, employee, or agent **must** have performed or **acted in good faith**, within the scope of the county officer's, employee's or agent's service to or employment with the county, **and** with **no reasonable cause to believe the conduct was unlawful**."
>
> The entire incident was recorded on my GoPro, which I can provide you. I repeatedly asked Akers and Thompson to provide me with the law that I had violated, by which they were authorized to assert criminal jurisdiction to threaten me with arrest if I returned to the store

within the next year.  Akers and Thomspon could not, and would not, provide me with the law I had violated.  I was generous enough to grant them the opportunity to retract their threats (RCW 9.04.110(28)(c)), which were a violation of RCW 9A.40.040 Unlawful imprisonment, a class C felony.  You will note that "restrain" is defined under RCW 9A.40.040 as "(6) "Restrain" means to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his or her liberty. Restraint is "without consent" if it is accomplished by (a) physical force, intimidation, or deception, or (b) any means including acquiescence of the victim"  (See RCW 9A.40.010)  The "scope of the county officer's employment" does not include violating criminal statutes, nor the Civil Rights Act of 1964.

King County sheriff deputies and City of Shoreline police were estopped from threatening me with arrest for shopping sans face covering, as they had explicitly confirmed in September 2020 that I could not be threatened with arrest for shopping at Central Markets for maskless shopping.  See *United States v. Tallmadge*, 829 F.2d 767 (9th Cir. 1987).  Entrapment by Estoppel.

Three Required Elements (*all* are required):
1.  must have performed or acted in good faith;
2.  must have acted within the scope of the county officer's employment; *and*
3.  must have acted with no reasonable cause to believe the conduct was unlawful.

Akers and Thompson were most definitely given reasonable cause to believe their conduct was unlawful, and this is evidenced on my GoPro video.  Unfortunately, they didn't want to admit that some dude with a high school education knew the law, and could quote the law, proving that Akers and Thompson could not claim criminal jurisdiction by which Akers and Thompson could restrain my movements without violating RCW 9A.40.040 and the Civil Rights Act of 1964.

Plaintiffs are amenable to resolving any and all claims without further litigation.  However, if the King County Office of the Prosecuting Attorney is going to violate RCW 42.20.070 to represent Akers and Thompson in their personal capacities as defendants, thereby seeking indemnification for their actions, Plaintiffs will object and seek a Petition for Declaratory Judgement prohibiting your office from thereby violating RCW 42.20.070.  **(Note: this incorrectly cited RCW 42.20.*2*70 yesterday.)**

Is your position that, by filing Notice of Appearance (Dkt. #18), you are now representing Akers and Thompson in their *individual* capacities, as well as their official capacities?

If so, Plaintiffs have clearly stated their objections, to which you have not provided any evidence that your so doing would not be *ultra vires* and contrary to required elements of King County Code 2.21.050.B.1, and therefore a willful violation of RCW 42.20.070.

Public funds paid Akers and Thompson to violate the law and my rights on, or around, April 5, 2021.  It appears that you are now intending to appropriate additional public funds to defend Akers and Thompson in their individual capacities for their *ultra vires* acts in April 2021, which violated state law and my constitutionally protected rights.  Appropriating public funds for their individual capacity defense would also be a violation of the Washington state Constitution:

**Article I § 12 SPECIAL PRIVILEGES AND IMMUNITIES PROHIBITED. No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations.**

King County does not grant me, or any other citizen, the privilege of having my legal fees in a civil lawsuit paid for from public funds if I were to violate state law, violate another person's constitutionally protected rights, and do so "with no reasonable cause to believe the conduct was unlawful." However, it appears that your position is that a class of citizens known as "King County Sheriff Deputies" have been granted such a privilege in violation of Wash. Const. Art. I  § 12.

RCW 42.20.070 states that it is a class B felony to (1) Appropriates to his or her own use or the use of any person not entitled thereto, without authority of law, any money so received by him or her as such officer or otherwise. It appears that you intend to have a King County official, such as the Treasurer or whomever receives and distributes money on behalf of the King County Office of the Prosecuting Attorney, appropriate for the use of defending Akers and Thompson in their individual capacities, despite proof that Akers and Thompson are not entitled to such benefit under King County Code 2.21.050.B.1 regarding their misconduct.

If any of the foregoing is incorrect, please inform me of my errors of fact, errors of law, or my mistaken presumptions about your actions and intent. My intent is to be respectful of the Court's time and resources; therefore, I am attempting to clarify as much as possible off-the-record.

Furthermore, it must be noted that the King County Office of the Prosecuting Attorney should have ensured that King County Sheriff Deputies were duly informed of the law surrounding store mask mandates on, or before, September 6, 2020. Why? To prevent the harassment and assaults which Plaintiffs were subjected to.

Aren't there attorneys in your office who act as legal liaisons with the King County Sheriff's Office to ensure that deputies understand when deputies do---or do not---have criminal jurisdiction? When Captain Ryan Abbot called your office on, or around, April 8, 2021, your office clearly articulated to Captain Abbot that I understood the law very well. This begs the question: ***"Why did your office not inform deputies of the law regarding people shopping without face coverings in the SEVEN MONTHS prior to Akers and Thompson unlawfully imprisoning me?"*** Why was I repeatedly assaulted by store employees without any action by deputies or your office prior to Captain Abbot calling your office for clarification?


In Truth & Spirit,
Reverend Kurt Benshoof

"Cowardice asks the question, 'Is it *safe*?' Expediency asks the question, 'Is it *politic*?' Vanity asks the question, 'Is it *popular*?' But, conscience asks the question, '***Is it right?***' And there comes a time when one must take a position that is neither safe, nor politic, nor

popular, but one must take it because one's conscience tells one that ***it is right***."
---Rev. Dr. Martin Luther King, Jr.

