The Honorable Tana Lin
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF and BRIANNA GAGE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SHORELINE, et al,<br><br>    Defendants. | No. 3:24-cv-00343-TL<br><br>CITY OF SHORELINE AND KING COUNTY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)<br><br>*Noted for September 30, 2024* |

## TABLE OF CONTENTS

**I. INTRODUCTION** ...................................................................................................................6

**II. STATEMENT OF THE FACTS** ..........................................................................................6

    **A. Procedural facts**.............................................................................................................6

    **B. Facts alleged in the complaint** .....................................................................................7

**III. ARGUMENT** ........................................................................................................................8

    **A. STANDARD OF REVIEW** .........................................................................................8

    **B. PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD *MONELL* CLAIMS AGAINST KING COUNTY AND CITY OF SHORELINE (CAUSES OF ACTION 4, 5, 7, 9, 10 AND 11)** ..............................................................................9

    **C. AKERS AND THOMPSON ARE ENTITLED TO QUALIFIED IMMUNITY (CAUSES OF ACTION 4, 5, 7, 9, 10, AND 11).** .....................................................11

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 1

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

**D. PLAINTIFFS' PUBLIC ACCOMMODATION CLAIM IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 6)** ............................................... 16

**E. BENSHOOF'S STATE LAW CLAIM OF UNLAWFUL IMPRISONMENT IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 8)** ........... 17

**F. ANY 42 U.S.C. § 1983 CLAIMS BASED ON ALLEGED CONSTITUTIONAL VIOLATIONS THAT OCCURRED BEFORE MARCH 11, 2021, ARE BARRED BY THE STATUTE OF LIMITATIONS (CAUSES OF ACTION 4, 5, 7, 9, 10 AND 11)** ................................................................. 18

**G. ANY STATE LAW CLAIM FOR FALSE IMPRISONMENT BASED ON ACTIONS THAT OCCURRED BEFORE MARCH 11, 2022, IS BARRED BY THE STATUTE OF LIMITATION (CAUSE OF ACTION 8).** ............................. 19

**IV. CONCLUSION** ................................................................................................. 19

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 2

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

# TABLE OF AUTHORITIES

### Federal Cases

*Antietam Battlefield KOA v. Hogan*, 461 F.Supp.3d 214, 237 (D. Md. 2020) ............................. 14

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)..............................................................................10

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)..........................................9

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ...........................................................15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ...................................................................10

*Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014)  18

*Carter v. University of Washington School of Dentistry*, No. C22-551-RSM, 2022 WL 3586868 ..........................................................................................................................................16

*Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ........................................................9

*City and County of San Francisco, Cal. v. Sheehan*, 575 U.S. 600, 611 (2015) ......................... 12

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).......................................................11

*Community House, Inc. v, City of Boise Idaho*, 623 F.3d 945, 965 (9th Cir. 2010) ..................... 12

*Connick v. Thompson*, 563 U.S. 51, 60 (2011) .........................................................................9, 10

*Doscher v. Timberland Regional Library*, No. 22-36071, 2024 WL 3508048 (9th Cir. July 23, 2024) .............................................................................................................................18

*Dunn v. Hyra*, 676 F.Supp.2d 1172, 1195-96 (W.D. Wa. 2009) ....................................................17

*Falcone v. Dickstein*, 92 F.4th 193, 208 (3d Cir. 2024) .............................................................13

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).................................................................7

*Gardner v. Brown*, No. 2:21-cv-1256-SB, 2023 WL 11022871 (D. Or. November 3, 2023)..... 13

*Hafer v. Melo*, 502 U.S. 21, 25 (1991) ........................................................................................10

*Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999)......................... 9

*Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).............................. 11

*Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) ..............................................................13

*McTigue v. City of Chicago*, 60 F.3d 381, 382–83 (7th Cir. 1995)..............................................11

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 3

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1    *Minn. Voters All. v. Walz*, 492 F.Supp.3d 822, 837-38 (D. Minn. 2020) ...................................... 14

