FILED ___ LODGED ___ RECEIVED ___ MAIL
SEP 09 2024
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Hon. Tana Lin

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Kurt A. Benshoof, Briana Gage, Plaintiffs, v. CITY OF SHORELINE, et al. Defendants | NO. 2:24-CV-00343-TL NOTICE AND MOTION FOR STAY |

## I. INTRODUCTION

Plaintiff Kurt A. Benshoof ("Benshoof") gives notice to the Court and all parties that, due to the malfeasance, misfeance and nonfeasance of King County officials, Benshoof and Plaintiff Briana Gage ("Gage") are currently unable to file documents in this case and move for an indefinite stay

2:24-CV-00343-TL

PAGE 1 OF 10

until such time as King County officials cease and desist their misconduct, which is violating Plaintiffs Due Process Rights on a daily basis.

## II. STATEMENT OF FACTS

1. The computers shared by Benshoof and Gage to litigate this case were seized in violation of the Fourth Amendment by Seattle Police Detective Ryan G. Ellis on July 3, 2024.

2. The CM/ECF and gmail passwords used by Benshoof and Gage are on the computers seized and currently held by Seattle Police.

3. The computers contain evidence required to litigate this case, as well as documents previously filed; Benshoof does not have access to these now because he has been imprisoned in the King County Correctional Facilities, and neither does Gage.

4. King County refuses to provide Benshoof with sufficient envelopes and postage to mail motions and responses.

5. In addition to eight prosecutions by City of Seattle and one by King County, Benshoof is litigating fifteen other cases in state and federal courts, including a petition for writ of habeas corpus that Judge Whitehead has refused to adjudicate for the last month, WAWD No. 2:24-cv-01110-JNW-SKV.

6. On September 3, 2024, the director of the Pro Se department at the Maleng Regional Justic Center declared to Benshoof that five manilla envelopes is a "reasonable" amount to sell to Benshoof per week — at MAXIMUM — despite the fact inmates are restricted to twelve (12) page per envelope.

7. Benshoof has been providing Gage assistance of counsel pursuant to Section 35 of the Judiciary

Act of 1789. Due to Benshoof's imprisonment, Benshoof cannot now provide Gage assistance of counsel and it is impossible for Gage and Benshoof to communicate privately about this case because all calls are recorded and all mail is read. In other words, King County does not respect the privacy of Benshoof as a counsel to Gage because Benshoof is not a "licensed attorney."

8. Benshoof has sought reasonable ADA accommodation for his bi-lateral carpal tunnel syndrome for more than two months. To date, and despite a court order from Seattle Municipal Court Judge Andrea Chin, King County has not provided Benshoof with a typewriter or computerized word processing program and printer.

# III. ARGUMENT AND AUTHORITY

In 1975 in _Faretta v. California_, the United States Supreme Court acknowledged an established fact: "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment *813 was proposed, provided that 'in all courts of the United States, the parties may plead their own causes personally, or by the assistance of such counsel...' The right is currently codified in 28 U.S. §1654." _Faretta v. California_, 422 U.S. 806, 812 (1975)

The Court quoted from Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, which states as follows:

"SEC. 35. And be it further enacted,

that in all courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel or attorneys at law."

The Judiciary Act of 1789 was approved on September 24, 1789 and passed before ratification of the Sixth Amendment in the Bill of Rights. The drafters of the Sixth Amendment had deliberately removed the words "attorneys at law" from the Sixth Amendment, substantially amending the language to read: "right to have the assistance of counsel."

While the American Bar Association has a pecuniary interest in conflating "right to assistance of counsel" with the right to retain a licensed attorney, the Judiciary Act of 1789 clearly distinguishes "attorney" from "counsel."

Attorney Ann Summers presents a clear conflict of interest. Ms. Summers has already been caught misappropriating public funds for the defense of individuals Mr. Akers and Mr. Thompson in this proceeding and more recently for David S. Keenan in WAWD No. 2:24-cv-00382-JNW. Without authority under King County Code 2.21.050(B)(1), Ms. Summers is violating RCW 42.20.070, a class B felony.

The misconduct by Ms. Summers is also prejudicial to Plaintiffs, and "[C]onflicts impermissibly imperil [Plaintiffs'] right to a fair trial." <u>Cuyler v. Sullivan</u>, 446 U.S. 355 (1980). As an officer of the court, Ms. Summers illegal allocation of public resources to defend private individuals against Plaintiffs' claims is a prejudicial violation of the

Equal Protection Clause of the Fourteenth Amendment. The State cannot take sides in a civil dispute between private individuals without violating said clause.

King County officials continue to deny Benshoof materials and devices with which to compose and mail briefs. The instant notice, envelope, and package are not evidence that King County is not continuing to deny Benshoof reasonable accommodations under the ADA.

Despite having been diagnosed by a neurologist with bi-lateral carpal tunnel syndrome, and despite Seattle Municipal Judge Andrea Chin granting Benshoof a court order requiring King County officials to provide Benshoof with a typewriter or computer with word processing software and printer, King County officials have

continued to violate Benshoof's most basic due process rights. As Gage has relied upon Benshoof for Assistance of Counsel, King County is indirectly also violating Gage's fundamental right to due process.

After King County deputies, who were contracted to enforce City of Shoreline codes, discriminated and segregated Benshoof from Central Markets, the King County Office of the Prosecuting Attorney is now moving to dismiss Plaintiff's claims in violation of the Civil Rights Act of 1964 and Hamm v. City of Rock Hill, 379 U.S. 306 (1964).

In other words, "[w]hen the state police, the state prosecutor, and the state courts unite to" use public funds to discriminate in places of public accommodation and use public funds to defend individuals sued

in their personal capacity, "the 'State' violates the Fourteenth Amendment." Bell v. State of Maryland, 378 U.S. 226, 259 (1964)

For the foregoing reasons, the interests of justice require an indefinite stay of the proceedings until such time as King County officials provide Benshoof the essential materials and office equipment with which to litigate his claims and to provide assistance of counsel to Gage.

Sworn under penalty of perjury of the laws of the United States this fifth day of September, 2024, in Kent, Washington.

*Kurt A. Benshoof*
Kurt A. Benshoof

2:24-cv-00343-TL

PAGE 10 OF 10

