UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF,<br><br>             Plaintiff,<br><br>   v.<br><br>CITY OF SHORELINE, KING COUNTY, TOWN & COUNTRY MARKETS, EVAN B. FAGAN, WILLIAM C AKERS, and MR. THOMPSON,<br><br>             Defendants. | Case No. 2:24-cv-00343-TL<br><br>**DEFENDANTS TOWN & COUNTRY MARKETS, INC. AND EVAN B. FAGAN'S RESPONSE TO PLAINTIFF KURT A. BENSHOOF'S NOTICE AND MOTION FOR STAY** |

## I.    INTRODUCTION

Plaintiff Kurt A. Benshoof has failed to demonstrate that a stay of proceedings is warranted at the motion to dismiss stage of this litigation, particularly given that he is able to draft and file pleadings while incarcerated. On July 1, 2024, Defendants Town & Country Markets, Inc. ("T&C") and Evan B. Fagan (collectively, "Defendants") filed a motion to dismiss all claims asserted against them by Mr. Benshoof. Two days later, Mr. Benshoof was arrested. He has been incarcerated since that time. Nevertheless, the instant motion shows that Mr. Benshoof has access to a law library allowing him to search for and cite case law and statutes. He has been able to draft and file pleadings in this and other matters. While it may be more difficult for Mr. Benshoof to prepare handwritten pleadings, he has shown that it is possible. The extra steps required for Mr. Benshoof to draft and file pleadings do not justify further delaying a decision on Defendants' motion to dismiss, which they filed nearly three

TOWN & COUNTRY AND FAGAN'S RESPONSE TO PLAINTIFF'S NOTICE AND MOTION FOR STAY - 1

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

months ago.  For these and the additional reasons discussed below, Defendants request that the Court decline to grant a stay of proceedings at this time.

## II.   STATEMENT OF FACTS

Defendants appeared in this matter on or around June 10, 2024, the date on which T&C waived service of a summons and Mr. Fagan was personally served.  (*See* Dkt. Nos. 28, 34.)  A few weeks later, on July 1, 2024, they filed a motion to dismiss all claims asserted against them by Mr. Benshoof and former plaintiff Briana Gage.[1]  (*See* Dkt. No. 43.)  Two days later, on July 3, 2024, Mr. Benshoof was arrested on multiple state charges.  (*See* Dkt. No. 50, Ex. F.)  Since that time, Defendants understand that Mr. Benshoof has been incarcerated at a King County detention facility.

The due date for Mr. Benshoof's opposition to Defendants' motion to dismiss fell on July 22, 2024.  Mr. Benshoof did not file a response by that date.  Rather, on July 22, Howard Brown, a purported "Next Friend" of Mr. Benshoof, filed a document titled "Judicial Notice." (*See* Dkt. No. 51.)  In the notice, Mr. Brown stated that Mr. Benshoof was incarcerated, alleged that he was being denied "pen and paper," among other items, and requested that the Court stay this litigation until Mr. Benshoof could "adjudicat[e] [the matter] himself."  (*Id.* at 1.)

On July 29, 2024, Defendants filed a reply in support of their motion to dismiss.  (*See* Dkt. No. 55.)  They acknowledged Mr. Benshoof's arrest but requested that the Court decide its motion and decline to stay the litigation.  (*See id.* at 2-3.)  The Court then re-noted Defendants' motion to dismiss to September 30, 2024, giving Mr. Benshoof until September 16, 2024 to file a response.  (*See* Dkt. No. 57.)  He failed to file a response by that time.

On September 9, 2024, Mr. Benshoof filed the instant "Notice and Motion for Stay." (*See* Dkt. No. 62.)  He asks the Court to indefinitely stay the litigation until certain King County officials provide him with the "essential materials and office equipment with which to litigate

---

[1] On September 16, 2024, the Court dismissed Ms. Gage as a plaintiff for failure to prosecute the case and comply with the Court's order to confer with the parties and provide the Court with a combined Joint Status Report.  (*See* Dkt. Nos. 56, 63.)

| TOWN & COUNTRY AND FAGAN'S RESPONSE TO PLAINTIFF'S NOTICE AND MOTION FOR STAY | 2 | Socius Law Group, PLLC<br>A T T O R N E Y S<br>One Union Square • 600 University St., Suite 2510<br>Seattle, Washington 98101<br>Telephone 206.838.9100<br>Facsimile 206.838.9101 |
|---|---|---|

his claims." (*See id.* at 10.) Mr. Benshoof alleges in part that because he is incarcerated and had his computer seized by Seattle police officers, he does not have access to "evidence required to litigate this case" and "documents previously filed"; that he has not been provided with "sufficient envelopes and postage to mail motions and responses"; and that he has not been a provided with "a typewriter or computerized word processing program and printer" as a reasonable accommodation for his "bi-lateral carpal tunnel syndrome."[2] (*See id.* at 2-4.)

### III.   STATEMENT OF ISSUES

Whether the Court should decline to stay the proceedings at the motion to dismiss stage because Mr. Benshoof is still able to draft and file pleadings, and can receive pleadings and orders filed in this matter at the return address he provided to the Court.

### IV.   EVIDENCE RELIED ON

This response is based on the pleadings and files herein.