*"It's easier to build strong children than to repair broken men."*
---Frederick Douglass

*"Mercy for the guilty is cruelty to the innocent."*
---Adam Smith

*"It's amazing how much panic one honest man can spread among a multitude of hypocrites."*
---Thomas Sowell

On Wed, May 29, 2024 at 11:01 AM Summers, Ann <Ann.Summers@kingcounty.gov>
wrote:

> We do not wish to confer on any settlement at this point.  Am I to understand that you and
> Ms. Gage are rejecting the offer of waiver of service for Deputy Akers and Detective
> Thompson?
>
> ---
>
> **From:** kurt benshoof <kurtbenshoof@gmail.com>
> **Sent:** Wednesday, May 29, 2024 10:46 AM
> **To:** Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>
> **Cc:** brianagage702@gmail.com; Summers, Ann <Ann.Summers@kingcounty.gov>;
> Bridgman, Kris <Kris.Bridgman@kingcounty.gov>
> **Subject:** Re: Benshoof, et al. v. City of Shoreline, et al., USDC No.: 2:24-cv-00343-TL,
>
> [EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts.
> Do not click or open suspicious links or attachments.
>
> Happy Wednesday!
>
> Does King County wish to confer on a negotiated settlement, or does King County prefer
> that Akers and Thompson be served summons at their homes and wait for them to retain
> private attorneys for their individual capacity defense?
>
> On Wednesday, May 29, 2024, Munoz-Cintron, Rafael
> <rmunozcintron@kingcounty.gov> wrote:
>
> > Greetings! Attached is Notice of Appearance just filed before the Honorable Court.

**Rafael A. Munoz-Cintron (he/him)**

Paralegal I

Government Affairs, Litigations and Appeals

Civil Division – Litigation Section

King County Prosecuting Attorney's Office



--

In Truth & Spirit,

Reverend Kurt Benshoof

"Cowardice asks the question, 'Is it *safe*?' Expediency asks the question, 'Is it *politic*?' Vanity asks the question, 'Is it *popular*?' But, conscience asks the question, '***Is it right?***' And there comes a time when one must take a position that is neither safe, nor politic, nor popular, but one must take it because one's conscience tells one that ***it is right***."

---Rev. Dr. Martin Luther King, Jr.

*"It's easier to build strong children than to repair broken men."*

---Frederick Douglass

*"Mercy for the guilty is cruelty to the innocent."*

---Adam Smith

*"It's amazing how much panic one honest man can spread among a multitude of hypocrites."*

---Thomas Sowell

Exhibit C

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND OF THE COUNTY OF KING**

| | |
|---|---|
| KURT BENSHOOF,<br><br>                      Plaintiff,<br><br>v.<br><br>NATHAN CLIBER, JESSICA OWEN,<br>MAGALIE LERMAN, and OWEN<br>HERMSEN<br><br>                      Defendants. | NO. 22-2-15958-8 SEA<br><br>**ORDER RESTRICTING ABUSIVE**<br>**LITIGATION OF KURT BENSHOOF** |

This Court has determined that Kurt Benshoof is a vexatious litigant, that he has engaged in an extensive pattern of abusive litigation and weaponization of the court system against Defendants, and that Defendants are entitled to entry of an order restricting Mr. Benshoof's ability to file abusive legal actions against them, their friends and family, and their respective counsel. *See* Dkt. #177 (Order Granting Defendants' Joint Motion for a Vexatious Litigant Order Against Plaintiff, And Temporary Order Restricting Abusive Litigation By Kurt Benshoof). The Court incorporates that order by reference as if set forth fully herein and makes the following additional findings and final orders:

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 1

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1048
P / 206.621.1871   F / 206.621.9907

1

## PRIOR ABUSIVE FILINGS BY MR. BENSHOOF

2

### King County Superior Court Cause No. 22-2-02932-3 SEA

3   1.   On March 1, 2022, Mr. Benshoof filed his first of several complaints against Ms.

4   Owen arising from his claim that Ms. Owen had converted his Toyota FJ Cruiser, which was

5   titled in Ms. Owen's name.

6   2.   After Ms. Owen voluntarily transferred title to Plaintiff, that matter was

7   dismissed.

8   3.   However, and despite the vehicle being voluntarily transferred to him, Plaintiff

9   continued to allege facts in this case (and others) regarding the vehicle.

10   ### King County Superior Court Cause No. 22-2-03826-8 SEA

11   1.   On March 16, 2022, Plaintiff filed another complaint against Ms. Owen.

12   2.   In that complaint, Mr. Benshoof alleged claims of constructive fraud and

13   infliction of emotional distress relating to a previously shared residence (titled in Ms. Owen's

14   name). Further, and similar to the allegations alleged in this matter, Mr. Benshoof claimed that

15   Ms. Owen wrongfully filed police reports against him.

16   3.   On June 24, 2022, Ms. Owen filed a motion to dismiss Mr. Benshoof's claims

17   in that lawsuit pursuant to CR 12(c). Judge Robertson granted Ms. Owen's motion on July 22,

18   2022, and his claims were dismissed with prejudice. Judge Robertson determined Mr.

19   Benshoof's claims were either time-barred or failed to state a claim upon which relief could be

20   granted.

21   4.   As to the claims concerning Ms. Owen's communications with law enforcement,

22   those were dismissed because they did not remotely rise to anything close to a viable cause of

23   action.