2    *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968) .................................................. 16

3    *Nowlin v. Pritzker*, No. 20-CV-1229, 2021 WL 669333 (C.D. Ill. Feb. 17, 2021) ...................... 14

4    *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ........................................................................12

5    *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) .............................. 17

6    *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022) ....................... 9

7    *Reinoehl v. Whitmer*, No. 21-CV-61, 2022 WL 1110273 (W.D. Mich. Feb. 3, 2022)................. 14

8    *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014).............................................10

9    *Rose v. Rinaldi,* 654 F.2d 546, 547 (9th Cir.1981) ........................................................................18

10    *Rumsfeld v. FAIR, Inc.*, 547 U.S. 47, 65-66 (2006) ....................................................................15

11    *Richmond v. Spokane County, Washington*, No. 2:23-cv-129-SMJ, 2021 WL 4951574 (E.D.Wa. October 25, 2021) .......................................................................................................................18

12    *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011) .................................................................15

13    *Standley on behalf of B.M.S. v. Nelms*, No. 22-35833, 2024 WL 179366715 (9th Cir. Apr. 25, 2024)……………………………………………………………………………………………13

14    *Stewart v. Justice*, 502 F.Supp.3d 1057, 1066 (S.D. W. Va. 2020)..............................................13

15    *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ........................................8

16    *Terry v. Ohio,* 392 U.S. 1  (1968) .................................................................................................18

17    *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) .................................................................12

18    *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ........................................................................9

19    *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) .........................................10

20    *Whitfield v. Cuyahoga Cnty. Pub. Libr. Found.*, No. 21-CV-0031, 2021 WL 1964360 (N.D. Ohio May 17, 2021) ..............................................................................................................................14

21    *Zinman v. Nova Se. Univ., Inc.*, No. 21-CV-60723, 2021 WL 4025722 (S.D. Fla. Aug. 30, 2021) ...................................................................................................................................................14

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 4

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

**State Cases**

*Bender v. City of Seattle*, 99 Wash.2d 582, 591, 664 P.2d 492, 499 (1983)..................................18

*Heckert v. Yakima*, 42 Wash. App. 38, 708 P.2d 407 (1985) ........................................................19

*Sehmel v. Shah*, 23 Wash. App. 2d 182, 189-91, 514 P.3d 1238, 1243-44 (Wash. Ct. App. 2022) ........................................................................................................................................14

**Federal Statutes**

28 U.S.C. §1367(c)(3)........................................................................................................................17

42 U.S.C. § 1983……………………………………………………………………………1, 6, 9, 18

42 U.S.C. § 2000a......................................................................................................................16, 17

Pub. L. 88-352, §§ 202-205 ............................................................................................................16

**State Statutes**

RCW 4.16.080 .................................................................................................................................. 18

RCW 4.16.100 .................................................................................................................................. 19

RCW 4.96.020(4) ............................................................................................................................. 17

RCW 9A.40.040................................................................................................................................ 17

RCW 9A.52.080................................................................................................................................ 18

RCW 9A.52.090................................................................................................................................ 18

RCW 36.27.020 ................................................................................................................................ 17

RCW 36.27.040 ................................................................................................................................ 17

RCW 43.10.232 ................................................................................................................................ 17

RCW 49.60.030 ................................................................................................................................ 16

RCW 49.60.040 ................................................................................................................................ 16

RCW 49.60.120 ................................................................................................................................ 16

RCW 49.60.215 ................................................................................................................................ 16

RCW 49.60.230 ................................................................................................................................ 16