### V.   ARGUMENT AND AUTHORITY

In determining whether to stay an action, the Court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Such interests include the possible damage that may result from the granting of a stay, the hardship or inequity that a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay. *Id.*

Mr. Benshoof bears the burden of establishing the need for a stay. *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The proponent of a stay bears the burden of establishing its need."). "[I]f there is even a fair possibility that the stay . . . will work some damage to someone else[,]" Mr. Benshoof "must make out a clear case of hardship

---

[2] Mr. Benshoof also makes allegations related to his inability to assist Ms. Gage in litigating this matter. (*See* Dkt. No. 62 at 3-4.) Because the Court has dismissed Ms. Gage as a plaintiff, Defendants do not address these allegations.

TOWN & COUNTRY AND FAGAN'S RESPONSE TO PLAINTIFF'S NOTICE AND MOTION FOR STAY — 3

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

or inequity." *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 81 L. Ed. 2d 153 (1936).

The Court should decline to grant Mr. Benshoof a stay while Defendants' motion to dismiss is pending. First, while Mr. Benshoof alleges that he does not have access to documents that have been filed in this case because they were stored on his computer, he has not demonstrated that he has no other means of accessing previously filed documents. For example, he has not demonstrated that he is unable to use the internet to try and troubleshoot any problems he has logging into the Court's CM/ECF website. To the extent there is any possibility that Mr. Benshoof can otherwise access Defendants' motion to dismiss, the instant motion demonstrates that he can respond.

Second, while Mr. Benshoof alleges that he does not have access to "evidence required to litigate this case," defending against a motion to dismiss does not require him to submit evidence. The arguments in Defendants' motion to dismiss are legal in nature and based on the allegations in his complaint. The instant motion demonstrates that Mr. Benshoof has access to a law library or some other resource allowing him to search for and cite various case law and statutes. (*See, e.g.*, Dkt. No. 62 at 5-7 (citing numerous federal cases and statutes).) As a result, Mr. Benshoof can search for and review the cases and statutes cited by Defendants in their motion to dismiss and respond accordingly.

Third, Mr. Benshoof's filing of the instant motion, in and of itself, shows that he can draft and file pleadings while incarcerated. While it may be more difficult for Mr. Benshoof to draft pleadings without a word processing program or typewriter, he has demonstrated that it is possible. Indeed, the docket in a separate matter, *Kurt A. Benshoof v. Warden*, No. 2:24-cv-01110-JNW, shows that on August 30, 2024, Mr. Benshoof filed a 14-page affidavit and memorandum in support of a petition for writ of habeas corpus. (*See Kurt A. Benshoof v. Warden*, No. 2:24-cv-01110-JNW, Dkt. No. 12.) Because Mr. Benshoof can still prepare pleadings, his allegation that he does not have access to a word processing program or typewriter does not justify a stay.

TOWN & COUNTRY AND FAGAN'S RESPONSE TO PLAINTIFF'S NOTICE AND MOTION FOR STAY — 4

Socius Law Group, PLLC
ATTORNEYS
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

Fourth, the envelope Mr. Benshoof used to mail the instant motion to the Court includes his return address at the King County Regional Justice Center. (*See* Dkt. No. 62 at 11.) As a result, the parties and the Court can now serve all pleadings and orders in this matter to Mr. Benshoof at his updated address. Thus, to the extent Mr. Benshoof encounters issues trying to access documents filed in this matter online, he will also be served hard copies of such documents.

Last, staying the litigation indefinitely would result in undue delay in deciding Defendants' motion to dismiss. Defendants filed their motion nearly three months ago. Mr. Benshoof was served with the motion two days before his arrest. Thus, he is aware that Defendants' motion to dismiss is pending yet still has not responded. Mr. Benshoof has failed to demonstrate a clear case of hardship or inequity justifying an indefinite stay and delay in deciding Defendants' motion, particularly given that he has filed pleadings in this and other matters during his incarceration. Accordingly, the Court should decline to grant Mr. Benshoof a stay of proceedings at this time.

## VI.     CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Mr. Benshoof's motion to stay the litigation, allowing for a decision on their pending motion to dismiss.

DATED this 20th day of September, 2024.

SOCIUS LAW GROUP, PLLC

By: *s/Adam R. Asher*
Adam R. Asher, WSBA #35517
aasher@sociuslaw.com
206-838-9110

By: *s/ Courtney J. Olson*
Courtney J. Olson, WSBA #54548
colson@sociuslaw.com
206-838-9153

*Attorneys for Defendants Town & Country Markets, Inc. and Evan B. Fagan*

TOWN & COUNTRY AND FAGAN'S RESPONSE TO PLAINTIFF'S NOTICE AND MOTION FOR STAY — 5

Socius Law Group, PLLC
ATTORNEYS
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the state of Washington that on this date I served the foregoing document on the following parties of record, as indicated:

| **Via Regular Mail** | **Via Email** |
|---|---|
| Kurt Benshoof<br>2024008007<br>King County Regional Justice Center<br>620 W James<br>Kent, WA 98032<br><br>*Pro Se Plaintiff* | Ann Marie Summers<br>King County Prosecuting Attorney's Office<br>(Fifth Avenue)<br>516 Third Ave., Suite 600<br>Seattle, WA 98104<br>Ann.summers@kingcounty.gov<br><br>*Attorney for Defendants King County and City of Shoreline* |

DATED September 20, 2024, at Seattle, Washington.

        *s/ Leslie Boston*
        Leslie Boston

TOWN & COUNTRY AND FAGAN'S RESPONSE TO PLAINTIFF'S NOTICE AND MOTION FOR STAY — 6

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101