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3580,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

5.      Additionally, Judge Robertson's order admonished Mr. Benshoof's filings as follows:

> Plaintiff improperly attempt[ed] to "amend" the complaint via a filing of an "amended" complaint coupled with what purports to be criminal allegations. These items were all filed on 7/15/22 without leave of this court. Plaintiff failed to comply with CR 15 to permit an amendment of the complaint. However, *even if* this amended complaint were to be considered, it falls under the same merits as above [time-barred & failure to state a claim upon which relief can be granted].
>
> Plaintiff's Response to this motion was improper and untimely, and Plaintiff failed to follow local rules regarding service of working copies to the Court. However, the response was given consideration by this Court as if it were filed timely. In this Response, Plaintiff failed to provide any legal basis to deny Defendant's motion [to dismiss].

### King County Superior Court Case No. 22-2-1112-7 SEA

1.      On July 18, 2022, Mr. Benshoof filed an 85-page Petition for Writ of Habeas Corpus and named Mr. Cliber, Judge David Keenan, Commissioner Jason Holloway, Ms. Owen, Ms. Lerman, and one other individual as Respondents. The writ was denied three days after it was filed and the case was dismissed.

### King County District Court Cause No. 22CIV11976KCX

1.      On August 2, 2022, Mr. Benshoof attempted to obtain an anti-harassment protection order against Mr. Cliber based on Mr. Cliber's representation of Ms. Owen in the Parentage Action. The court denied Mr. Benshoof's request.

### U.S District Court for the Western District of Washington Cause No. 2:22-cv-01281-LK and King County Superior Court Cause No. 22-2-15745-3 SEA

1.      Following Judge Robertson's dismissal of his claims, Mr. Benshoof filed two other complaints against Ms. Owen on September 9, 2022, and September 29, 2022, respectively.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 3



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

2.     In the first of these two actions (the "Federal Action"), Mr. Benshoof filed a litany of allegations against dozens of people, including all named Defendants here and multiple sitting King County Superior Court Judges.

3.     On September 26, 2022, Judge Lauren King dismissed Mr. Benshoof's nearly 300-page complaint *sua sponte*.

4.     Three days later, Mr. Benshoof filed another action which was nothing short of a re-filing on the exact same claims previously dismissed by Judge Robertson (King Co. Sup. Ct. No. 22-2-15745-3).

**King County Superior Court Cause No. 22-2-15958-8 SEA (this case)**

1.     On October 3, 2022, Mr. Benshoof filed the present action. When Ms. Owen sought to consolidate this matter with the other matter assigned to Judge Robertson, Mr. Benshoof filed an affidavit of prejudice. This was a concerted effort to circumvent the prior orders of the Superior Court.

2.     This case marked the fifth civil complaint filed by Mr. Benshoof against Ms. Owen in a nine-month period. In this action, Mr. Benshoof cited to the above-mentioned, previously adjudicated matters, King County Superior Court Cause Nos. 21-5-00680-6 SEA and 21-2-11149-8 SEA, alleging, among other things, "Defendants Cliber and Owen illegally or improperly perverted the King County Family Court system against Plaintiff."

3.     When Ms. Owen and Mr. Cliber availed themselves of the protections found in Ch. 4.105 RCW, Mr. Benshoof responded by threatening to file yet more litigation against the same parties arising out of the same "facts".

4.     On March 17, 2023, this Court dismissed the one remaining claim asserted by Mr. Benshoof after having previously dismissed all other claims.


TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3650,
Seattle, Washington 98104-1048
P/ 206.621.1871  F/ 206.621.9907

1    Based on the factual findings above, this Court concludes that Mr. Benshoof has

2   engaged in an extensive pattern of abusive litigation and weaponization of the court system

3   against these defendants, their friends and family, and their attorneys.  This pattern of abusive

4   litigation has taken a significant emotional and financial burden on the defendants.

5   Accordingly, the Court imposes the following filing restrictions against Mr. Benshoof.

6                           **FILING RESTRICTIONS**

7    Based on the pattern of abusive litigation detailed above, the court enters the following

8   filing restrictions which will apply to any and all future litigation Mr. Benshoof may attempt

9   to bring.  These restrictions shall be in effect for five (5) years from the date of the entry of

10  this order.

11    1.    Kurt Benshoof is hereby **ENJOINED AND RESTRAINED**, in both an

12  individual and in any representative capacity, from initiating any litigation whatsoever in any

13  Superior Court in the state of Washington against Defendants, their attorneys, their friends

14  and family, or any other person related or connected to Defendants (collectively, "Persons

15  Covered by This Order"), unless Mr. Benshoof first obtains advanced approval from this

16  Court.

17    2.    To obtain advance approval from this Court, Mr. Benshoof shall submit an

18  application to the undersigned Judge/Department 31 in the form of a one-page document, in

19  twelve-point type, that provides a summary of the parties involved and the proposed claims

20  or issues.[1]  The proposed complaint/petition shall be attached to the summary.  No other

21

22

23  [1] Mr. Benshoof shall submit the application by filing it under the current case caption, King County Superior
Court Case No. 22-2-15958-8 SEA, with copies served via e-mail on all parties and counsel of record.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 5

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3650,
Seattle, Washington 98104-1046
P/ 206.621.1671  F/ 206.621.9907

1    exhibits or attachments may be included.  The Court may, at its discretion, request a response

2    from Persons Covered by This Order before ruling on Mr. Benshoof's application.

3         3.    Any new case against Persons Covered by This Order filed by Mr. Benshoof

4    with Court approval in King County Superior Court shall be assigned to the undersigned

5    judge/Department 31.