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 5

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

## I. INTRODUCTION

The City of Shoreline, King County, Deputy Williams Akers and Detective Paul Thompson respectfully ask this Court to grant their motion to dismiss Kurt Benshoof's and Brianna Gage's claims with prejudice pursuant to Fed.R.Civ.P. 12(c). First, the false imprisonment claim is barred by the applicable statute of limitations, as are any 42 U.S.C. § 1983 claims based on conduct occurring prior to March 11, 2021. Second, the complaint fails to offer anything but formulaic recitals of legal elements to support the § 1983 claims against Shoreline and King County. Third, when the facts of the complaint are accepted as true, there was no plausible false imprisonment or violation of Plaintiffs' constitutional rights. Finally, even if some constitutional violation could be shown, Akers and Thompson are entitled to qualified immunity because the rights allegedly violated are not clearly established. Plaintiffs have failed to state a claim upon which relief can be granted, therefore the complaint should be dismissed in its entirety without prejudice.[1]

## II. STATEMENT OF THE FACTS

**A. Procedural facts.**

Plaintiffs Benshoof and Gage filed this lawsuit on March 11, 2024. Dkt. 14. Plaintiffs were granted in forma pauperis status. Dkt. 9, 13. Defendants King County, Deputy Akers, and Thompson answered the complaint on May 31, 2024. Dkt. 27. Defendant City of Shoreline answered the complaint on July 1, 2024. Dkt. 46. Defendants Town & County Markets and Fagan filed a motion to dismiss pursuant to FRCP 12(b) that was renoted by this Court for September 30, 2024. Dkt. 43, 57.  On July 31, 2024, this Court entered an Order to Show Cause, required Gage

---

[1] Strikingly similar claims brought against the City of Seattle and Seattle Police officers were dismissed recently in *Benshoof v. Admon et al.*, No. 2:23-cv-1392, 2024 WL 3227137 (June 28, 2024) at *10-12, 14-15.

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 6

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

to show cause within 14 days why she should not be dismissed for failure to prosecute and failure to comply with a court order. Dkt. 56. Gage never responded.

### B. Facts alleged in the complaint.

The following factual recitals are based on the allegations in the complaint, and accept the facts as pled by the nonmovant. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Most of the allegations in the complaint pertain to Town & Country Markets (hereinafter T&C), who operated the Central Market grocery store, and Fagan. T&C instituted a policy that required customers to wear masks in their stores during the COVID-19 pandemic. Dkt. 14, ¶ 32. Pursuant to that policy, T&C demanded that Benshoof wear a mask inside the Central Market store in September 2020 through May 2021, which Benshoof refused to do. *Id.*, ¶¶ 33-41. The ongoing dispute over Benshoof's refusal to wear a mask in the store resulted in a number of conflicts between Benshoof, other T&C store customers and T&C employees, including Fagan. *Id.,* ¶¶ 42-72. In several of these disputes, either Benshoof or a store employee called the police. *Id.*, ¶¶ 59, 64-67, 72. However, no arrests were made or charges filed. *Id.*, ¶¶ 60, 68.

On September 7, 2020, Benshoof called the Shoreline Police Department regarding store mask policies. *Id.*, ¶¶ 26-28. He was informed by an unknown employee that Shoreline Police "would not enforce Shoreline businesses' face cover policies" unless Benshoof was also committing a criminal law violation. *Id.*, ¶¶ 26-28.

On January 5, 2021, Benshoof was given a "Trespass Admonishment" by T&C. *Id.*, ¶ 54.

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 7

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

On April 9, 2021,[2] uniformed Shoreline Police officers Akers and Thompson[3] responded to the Central Market and interacted with Benshoof. *Id.*, ¶ 73-74. Akers told Benshoof that T&C could trespass Benshoof from their property for not following the store rules regarding masks. *Id.*, ¶ 75. Akers informed Benshoof that he had been trespassed by T&C for one year, and could be arrested if he returned to the store during that period. *Id.*, ¶ 77. Benshoof was not searched, seized or arrested, but left the store on his own but under "threat, duress and coercion." *Id.*, at ¶ 81. Akers handed Benshoof piece of paper that advised him that he would be subject to arrest for criminal trespass if returned to the store within a year. *Id.*, ¶ 83. *See also* Declaration of Ann Summers in Support of Motion to Dismiss, Ex. A. This was Benshoof's only interaction with Akers and Thompson. There are no allegations that Akers or Thompson interacted with Gage at any point.