6         4.    If Mr. Benshoof seeks to commence a new action against Persons Covered by

7    This Order in a court *other than* a Superior Court, Mr. Benshoof must first bring a motion in

8    the other court for leave to proceed with the action.   The motion must be filed

9    contemporaneous to the filing of the complaint or petition.   The motion for leave must

10   demonstrate that good cause exists to permit the action to proceed given the claims raised in

11   the new complaint and Mr. Benshoof's past litigation abuses.  If the reviewing court finds

12   good cause has not been show for the action to proceed, it may dismiss the action with

13   prejudice.  If the reviewing court determines that sanctions are warranted, it may impose

14   sanctions at the same time the action is dismissed. Mr. Benshoof shall have an opportunity to

15   explain in writing why sanctions should not be imposed in a post-dismissal motion for

16   reconsideration within ten (10) days of the dismissal.

17        5.    Mr. Benshoof shall submit a copy of this Order with any future lawsuit he files

18   or attempts to file in any court, including (but not limited to) any federal court.

19        6.    If Mr. Benshoof fails to abide by the terms of this Order, any party may move,

20   or the Court *sua sponte* may move, for a finding of contempt and sanctions.  A contempt

21   finding could result in the imposition of jail time as a sanction. The Court has attached the

22   Knight warnings to this Order.

23

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3600,
Seattle, Washington 98104-1045
P/ 206.621.1871  F/ 206.621.9907

DONE this 31st day of March, 2023.

The Hon. Marshall Ferguson

Presented by:

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Kyle J. Rekofke
Kyle J. Rekofke, WSBA #49327
Attorney for Defendant Nathan Cliber


TOMLINSON BOMSZTYK RUSS

By: _AM_____
Anthony S. Marinella, WSBA #55611
Attorney for Defendant Jessica Owen


ADMON LAW FIRM , PLLC

By:   /s/ Moshe Y. Admon
Moshe Y. Admon
Attorney for Defendants Lerman and Hermsen

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 7



TOMLINSON
BOMSZTYK
RUSS

1008 Second Avenue, Suite 3650,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

# CONTEMPT "KNIGHT" WARNING

1. If this court finds you in contempt of court, jail time is an immediate possibility.   Consequently, you have a right to counsel.

2. You may hire private counsel at your own expense, but the court is referring you to the Department of Public Defense (formerly the Office of Public Defense) where an attorney will be provided if you cannot afford to hire private counsel.   It is your responsibility to contact the Department of Public Defense for screening.   You are being provided with the contact information for the Department of Public Defense with this notice.

3. If you do not contact the Department of Public Defense or hire private counsel, your conduct will be deemed dilatory, which means you have failed to follow through on your obligation.   As a consequence, the court can find that you have forfeited your right to an attorney.

4. If you are found to have forfeited your right to an attorney, the court will require you to proceed in the matter without representation by counsel.   Without an attorney, you risk failing to assert defenses to contempt or effectively explaining to the court why you should not be held in contempt.   Without an attorney you also may miss an opportunity to present information that could mitigate or make less severe any sanctions imposed if you are found to be in contempt.   Given that I have advised you that a possible sanction for contempt is jail, I urge you seek counsel now.

King County Superior Court

**King County**

**Department of**
**PUBLIC DEFENSE**
*Upholding the Constitution,*
*one client at a time.*

**Important notice to defendants accused**
**of a crime or involved in a dependency action**

If you cannot afford a lawyer, you must be screened and determined eligible for a public
defender. **There are two ways to be interviewed:**
**1. Call the King County Department of Public Defense (DPD) at (206) 477-9727**
*Monday through Friday from 8 a.m. to 5 p.m.*

2. **Report in person to a DPD screening office:**
**King County Courthouse, 516 3rd Ave, Room E-820, Seattle**
*Mondays and Wednesdays from 8 a.m. to 5 p.m.*

**Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032**
**Room 1-B**
*Tuesdays and Wednesdays from 8 a.m. to 5 p.m.*
You can also email DPDScreening@kingcounty.gov to have a DPD screener contact you.

You will likely have a better outcome if you discuss your case with your attorney as soon as
possible. To see if you qualify for a public defender, contact DPD immediately. Even if an
attorney was originally assigned to you while you were in custody, you must still call DPD
upon release to see if you continue to qualify. SCREEN EARLY! DON'T WAIT!

**Aviso importante a los acusados, acusado de un delito o**
**involucrados en un caso de dependencia**

**King County**

**Department of**
**PUBLIC DEFENSE**
*Upholding the Constitution,*
*one client at a time.*

Si usted no puede pagar a un abogado, debe ser entrevistado y
determinado elegible para tener un defensor público. Hay dos
maneras para hacer la entrevista:
1. Llame el Departamento del Condado de King de los
Defensores Publicos (DPD) en (206) 477-9727 el lunes al viernes desde a las 8:00 AM
– 5:00 PM
2. Aparecer en persona a la Oficina de Defensores Publicos a:
King County Courthouse, 516 3rd Ave, Seattle, WA 98104
**Los lunes y miercoles entre los horarios 8:00 AM – 5:00 PM**
Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032
Sala 1-B
**Los martes y miercoles entre los horarios 8:00 AM – 5:00 PM**

Usted podria tener los mejores resultados si puede discutir sobre su caso con su abogado lo
mas pronto que sea posible. Para averiguar si usted califique por tener un defensor publico,
debe comunicarse con DPD inmediatamente aunque ha tenido un defensor publico mientras
usted estaba encarcelado, aun debe comunicarse con DPD cuando salga de la carcel para
averiguar si sigue ser elegible. Haga su entrevista pronto.
Usted tambien puede mandar un email a DPDScreening@kingcounty.gov para comunicarse con
uno de los entrevistadores.