Benshoof's only other face-to-face interaction with an employee of the City of Shoreline or King County alleged in the complaint was a few weeks earlier on March 12, 2021. *Id.*, ¶ 64-66. On that date, Benshoof called 911 to report that he had been assaulted. *Id.*, ¶ 64. Deputy Demuse was one of the officers who responded. *Id.*, ¶ 65-66. Benshoof was given a card with a case number. *Id.*, ¶ 65.

### III.  ARGUMENT

**A.  STANDARD OF REVIEW**

---

[2] As reflected in King County Defendants' answer, the correct date of Benshoof's encounter with Deputy Akers and Detective Thompson was April 9, 2021, as shown by the Criminal Trespass Order/Admonishment referenced in the complaint which the officers issued to Benshoof that day. Dkt. 27, ¶¶ 73-83; Dec. of Summers, Ex. A. This Court may consider documents incorporated by referenced into the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[3] The King County Sheriff's Office provides police services to the city of Shoreline, and King County Sheriff employees Akers and Thompson wore Shoreline Police uniforms. Dkt. 14, ¶¶ 15-16.

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 8

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

A Fed.R.Civ.P 12(c) motion "is properly granted when, taking all the allegations in the pleading[s] as true, the moving party is entitled to judgment as a matter of law." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999) (internal citation omitted). Analyses under Rules 12(c) and 12(b)(6) are "substantially identical" as "under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). However, this Court need not accept as true any factual allegations that are contradicted by "matters properly subject to judicial notice or by exhibit." *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014)). Judgment as a matter of law on the pleadings is proper where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In deciding a motion for judgment on the pleadings, the court may consider documents that have been incorporated by reference into a complaint if the plaintiff refers extensively to the document and the document forms the basis of the plaintiff's claim. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**B. PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD *MONELL* CLAIMS AGAINST KING COUNTY AND CITY OF SHORELINE (CAUSES OF ACTION 4, 5, 7, 9, 10 and 11).**

A municipality or local government may be liable under 42 U.S.C. § 1983 if the government body itself subjects a person or causes a person to be subjected to a deprivation of their constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Known as a "*Monell* claim," an individual may prevail in a § 1983 action against "municipalities, including counties

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 9

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

and their sheriff's departments," if the "unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978)). In a *Monell* claim, a plaintiff must prove that action pursuant to an official policy caused their injury. *Connick*, 563 U.S. at 60. Official policy includes decisions of the government's lawmakers, acts of its policymaking officials, and practices so widespread and persistent as to the have the force of law. *Id.* at 61.

The § 1983 claims against Akers and Thompson in their official capacity must be treated as a *Monell* claim, as "the real party in interest in an official-capacity suit is the governmental entity and not the named official[.]" *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Mere legal conclusions in a complaint are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). While this Court must accept a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiffs have failed to allege facts that support any *Monell* claims against Shoreline or King County or Akers and Thompson in their official capacity. Although they repeatedly refer to "practices and widespread customs," it appears that there are only three instances where they states what those practices and customs actually are, and each instance states legal conclusions but no facts. They allege that Defendants acted according to "a practice or widespread custom of treating

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 10

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

Benshoof as if his class had no rights," "the practices or widespread custom of treating Benshoof as if he had no rights," and "practices or widespread customs . . . to deny Plaintiffs the equal protection of the law." *Id.*, ¶¶ 135-36, 217. This is precisely the sort of conclusory language that cannot survive a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *McTigue v. City of Chicago*, 60 F.3d 381, 382–83 (7th Cir. 1995) ("Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient.... The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts.") (quoting *Baxter by Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994)).