King County Superior Court

Exhibit D

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF KING**

In re:

JESSICA R. OWEN,
    Petitioner,

and

KURT A. BENSHOOF,
    Respondent.

NO.  21-5-00680-6 SEA

**ORDER DENYING RESPONDENT'S MOTION TO VACATE**

**Clerk's Action Required**

**JUDGMENT SUMMARY**

A.    Judgment Creditor: JESSICA R. OWEN
B.    Judgment Debtor: KURT A. BENSHOOF
C.    Principal judgment amount    $5,040.00
D.    Interest to date of Judgment    $_____
E.    Attorney's fees    $_____
F.    Costs    $_____
G.    Other recovery amount    $_____
H.    Principal judgment shall bear interest at 12% per annum (1% per month).
I.    Attorney's fees, costs and other recovery amounts shall bear interest at _____% per annum.
J.    Attorney for Judgment Creditor: NATHAN CLIBER
K.    Attorney for Judgment Debtor: *pro se*

*Order and Judgment - Page 1*

THIS MATTER having come on before the undersigned Judge of the above-entitled Court on the below-stated date; the court, having reviewed the file and records herein, now, therefore makes the following **FINDINGS:**

1) Respondent's *Motion for Order to Show Cause and Order to Vacate Judgment/Order re: King County Superior Court Case No. 21-5-00680-6 SEA Under CR 60* (hereafter "Motion to Vacate") is without merit.

2) The issues presented by Respondent in his *Motion to Vacate* flow from his mistaken belief that Petitioner was legally precluded from filing this action. His belief, or anger, or both led him to stop participating in the case and resulted him demanding that he not be contacted by Petitioner, her lawyer or generally any one else. Unsurprisingly, Petitioner filed a motion for default judgment, which a Court granted. Final orders then entered because Respondent was not participating.

3) He now requests that final orders be undone.

4) Mr. Benshoof's motion follows a string of frivolous pleadings which has resulted in him being designated a vexatious litigant. This motion is also frivolous. Additionally, Mr. Benshoof supported his motion with a declaration from his son, whom Mr. Benshoof is currently prohibited from contacting. This leads this Court to one of two conclusions: either Mr. Benshoof made up the declaration (in which case he is lying to this Court) or he procured it from the child, in which case he is violating a valid court order. Either of these actions is sanctionable and the latter is particularly egregious.

5) Sanctions are appropriate given this conduct.

It is therefore, hereby **ORDERED, ADJUDGED and DECREED:**

1) Respondent's request that final orders in this matter be vacated is **DENIED**, with prejudice.

2) Respondent is barred from initiating further Petitions, Motions, or other litigation under this cause number as a result of Judge Ferguson's *Order Granting Defendants' Joint Motion for a Vexatious Litigant Order Against Plaintiff, and Temporary Order Restricting Abusive Litigation by Kurt Benshoof,* and all subsequent orders related thereto, under KCSC Case No 22-2-15958-8 SEA.

3) Petitioner shall have a judgement against Respondent in the amount of $5,040.00, payable within 30 days of this order. Payment in the form of a cashier's check, payable to Petitioner, shall be delivered to Petitioner's attorney's office at the address below.

*Order and Judgment - Page 2*

Dated:_____          _____
                                        Judge Sean P. O'Donnell

King County Superior Court
Judicial Electronic Signature Page

Case Number:      21-5-00680-6
Case Title:       OWEN VS BENSHOOF

Document Title:   ORDER DENYING MOTION/PETITION

Signed By:        Sean O'Donnell
Date:             March 24, 2023

_____

Judge：  Sean O'Donnell

This document is signed in accordance with the provisions in GR 30.

Certificate Hash:          22C471BDBBADB7622DCA6C95C191992CF79C14F6
Certificate effective date: 1/30/2019 8:24:49 AM
Certificate expiry date:   1/30/2024 8:24:49 AM
Certificate Issued by:     C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                           O=KCDJA, CN="Sean O'Donnell:
                           nHo0hQvS5hGLVE33AFk6yQ=="

Page 4 of 4

Exhibit E

THE HONORABLE SANDRA WIDLAN
Findings of Fact & Conclusion of Law
Trial Date: May 9, 2023

FILED

2023 JUN 02 11:32 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-03826-8 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND OF THE COUNTY OF KING

KURT BENSHOOF,

                      Plaintiff,

v.

JESSICA R. OWEN,

                      Defendant.

**NO. 22-2-03826-8 SEA**

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

KURT BENSHOOF,

            Plaintiff, *Pro Se,*

v.

JESSICA R. OWEN,

                      Defendant.

**[CONSOLIDATED]**

**NO. 22-2-15745-3 SEA**

THIS MATTER came before the Court for trial beginning on May 9, 2023.  Plaintiff Kurt Benshoof ("Plaintiff" or "Benshoof") was represented by Ann LoGerfo of LoGerfo Garella PLLC, and Defendant Jessica R. Owen ("Defendant" or "Ms. Owen") was represented by Blair Russ of Tomlinson Bomsztyk Russ.