The complaint alleges only a single interaction between Benshoof and Akers and Thompson to support the claims that those officers violated Plaintiffs' constitutional rights. The complaint alleges that the officers gave Benshoof the trespass admonishment that was issued as a result of his admitted repeated violations of T&C's face mask policy. But "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Plaintiffs do not allege repeated incidents with officers Akers and Thompson, do not allege that the single incident was caused by any particular policy, and do not attribute any policy to any policymaker. There are no factual allegations to support any *Monell* claim and thus the § 1983 claims against the governmental entities should be dismissed.

### C. AKERS AND THOMPSON ARE ENTITLED TO QUALIFIED IMMUNITY (CAUSES OF ACTION 4, 5, 7, 9, 10, and 11).

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 11

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

Qualified immunity is a defense available to government officials sued in their individual capacities. *Community House, Inc. v, City of Boise Idaho*, 623 F.3d 945, 965 (9th Cir. 2010). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The qualified immunity analysis involves two steps: (1) did the officer's conduct violate a constitutional right, and (2) was that right clearly established at the time of the alleged violation. *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018), *cert. denied*, 139 S.Ct. 381 (2018). When conducting the first step, the court takes the facts in the light most favorable to the plaintiff. *Id.* As to the second step, "[a]n officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it, meaning that existing precedent ... placed the statutory or constitutional question beyond debate." *City and County of San Francisco, Cal. v. Sheehan*, 575 U.S. 600, 611 (2015) (alteration and omission in original; citation omitted). This is an "exacting standard" that "gives government officials breathing room to make reasonable but mistaken judgments by protect[ing] all but the plainly incompetent or those who knowingly violate the law." *Id.* (alteration in original; internal quotation marks omitted). Immunity questions should be resolved at the earliest possible stage of the litigation. *Pearson*, *supra,* 555 U.S at 232. This Court may exercise its discretion in deciding which of these two prongs to address first. *Id.* at 236.

Plaintiffs allege that Akers and Thompson violated their First Amendment right of free exercise of religion, right of "familial association," free speech rights, and right to free association

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 12

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1  by advising Benshoof pursuant to the trespass admonishment that he would be subject to arrest if he returned to the Central Market at 15505 Westminster Way.

The complaint fails to plausibly identify any First Amendment violation. Enforcement of a masking policy in a grocery store does not implicate the free exercise of religion. "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden…place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at 1031-32 (internal quotation marks and punctuation omitted). *Denis v. Ige*, 538 F.Supp.3d 1063, 1076 (D. Haw. 2021) (denying free exercise challenge to mask mandates). Plaintiffs do not identify how or why the tenets of their religion proscribe masks and fail to describe how T&C's mask policy placed a substantial burden on the exercise of that religion. *See Gardner v. Brown*, No. 2:21-cv-1256-SB, 2023 WL 11022871, *5 (D. Or. November 3, 2023). The complaint contains no factual allegations from which it could reasonably be inferred that Akers or Thompson substantially burdened Plaintiffs' religious practices.

Nor does a mask policy enforced in a grocery store implicate free speech rights. Refusal to wear a mask is not constitutionally protected. *Falcone v. Dickstein*, 92 F.4th 193, 208 (3d Cir. 2024). "Every court to address the issue has reached the same conclusion." *Id.* at 208 n.10. *See Denis, supra*, 538 F.Supp.3d at 1079 (Hawaii mask mandate did not infringe on First Amendment freedom of speech; "wearing a mask in public ... does not include a significant expressive element"); *Stewart v. Justice*, 502 F.Supp.3d 1057, 1066 (S.D. W. Va. 2020) ("[A]lthough Plaintiffs feel that refusing to wear a face covering expresses 'nonconformity with unconstitutional