The Court, having heard the testimony of the witnesses, reviewed the exhibits admitted into evidence, reviewed the briefing of the parties, having heard argument of counsel, and the parties having rested following the presentation of evidence, hereby enters the following Findings of Fact and Conclusions of Law:

DEFENDANT OWEN'S FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1

1

## I.   <u>FINDINGS OF FACT</u>

2

### A.   *Facts Regarding the Subject Property*

3       1.       This matter arises from a parcel of residential real estate located at 1716 N 128th

4   Street, in Seattle, Washington 98133 ("Property") and legally described as follows:

5       THAT PORTION OF LOTS 7 AND 8, BLOCK 11, HALLER LAKE
        TRACTS, ACCORDING TO THE PLAT THEREOF, RECORDED IN
6       VOLUME 12 OF PLATS, PAGE 46, IN KING COUNTY, WASHINGTON,
        DESCRIBED AS FOLLOWS:

7
        BEGINNING AT THE SOUTHEAST CORNER OF LOT 8 OF SAID BLOCK
8       11;
        THENCE NORTH 89 DEGREES 54 MINUTES 13 SECONDS WEST
9       ALONG THE SOUTH LINE OF LOTS 7 AND 8, A DISTANCE OF 115.0
        FEET TO THE TRUE POINT OF BEGINNING;
10      THENCE NORTH 0 DEGREES 05 MINUTES 17 SECONDS WEST
        PARALLEL WITH THE EAST LINE OF SAID LOT 8, A DISTANCE OF
11      120 FEET;
        THENCE SOUTH 89 DEGREES 54 MINUTES 13 SECONDS EAST 75.0
12      FEET;
        THENCE NORTH 0 DEGREES 05 MINUTES 17 SECONDS EAST 15.0
13      FEET;
        THENCE SOUTH 89 DEGREES 54 MINUTES 13 SECONDS EAST 40.0
14      FEET TO THE EAST LINE OF SAID LOT 8;
        THENCE NORTH 0 DEGREES 05 MINUTES 17 SECONDS WEST 67.6
15      FEET TO THE SOUTH LINE OF THE NORTH 173.0 FEET OF SAID LOTS
        7 AND 8;
16      THENCE NORTH 89 DEGREES 54 MINUTES 13 SECONDS WEST
        ALONG SAID SOUTH LINE 135.0 FEET;
17      THENCE SOUTH 0 DEGREES 05 MINUTES 17 SECONDS EAST 202.6
        FEET TO THE SOUTH LINE OF SAID LOT 7;
18      THENCE SOUTH 89 DEGREES 54 MINUTES 13 SECONDS EAST 20.0
        FEET TO THE TRUE POINT OF BEGINNING;

19
        SITUATE IN THE CITY OF SEATTLE COUNTY OF KING, STATE OF
20      WASHINGTON.

21      2.       As a Counterclaim Defendant, Ms. Owen asserts a claim of ejectment against

22   Mr. Benshoof seeking to remove him from the Property.  She also claims amounts attributable

23   to his sole occupancy of the Property from after her departure from the Property in September

DEFENDANT OWEN'S FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2

of 2020.  The Court has already determined prior to trial that Mr. Benshoof lacks any legally

tenable claim to the Property.  Thus, the sole issues before the Court concern (1) whether Mr.

Benshoof has any right to remain at the Property in spite of the fact that this Court has already

established that he lacks a viable ownership interest in the Property, and where it is undisputed

that Ms. Owen is the only party on title; and (2) whether Ms. Owen is entitled to restitution

due to Benshoof's sole occupancy at the Property from September 2020 to present.  No other

issues have been properly raised by the operative pleadings in this matter.

3.      Having defined the issues, the Court finds the following fact: Prior to

purchasing the Property, Mr. Benshoof and Ms. Owen were in a romantic relationship spanning

several years.  They met through a mutual friend who had hired them both, independently, to

assist in refurbishing a wood floor in an old Capitol Hill home.  About a year and a half later,

Ms. Owen and Benshoof began dating.  They moved into the house that Mr. Benshoof rented

in Fremont.  In approximately 2009, Ms. Owen unexpectedly became pregnant with their now-

teenaged son.  Shortly after Ms. Owen's pregnancy, the relationship began to sour between her

and Mr. Benshoof.  When their son turned four, Mr. Benshoof ended the relationship.

4.      On October 13, 2014, Ms. Owen put the Property under contract.  With the help

of her parents to co-sign the purchase financing, Ms. Owen closed the transaction on December

30, 2014.  The title was conveyed to Ms. Owen, her father, Dennis Owen, and her mother,

Sandra Wood.  Mr. Benshoof subsequently moved into the Property in early 2015.

5.      In December of 2018, Ms. Owen refinanced the Property.  Because she was

able to qualify for refinance on her own, her parents conveyed their interest to her.  By that

time, Ms. Owen had decided to move on from Mr. Benshoof.  That decision was precipitated

by an incident where Mr. Benshoof flew into a rage and broke dishes, windows, and ripped a

door of its hinges.  This resulted in Ms. Owen frantically calling 911, but ultimately refusing to press any charges.

6.      In February of 2019, Ms. Owen began dating Magalie Lerman.  As Ms. Owen and Ms. Lerman's relationship evolved, Mr. Benshoof became more and more aggressive.

7.      In July of 2020, Ms. Owen decided to move out, leaving Mr. Benshoof in the house.  In August in 2020, Ms. Owen found a home in a nearby neighborhood and moved in after it closed in September of 2020.  She testified that she looked for both rental options and purchase options simultaneously.  She also testified that she looked at similar properties nearby for approximately $3,500 to $4,000 per month.  After Ms. Owen purchased her new home, which was situated within walking distance of the Property, things between Benshoof and Ms. Owen devolved further between them, ultimately resulting in a custody battle over their son. In August of 2021, and after the custody dispute arose, Ms. Owen finally told Mr. Benshoof that she planned to evict him from the Property.  Ms. Owen testified that the reason for the delay was attributed to the fact that she was in fear of Mr. Benshoof.

8.      A lawsuit over the Property was filed by Mr. Benshoof on March 16, 2022.  Mr. Benshoof's claims were ultimately dismissed on July 22, 2022, and his subsequent attempts to re-allege them were denied by this Court.