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 13

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

and un-American laws,' that meaning is not 'overwhelmingly apparent.'" (citation omitted)); *Minn. Voters All. v. Walz*, 492 F.Supp.3d 822, 837-38 (D. Minn. 2020) ("[T]he conduct [of not wearing a face mask] is not inherently expressive"); *Antietam Battlefield KOA v. Hogan*, 461 F.Supp.3d 214, 237 (D. Md. 2020) ("[E]specially in the context of COVID-19, wearing a face covering would be viewed as a means of preventing the spread of COVID-19, not as expressing any message"), *affirmed* 2022 WL 1449180 (4th Cir. 2022); *Zinman v. Nova Se. Univ., Inc.*, No. 21-CV-60723, 2021 WL 4025722, at *13 (S.D. Fla. Aug. 30, 2021) ("[N]either wearing or not wearing a mask is inherently expressive. In the context of COVID-19, wearing a mask does not evince an intent to send a message of subservience to authority – or any message at all."), *affirmed* 2023 WL 2669904 (11th Cir. 2023); *Whitfield v. Cuyahoga Cnty. Pub. Libr. Found.*, No. 21-CV-0031, 2021 WL 1964360, at *3 (N.D. Ohio May 17, 2021) ("[W]earing a mask is not a symbolic or expressive gesture. It is a health and safety measure put into effect in many public establishments to prevent the spread of COVID-19 to employees and other patrons."); *Nowlin v. Pritzker*, No. 20-CV-1229, 2021 WL 669333, at *5 (C.D. Ill. Feb. 17, 2021) ("Plaintiffs challenge orders that regulate non-expressive conduct such as keeping certain distance[s], wearing masks, and limiting gathering sizes. These activities are not speech[,] and regulations that govern non-expressive conduct do not bring the First Amendment into play."), *aff'd as modified*, 34 F.4th 629 (7th Cir. 2022); *Reinoehl v. Whitmer*, No. 21-CV-61, 2022 WL 1110273, at *3 (W.D. Mich. Feb. 3, 2022) (rejecting claim that "refusal to comply with [Michigan's Face Mask Order] constitutes symbolic speech"), *aff'd*, No. 22-1343, 2023 WL 3046052 (6th Cir. Apr. 17, 2023), *cert. denied*, __ U.S. __, 144 S.Ct. 221 (2023); *see also Sehmel v. Shah*, 23 Wash. App. 2d 182, 189-91, 514 P.3d 1238, 1243-44 (2022) ("[W]earing or not wearing a mask is not sufficiently expressive so as to implicate First Amendment protections. ... [T]here is a host of reasons why a person may not be

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 14

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

wearing a mask."). "The fact that an individual may oppose a particular regulation of conduct does not transform the act of complying with it into expressive conduct." *Standley on behalf of B.M.S. v. Nelms*, No. 22-35833, 2024 WL 1793667, at *3 . The Supreme Court has rejected the proposition that conduct constitutes speech whenever the person engaging in the conduct intends to express an idea. *Rumsfeld v. FAIR, Inc.*, 547 U.S. 47, 65-66 (2006). The First Amendment does not prohibit restrictions directed at commerce or conduct that imposes incidental burdens on speech. *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011). Benshoof's refusal to wear a mask while shopping in the Central Market during the COVID-19 pandemic was not inherently expressive conduct protected by the First Amendment.

The claims that Akers and Thompson's issuance of the trespass admonishment implicated the right to familial association or other right to associate are unsupported by any relevant factual allegations and are patently frivolous.

Plaintiffs also allege that their right to equal protection was violated, but have failed to allege facts to support a finding of discrimination based on membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The first step in equal protection analysis is to identify the asserted classification of groups by the defendants. *Thornton v. City of St. Helen's*, 425 F.3d 1158, 11166 (9th Cir. 2005). Plaintiffs have not plausibly alleged that they were treated differently due to some protected class membership. Indeed, Benshoof's primary grievance is that he was treated the same as everyone else when T&C required him to wear a mask. The equal protection claim lacks any merit.

Akers and Thompson are entitled to qualified immunity because Plaintiffs fail to plausibly allege any violation of their constitutional rights. Even if they did, they cannot demonstrate that

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 15

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

any constitutional right they had to enter a grocery store without a mask during the COVID-19 pandemic against the store's policy was clearly established in April of 2021.