9.      Mr. Benshoof continued to reside at the Property from September 2020 through the time of trial.

10.      On May 9, 2023, the date of the trial of this matter, Mr. Benshoof failed to appear for trial. His counsel stated that the reason for his failure to appear was due to his having a warrant for his arrest from Seattle Municipal Court. Mr. Benshoof's counsel requested that

the Court allow him to appear by Zoom. Counsel for Ms. Owen objected to this request, and the Court denied the request.[1]

11.     The Court finds that Ms. Owen's testimony at trial was credible, and that Ms. Owen has met her burden of proof as related to her claims of ejectment and unjust enrichment.

12.     As to Ms. Owen's unjust enrichment claim arising from Mr. Benshoof's continued occupancy of the Property following Ms. Owen departure in September of 2020 to the time of trial, the Court finds that Mr. Benshoof owes Ms. Owen **$41,300**. This amount is based on the following calculation:

> A. The Court reviewed the data which was admitted from the Multiple Listing Service (MLS) data provided by Ms. Owen and found that a reasonable rental price for the subject Property is $2,860. Mr. Benshoof has had exclusive occupancy thereof for thirty-two (32) months (from September 2020 to present). $2,860 multiplied by 32 equals $91,520.
>
> B. Mr. Benshoof has made twenty-seven (27) mortgage payments toward the Property since September 2020. He has paid approximately $1,860 in each of those payments.  $1,860 multiplied by 27 equals $50,220.
>
> C. The benefit retained by Mr. Benshoof in occupying the home and not paying a reasonable market rental rate is the difference between the above-mentioned figures ($91,520 - $50,220 = **$41,300**).

13.     The Court is aware of Mr. Benshoof's litigation tactics against Ms. Owen and others associated with her or with litigation involving her. In separate orders in *Benshoof v.*

---

[1] The Court adopts its oral ruling as the basis for its decision to deny Mr. Benshoof's request to testify by Zoom.

*Cliber, Owen, Lerman, and Hermsen,* King County Superior Court No. 22-2-15958-8, Mr. Benshoof was found to be **a vexatious litigant** and was restricted from abusive litigation. *See* Exhibit 1. In *Benshoof v. Judge David Keenan, Commissioner Jason Holloway, Nathan Clober, Seattle Police Chief Adrian Diaz, Jessica R. Owen, and Magalie Lerman,* King County Superior Court No. 22-2-11112-7, Mr. Benshoof's request for a Writ of Habeas Corpus was denied. *See* Exhibit 2. In *Benshoof v. Magalie Lerman,* King County Superior Court No. 23-2-02503-2, Mr. Benshoof's request for a protection order was denied. *See* Exhibit 3. Mr. Benshoof has also filed a nearly 300 page lawsuit in federal district court against Judge Sean O'Donnell, Judge Jim Rogers, Judge David Keenan, and Judge Jason Holloway, among others. *See* Exhibit 4.   To be clear, the Court is not relying on this litigation in its determination regarding liability and damages in this case but it is nonetheless the context under which this lawsuit occurs.

14.     Further, Mr. Benshoof's deposition testimony in this case was not proffered in good faith. For example, he refused to answer questions in a straightforward manner regarding how he pays for items given his assertion that he has no income.

Q.  So since approximately 1994 -- it's your testimony today you've not had a job since that time?

A (Benshoof). I said I haven't had income.

Q. So how do you currently pay for things?

MS. LOGERFO (Benshoof Attorney): Objection. Vague and relevancy.

Q. BY MR. MARINELLA (Owen Attorney): You can answer.

A. Well, I can give you an example of today. When I walked into Trader Joe's, **I reached into my pocket and I pulled out some money.** And I handed it to the cashier. And then the cashier gave me some change.

1    Q. Okay. And how did you come across that money?

2         MS. LOGERFO:  Objection. Relevancy.

3         THE WITNESS (Benshoof): **I'm not sure where that particular set of dollar**
     **bills came from.**

4

5              II.     <u>CONCLUSIONS OF LAW</u>

6    1.    Based on the above facts, Ms. Owen is entitled to an order ejecting Mr.

7    Benshoof from the Property.

8    2.    In an ejectment action, the defendant against such a claim (here, Mr. Benshoof)

9    is "the tenant in possession," (*i.e.,* a person in possession of land against whom the plaintiff

10   (Ms. Owen) claims to have the right of possession).  RCW 7.28.010.  Ejectment is a remedy

11   for one who, claiming a paramount title, is out of possession. *Bar K Land Co. v. Webb*, 72 Wn.

12   App. 380, 383, 864 P.2d 435, 437 (1993). Moreover, "[a]ny person having a valid subsisting

13   interest in real property, and a right to the possession thereof, may recover the same by action

14   in the superior court of the proper county, to be brought against the tenant in possession." *Id.*

15   The Washington Supreme Court has made it clear that RCW 7.28.010 codified the common

16   law claim of ejectment.  *Bruhn v. Pasco Land Co.*, 67 Wn. 490, 121 P. 981 (1912).  Here, Ms.

17   Owen seeks ejectment in circumstances where there is no claim to her fee-simple title that

18   needs to be resolved.[2]  Again, and as already observed by this Court, Benshoof possesses no

19   claim to the Property's title.

20   3.    The plaintiff in an ejectment action must have some interest in the subject

21   property, such as a leasehold tenancy or a right of possession as contract purchaser, that gives

22

23   [2] Plaintiff's *lis pendens* was denied on January 24, 2023.  *See* RCW 4.28.320 (requiring that a *lis pendens* can only be recorded in "an action affecting title to real property has been commenced").  Because Plaintiff Benshoof does not have any claims to the title, the Court canceled it under RCW 4.28.328(2).