### D. PLAINTIFFS' PUBLIC ACCOMMODATION CLAIM IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 6).

Plaintiffs label the sixth cause of action as "public accommodations discrimination" alternatively citing "Pub. L. § 202-205" and "Pub. L. No. 88-352 §§ 201-202." Dkt. 14, ¶ 179-192. They describes this claim as based on T&C's discriminatory animus in denying service to them based on their religious beliefs. *Id.*

Pub. L. 88-352, §§ 202-205, enacted in 1964 as the Title II of Civil Rights Act, was codified as 42 U.S.C. 2000a. The enforcement of Title II contains a notice provision. 42 U.S.C. § 2000a-3(c) provides that no civil action can be brought before expiration of thirty days after written notice of the alleged act to the appropriate State or local authority. The Washington Human Rights Commission has authority to grant relief from discrimination in public accommodations, and Plaintiffs were required to file a written notice with that commission before bringing a civil action for a Title II claim of discrimination. *See* Wash. Rev. Code ("RCW") 49.60.030(1)(b); RCW 49.60.040(2); RCW 49.60.120(4); RCW 49.60.215(1); RCW 49.60.230. *See also Carter v. University of Washington School of Dentistry*, No. C22-551-RSM, 2022 WL 3586868 (W.D. Wa. 2022) (holding plaintiff must file written notice of claim of discrimination with the commission before bringing a civil action). Plaintiffs fail to allege that they provided the required written notice to the appropriate authority.

Moreover, Title II provides only injunctive relief as the sole private remedy. *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968); *Pickern v. Holiday Quality Foods Inc.*, 293

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 16

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

F.3d 1133, 1136 (9th Cir. 2002). Plaintiffs have not requested injunctive relief. They have failed to state a claim upon which relief can granted pursuant to 42 U.S.C. § 2000a.

### E. BENSHOOF'S STATE LAW CLAIM OF UNLAWFUL IMPRISONMENT IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 8).

Should this Court agree that the federal law claims are inadequately pleaded, this Court can decline to exercise supplemental jurisdiction over remaining state law claims. *See* 28 U.S.C. §1367(c)(3). If this Court exercises supplemental jurisdiction over Benshoof's state law claim of "unlawful imprisonment," it should be dismissed as well.

In his eighth cause of action, Benshoof purports to raise an "unlawful imprisonment" claim. Dkt. 14, ¶¶ 198-211. Benshoof seemingly accuses the officers of violating RCW 9A.40.040, which defines the crime of unlawful imprisonment, a class C felony. As argued by co-defendants T&C and Fagan, only the attorney general of Washington or county prosecuting attorneys and their deputies have the authority to initiate and prosecute felony prosecutions in Washington. RCW 36.27.020; RCW 36.27.040; RCW 43.10.232. Benshoof lacks authority to bring a state criminal law charge.[4]

There is no tort of "unlawful imprisonment" under Washington law, but there is a tort of false imprisonment. *Dunn v. Hyra*, 676 F.Supp.2d 1172, 1195-96 (W.D. Wa. 2009). False imprisonment requires the plaintiff to show that he was intentionally confined without justification. *Id.*

Benshoof has not pled compliance with the procedural requirements for a state law tort claim against a local governmental entity set forth in RCW 4.96.020(4) (prohibiting action against local government entity or employees until 60 days after claim presented to entity). *See Richmond*

---

[4] In addition, this Court has no jurisdiction to adjudicate a state law criminal charge.

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 17

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

*v. Spokane County, Washington*, No. 2:23-cv-129-SMJ, 2021 WL 4951574, *2 (E.D.Wa. October 25, 2021) (dismissing state law claim for failure to comply with RCW 4.96.020).