1    her the legal right of possession.  RCW 7.28.010.  The main object of an ejectment action is to

2    put a plaintiff into possession of her property.  If the defendant in an ejectment action is in

3    possession of the property, as in this case here, the goal of an ejectment action is to oust him

4    from that property.  RCW 7.28.010.

5        4.      Mr. Benshoof, as the defendant in Ms. Owen's ejectment action, must assert

6    affirmative defenses in his response thereto, and cannot simply deny her claim to the Property.

7    RCW 7.28.130.  The form of specific relief is a court order awarding possession to a plaintiff

8    who prevails.  RCW 7.28.010.  Specifically, the statute states that the party who has the right

9    to possession "may recover the same." *Id.; see also* RCW 7.28.320.  Moreover, a person who

10   is in possession of another's land without permission is not a tenant but either a trespasser or

11   an adverse possessor. *Meyer v. Beyer*, 43 Wn. 368, 86 P. 661 (1906); *Carlson v. Curran*, 42

12   Wn. 647, 85 P. 627 (1906); *Snyder v. Harding*, 34 Wn. 286, 75 P. 812 (1904).

13       5.      As noted above, Mr. Benshoof lacks any claim to the title and there is no dispute

14   that title is properly vested in Ms. Owen.  Ms. Owen is the sole owner of the Property, and her

15   ownership has not been put into question by any of the pleadings filed by Benshoof in this

16   action.  Ms. Owen's title is clearly superior to Benshoof's non-existent title.  He does not have

17   any legal title to the Property and, to the extent he claims a supposed promise to put his name

18   on the title or some sort of equitable interest—those issues have already been disposed of by

19   Judge Andrea Robertson (who was previously assigned to this case) and the undersigned judge.

20       6.      Unjust enrichment is an equitable remedy which requires a showing that "the

21   circumstances of the benefit received or retained make it unjust for the defendant to keep the

22   benefit without paying." *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474,

23   478, 254 P.3d 835, 838 (2011).  The doctrine of unjust enrichment requires proof that one party

was enriched by the other, and the enrichment was unjust under the circumstances and between the two parties to the transaction. *Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wn. App. 719, 732, 741 P.2d 58 (1987).

7.      Here, Mr. Benshoof continuously occupied the Property from September 2020 forward. That was a benefit conferred to him by Ms. Owen, the owner of the Property, and for which Mr. Benshoof retained under circumstances which would make it inequitable for him to do so without reimbursement to Ms. Owen. *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.,* 61 Wn. App. 151, 159-60, 810 P.2d 12 (1991).

8.      The measure of recovery for an unjust enrichment claim is restitution (*i.e.,* the value of benefit conferred on the recipient). *Dravo Corporation v. L.W. Moses Company*, 6 Wn. App. 74, 492 P.2d 1058 (1971); *Irwin Concrete, Inc. v. Sun Coast Properties*, Inc., 33 Wn. App. 190, 195, 653 P.2d 1331, 1335 (1982) ("A claim for unjust enrichment is a quasi-contractual claim"). As to Ms. Owen's unjust enrichment claim arising from Mr. Benshoof's continued occupancy of the Property following Ms. Owen departure in September of 2020 to the time of trial, Mr. Benshoof owes Ms. Owen **$41,300**.

### III.    ORDER

The court having made and entered the Findings of Fact and Conclusions of Law, now therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Owen's claims for ejectment and unjust enrichment against Plaintiff are proven, and the following is hereby ordered:

DEFENDANT OWEN'S FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 9

A.      An order of ejectment against Plaintiff relative to the Property is hereby issued, and, accordingly, Kurt Benshoof is ordered to vacate the Property within 30 days of this order.

B.      Therefore, the Court **ORDERS** that a Writ of Ejectment be entered pursuant to RCW 7.28, restoring the property commonly known as 1716 N 128th Street, in Seattle, Washington 98133 and legally described above.

C.      Accordingly, the Court hereby **ORDERS** Kurt Benshoof to vacate the Property within 30 days of the date of this Order.  The King County Sheriff's Office is ordered to restore the Property to Jessica Owen pursuant to the established procedures of the Civil Process Unit of King County Courthouse and the King County Sheriff's Office.  A Writ of Restitution shall issue 33 days from this Order.

D.      IT IS FURTHER ORDERED that Jessica Owen is entitled to a judgment in the amount of **$41,300** arising from Mr. Benshoof's continued occupancy from September 2020 forward.  Judgement shall be entered upon presentation by motion with a proposed judgment summary with an award of statutory costs.

DONE this ___ day of _____, 2023.



_____
JUDGE SANDRA WIDLAN

DEFENDANT OWEN'S FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 10

King County Superior Court
Judicial Electronic Signature Page

Case Number:        22-2-03826-8
Case Title:         BENSHOOF VS OWEN

Document Title:     FINDINGS OF FACT AND CONCLUSIONS OF LAW

Signed By:          Sandra Widlan
Date:               June 02, 2023

*Sandra Widlan*

Judge: Sandra Widlan

This document is signed in accordance with the provisions in GR 30.

Certificate Hash:            A923B65A9FE83BD587BE12398DC6F053EDE11266
Certificate effective date:  3/30/2023 1:46:47 PM
Certificate expiry date:     3/30/2028 1:46:47 PM
Certificate Issued by:       C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                             O=KCDJA, CN="Sandy Widlan:
                             jPntpqkz7RGhk7Pp/BkmVQ=="