Finally, even if Benshoof's cause of action were construed as a tort claim for false imprisonment, the facts alleged are clearly insufficient as a matter of law to establish that claim. False imprisonment occurs when a person is restrained or imprisoned without legal authority. *Bender v. City of Seattle*, 99 Wash.2d 582, 591, 664 P.2d 492, 499 (1983). After speaking with the officers and being given the trespass admonishment, Benshoof was free to leave. He has not alleged that he was arrested or imprisoned in any way by Akers or Thompson. Even if he had been briefly restrained, the officers had articulable suspicion that Benshoof was violating the store's lawful policies and thus was committing the crime of criminal trespass. *See Terry v. Ohio,* 392 U.S. 1 (1968); RCW 9A.52.080; RCW 9A.52.090; *Doscher v. Timberland Regional Library*, No. 22-36071, 2024 WL 3508048, *1 (9th Cir. July 23, 2024) (holding officers' seizure of plaintiff was reasonable where he remained in the library without permission which constituted criminal trespass).

**F. ANY 42 U.S.C. § 1983 CLAIMS BASED ON ALLEGED CONSTITUTIONAL VIOLATIONS THAT OCCURRED BEFORE MARCH 11, 2021, ARE BARRED BY THE STATUTE OF LIMITATIONS (CAUSES OF ACTION 4, 5, 7, 9, 10 and 11).**

The Washington state statute of limitations governing personal injury actions applies to claims brought under 42 U.S.C. § 1983. *Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); *Dunn v. City of Seattle*, 420 F.Supp.3d 1148, 1156 (W.D. Wa. 2019). The Ninth Circuit, in *Rose v. Rinaldi,* 654 F.2d 546, 547 (9th Cir.1981), held that the applicable Washington statute is RCW 4.16.080. RCW 4.16.080 provides a three-year statute of limitations. It is unclear whether Plaintiffs are claiming that any state action by Shoreline or King

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 18

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

County or their employees prior to March 11, 2021, serves as a basis for any of their § 1983 claims. But to the extent they do, they are barred by the statute of limitations.

### G. ANY STATE LAW CLAIM FOR FALSE IMPRISONMENT BASED ON ACTIONS THAT OCCURRED BEFORE MARCH 11, 2022, IS BARRED BY THE STATUTE OF LIMITATION (CAUSE OF ACTION 8).

RCW 4.16.100(1) provides a two-year statute of limitations for actions for false imprisonment. That statute of limitations also applies to actions for false arrest. *Heckert v. Yakima*, 42 Wash. App. 38, 708 P.2d 407 (1985).

To the extent that Benshoof's eighth cause of action is a claim for the Washington state law tort of false imprisonment based on actions of Shoreline, King County, Akers or Thompson that occurred in April of 2021, that cause of action is barred by the statute of limitations.

## IV. CONCLUSION

Defendants Shoreline, King County, Akers and Thompson are entitled to judgment on the pleadings pursuant to Rule 12(c). All of the claims against them should be dismissed with prejudice without leave to refile as the claims are frivolous and amendment would be futile.

*I certify that this memorandum contains 4,324 words, in compliance with the Local Civil Rules.*

DATED this 30th day of August, 2024.

LEESA MANION (she/her)
King County Prosecuting Attorney

By: ANN SUMMERS, WSBA #21509
Senior Deputy Prosecuting Attorney
Attorney for King County Defendants
701 5th Avenue, Suite 600
Seattle, WA 98104

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 19

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

Phone: (206) 477-1120/Fax: (206) 296-0191
ann.summers@kingcounty.gov

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send automatic notification to the following:

Kurt A. Benshoof
Briana D. Gage
1716 N 128th Street
Shoreline, WA 98133
kurtbenshoof@gmail.com
brianagage702@gmail.com
*Pro Se Plaintiffs*

I also hereby certify that on August 30, 2024, I sent the same via US Postal Service to the following:

Kurt A. Benshoof
B/A 2024-008067
King County Correctional Facility
620 West James Street
Kent, WA 98032

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 30th day of August, 2024.

_____
RAFAEL A. MUNOZ-CINTRON
Paralegal I – Litigation Section
King County Prosecuting Attorney's Office

CITY OF SHORELINE AND KING COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(c)
[No. 3:24-cv-00343-TL] - 20

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191