1
2
3                                              Hon. Jamal Whitehead
4
5              UNITED STATES DISTRICT COURT
6             WESTERN DISTRICT OF WASHINGTON
7                        AT SEATTLE
8
9    KURT BENSHOOF,                    No.: 2:24-cv-00343-TL
10   Plaintiff,
11   v.                                **PLAINTIFF'S COMBINED REPLY**
                                       **TO: a) SHORELINE AND KING**
12                                     **COUNTY DEFENDANTS'**
13   CITY OF SHORELINE, KING           **OPPOSITION TO EMERGENCY**
     COUNTY, TOWN & COUNTRY            **MOTION TO STAY**
14   MARKETS, EVAN B. FAGAN,           **b) TOWN & COUNTRY MARKETS,**
15   WILLIAM C AKERS, and MR.          **INC. AND EVAN B. FAGAN'S**
16   THOMPSON,                         **DEFENDANTS' EMERGENCY(2ND)**
                                       **MOTION FOR STAY**
17        Defendants.                  **and**
18                                     **MOTION FOR JURISDICTIONAL**
19                                     **DISCOVERY UNDER FRCP 26(d)(1)**
20                                     **Note for Motion Calendar Oral Hearing:**
2ʼ                                     **November 13, 2024**
2ʻ
2ʻ
24
25
26   Plaintiff replies to:  a) King County, Deputy Akers, and Thompson's (collectively "King
27   County Defendants") response in opposition to Plaintiff's Emergency Motion to Stay.
28
29   (Dkt. 69).  b) Defendants Town & Country Markets, Inc. and Evan B. Fagan's
30   (collectively "Town & Country Defendants") response to Plaintiff Kurt A. Benshoof's
31   emergency (2nd) Motion for Stay. (Dkt. 70).
32
33                         **I.    INTRODUCTION**
34
35     In July 2024, Plaintiff was detained with excessive bail amounts of about  $750,000.00

       pending trial. During Plaintiff's current detention, Plaintiff was denied access to paper,

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

1

writing instruments, envelopes, internet access and email. Plaintiff's access to the jail's sparse law library is severely restricted, in addition Plaintiff's life has been threatened - which requires daily "proof of life" calls to friends, to assistance of counsels - and the jail has been obstructing Plaintiff's ability to send or receive legal mail.

Plaintiff moved to stay this matter indefinitely until he is released from jail (Dkt 62). Shoreline and King County Defendants opposed the stay, as did the other defendants (Dkt. 64-65). In October 2, 2024, Plaintiff filed a new emergency motion to stay (Dkt. 67) this proceeding until King County/City of Seattle agents ceased to obstruct Plaintiff's right to access and petition the Court. The fact that King County defendants construed Plaintiff's emergency stay motion as one of an indefinite stay, is evidence that King County agents intend to indefinitely obstruct Plaintiff's access to the Court.

## II.   ARGUMENT AND AUTHORITY

### 1.   A stay is warranted

In *Labrador v. Poe by & through Poe*, 144 S. Ct. 921, 922–23, 218 L. Ed. 2d 400 (2024) the SCOTUS explained that considering a stay, the Court must ask:

(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits,
(2) whether it will suffer irreparable injury without a stay,
(3) whether the stay will substantially injure other parties interested in the proceedings, and
(4) where the public interest lies.

(1)To any extent that Plaintiff has failed to make a strong showing that his claim is likely to succeed on the merits, pro se Plaintiff has not yet been afforded leave to amend his Complaint. "[S]tripped of free access to the courts", Plaintiff has been forced to enlist

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

the assistance of multiple individuals outside the jail, in order to access legal research, has to dictate filings to these individuals, and has to even enlist outside-jail assistance to be able to file documents into the Court docket. *Wimberly v. Rogers*, 557 F.2d 671, 673 (9th Cir. 1977)

(2) Without a stay pending King County/City of Seattle agents' cessation of obstructing Plaintiff's ability to effectively litigate this case, Plaintiff will suffer "irreparable injury" as Plaintiff will be denied his first amendment right to seek redress of his grievances. *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 2690, 49 L. Ed. 2d 547 (1976)

(3) As evidenced in King County defendants' and Town & Country defendants' inability to articulate **why** a stay would be prejudicial in any manner, the stay will not substantially injure other parties interested in the proceedings; and

(4) There is a "public interest in Government observance of the Constitution and laws" - in this case, Plaintiff's right to seek redress of his grievances without King County/City of Seattle agent-obstruction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576, 112 S. Ct. 2130, 2145, 119 L. Ed. 2d 351 (1992).

King County defendants assert that Plaintiff did not request any further reasonable extension of time to respond to Town and Country's motion to dismiss. King County defendants have no standing on this issue. Plaintiff did not respond because his access to the court was obstructed.

## 2.    Plaintiff has the right to assistance of counsel

Even after King County/City of Seattle agents have erected monumental obstructions

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

to Plaintiff's free access to the court, King County defendants now seek to completely strip Plaintiff's access to the Court by covertly moving the Court to "strike" (Dkt 69 Pg 2) Plaintiff's emergency stay motion because it was typed and filed into the docket on Plaintiff's behalf by Plaintiff's assistance of counsel, Urve Maggitti.

### 3. United States Supreme Court acknowledges an established historical fact

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact: "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment **813** was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . ..' The right is currently codified in 28 U.S.C. s 1654."[1]

### 4. Judiciary Act of 1789, 1 Stat. 73, 92

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States**,** the **parties may plead and manage their own** causes <u>personally</u> <u>or by</u> <u>assistance of such counsel or attorneys at law</u>"[2]

---

[1] <u>Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)</u>
[2] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
<u>https://avalon.law.yale.edu/18th_century/judiciary_act.asp</u>

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word *attorneys at law* from the Sixth Amendment, and substantially amended the language to read: *"right to have the Assistance of Counsel."*

### III.    JURISDICTIONAL DISCOVERY

#### 5.  Defendants Question Benshoof's Right to Assistance of Counsel

King County Defendants make following claim(s):

> "While the new pleading purports to contain Benshoof's signature, it also purports to have been drafted and is signed by a person named Urve Maggitti, who does not appear to be a licensed attorney and apparently lives in Pennsylvania...... To the extent that the emergency request to stay has been prepared and filed by a person not authorized to practice law, it should be stricken."

Town & Country Defendants make following claim(s):

> "a third party has filed a second motion for stay on Mr. Benshoof's behalf. The third party does not appear to be a licensed attorney and thus appears to be engaging in the unauthorized practice of law.."

> "Court should strike the second motion for stay because it appears to have been filed by a third party engaged in the unauthorized practice of law. Urve Maggitti attested to drafting the motion at Mr. Benshoof's request and does not appear to be a licensed attorney."

#### 6.  Defendants claim that Benshoof has failed to demonstrate a clear case of hardship

King County Defendants make following claim(s):

> "While the motion states that Benshoof has no access to a computer, the internet or email, Benshoof has since filed a notice of electronic registration with a new email address. Dkt. 68. Thus, it is unclear whether his previous assertion that he has no access to a computer, internet or email remains true."

Town & Country Defendants make following claim(s):

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

1    "...contrary to Mr. Benshoof's argument that he does not have access to the
2    documents filed in this case or his CM/ECF login credentials, Mr. Benshoof
3    recently re-registered for electronic service and is able to log in to the CM/ECF
4    website to file pleadings and review all previously filed case documents. (*See* Dkt.
5    No. 68.) Mr. Benshoof's ability to electronically file, receive, and review case
6    documents further supports that he has failed to demonstrate a clear case of hardship
7    or inequity justifying an indefinite stay and delay in deciding Defendants' motion
8    to dismiss."
9
10    **7. F.R.C.P. Rule 26(b)(1)**
11
12    "A trial court must manage the discovery process in a fashion that promotes "full
13
14    disclosure of relevant information while protecting against harmful side effects." *Kramer*
15    *v. J.I. Case Mfg. Co.,* 62 Wash.App. 544, 556, 815 P.2d 798 (1991)." <u>*Gillett v. Conner*</u>,
16
17    132 Wash. App. 818, 822, 133 P.3d 960, 962 (2006)
18    "CR 26(b)(1) provides a broad definition of relevancy. "Parties may obtain
19
20    discovery regarding any matter, not privileged, which is relevant to the subject matter
21    involved in the pending action."" <u>*Gillett v. Conner*</u>, 132 Wash. App. 818, 822, 133 P.3d
22    960, 962 (2006)
23    "The general scope of discovery is defined by Fed. Rule Civ. Proc. 26(b)(1) as
24    follows:
25
26        "Parties may obtain discovery regarding any matter, not privileged, which is
27        relevant to the subject matter involved in the pending action, whether it relates to
28        the claim or defense of the party seeking discovery or the claim or defense of any
29
30        other party ...." The key phrase in this definition—"relevant to the subject matter
31        involved in the pending action"—has been construed broadly to encompass any
32        matter that bears on, or that reasonably could lead to other matter that could bear
33        on, any issue that is or may be in the case. ..."
34
35    *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020)

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

"Rule 26(b), the rule would give the prisoner a right to inquire into 'any matter, not privileged, which is relevant to the subject matter involved in the pending action,' whether admissible at trial or not. This rule has been generously construed to provide a great deal of latitude for discovery. See Hickman v. Taylor, supra, at 507, 67 S.Ct. 385; 2A Barron & Holtzoff, supra, s 646." *Harris v. Nelson*, 394 U.S. 286, 297, 89 S. Ct. 1082, 1089, 22 L. Ed. 2d 281 (1969)

### 8. Due Process Right To Discovery

Benshoof has due process right to discovery in the matter which is relevant to the subject matter involved in the pending action, in the two issues raised by Defendants:

a) Claim that Benshoof has no right to have his pleadings be filed by someone other than himself, when Benshoof is literally held incommunicado by the King County/City of Seattle agents.

b) Claim that it is unclear whether Benshoof assertions that he has no access to a pen, paper, envelopes, computer, internet or email and whether his legal mail is obstructed or not - are true.

"In the Ninth Circuit "'[a] district court is vested with broad discretion to permit or deny [jurisdictional] discovery.' Such discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.[3]"" *Sherman v. Boone*, No. 5:14-cv-01064-PSG, at *4 (N.D. Cal. August 22, 2014)

---

[3] *Lamb v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

"The Court has broad discretion to permit jurisdictional discovery, which "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quotation omitted)." _ZTE (U.S.) Inc. v. Agis Software Dev. LLC_, No. 18-cv-06185-HSG, at *11 (N.D. Cal. September 12, 2019)

### 9. Statements of counsel while enlightening to the Court are not sufficient

"The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). 2 Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." ***Trinsey v. Pagliaro*, 229 F. Supp. 647**

### 10. Benshoof's continued unlawful detention and incarceration

Plaintiff Benshoof was unlawfully arrested by defendant City of Seattle on July 3, 2024. Benshoof continues to be unlawfully detained and is currently incarcerated and held in King County Correctional Facility – Seattle, since July 3, 2024, without ability for bail, in violation of Eighth Amendment.

Malicious criminal prosecution and persecution has been brought against Plaintiff Benshoof in two courts simultaneously/concurrently:

    A) <u>MUNICIPAL COURT FOR THE CITY OF SEATTLE</u>
       CITY OF SEATTLE v. KURT BENSHOOF

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

1    Case Nos: 676492, 676463, 676216, 676207, 676175, 675405, 671384,
2    656748.

3
4    B) SUPERIOR COURT, KING COUNTY, WASHINGTON
5    STATE OF WASHINGTON v. KURT BENSHOOF
6    CASE: 24-1-02680-7 SEA
7

8    **11.  King County Defendants Represented by Prosecution Attorney's Office**
9    **holding Benshoof illegally incarcerated**

10
11   Defendants Shoreline & King County are represented by ANN SUMMERS, WSBA
12   #21509, Senior Deputy Prosecuting Attorney at the King County Prosecuting Attorney's
13   Office.

14   Same Prosecuting Attorney's Office which is holding Benshoof in violation of his
15   constitutionally protected rights, and obstructing Benshoof's right to *Franks* Hearing.
16
17   Plaintiff Benshoof hereby incorporates by reference the facts set forth in the:

18   "DEFENDANT'S NOTICE OF MOTION for "*FRANKS* HEARING" AND MOTION TO
19
20   VOID WARRANT, SUPPRESS EVIDENCE, AND DISMISS CHARGES FOR LACK
21   OF PROBABLE CAUSE" filed into KING COUNTY SUPERIOR COURT case No. 24-
22   1-02680-7 SEA, search warrant executed by SPD: 24-0-62121-3 SEA,  - as if set forth
23
24   herein full, and all the attached exhibits, and all footnotes in this action, with the same force
25   and effect as if herein set forth.  See attached EXHIBIT A

26
27   **12.     Scheduling for Oral Hearing on F.R.C.P. Rule 26(b)(1)**
28
29   Plaintiff Benshoof is hereby scheduling this motion for Oral Hearing for the
30
31   Jurisdictional Discovery, for **November 13, 2024.**
32
33   **13.   King County Prosecuting Attorney's Office to make arrangements for**
34   **Benshoof transfer from jail for the scheduled Oral Hearing on F.R.C.P.**
35   **Rule 26(b)(1)**

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

1
2
3    Plaintiff Benshoof is hereby moving the court to order the King County Prosecuting
4    Attorney's Office to make immediate arrangement for the transportation for Plaintiff
5    Benshoof from King County Correctional Facility to be personally present at the oral
     hearing under F.R.C.P. Rule 26(b)(1).
6
7
8                              **CONCLUSION**
9
10         For the reasons stated, Plaintiff respectfully moves the Court to grant Plaintiff's
11   emergency stay motion, and schedule the Oral Hearing under F.R.C.P. Rule 26(b)(1) on
12
13   November 13, 2024, and order the King County Prosecuting Attorney's Office to arrange
14   transportation for Plaintiff  to be personally present at the Oral Hearing on November 13,
15
16   2024.
17
18
19   RESPECTFULLY SUBMITTED,
20
21
22
23
24                                        Kurt Benshoof, Plaintiff *pro se*
                                         1716 N 128th Street
25                                        Seattle, WA 98133
26                                        **King County Correctional Facility –**
                                         **Seattle**[4]
27                                        B/A 2024-008067, UCN# 10518097
28                                        500 Fifth Ave., Seattle, WA 98104
                                         East - Lower  B - 9th Floor - Cell #6
29                                        Email: kurtbenshoof1@gmail.com
30                                        [no access to internet/email]
31
32
33
34
35

───────────────────

[4] Subject to change without notice, mail delivery [send/receive] not guaranteed.

1
2       The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt
3   Benshoof's request and to the best of the undersigned's understanding.[5]
4
5
6   Signature: _____    Date: October 26, 2024
7           /URVE MAGGITTI / urve.maggitti@gmail.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33      _____
34
35   [5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

1
2                                      **AFFIDAVIT**

3        The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best
4    of the undersigned's understanding.[6]

5        Federal and State Constitutions require that criminal prosecutions conform to prevailing notions
6    of fundamental fairness and that criminal defendants be given a meaningful opportunity to present
7    a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)*.

8        Mr. Benshoof is being held incommunicado without access to pen, paper and envelopes.
9    Appellant's legal mail is deliberately obstructed and unreasonably delayed. Mr. Benshoof has the
10   first amendment right to access all court and to litigate/prosecute his case(s) without any obstruction
11   by the state, the justice system nor the court's.

12       In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established
13   historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First*
14   *Congress and signed by President Washington one day before the Sixth Amendment **\*813** was*
15   *proposed, provided that 'in all the courts of the United States, the parties may plead and manage*
16   *their own **causes personally or by the assistance of such counsel** . . ..' The right is currently*
17   *codified in 28 U.S.C. s 1654."*[7]

18       The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as
19   follows:

20       "SEC. 35. And be it further enacted, **That in all courts** of the United States**,** the
21       **parties may plead and manage their own causes** <u>personally</u> **or by assistance of**
22       <u>such counsel or attorneys at law</u>" [8]

23

24
25       **Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of
26   Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word ***attorneys***
27   ***at law*** from the Sixth Amendment, and substantially amended the language to read: ***"right to have***
     ***the Assistance of Counsel."***

28
29
30   Signature: _____     Date: _October 26, 2024_
31            /URVE MAGGITTI / urve.maggitti@gmail.com
32            _____

33   [6] See *Faretta v. California* and Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92
34   [7] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
35   [8] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial
     Courts of the United States." "APPROVED , September 24, 1789."
     https://avalon.law.yale.edu/18th_century/judiciary_act.asp

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

### ACKNOWLEDGMENT
### AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2024 /2024.

Signed: _____

Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania _____

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____

Notary Public,

My commission expires: 07/20/27

Commonwealth of Pennsylvania - Notary Seal
Ryan W. Graham, Notary Public
Montgomery County
My commission expires July 20, 2027
Commission number 1433473
Member, Pennsylvania Association of Notaries

Page 13

1

## <u>CERTIFICATE OF SERVICE</u>

2

3    Plaintiff hereby certifies that  the foregoing motion will be send to all counsel of record

4    by email to the addresses listed below.

5

**Ann Marie Summers**

6    KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)

7    701 FIFTH AVE

8    STE 600

9    SEATTLE, WA 98104

     206-263-4008

10   Fax: 206-296-0191

11   Email: ann.summers@kingcounty.gov

12   ATTORNEY TO BE NOTICED

13

14   **Colin M George**

15   KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)

     701 FIFTH AVE

16   STE 600

17   SEATTLE, WA 98104

18   206-263-4008

19   Email: cogeorge@kingcounty.gov

20   ATTORNEY TO BE NOTICED

21

22   **Peggy C Wu**

23   KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)

     701 FIFTH AVE

24   STE 600

25   SEATTLE, WA 98104

26   206-263-4008

27   Email: pwu@kingcounty.gov

     TERMINATED: 08/19/2024

28

29

30   *Attorneys for Defendants Town & Country*

31   *Markets, Inc. and Evan B. Fagan*

32

33   **Socius Law Group, PLLC**

     One Union Square

34   600 University St., Suite 2510

35   Seattle, Washington 98101

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

14

Telephone 206.838.9100
Facsimile 206.838.9101

**Adam R. Asher**, WSBA #35517
aasher@sociuslaw.com
206-838-9110

**Courtney J. Olson**, WSBA #54548
colson@sociuslaw.com
206-838-9153

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO EMERGENCY MOTION TO STAY
No. 2:24-cv-00343-TL

# EXHIBIT A

Case Number: 24-1-02680-7
Date: October 28, 2024
Serial ID: 24-617726-6832074Z2B
Certified By: Catherine Cornwall
King County Clerk, Washington

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

STATE OF WASHINGTON

Plaintiff,

vs.

KURT BENSHOOF

Defendant.

NO. 24-1-02680-7 ~~KNT~~ *SEA*

_____ **Photos**

_____ **Report** _____

_____ **Social Media Messages (SOM)/ Text Messages**

_____ **Statement/Declaration of** _____

_____ **Correspondence (CRRSP)**

_____ **Emails (EMAIL)**
_____ **Letter (LTR)**

X Other *Motion for Franks hearing, void warrant, suppress evidence, Dismiss Charges*

## SUPERIOR COURT, KING COUNTY, WASHINGTON

STATE OF WASHINGTON
              *"Plaintiff"*

**CASE: 24-1-02680-7 SEA**

vs.

KURT BENSHOOF,

              *"Defendant"*

**warrant executed by SPD: 24-0-62121-3 SEA**

TO: CLERK of the above-entitled court

TO: THE STATE OF WASHINGTON AND ITS PROSECUTING ATTORNEY:

## DEFENDANT'S NOTICE OF MOTION for "*FRANKS* HEARING" AND MOTION TO VOID WARRANT, SUPPRESS EVIDENCE, AND DISMISS CHARGES FOR LACK OF PROBABLE CAUSE

PLEASE TAKE NOTICE that Defendant hereby moves the Court to suppress all evidence collected and derived from the unlawful search and seizure of the Defendant's home; hold that the warrant was not supported by probable cause; that the Defendant's arrest was unlawful and to suppress any statements made by Defendant subsequent to his arrest.

### The Search Warrant was Not Supported by Probable Cause

Defendant herewith asks the Court, pursuant to the Fourth Amendment to the United States Constitution, Washington Constitution Article I Section 3 [1], Section 7 [2], to suppress all evidence resulting from the State's unlawful search and seizure of Defendant's home on July 3, 2024. "Unreasonable searches and seizures" are prohibited by the United States and Washington Constitutions. [3]

"The touchstone of [the] analysis under the Fourth Amendment is always the reasonableness in all circumstances of the particular governmental invasion of a citizen's personal security." [4]

---

[1] SECTION 3 PERSONAL RIGHTS. No person shall be deprived of life, liberty, or property, without due process of law.

[2] SECTION 7 INVASION OF PRIVATE AFFAIRS OR HOME PROHIBITED. No person shall be disturbed in his private affairs, or his home invaded, without authority of law.

[3] U.S. Const. amend. IV; Washington Const. art. I, §3, §7.

[4] *State v. Bartylla*, 755 N.W.2d 8, 15 (Minn. 2008) (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 108-09 (1977)).

When a defendant seeks to invalidate a warrant, the two-prong *Franks* test requires a defendant to show that (1) the Applicant 'deliberately made a statement that was false or in reckless disregard of the truth,' and (2) 'the statement was material to the probable cause determination.'"[5]

## APPLICATION FOR SEARCH WARRANT

Page 1 line 12- 22:

> "*On the basis of the following, I believe there is probable cause that Kurt A BENSHOOF, date of birth 7/18/1969, has committed the crime(s) of Stalking, RCW 9A.46.110, and Violation of a Court Order, RCW 26.50.110 in King County, and that*:
>     ☒ *Evidence of those crimes*;
>     ☒ *Contraband, the fruits of a crime, or things otherwise criminally possessed.*
>     ☒ *Weapons or other things by means of which a crime has been committed or reasonably appears about to be committed;*
>     ☒ *A person for whose arrest there is probable cause, or who is unlawfully restrained.*
> *is located in, on, at, or about the following described premises, vehicle or person: 1716 N 128th ST, Seattle, Washington 98133 occupied by BENSHOOF*"

See attached EXHIBIT A

The APPLICATION FOR SEARCH WARRANT is quoting verbatim from RCRCW 10.79 0.035(1) (a), (b), (c):

**RCRCW 10.79 0.035 - Issuance of search warrants by magistrates.**
(1) Any magistrate as defined by RCW **2.20.010**, when satisfied that there is probable cause, may[,] upon application supported by oath or affirmation, issue a search warrant to search for and seize any:
(a) Evidence of a crime;
(b) contraband, the fruits of crime, or things otherwise criminally possessed;
(c) weapons or other things by means of which a crime has been committed or reasonably appears about to be committed; or
(d) person for whose arrest there is probable cause or who is unlawfully restrained.

The APPLICATION FOR SEARCH WARRANT described the place to be searched by naming the address but did not describe with specificity the evidence petitioner expected to find, the APPLICATION FOR SEARCH WARRANT failed to identify any of the items that petitioner intended to seize. Verbatim quotation from RCRCW 10.79 0.035(1) (a), (b), (c) squarely falls

---

[5] *State v. Andersen*, 784 N.W.2d 320, 327 (Minn. 2010) (internal citations omitted).

under *presumptive rule against warrantless searches whose only defect is a lack of particularity in the warrant.*

> "We have clearly stated that the **presumptive rule against warrantless searches applies with equal force to searches whose only defect is a lack of particularity in the warrant**."
> **Groh v. Ramirez, 540 U.S. 551, 559, 124 S. Ct. 1284, 1291, 157 L. Ed. 2d 1068 (2004)**

The four boxes that are checked: **evidence**, **contraband**, **weapons**, **a person** –on its face constituted as a General Warrant in violation of 4ᵗʰ amendment, see *Groh v. Ramirez.*

Page 2 line 17:

> "*The victim in this investigation, Jessica Owen, is the **previous wife** to suspect Benshoof.*"

- Benshoof and Owen were never married, and RCW 26. Domestic Relations (26.04.007 to 26.60.901) does not apply.

Page 2 line 20-23:

> "*Owen obtained a **Seattle Municipal No Contact Order**, **OCA223037** which was **served on** Benshoof on **11/16/2022** and expires on 11/16/2027. In addition, Owen obtained a **Restraining Order, OCA215006806**, which was **served on 11/15/2022** and expires on 9/28/2027.*"

- The record is devoid of evidence that those were served upon Benshoof.

Page 2 line 24-25:

> "*Since that time, law enforcement officials have been unable to arrest Benshoof. See **Exhibit 1, attached**.*"

- The "APPLICATION FOR SEARCH WARRANT" provided to Benshoof in Discovery does not contain "***Exhibit 1***", record requests by Benshoof's "next friend(s)" and his "assistance of counsel(s)"[6] under Judiciary Act of 1789, 1 Stat. 73, 92,[7] have not been provided the "***Exhibit 1***" referenced in "APPLICATION FOR SEARCH WARRANT". See attached EXHIBIT A

---

[6] *Faretta v. California*, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[7] "SEC. 35. And be it further enacted, **That in all courts** of the United States, **the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**" "The Judiciary Act; September

Page 3 line 2-3:

    "*Officers spoke to Owen over the phone who stated that **her ex-husband** who she verbally identified as Kurt, Benshoof...*"

- Benshoof and Owen were never married, and RCW 26. Domestic Relations (26.04.007 to 26.60.901) does not apply.

Page 3 line 24-28:

    "*When asked about the nature of the text messages, Owen stated that Benshoof has messaged about several different topics. Some of his messages tell her that she "is toast" and that he is coming for his son. Others tell her that "shit is going to hit the fan" and asks her what side of the fan she wants to be on. Other messages talk about random topics about Jesus and other non relevant topics.*"

Page 4 line 1- 7:

    "*When asked about the content of **his emails**, Owen stated that they **mainly concern lawsuits** and **other legal proceedings**. Owen went on to explain that the court system has marked Benshoof as a "vexatious litigant." Benshoof has apparently tried to sue too many people too many times over nothing lawsuits and now the court system has flagged him as an abuser of the legal system.*
    *However, despite the court fining him for his overuse of the system, Benshoof **continues to email her lawsuits**. Some of these lawsuits' she is named in and others she was simply forwarded the information.*"

Page 4 line 8 - 9:

    "*Owen also informed officers that this week she received a manila envelope in the mail, from Benshoof, containing more **court paperwork**.*"

Page 4 line 11 - 14:

    "*The actual paperwork itself was more than a couple hundred pages so neither officer nor did Owen read through that. The front of the paperwork reads that it was a **Petition for Writ of Habeas Corpus** in which Benshoof is the petitioner and Owen is the respondent.*"

- Ryan Ellis #7612, Detective with the Seattle Police Department with "*twenty-five years' total in law enforcement experience and training*" [page 1 line 24] ("Detective Ellis") throughout

---

24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED, September 24, 1789."

"APPLICATION FOR SEARCH WARRANT" keeps referring to what Owen told him [Detective Ellis] about the text messages, emails and phone calls.

- It is the duty of Detective Ellis to review the text messages, emails and voicemails reported to him by Owen, he could have reviewed them and known exactly what they said.

The actual voice mails, emails, text messages sent by Benshoof to Jessica R. Owen repeatedly referred to the fact that Jessica R. Owen and Magalie E. Lerman had kidnapped Benshoof's son A.R.W. [on September 3, 2021], had committed perjury, had stolen Benshoof's 2011 Toyota FJ Cruiser, and were extorting Benshoof of $19,000 for the return of Benshoof's FJ Cruiser and to see his son A.R.W. again.  Benshoof was asking Jessica R. Owen and Magalie E. Lerman to stop the extortion and to stop abusing his son A.R.W.

Detective Ellis had a pre-search of Benshoof's house meeting with Jessica Owen on or around June 26th 2024.

Detective Ellis should have asked Jessica R. Owen to preserve and to provide/**forward and/or save onto a disk/flash drive all the emails, text messages and voice messages** - to substantiate Owen's alleged claims against Kurt Benshoof.

Detective Ellis had months and months to actually look at the text messages, emails and to listen to the voice mails. For some inexplicable reason Detective Ellis failed to perform his basic duty as a detective, and thereby "failed" to discover the exculpatory evidence in favor of Kurt Benshoof.

More importantly there would have been no reason to obtain search warrant for Benshoof's house because Detective Ellis would have had all the evidence of the alleged crimes.

Page 5 line 12 - 13:

*"Owen stated she avoids being at home and sometimes stays out of town in an attempt to keep herself and her son safe."*

- Jessica R. Owen makes her living by receives payment for sexual intercourse or other sexual acts.
The legal definition of her chosen profession is: *Prostitute.* [8]

> "Pursuant to **18 USCS § 2421**, on federal level **it is a crime to transport a person in
> interstate** or foreign commerce for the purpose of prostitution or for any other immoral
> purpose."

> <u>**RCW 9A.88.030** Prostitution.</u>
> (1) A person age eighteen or older is guilty of prostitution if such person engages or agrees
> or offers to engage in sexual conduct with another person in return for a fee.
> (2) For purposes of this section, "sexual conduct" means "sexual intercourse" or "sexual
> contact," both as defined in chapter <u>9A.44</u> RCW.
> (3) Prostitution is a misdemeanor.

Jessica R. Owen's statement  that (*"sometimes stays out of town"* is reference to  "Fly Me to You",
a service she is offering to non-local customers.

Benshoof has been raising the issue that his son A.R.W. is being raised by individual who is
earning living by criminal activity codified under RCW 9A.88.030 and Federal 18 USCS § 2421
is taking his son to the "business trips".

Jessica R. Owen statement *"in an attempt to keep herself and her son safe"* is unsupported by
any record before the court.  Jessica R. Owen has never made any accusations of actual violence
by Benshoof against his son A.R.W. or against herself.

<u>Page 5 line 18 - 21</u>:

> *"Owen said Benshoof never leaves the residence and she's too afraid to confront him about
> the residence. In addition, during their last hearing in Superior Court related to the
> ownership of the residence, Benshoof filed an appeal in Superior Court, which was denied."*

---

[8] <u>Prostitute Law and Legal Definition</u>: "Prostitute is a person who receives payment for sexual
intercourse or other sexual acts. This is generally taken as a regular occupation. Although usually
a prostitute refers to a woman offering sexual favors to men, there are male prostitutes who may
perform homosexual acts for money or receive payment from women for sexual services.
Prostitution **is held illegal** in all states except Nevada, where it is strictly regulated. Some state
statutes punish the act of prostitution, and other state statutes criminalize the acts of soliciting
prostitution, arranging for prostitution, and operating a house of prostitution. Pursuant to **18 USCS
§ 2421**, on federal level **it is a crime to transport a person in interstate** or foreign commerce for
the purpose of prostitution or for any other immoral purpose."
https://definitions.uslegal.com/p/prostitute/

- The statement that appeal in Superior Court was "denied" is false. The appeal in the lawsuit related to the ownership of the residence in the Court of Appeals of the State of Washington,  Case No. 85092-0-I was ongoing during the submission for the search warrant.

Jessica R. Owen's claim to "*she's too afraid to confront him about the residence*" – holds no water, as the parties were in long standing litigation over the residence.

The ORDER in the appeal Case No. 85092-0-I was filed on August 26, 2024, and is in the process to be appealed.


Page 5 line 24 – page 6 line 1:

> "*It should be noted to the Court, as referenced in Exhibit 1, Benshoof has a history of non compliance with Court Orders and law enforcement officials. As noted in the January 23, 2023, incident, Benshoof convinced his son to leave Owen's residence and come to his house, which was a direct violation of the protection orders. Subsequently, officers responded and were able to obtain short-term custody of the child and return him to Owens from Benshoof's residence.*"

- On **January 23rd, 2023,** was the last time that Benshoof's son A.R.W. tried running away from Jessica R. Owen to his father's [Kurt Benshoof] house.

When the officers showed up on Benshoof's front porch, Benshoof literally had in his hands documents which he attempted to hand to the officers as proof that Detective Ellis had never served the restraining order upon Benshoof.  The officers were there to arrest Benshoof for supposedly violating the restraining order which was never served upon Kurt Benshoof.   The body footage video supports Benshoof's statement and the fact that the officers declined to look at or take the documentary evidence offered by Benshoof.


Page 6 line 11:

> "*Benshoof has remained within the Target residence*"

- Is pure conjecture without evidence.


Page 6 line 11 -13:

> "*Attempts to conduct surveillance on Benshoof and/or his residence have been unsuccessful*"

-Benshoof saw police swat drive up his alleyway once in an unmarked van into  Benshoof's driveway  despite the multiple no trespassing signs on the property, including on the street, constituting trespass.

Page 6 line 15 -16:

> *"On 6/27/24, officers observed Benshoof's Toyota FJ Cruiser parked in front of his house.*
> *Although officers did not observe Benshoof on the property, officers noted the residence*
> *appeared occupied and noted several on-going projects on the property."*

- This is not adequate basis for probable cause to say that Benshoof has been living in the

house.  It is not possible to "observe" *"Benshoof's Toyota FJ Cruiser" because* it is not visible

from the street.

The police swat drove their van down Benshoof's private driveway, turned around and drove

out, constituting trespass on private property.


Page 6 line 21 -27:

> *"Based on all the foregoing information, I believe that evidence of the above-listed crime(s) exists*
> *at the above-described location, and that there is probable cause to search that location for*
> *evidence of the above-listed crimes, including:*
> *• Handgun(s) within the residence and/or BENSHOOF persons.*
> *• Bills, receipts, mail and other items that evidence dominion and control of the premises,*
> *places, property, and/or person searched.*
> *• Electronic communication device(s), computers and cell phones*
> *device(s), computers and cell phones*
> *• KURT A BENSHOOF"*

The APPLICATION FOR SEARCH WARRANT is quoting verbatim from **RCRCW 10.79
0.035(1) (a), (b), (c):**


**RCRCW 10.79 0.035  - Issuance of search warrants by magistrates.**
(1) Any magistrate as defined by RCW **2.20.010**, when satisfied that there is probable cause,
may[,] upon application supported by oath or affirmation, issue a search warrant to search for and
seize any:
  (a) Evidence of a crime;
  (b) contraband, the fruits of crime, or things otherwise criminally possessed;
  (c) weapons or other things by means of which a crime has been committed or reasonably appears
about to be committed; or
  (d) person for whose arrest there is probable cause or who is unlawfully restrained.


**• *Handgun(s) within the residence and/or BENSHOOF persons***

- Where in the foregoing does it list any probable cause for a crimes including probable cause of

having handguns on Benshoof's property?

Nowhere in the previous six pages does Detective Ellis even talk about why he believes that Benshoof would be in possession of a gun.

Since prior PCC and restraining orders back in 2021 and 2022 Detective Ellis has personal knowledge that Benshoof has provided Detective Ellis multiple signed weapons surrender forms attesting to the fact that Benshoof did not have any weapons.

See attached EXHIBIT D and E

There's never been any allegation that Benshoof has threaten anybody with the handgun. Therefore, no nexus exists between any purported allegation of alleged crime and possession and/or ownership of a handgun.

### • Bills, receipts, mail and other items that evidence dominion and control of the premises, places, property, and/or person searched.

Detective Ellis wants to search for bills, receipts, mail and other items that evidence Dominion or control over the premises. places, property, and/or person searched. Once again there is no nexus between any allegation of a crime and the items to be searched.

### • Electronic communication device(s), computers and cell phones, device(s), computers and cell phones

The APPLICATION FOR SEARCH WARRANT lists: electronic communication device(s), computers and cell phones, device(s), computers and cell phones

The important distinction is that the Search Warrant does not list: electronic communication device(s), computers and cell phones, device(s), computers and cell phones. See attached EXHIBIT F

Whatever is listed in the APPLICATION FOR SEARCH WARRANT does not automatically carry over to the SEARCH WARRANT. The search warrant itself has to explicitly say what is to be searched and taken.

"**The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents.** See *Massachusetts* v. *Sheppard,* 468 U. S. 981, 988, n. 5 (1984) ("[A] **warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional**"); see also *United States* v. *Stefonek,* 179 F. 3d 1030, 1033 (CA7 1999) ("**The Fourth Amendment requires that the** *warrant*

particularly describe the things to be seized, not the papers presented to the judicial officer . . . asked to issue the warrant" (emphasis in original)). And for good reason: "The presence of a search warrant serves a high function," *McDonald* v. *United States,* 335 U. S. 451, 455 (1948), and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection. We do not say that the Fourth Amendment forbids a warrant from cross-referencing other documents. See, *e.g., United States* v. *McGrew,* 122 F. 3d 847, 849-850 (CA9 1997); *United States* v. *Williamson,* 1 F. 3d 1134, 1136, n. 1 (CA10 1993); *United States* v. *Blakeney,* 942 F. 2d 1001, 1025-1026 (CA6 1991); *United States* v. *Maxwell,* 920 F. 2d 1028, 1031 (CADC 1990); *United States* v. *Curry,* 911 F. 2d 72, 76-77 (CA8 1990); *United States* v. *Roche,* 614 F. 2d 6, 8 (CA1 1980). **But in this case the warrant did not incorporate other documents by reference, nor did either the affidavit or the application** (which had been placed under seal) **accompany the warrant**. Hence, we need not further explore the matter of incorporation."
Groh v. Ramirez, 540 U.S. 551, 557–58, 124 S. Ct. 1284, 1289–90, 157 L. Ed. 2d 1068 (2004)

There is no probable cause to take computers and phone, which contain Benshoof's personal papers and effects, as Detective Ellis already had copies of the supposed text messages, emails from Owen's phone and computer.

**"The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional.** Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); United States v. Cardwell, 680 F.2d 75, 77–78 (C.A.9 1982); United States v. Crozier, 674 F.2d 1293, 1299 (C.A.9 1982); United States v. Klein, 565 F.2d 183, 185 (C.A.1 1977); United States v. Gardner, 537 F.2d 861, 862 (C.A.6 1976); United States v. Marti, 421 F.2d 1263, 1268–1269 (C.A.2 1970). *560 **That rule is in keeping with the well-established principle that 'except in certain carefully defined classes of cases, a search of private property without proper consent is "unreasonable" unless it has been authorized by a valid search warrant.'** Camara v. Municipal Court, 387 U.S. 523, 528–529, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). See Steagald v. United States, 451 U.S. 204, 211–212, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958)." Ibid.
Groh v. Ramirez, 540 U.S. 551, 559–60, 124 S. Ct. 1284, 1291, 157 L. Ed. 2d 1068 (2004)

The APPLICATION FOR SEARCH WARRANT was approved by Judge Nicholas Straley, and **signed** by Judge Straley **electronically on June 27, 2024,** and Issuance of Warrant was Approved by LEESA MANION, Prosecuting Attorney. (footnote 1) See Page 7 line 24 -to- page 8 line 7.

Leesa Manion's signature does not appear anywhere on the APPLICATION FOR SEARCH WARRANT, see attached EXHIBIT A.

**Footnote 1:** "*1 If applicant is a Federal Agent, issuance of warrant is also requested by the signing King County Prosecuting Attorney.*" See Page 8 line 28.

Detective Ryan Ellis identifies himself as:

*"I, Ryan Ellis, Seattle Police Detective #7612, currently assigned to the Seattle Police Department, Domestic Violence Unit, have been employed by the City of Seattle since February 2012. I have twenty-five years' total in law enforcement experience and training. I was previously employed by the Department of Corrections, during which time I was assigned as a* **Federal Task Force Officer with the Drug Enforcement Administration (DEA).**"

See Page 1 line 25 -to- page 2 line 1.

Detective Ryan Ellis provides following in support of his experience with search warrant affidavits:

*"I completed the basic law enforcement academy at the Washington State Criminal Justice Training Center. I have completed the basic Seattle Police Department Detective School. In doing so,* **I have written and executed over two hundred search warrant affidavits.**"

See Page 2 line 1 - 4.

"**Since February 2018**, *I have been assigned as a Detective to the* **Domestic Violence Protection Order Service** *and* **Firearms Surrender unit**. *During this time, I have obtained and executed several search warrants related to the seizure of firearms as they pertain to Order to Surrender Weapon Court Orders.*"

See Page 2 line 5 - 7.

"*The warrant* [is] *invalid because it* [does] *not* "*describe with particularity the place to be searched and the items to be seized,*" *and* [any potential] *oral statements by petitioner* [Detective Ellis] *during or after the search* [would] *not cure the omission.*" See Groh v. Ramirez, 540 U.S. 551, 556, 124 S. Ct. 1284, 1289, 157 L. Ed. 2d 1068 (2004)

## "MOTION, FINDING OF PROBABLE CAUSE AND ORDER DIRECTING ISSUANCE OF SUMMONS OR WARRANT AND FIXING BAIL"

On July 8, 2024, document entitled "MOTION, FINDING OF PROBABLE CAUSE AND ORDER DIRECTING ISSUANCE OF SUMMONS OR WARRANT AND FIXING BAIL" is filed into the No. 24-1-02680-7 SEA.  See attached EXHIBIT H

The APPLICATION FOR SEARCH WARRANT was approved by Judge Nicholas Straley, and **signed** by Judge Straley **electronically on June 27, 2024,** and  Issuance of Warrant was Approved by LEESA MANION, Prosecuting Attorney. (footnote 1) See Page 7 line 24 -to- page 8 line 7.  See attached EXHIBIT A

"MOTION, FINDING OF PROBABLE CAUSE AND ORDER DIRECTING ISSUANCE OF SUMMONS OR WARRANT AND FIXING BAIL" is signed by Davud D. Martin, WSBA #27129, there is no handwritten date on the document on page 3.

| | |
|---|---|
| 1 | IT IS FURTHER ORDERED that the defendant be advised of the amount of bail fixed by the court and/or conditions of his or her release, and of his or her right to request a bail reduction. |
| 2 | Service of the warrant by telegraph or teletype is authorized. |
| 3 | SIGNED this _____ day of July, 2024. |
| 4 | |
| 5 | _____ |
| | JUDGE |
| | Presented by: |
| 6 | |
| 7 | |
| 8 | David D. Martin, WSBA #27129 |
| 9 | Senior Deputy Prosecuting Attorney |

See attached EXHIBIT H

On page 4 of the document there is signature of Hillary Madsen, dated on July 8, 2024.

King County Superior Court
Judicial Electronic Signature Page

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Case Title: | State vs Benshoof |
| Document Title: | ORDER TO ISSUE SUMMONS OR WARRANT OF ARREST |
| Signed By: | Hillary Madsen |
| Date: | July 08, 2024 |

Judge: Hillary Madsen

See attached EXHIBIT H

## SEARCH WARRANT

The SEARCH WARRANT itself is less specific, it fails to **identify any of the items that petitioner intended to seize.** In the portion of the form that called for a description of the:

Page 1 line 19 -to- page 2 line 3:

*"YOU ARE COMMANDED to:*
*1. Search, within 10 Days, the premises, vehicle or person described as follows:*
*RESIDENCE:*
*  1716 N 128th ST, Seattle, WA 98133 occupied by Kurt A BENSHOOF.*

*2. Seize, if located, evidence of the above-listed crimes, including:"* to be seized, petitioner typed:

*"☒ Evidence of those crimes; to include Kurt A BENSHOOF*
*☒ Contraband, the fruits of a crime, or things otherwise criminally possessed;*
*☒ Weapons or other things by means of which a crime has been committed or reasonably appears about to be committed;"*

The SEARCH WARRANT is quoting verbatim from **RCRCW 10.79 0.035(1) (a), (b), (c):**

**RCRCW 10.79 0.035 - Issuance of search warrants by magistrates.**
(1) Any magistrate as defined by RCW **2.20.010**, when satisfied that there is probable cause, may[,] upon application supported by oath or affirmation, issue a search warrant to search for and seize any:
  (a) Evidence of a crime;
  (b) contraband, the fruits of crime, or things otherwise criminally possessed;
  (c) weapons or other things by means of which a crime has been committed or reasonably appears about to be committed; or
  (d) person for whose arrest there is probable cause or who is unlawfully restrained.

 The warrant does not incorporate by reference the itemized list contained in the APPLICATION
FOR SEARCH WARRANT.

"The warrant [is] plainly invalid. The Fourth Amendment states unambiguously that "**no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and *the persons or things to be seized.*"** (Emphasis added.)"
**Groh v. Ramirez, 540 U.S. 551, 557, 124 S. Ct. 1284, 1289, 157 L. Ed. 2d 1068 (2004)**

 The SEARCH WARRANT is ambiguous and vague:  *"Evidence of those crimes; to include Kurt A BENSHOOF, Contraband, the fruits of a crime, or things otherwise criminally possessed;*

*Weapons or other things by means of which a crime has been committed or reasonably appears about to be committed;"*

### Not The Search Warrant That Detective Ellis Showed Kurt Benshoof On July 3, 2024

The SEARCH WARRANT which was supposedly **Filed on July 9, 2024**, is two page search warrant. See attached EXHIBIT F.  This is absolutely not the search warrant that Detective Ellis showed Kurt Benshoof on July 3, 2024, when Benshoof was sitting in the back of the police car on July 3rd after having arrested by a swat team at his house.

The search warrant that Detective Ellis showed to Kurt Benshoof on July 3, 2024, stated in bold letters that it was a warrant for ***stalking and weapons.***   And NOT  stalking in violation of a court order**.**

For some reason after Detective Ellis showed Benshoof the original Search Warrant, Detective Ellis decided to go back to his computer or maybe he was getting help from a prosecutor and he/they decided to change what the first page of the search warrant said.

### Failure To Provide Copy Of The Search Warrant and Copy of Application to Benshoof

Detective Ellis failed to give Kurt Benshoof a copy of the search warrant and the copy of the application, *"[t]he leaders of the search team must also make sure that a copy of the warrant is available to give to the person whose property is being searched at the commencement of the search, and that **such copy has no missing pages or other obvious defects**." Ibid.* (footnote omitted). We granted certiorari. 537 U.S. 1231, 123 S.Ct. 1354, 155 L.Ed.2d 195 (2003)."

Groh v. Ramirez, 540 U.S. 551, 556, 124 S. Ct. 1284, 1289, 157 L. Ed. 2d 1068 (2004)

"This warrant did not simply omit a few items from a list of many to be seized, or misdescribe a few of several items. Nor did it make what fairly could be characterized as a mere technical mistake or typographical error. Rather, in the space set aside for a description of the items to be seized, the warrant stated that the items consisted of  [⊠ *Evidence of those crimes; to include Kurt A BENSHOOF ⊠ Contraband, the fruits of a crime, or things otherwise criminally possessed; ⊠ Weapons or other things by means of which a crime has been committed or reasonably appears about to be committed*] **In other words, the warrant did not describe the items to be seized *at all.*** In this respect the warrant was so obviously deficient that we must regard the search as **"warrantless" within the meaning of our case law**. See *Leon,* 468 U. S., at 923; cf. *Maryland* v. *Garrison,* 480 U. S. 79, 85 (1987); *Steele* v. *United States,* 267 U. S. 498, 503-504 (1925). "We are not 559*559 dealing with formalities." *McDonald,* 335 U.S., at 455. Because "`**the right of a man to retreat into his own home**

and there be free from unreasonable governmental intrusion'" stands "'[a]t the very core' of the Fourth Amendment," *Kyllo* v. *United States,* 533 U. S. 27, 31 (2001) (quoting *Silverman* v. *United States,* 365 U. S. 505, 511 (1961)), our cases have firmly established the "'**basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable,**" *Payton* v. *New York,* 445 U. S. 573, 586 (1980) (footnote omitted). Thus, "**absent exigent circumstances, a warrantless entry to search for weapons or contraband is unconstitutional even when a felony has been committed and there is probable cause to believe that incriminating evidence will be found within.**" *Id.,* at 587-588 (footnote omitted). See *Kyllo,* 533 U. S., at 29; *Illinois* v. *Rodriguez,* 497 U. S. 177, 181 (1990); *Chimel* v. *California,* 395 U. S. 752, 761-763 (1969); *McDonald,* 335 U. S., at 454; *Johnson* v. *United States,* 333 U. S. 10 (1948)."

**Groh v. Ramirez, 540 U.S. 551, 558–59, 124 S. Ct. 1284, 1290–91, 157 L. Ed. 2d 1068 (2004)**

"We have clearly stated that the **presumptive rule against warrantless searches applies with equal force to searches whose only defect is a lack of particularity in the warrant.**"

**Groh v. Ramirez, 540 U.S. 551, 559, 124 S. Ct. 1284, 1291, 157 L. Ed. 2d 1068 (2004)**

**Issuance Of Warrant By Magistrate Does Not Necessarily Establish The Scope Of The Search**

*"The mere fact that the Magistrate issued a warrant does not necessarily establish that he agreed that the scope of the search should be as broad as the affiant's request.:*

**Groh v. Ramirez, 540 U.S. 551, 561, 124 S. Ct. 1284, 1292, 157 L. Ed. 2d 1068 (2004)**

*"It is incumbent on the officer executing a search warrant to ensure the search is lawfully authorized and lawfully conducted. Because petitioner* **[Detective Ellis]** *did not have in his possession a warrant particularly describing the things he intended to seize, proceeding with the search was clearly "unreasonable" under the Fourth Amendment."* **Groh v. Ramirez, 540 U.S. 551, 563, 124 S. Ct. 1284, 1293, 157 L. Ed. 2d 1068 (2004)**

"***We have long held, moreover, that the purpose of the particularity requirement is not limited to the prevention of general searches****. See Garrison, 480 U.S., at 84, 107 S.Ct. 1013. A particular warrant also* "***assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search."*** *United States v. Chadwick, 433 U.S. 1, 9, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (citing Camara v. Municipal*

*Court of City and County of San Francisco,* 387 U.S. 523, 532, 87 S.Ct. 1727 (1967)), abrogated on other grounds, *California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). See also *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317 (1983*) ("[P]ossession *562 of a warrant by officers conducting an arrest or search greatly reduces the perception of unlawful or intrusive police conduct").*" **Groh v. Ramirez, 540 U.S. 551, 561–62, 124 S. Ct. 1284, 1292, 157 L. Ed. 2d 1068 (2004)**

"*It is incumbent on the officer executing a search warrant to ensure the search is lawfully authorized and lawfully conducted. Because petitioner did not have in his possession a warrant particularly describing the things he intended to seize, proceeding with the search was clearly "unreasonable" under the Fourth Amendment."* **Groh v. Ramirez, 540 U.S. 551, 563, 124 S. Ct. 1284, 1293, 157 L. Ed. 2d 1068 (2004)**

## KINGS COUNTY SUPERIOR COURT  -  Case No. 21-5-00680-6

Benshoof and Owen entered into a parenting agreement (" Agreement") at Common Law regarding their son Azhrael ["A.R.W."] *in utero.* They shared equal rights and responsibilities as father and mother, and all decisions regarding their son required mutual accord prioritizing the best interests and well-being of A.R.W. Owen violated their Agreement in July 202~ by injecting A.R.W. with an experimental Pfizer gene therapy treatment against the express wishes of Benshoof. Owen did so without informed consent, and in abject disregard of the safety issues.

After Owen explicitly threatened to steal Benshoof's car, seize custody of A.R.W., deny Benshoof's equity ownership in his home and evict Benshoof on August 16, 2021, via text message. (Case No. 21-5-00680-6, Exhibit P4A: Dkt. #13-1 pg. 44) When Benshoof refused to be intimidated Owen filed for a TRO in 21-2-11149-8 on August 23, 2021.

At the first Temporary Restraining Order ("TRO") hearing in Case No. 21-2-11149-8, Commissioner Schaefer stated, "*I find that the respondent's [*Benshoof] *testimony as to those events is credible.*"  King County Superior Court Commissioner Schaefer then issued a Full Order of Denial. of Owen's TRO petition on September 3, 2021. See attached EXHIBIT C

At that hearing, the inconsistencies in Owen's false and slanderous allegations against Benshoof were exposed. The credibility of Benshoof's testimony implicitly acknowledged the absence of credibility in Owen's testimony before the Court.

Owen then withheld A.R.W. from Benshoof for three weeks after the Full Order of Denial, lying to SPD that she was the "sole legal guardian" of A.R.W.. This resulted in SPD officers threatening Benshoof with arrest if Benshoof tried to contact A.R.W. at Owen's house. Then, on September 21, 2021, Owen and her family attorney, Nathan Cliber ("Cliber") initiated the parentage action in Case No. 21-5-00680-6 with the PDP.

Orders issued in Case No. 21-5-00680-6 *void ab initio* under the *Throckmorton Doctrine* held that res judicata does not apply to judgments where *"there was in fact no adversarial trial or decision of the issue in the case."*

## IN PERSONAM JURISDICTION – VOID.  Case No. 21-5-00680-6

Benshoof was not provided Notice and Opportunity to be heard, pursuant to CR 4, for the hearing that occurred on, or around, October 21, 2022, in which Final Orders were issued in Case No. 21-5-00680-6.  "*A judgment entered without notice and opportunity to be heard is void.*" *Columbia Valley Credit v. Lampson*, 12 Wn. App. 952,955 (Wash. Ct. App. 1975).

"*There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments.*" *United States v. Throckmorton*, 98 U.S. 61 (1878).

## SUBJECT MATTER JURISDICTION – VOID.  Case No. 21-5-00680-6

There was no valid parentage action to initiate Case No. 21-5-00680-6, as there was no actual controversy regarding Benshoof's fatherhood of A.R.W.

Pursuant to RCW 26.26A.435(2) Owen's PDP was frivolous, as Benshoof's presumption of fatherhood could not be overcome based upon Owen's own sworn statements and exhibits already in the record of Case No. 21-2-11149-8.

Benshoof and Owen were not in contractual privity with the State of Washington via a state marriage license, divorce, legal domestic partnership, or annulment. Pursuant to RCW 26.09.004(3)(4), a parenting plan could not apply to Benshoof without Benshoof's consent. Similarly, pursuant to RCW 26.50 a restraining order could not apply to Benshoof without his consent.

In Trautman, *Vacation and Correction of Judgments in Washington,* 35 WASH. L. Rev. 505, 530,
the author notes that:

> "*There is no time limit as a judgment entered without jurisdiction is void. The court has
> said that this is true without regard to laches ... . Just as the one year statutory time limit
> does not apply, so likewise it is not necessary to show a defense upon the merits. The law
> requires no showing other than that the defendant was, in fact, not served with process
> or that there was no jurisdiction over the subject matter. This results from the fact that
> the power to vacate such judgments does not arise from the statutes or rule; it is an
> inherent power of the court.*:
> *Columbia Valley Credit v. Lampson,* 12 Wn. App. 952,956 (Wash. Ct. App. 1975)

## NO PROOF OF SERVICE.   Case No. 21-5-00680-6

On **November 15, 2022**, SPD Detective Ryan Ellis allegedly filed Proof of Service in family court
case no. 21-5-00680-6, which stated on page one:

> "*Important! Do not use electronic service if your case involves the surrender of
> firearms.... After 2 unsuccessful attempts at personal service, you can ask the court to
> authorize electronic service.*" [9]

See attached EXHIBIT G

Page two stated that Detective Ellis served an Order to Surrender and Prohibit Weapons.
Detective Ellis did not ask for, nor receive, authorization from Judge Keenan to serve Benshoof
via electronic service. Detective Ellis did not obtain confirmation that Benshoof had been served
final orders in Case No. 21-5-00680-6.

Detective Ellis did not date his signature under penalty of perjury on page three. The date line
stated, "Seattle." GR 30(d)(3) requires compliance with GR 13(a)(2). CR 4, GR 13(a)(2) and
**RCW 5.50.050** require that proof of service sworn under penalty of perjury *be dated.*

As such, Ellis did not legally serve Benshoof the final orders in case no. 21-5-00680-6.

## MUNICIPAL COURT OF THE CITY OF SEATTLE, Case No. 669329

On November 15, 2022, Benshoof discovered in his mailbox that he was charged with violating
RCW 7.105.450 related to the events of August 15, 2022, SPD Incident #2022-215424.

The Municipal Court of the City of Seattle, in the Case No. 669329, brought charges against

---

[9] (CASE NO. 669329, See Exhibit P54: Dkt. #13-3, pg. 163)

Kurt Benshoof for purported violation of the family court restraining order issued by Kings County Superior Court **Case No. 21-5-00680-6.**

The CITY letter stated that a hearing was scheduled for November 16, 2022, at 2:30 pm.

At 2:30 pm on November 16, 2022, Benshoof appeared by Special Appearance via WebEx in courtroom 1102 before Judge Gregory under threat, duress, and coercion.

Benshoof cited RCW 35.20.270(1) as a threshold issue and asked Gregory if the prosecutor had provided evidence the CITY effectuated legal service of process to grant jurisdiction to the court. Gregory did not affirm that the CITY had done so; rather, Gregory simply asserted, "*The court has jurisdiction.*"

Benshoof asked CITY prosecutor Cooper directly if she had provided the court with evidence of the CITY's compliance with RCW 35.20.270(1); Cooper remained silent on the issue.

Gregory again asserted, "*The court has jurisdiction,*" despite Benshoof's repeated objections that the court had no evidence of personal service granting the court jurisdiction to proceed.

Cooper did not provide the court evidence that a valid protection order existed, nor that the CITY had effected personal service pursuant to RCW 35.20.270 (1).

Benshoof moved to dismiss for lack of personal jurisdiction, citing the requirement of **RCW 35.20.270(1)** which states, "*All criminal and civil process issuing out of courts created under this title shall be directed to the chief of police of the CITY served by the court and/or to the sheriff of the county in which the court is held and/or the warrant officers and be by them executed according to law in any county of this state.*" (Dkt. #13-3, pgs. 139-144; Dkt. #13-3, pgs. 152-3)

### November 16, 2022, *Sua Sponte* "Domestic Violence No-Contact Order"

On **November 16, 2022**, Municipal Court of the City of Seattle, in the **Case No. 669329**, Judge Willie Gregory **sua sponte** issued a "Domestic Violence No-Contact Order" for "protection" of Jessica Rae Owen, without any petition for such order by Jessica Rae Owen, against Kurt Benshoof. The Court's "Finding of Fact" is as follows:

> 3. The court finds that the defendant's relationship to the person protected by this order is as a/an:
> ☑ Intimate partner because they are:
> ☑ current or former spouses or domestic partners, ☐ parents of a child-in-common,

4. ☑ For crimes not defined as a serious offense, the court makes the following mandatory findings pursuant to RCW 9.41.800(1) and (2): ☐ The defendant used, displayed, or threatened to use a firearm or other dangerous weapon in a felony; or ☐ The defendant is ineligible to possess a firearm pursuant to RCW 9.41.040; or ☑ Possession of a firearm or other dangerous weapon by the defendant presents a serious and imminent threat to public health or safety, or to the health or safety of any individual.

~~or any individual.~~

5. **Defendant:**
   A. do not cause, attempt, or threaten to cause bodily injury to, assault, sexually assault, harass, stalk, or keep under surveillance the protected person.

B. do not contact the protected person, directly, indirectly, in person or through others, by phone, mail, electronic or any other means, except for mailing or service of process of court documents through a third party, or contact by the defendant's lawyers.
C. do not knowingly enter, remain, or come within_____ (1,000 feet if no distance entered) of the protected person's residence, school, workplace, other: _places person is present_____.

See attached EXHIBIT B

To be valid and enforceable, a prosecution must be supported by three elements: (1) the court must have jurisdiction of the parties; (2) the court must have jurisdiction of the subject matter; and (3) the court must have the authority to render the particular judgment.

There must exist a Domestic Violence order in order for Kurt Benshoof to violate one. There was no Domestic Violence order issued against Benshoof.

Instead, it seems Seattle Municipal Court wanted to adjudicate the Domestic Violence issue itself. When Benshoof called out that the Court does not have the Subject Matter Jurisdiction the Seattle Municipal Court judge skipped over the Domestic Violence issue and found that Benshoof had violated the Domestic Violence Order in order to issue the No-Contact Order.

## EXCEPTION FOR MAILING OR SERVICE OF PROCESS OF COURT DOCUMENTS

Even IF one would *assume* that the **November 16, 2022**, *sua sponte* issued a "Domestic Violence No-Contact Order" by Judge Willie Gregory in **Case No. 669329**, to be taken as *"valid"* - the "Domestic Violence No-Contact Order" specifically exempts all contact with the protected person, directly, indirectly, in person or through others, by phone, mail electronic or any other means, "***except for mailing or service of process of court documents through a third party***, *or contact by the defendant's lawyers*"

Page **20** of **26**

## NO PERSONAL JURISDICTION

### Case No. 669329

Even if the final orders granted by Judge Keenan on **October 21, 2022**, Kings County Superior Court **Case No. 21-5-00680-6,** were valid, which they are not, the City failed to comply with RCW 35.20.270(1) to effect service of process, as Benshoof argued prior to arraignment when he made a special appearance before Judge Willie Gregory on November 16, 2022. Judge Gregory asserted that "*the Court has jurisdiction*" absent any substantiating evidence from the City that the prosecution had complied with RCW 35.20.270(1).

The City did not comply with the statutory requirement of RCW 35.20.270(1) to effect service of process upon Benshoof to obtain in personam jurisdiction. The City has a custom and widespread practice of violating RCW 35.20.270(1).

## NO SUBJECT MATTER JURISDICTION

### Case No. 669329

The City does not have jurisdiction to hear allegations of domestic violence related to King County family court case no. 21-5-00680-6 pursuant to RCW 7.105.050(1)(a). Only King County Superior Court is authorized by statute.

The City cannot assert jurisdiction to prosecute or adjudicate **Case No. 669329** in the face of irrefutable evidence that King County family court **Case No. 21-5-00680-8** was *void ab initio* due to the perjury of Jessica Owen and absence of subject matter jurisdiction precluding the family court's authority to proceed. Under the Fruit of the Poisonous Tree Doctrine, City officials cannot profess the legitimacy of evidence that stems from King County family court **Case No. 21-5-00680-8** which is *void ab initio.*

## MUNICIPAL COURT ABSENT AUTHORITY

### Case No. 669329

As a court of limited jurisdiction, Seattle Municipal Court lacks the authority to adjudicate the alleged domestic violence charges against Benshoof even if they were valid allegations premised upon a valid family court adjudication.

**RCW 7.105.050 (1)** stipulates that an alleged violation of a domestic violence protection order in King County District Court must be transferred to Superior Court when:

> **(a)** "*a superior court has exercised or is exercising jurisdiction over a proceeding involving the parties*"
> **(b)** "*The action would have the effect of interfering with a respondent's care, control, or custody of the respondent's minor child.*"
> **(d)** "*The petitioner, victim, or respondent to the petition is under 18 years of age.*"

As such, all acts by City prosecutors and judges related to SMC Case No. 669329 were *ultra vires* and thus violative of Benshoof's rights.

## CONCLUSION

"The touchstone of [the] analysis under the Fourth Amendment is always the reasonableness in all circumstances of the particular governmental invasion of a citizen's personal security."[10]

Kurt Benshoof seeks to invalidate a warrant, the two-prong *Franks* test is satisfied bu showing that  Detective Elliot "deliberately made a statement that was false or in reckless disregard of the truth," and  "the statement was material to the probable cause determination." [11]

Pursuant to *Franks*, the Court must find that the search warrant, devoid of any reliability, lacked the necessary probable cause and is therefore void.

The requirement for particularity serves to "prohibit law enforcement from engaging in general or exploratory searches." [12] "By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit."[13]

> "The particularity requirement prevents officers from conducting "a general, exploratory rummaging of a person's belongings." The requirement is one of "practical accuracy rather than a hypertechnical one." In assessing whether a warrant is sufficiently particular,

---

[10] *State v. Bartylla*, 755 N.W.2d 8, 15 (Minn. 2008) (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 108-09 (1977)).

[11] *State v. Andersen*, 784 N.W.2d 320, 327 (Minn. 2010) (internal citations omitted).

[12] *State v. Fawcett*, 884 N.W.2d 380, 387 (Minn. 2016).

[13] *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

we consider the purpose for which the warrant was issued, the nature of the items to which

it is directed, and the total circumstances surrounding the case."[14]

None of the described behavior prompting the issuance of the search warrant is in any way

related to the possession of firearms.

The Applicant, Detective Ellis failed to inform the judicial officer of the fact that Benshoof had

filed "Declaration of Non-Surrender" on multiple occasions known to Detective Ellis, See attached

EXHIBIT E, which the State's disclosures have revealed were known to State actors. This omission

renders any suggestion of a nexus between the purpose for which the search warrant was issued,

and the search found no firearms, therefore  inclusion of "handguns" in the search warrant

application was devoid of rational basis.

A warrantless search is "*per se* unreasonable."[15] "A search conducted without a warrant is

unreasonable unless it satisfies one of the well-delineated exceptions to the warrant requirement."

[16] Since none apply here, the seizure of Defendant's private property is unconstitutional and, as

such, the fruit of the poisonous tree doctrine requires the underlying charges to be dismissed.

The Applicant misled the Court in seeking a warrant. Had the Applicant been truthful and

relayed accurate information, the warrant would not have issued. For the foregoing reasons, this

Court should suppress all evidence collected and derived from the unlawful search and seizure of

the Defendant's home; hold that the warrant was not supported by probable cause; that the

Defendant's arrest was unlawful and to suppress any statements made by Defendant subsequent to

his arrest, and consequently dismiss all Counts against Kurt Benshoof.

I, Kurt Benshoof, have designated Urve Maggitti as a "next friend" of mine, and as one of my

"assistance of counsel"[17] under Judiciary Act of 1789, 1 Stat. 73, 92,[18] am hereby instructing that

---

[14] *U.S. v. Ivey*, 91 F.4th 915, 918 (8th Cir. 2024) (internal citations omitted)

[15] *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008).

[16] *State v. Lester*, 874 N.W.2d 768, 771 (Minn. 2016).

[17] *Faretta v. California*, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[18] "SEC. 35. And be it further enacted, **That in all courts** of the United States**, the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys**

all discovery provided to me in the instant case be simultaneously provided to Urve Maggitti, via email: urve.maggitti@gmail.com.

Respectfully Submitted by:

Kurt Benshoof, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
**King County Correctional Facility – Seattle**
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
South Eight, Lover Bravo
Email: kurtbenshoof@gmail.com

The foregoing statements of fact were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[19]

Signature: _____    Date: _September 9, 2024_
/URVE MAGGITTI /

* Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)*.

Mr. Benshoof has been denied not only *meaningful opportunity* to present a *complete defense* in the malicious criminal prosecution and persecution brought against Mr. Benshoof, it is a FACT that Mr. Benshoof has been denied the most essential, elemental and basic resources to even attempt to present defense: access to pen, paper, computer, internet, email, and majority of the discovery.

---

**at law**" "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED, September 24, 1789."
[19] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

## ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA  )

COUNTY OF CHESTER  )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _September 9_ /2024.

Signed: _____

Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania _____County of Chester._____

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____

Notary Public,

My commission expires: _10 - 12 - 2026._

Commonwealth of Pennsylvania - Notary Seal
Kerrick Sullivan, Notary Public
Delaware County
My commission expires October 12, 2026
Commission number 1283631
Member, Pennsylvania Association of Notaries

Page 25 of 26

## CERTIFICATE OF SERVICE

**1. Leesa Manion**, Prosecuting Attorney
CRIMINAL DIVISION W554, King County Courthouse, 516 Third Avenue Seattle,
Washington 98104-2385
PHONE: (206) 477-3742, FAX (206) 205-6104,  **Leesa.Manion@kingcounty.gov**

**2. Stephanie R. Brennan,** WSBA No. 48979
Attorney(s) for the Plaintiff, State of Washington, Domestic Violence Unit, Seattle
W554 King County Courthouse, 516 Third Avenue, Seattle, WA 98104-2385
PHONE" (206) 296-9000, **stephanie.brennan@kingcounty.gov**

**3.  David Martin,** Senior Deputy Prosecutor/ Chair Domestic Violence Unit
King County Prosecuting Attorney's Office (PAO), King County Courthouse  516 Third Avenue,
W400, Seattle, WA 98104
PHONE: 206-477-1200  **david.martin@kingcounty.gov**

**4. Hon. Melinda J. Young,** Chief, Criminal Judge - Superior Court
C/O King County Courthouse. 516 Third Ave Rm C-203, Seattle, WA 98104
Primary Phone:  206-477-1361  Email:  **young.court@kingcounty.gov**
Bailiff: Jennifer McBeth (206) 477-1361

**5. Hon. Suzanne R. Parisien,**
c/o King County Superior Court, 16 Third Ave, C-203, Seattle, WA 98104
Phone: 206-477-1579
Email **parisien.court@kingcounty.gov, suzanne.parisien@kingcounty.gov**

**Bailiff: Julie Salle** Courtroom Number: W-355, Department: 42, Assignment: Criminal

**6. County Clerk**
516 3rd Ave, Rm E609, Seattle, WA 98104-2363
Phone: 206-296-9300,  **clerksofficecustomerservice@kingcounty.gov**

**7. Mr. Kurt Benshoof**
Home Address: 1716 N 128th Street, Seattle, Washington 98133,
Phone: (206) 460-4202, **kurtbenshoof@gmail.com**

CURRENTLY HELD AT: **King County Correctional Facility – Seattle**
B/A 2024-008067, UCN# 10518097, South Eight, Lover Bravo,
500 Fifth Ave., Seattle, WA 98104
Email: kurtbenshoof@gmail.com

**8. Urve Maggitti,** "next friend" and "assistance of counsel" [20] to Mr. Kurt Benshoof under as per
Judiciary Act of 1789, 1 Stat. 73, 92.  **urve.maggitti@gmail.com**

---

[20] *Faretta v. California*, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

Page **26** of 26

# EXHIBIT A

| Case Number: | 24-0-62121-3 |
| Date: | August 25, 2024 |
| Serial ID: | 24-483857-6266988B6E |
| Certified By: | Catherine Comwall |
| | King County Clerk, Washington |

**PHOTOCOPY**

FILED

SUPERIOR COURT 2024 KING09 COUNTY NS 9 WASHINGTON

KING COUNTY

SUPERIOR COURT CLERK

E-FILED

SW NO. 24-0-62121-3

CASE #: 24-0-62121-3 SEA

**STATE OF WASHINGTON** )

)

**COUNTY OF KING** )        **APPLICATION FOR SEARCH WARRANT**

### Declaration

I, Detective Ryan Ellis #7612, declare that I have personal knowledge of the matters herein and/or am relying on witness statements, information provided by my fellow officers, reports, and other material I have gathered in my investigation, and that I am competent to testify to the matters stated herein:

On the basis of the following, I believe there is probable cause that Kurt A BENSHOOF, date of birth 7/18/1969, has committed the crime(s) of **Stalking, RCW 9A.46.110, and Violation of a Court Order, RCW 26.50.110** in King County, and that:

☒   Evidence of those crimes;

☒   Contraband, the fruits of a crime, or things otherwise criminally possessed.

☒   Weapons or other things by means of which a crime has been committed or reasonably appears about to be committed;

☒   A person for whose arrest there is probable cause, or who is unlawfully restrained.

is located in, on, at, or about the following described premises, vehicle or person:

**1716 N 128th ST, Seattle, Washington 98133 occupied by BENSHOOF**

### Affiant

I, Ryan Ellis, Seattle Police Detective #7612, currently assigned to the Seattle Police Department, Domestic Violence Unit, have been employed by the City of Seattle since February 2012. I have twenty-five years' total in law enforcement experience and training. I was previously employed by the Department of Corrections, during which time I was assigned as a Federal Task

Leesa Manion (she/her)
Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

1  Force Officer with the Drug Enforcement Administration (DEA).  I completed the basic law

2  enforcement academy at the Washington State Criminal Justice Training Center. I have completed

3  the basic Seattle Police Department Detective School.  In doing so, I have written and executed

4  over two hundred search warrant affidavits. I am assigned the below-described case for follow-up

5  investigation.  Since February 2018, I have been assigned as a Detective to the Domestic Violence

6  Protection Order Service and Firearms Surrender unit.  During this time, I have obtained and

7  executed several search warrants related to the seizure of firearms as they pertain to Order to

8  Surrender Weapon Court Orders. Since September 2023, I have been assigned to the DV Unit.

9  I, **Ryan Ellis #7612** is a Detective with the Seattle Police Department and has reviewed the

10  *investigation conducted in Seattle Police Department Case number(s) 2024-163058, 2024-*

11  *156684, 2024-152490, 2024-079368 and Exhibit 1.*  There is probable cause to believe that

12  **Kurt A BENSHOOF, date of birth 7/18/69** committed the crime of **Stalking, RCW**

13  **9A.46.110, and Violation of a Court Order, RCW 26.50.110**, within the City of Seattle,

14  County of King, State of Washington.  This belief is predicated on the following facts and

15  circumstances.

16  **The Investigation**

17  The victim in this investigation, Jessica Owen, is the previous wife to suspect Benshoof.  Ownes

18  is the current registered owner of the residence located at 1716 N 128th ST, Seattle, Washington

19  98133.  Owen has had several no-contact and retraining orders against Benshoof in the past,

20  which have routinely been violated by Benshoof.  Most recently, Owen obtained a Seattle

21  Municipal No Contact Order, OCA223037 which was served on Benshoof on 11/16/2022 and

22  expires on 11/16/2027.  In addition, Owen obtained a Restraining Order, OCA215006806, which

23  was served on 11/15/2022 and expires on 9/28/2027.  On 3/14/2023, a warrant for two counts of

24  Stalking, one count of Custodial Interference, and 83 counts of violation of a no-contact order

25  was issued in the amount of $250,000.00 for Benshoof, Warrant number 990435958.  Since that

26  time, law enforcement officials have been unable to arrest Benshoof. See **Exhibit 1**, attached.

27  **2024-079368**

28

APPLICATION FOR SEARCH WARRANT - Basic
Page 2 of 8
KCPAO Rev. 01.01.23

Leesa Manion (she/her)
Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

On March 23, 2024, Victim Owen filed a police report for numerous violations of the protection orders in place related to Benshoof. Officers spoke to Owen over the phone who stated that her ex-husband who she verbally identified as Kurt, Benshoof had been calling and texting her phone which is a violation of the no contact order that she has against Benshoof. Benshoof did not make any threats in the messages but was rambling about an ongoing litigation between the two and telling her that he was right about the Covid-19 pandemic. Owens stated that the suspect/Benshoof lives in their previous home at 1716 N 128th ST and drives an army green FJ Crouser with a rack on the top. Owens advised that Benshoof is home most of the time but has cameras and will not answer the door when police try to contact him.

**2024-152490**

On June 5, 2024, Victim Owen filed another police report, documenting the multiple violations of the protection orders by Benshoof. Owen reported Benshoof has been violating the order by sending her text messages and emails daily. He sends over 40 messages per day. He has been wishing her a slow and painful death. He called her a "lying cunt." He messages her tangents about Covid and voter fraud by the Democratic party. He criticizes Owen for taking his son from him and giving him a Covid shot. Owen had recently moved out of state to get away from Benshoof but has returned to her residence in Seattle. She is concerned that things may escalate if he finds out she lives in the area again.

**2024-156684**

On June 9, 2024, Victim Owen filed another police report, documenting the multiple protection order violations by Benshoof. Owen stated that since her last report on 6/05/2024, Benshoof has been texting her, calling her, and emailing her nonstop despite there being an order in place.

When asked about the nature of the text messages, Owen stated that Benshoof has messaged about several different topics. Some of his messages tell her that she "is toast" and that he is coming for his son. Others tell her that "shit is going to hit the fan" and asks her what side of the fan she wants to be on. Other messages talk about random topics about Jesus and other non-relevant topics.

APPLICATION FOR SEARCH WARRANT - Basic
Page 3 of 8
KCPAO Rev. 01.01.23

Leesa Manion (she/her)
Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

1  When asked about the content of his emails, Owen stated that they mainly concern lawsuits and
2  other legal proceedings. Owen went on to explain that the court system has marked Benshoof as
3  a "vexatious litigant." Benshoof has apparently tried to sue too many people too many times over
4  nothing lawsuits and now the court system has flagged him as an abuser of the legal system.
5  However, despite the court fining him for his overuse of the system, Benshoof continues to email
6  her lawsuits. Some of these lawsuits' she is named in and others she was simply forwarded the
7  information.

8  Owen also informed officers that this week she received a manila envelope in the mail, from
9  Benshoof, containing more court paperwork. Owen showed officers the paperwork and the
10  envelope. She informed officers that she knew it was from Benshoof himself because she
11  recognizes his handwriting, and he would be the only one to write hearts next to her name as a
12  way of mocking her. He also listed his current address as the return address on the envelop. The
13  actual paperwork itself was more than a couple hundred pages so neither officer nor did Owen
14  read through that. The front of the paperwork reads that it was a Petition for Writ of Habeas
   Corpus in which Benshoof is the petitioner and Owen is the respondent.
15
16  Officers photographed the envelope and the front page of paperwork.

17  Owen stated that she did not believe that Benshoof knew she was at the residence currently and
18  did not think he would show up in the near future. She has been staying elsewhere that Benshoof
19  does not know the address of. Her main concern is that Benshoof continues to harass her despite
20  the order in place. He has made it very clear that he does not care about the orders in place, the
21  fact that she has been granted full custody of their child, and that he has been ordered by the
22  courts not to file any more lawsuits. Owen is fearful of Benshoof and scared of his blatant
23  disregard for all of his court orders and the consequences.

24  **2024-163058**
25
26  On June 15, 2024, Victim Owen filed another police report, outlining the continued protection
27  order violations.  Owen stated that since her last report on 06/05/2024, Benshoof has been
   texting her, calling her, and emailing her nonstop despite there being an order in place. She
28

APPLICATION FOR SEARCH WARRANT - Basic
Page 4 of 8
KCPAO Rev. 01.01.23

Leesa Manion (she/her)
Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

confirmed Benshoof uses a phone number (206) 460-4202) and email address (kurtbenshoof@gmail.com) associated with his name as well as states it is Benshoof that is contacting her.

In the recent communication, Benshoof has made statements like, "Justice is coming", "Wake the fuck up" and "Where is my son you cunt."

Benshoof also sends Owen lengthy emails regarding lawsuits he is pursuing despite being marked as a "vexatious litigant" by the court.

Owen stated Benshoof contacts her numerous times a day everyday despite the protective Orders in place both clearly showing Owen as the protected party and Benshoof as the respondent. Both orders state Benshoof is restrained from making any contact or communication with Owen.

Owen stated she avoids being at home and sometimes stays out of town in an attempt to keep herself and her son safe. She went on to say she will continue to file police reports documenting the violations and feels Benshoof has reached stalking levels of behavior.

On June 26, 2024, I spoke to Victim Owen. She informed me that she would be filing another police report outlining the continued violations since June 15, 2024. Owen told me, it's non-stop, every single day. Owen also told me the Courts awarded Owen ownership of the residence located at 1716 N 128th ST, thus removing Benshoof. Owen said Benshoof never leaves the residence and she's too afraid to confront him about the residence. In addition, during their last hearing in Superior Court related to the ownership of the residence, Benshoof filed an appeal in Superior Court, which was denied. During a protection order hearing on February 28, 2024, Ownes told me she observed Benshoof via ZOOM within the residence located at 1716 N 128th ST, Seattle, Washington.

It should be noted to the Court, as referenced in **Exhibit 1**, Benshoof has a history of non-compliance with Court Orders and law enforcement officials. As noted in the January 23, 2023, incident, Benshoof convinced his son to leave Owen's residence and come to his house, which was a direct violation of the protection orders. Subsequently, officers responded and were able

APPLICATION FOR SEARCH WARRANT - Basic
Page 5 of 8
KCPAO Rev. 01.01.23

Leesa Manion (she/her)
Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

1   to obtain short-term custody of the child and return him to Owens from Benshoof's residence. In
2   addition, based on the protection order violations, officers spoke with Benshoof and attempted to
3   arrest him at the residence. Benshoof, however, barricaded himself within the residence,
4   refusing to exit. Through the use of a negotiator, officers attempted to gain compliance from
5   Benshoof and resolve the incident peacefully. Benshoof refused to cooperate, maintaining his
6   barricaded status and officers were ordered to leave the scene. On March 14, 2023, the City of
    Seattle Municipal Court issued an arrest warrant for Benshoof in the amount of $250,000.00,
7   outlining two counts of Stalking, one count of Custodial Interference and 83 counts of Violation
8   of a Court Order. Since that time, Benshoof has continued violating the Court Orders with total
9   disregard for the Court mandated conditions.
10
11  Since that time, Benshoof has remained within the Target residence. Attempts to conduct
12  surveillance on Benshoof and/or his residence have been unsuccessful due to Benshoof's lack of
13  movement, and the surrounding terrain of the residence. Officers have attempted to install
14  electronic surveillance equipment to assist in the investigation; however, the terrain and
15  environment has made it impossible to do so. Benshoof was last seen via ZOOM within the
16  residence on 2/29/24, under case number 22-2-1598-8, per victim Owens. On 6/27/24, officers
17  observed Benshoof's Toyota FJ Cruiser parked in front of his house. Although officers did not
18  observe Benshoof on the property, officers noted the residence appeared occupied and noted
    several on-going projects on the property.
19
20
21       Based on all the foregoing information, I believe that evidence of the above-listed
22  crime(s) exists at the above-described location, and that there is probable cause to search that
23  location for evidence of the above-listed crimes, including:
24       • Handgun(s) within the residence and/or BENSHOOF persons.
25       • Bills, receipts, mail and other items that evidence dominion and control of the
         premises, places, property, and/or person searched.
26       • Electronic communication device(s), computers and cell phones
27       • KURT A BENSHOOF
28

Leesa Manion (she/her)
Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

**[X ] (Check if applicable) Pursuant to RCW 10.79.035(2) and 5.50.010(3), this application was signed and submitted to the issuing Judge using an electronic device that is owned, issued, or maintained by the below-identified criminal justice agency.**

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed this _June 27, 2024, at Seattle, WA.

Declarant's Signature:    _____Ryan Ellis_____

OR, if submitted electronically:

Declarant's Full Name: _Detective Ryan Ellis_____

Agency Badge/Serial or Personnel #: _7612_____

Agency Name:  __Seattle Police Department_____

**[ X ] (Check if applicable) Pursuant to RCW 10.79.035(3), the Judge's signature below was placed by declarant at the Judge's direction given by:**

      [ ] telephone (preserve a recording of the authorization),

      [ X ] email (preserve and file the email), or by

      [ ] _____ (other reliable method).

On June 27, 2024, I reviewed and considered the above application, submitted to me under penalty of perjury.

APPLICATION FOR SEARCH WARRANT - Basic
Page 7 of 8
KCPAO Rev. 01.01.23

Leesa Manion (she/her)
Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

Signature: _Judge Nicholas Straley_____

SUPERIOR/DISTRICT COURT JUDGE

Printed Judge's Name: _Nicholas Straley_____

Issuance of Warrant Approved:[1]

LEESA MANION (she/her)

Prosecuting Attorney

---

[1] If applicant is a Federal Agent, issuance of warrant is also requested by the signing King County Prosecuting Attorney.

APPLICATION FOR SEARCH WARRANT - Basic
Page 8 of 8
KCPAO Rev. 01.01.23

**Leesa Manion (she/her)**
**Prosecuting Attorney**
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

| Case Number: | 24-0-62121-3 |
| --- | --- |
| Date: | August 25, 2024 |
| Serial ID: | 24-483857-6266988B6E |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **24-483857-6266988B6E**

This document contains 8 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# EXHIBIT B





## IN THE MUNICIPAL COURT OF THE CITY OF SEATTLE

**THE CITY OF SEATTLE, PLAINTIFF**

vs

Kurt Benshoof
_____.

Defendant
_____

**Domestic Violence No-Contact Order**

☑ Pre-Trial  ☐ Post Conviction☐ 72-Hour hold - 3.2.1(f)
☐ Replacement Order (paragraph 8)
Clerks Action Required (paragraph 7)

**Case #** 669329

This no-contact order expires on __11/16/2027__.
(date and time) or ☐ 1 year ☐ 2 years ☑ 5 years ☐Other
from today's date. The court may extend a no-contact
order even if the defendant does not appear at
arraignment.

### No-Contact Order

1. **Protected Person's Identifiers:**

   Jessica Rae Owen
   _____
   Name (First, Middle, Last)

   | 11/23/1975 | F | W |
   | --- | --- | --- |
   | DOB | Gender | Race |

   If a minor, use initials
   instead of name, provide
   other info, and complete
   a Law Enforcement
   Information Sheet (LEIS).

   **Defendant's Identifiers:**

   | Date of Birth | |
   | --- | --- |
   | 07/18/1969 | |
   | Gender | Race |
   | M | W |

### Findings of Fact

2. Based upon the record both written and oral, the court finds that the defendant has been charged with, arrested for, or convicted of a domestic violence offense, that the defendant represents a credible threat to the physical safety of the protected person, and the court issues this Domestic Violence No-Contact Order under chapter 10.99 RCW to prevent possible recurrence of violence.

3. The court finds that the defendant's relationship to the person protected by this order is as a/an:
   ☑ Intimate partner because they are:
   ☑ current or former spouses or domestic partners, ☐ parents of a child-in-common,
   ☐ age 16 or older and are/were in a dating relationship and are currently residing together or resided together in the past. ☐ age 16 or older and are/were in a dating relationship but have *never* resided together.
   **or**
   ☐ Family or household member as defined by RCW 26.50.010(6): _____.

4. ☑ For crimes not defined as a serious offense, the court makes the following mandatory findings pursuant to RCW 9.41.800(1) and (2):☐ The defendant used, displayed, or threatened to use a firearm or other dangerous weapon in a felony; or☐ The defendant is ineligible to possess a firearm pursuant to RCW 9.41.040; or ☑ Possession of a firearm or other dangerous weapon by the defendant presents a serious and imminent threat to public health or safety, or to the health or safety of any individual.

5. **Defendant:**
   A. do not cause, attempt, or threaten to cause bodily injury to, assault, sexually assault, harass, stalk, or keep under surveillance the protected person.

31-017 Domestic Violence No-Contact Order    (June 2020)

- Page 1 of 2

B. do not contact the protected person, directly, indirectly, in person or through others, by phone, mail, electronic or any other means, except for mailing or service of process of court documents through a third party, or contact by the defendant's lawyers.

C. do not knowingly enter, remain, or come within_____ (1,000 feet if no distance entered) of the protected person's residence, school, workplace, other: <u>places person is present</u>.

D. exceptions:_____

E. other: _____
_____

> **Warning:** Violation of the provisions of this order with actual notice of its terms is a criminal offense under chapter 26.50 RCW and will subject a violator to arrest; any assault, drive-by shooting, or reckless endangerment that is a violation of this order is a felony. **You can be arrested even if the person protected by this order invites or allows you to violate the order's prohibitions.** You have the sole responsibility to avoid or refrain from violating the order's provisions. Only the court can change the order upon written application.

> *Additional Warnings to Defendant:* This order does not modify or terminate any order entered in any other case. You are still required to comply with other orders.
>
> Willful violation of this order is punishable under RCW 26.50.110. State and federal firearm restrictions apply. 18 U.S.C. § 922(g)(8)(9); RCW 9.41.040. A violation is a felony and will subject you to arrest.
>
> Pursuant to 18 U.S.C. § 2265, a court in any of the 50 states, the District of Columbia, Puerto Rico, any United States territory, and any tribal land within the United States shall accord full faith and credit to the order.

### Additional Orders

6. ☐ Civil standby: The appropriate law enforcement agency shall, at a reasonable time and for a reasonable duration, assist the defendant in obtaining personal belongings located at:

_____.

7. The clerk of the court shall enter this order into a computer-based criminal intelligence system available in the state used by law enforcement to list outstanding warrants or forward a copy of this order on or before the next judicial day to the protected person's local law enforcement agency.

8. ☐ This order replaces all prior no-contact orders protecting the same person issued under this cause number.

Dated <u>11/16/2022</u>    Time <u>03:11 PM</u> ☐ am ☑ pm  in open court with the defendant present.

I acknowledge receipt of a copy of this order:

No defendant signature due to COVID-19

_____
Defendant

_____
Willie Gregory (Nov 16, 2022 15:54 PST)
Judge/ Pro Tem Judge

The protected person shall be provided with a certified copy of this order.

☐ Interpreter Declaration attached

*31-017 Domestic Violence No-Contact Order   (June 2020)*
    *Case #* <u>669379</u>                                                    *- Page 2 of 2*

EXHIBIT C

Case Number: 21-2-11149-8
Date:        September 01, 2024
Serial ID:   24-497937-6324390U1L
Certified By: Catherine Cornwall
             King County Clerk, Washington

**PHOTOCOPY**

FILED
2021 SEP 03
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 21-2-11149-8 SEA

FAM 01

| Superior Court of Washington For King County | No. 21-2-11149-8 SEA |
|---|---|
| | **Denial Order - Domestic Violence** |
| *Jessica Rae Owen* | (Optional Use) (ORDMTP) |
| Petitioner (Protected Person) | [✓] Clerk's Action Required |
| vs. | Next Hearing Date/Time: _____ |
| | At: _____ |
| *Kurt Alden Benshoof* | |
| Respondent (Restrained Person) | |

**This Matter** is before the court upon the request of (name) *Petitioner*, for a:

[ ] Temporary Order          [✓] Full Order          [ ] Renewal Order
[ ] Modification Order       [ ] Termination Order

**Court Finding:**

[ ]  Petitioner [ ] respondent did not appear.
[ ]  Petitioner requested dismissal of petition.
[ ]  This order materially changes an existing order. A hearing after notice is necessary.
[ ]  No notice of this request has been made or attempted to the opposing party.
[ ]  The petitioner has failed to demonstrate that there is sufficient basis to enter a temporary order without notice to the opposing party.
[ ]  The petitioner and respondent do not have an eligible relationship for this type of order.
[ ]  The domestic violence protection order petition does not list a specific incident and approximate date of domestic violence.
[✓]  A preponderance of the evidence has not established that there is domestic violence.
[✓]  Other: *Either party may file a parenting plan action to address custody issues, if desired. The court found Respondent's testimony to be credible regarding ⊕ The court did not consider documents filed by Respondent on 9/3/2021; Respondent chose to proceed with a hearing this morning even though the court had not had the opportunity to read the documents filed today.*

Denial Order (ORDMTP) - Page 1 of 4
WPF DV-6.020 Mandatory (06/2020) - RCW 26.50   *⊕ incidents alleged by petitioner from Oct./Nov. 2015.*

Renewal:

[ ]    The respondent proved by a preponderance of the evidence that the respondent will not
       resume acts of domestic violence against the petitioner or the petitioner's children or
       family or household members when the protection order expires.

[ ]    Other: _____
       _____
       _____

Modify or Terminate:

[ ]    Petitioner's motion to modify or terminate a domestic violence Order for Protection is
       denied because:
       _____
       _____
       _____

[ ]    Respondent's motion to modify or terminate a domestic violence Order for Protection
       effective less than two years is denied because:
       _____
       _____
       _____

       [ ] The court finds that the respondent has previously filed a motion to modify or terminate
       during the current 12 month period following entry of the order, and is not eligible for the
       relief requested.

[ ]    For respondent's motion to modify or terminate a domestic violence Order for Protection
       effective longer than two years:
       [ ] The court finds that the respondent has previously filed a motion to modify or terminate
           during the current 12 month period following entry of the order, and is not eligible for
           the relief requested, or
       [ ] A preponderance of the evidence **failed** to establish that:
           [ ] the modification is warranted.
           [ ] for a modification to shorten the duration or remove restrictions against domestic
               violence acts or threats, or for termination, there has been a substantial change of
               circumstances such that the respondent is unlikely to resume acts of domestic
               violence against the petitioner or other persons protected in the order, to wit:
               [ ] since the protection order was entered, the respondent [ ] has committed or
                   threatened domestic violence, sexual assault, stalking, or other violent acts;
                   [ ] has exhibited suicidal ideation or attempts; [ ] has been convicted of criminal
                   activity; [ ] neither acknowledged responsibility for the acts of domestic violence
                   that resulted in entry of the protection order nor successfully completed domestic
                   violence perpetrator treatment or counseling;

[ ] the respondent has continued to abuse drugs or alcohol, if such was a factor in the protection order.

[ ] the petitioner [ ] has [ ] has not voluntarily and knowingly consented to terminating the protection order

[ ] the respondent or petitioner moving further away from the other party will stop acts of domestic violence.

[ ] other _____

_____

_____

_____

[ ] The respondent proved that there has been a substantial change of circumstances; however, the court declines to terminate the Order for Protection because the acts of domestic violence that resulted in the issuance of the Order for Protection were of such severity that the order should not be terminated.

[ ]   Other: _____

_____

_____

_____

**The court orders that:**

[ ]   The request for a temporary order is denied and the case is dismissed.

[ ]   The request for a temporary order is denied, but a hearing on the merits of the petition after notice to the respondent is set for the date listed in the caption on page 1 of this order, or

  [ ]   The request for a temporary order is denied and the clerk is directed to set a hearing on the petition.

  or

  [ ]   The parties are directed to appear for a hearing as shown on page 1.
    The requesting party shall make arrangements for service of the petition/motion and this order on (name) _____ by law enforcement, professional process server, or a person who is 18 or older, competent to be a witness, and not a party to the case. A Return of Service shall be filed with the clerk at or before the hearing.

[X]   The request for a full order is denied, and the petition is dismissed. Any previously entered temporary order expires at _10 : 32_ *a*.m. today.

[ ]   The request to modify, terminate, or renew the order dated _____ is denied.

[X]   The request for a ~~temporary~~/final Order to Surrender and Prohibit Weapons is denied.

[ ]   If any firearms or dangerous weapons have been surrendered under this cause number, they shall be released to the respondent, absent some other legal reason that may exist prohibiting the respondent from possessing them.

[ ]   Other: _____

_____

*Denial Order (ORDMTP) - Page 3 of 4*
*WPF DV-6.020 Mandatory (06/2020) - RCW 26.50*

*Failure to Appear at the Hearing May Result in the Court Granting All of the Relief Requested in the Petition or Motion.*

This order is dated and signed in open court.

Date: 9/3/2021 Time 10:32 a.m.

Judge/Commissioner    Camille J. Schaefer

[ ] Attended remotely/agreed to email copy

[ ] Acknowledge receipt of a copy in court:

[ ] Attended remotely/agreed to email copy

[ ] Acknowledge receipt of a copy in court:

Appeared by Zoom

➢ _____

Signature of Respondent/Lawyer  WSBA No.

_____

Print Name                          Date

Appeared by Zoom

➢ _____

Signature of Petitioner/Lawyer    WSBA No.

_____

Print Name                          Date

*Denial Order (ORDMTP) - Page 4 of 4*
*WPF DV-6.020 Mandatory (06/2020)  - RCW 26.50*

| | |
|---|---|
| Case Number: | 21-2-11149-8 |
| Date: | September 01, 2024 |
| Serial ID: | 24-497937-6324390U1L |
| Certified By: | Catherine Cornwall<br>King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **24-497937-6324390U1L**

This document contains 4 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# EXHIBIT D

08/31/2021 TUE 10:25  FAX 2066940727 SPD DOMESTIC VIOLENCE                                    ☒001/004

| Case Number: | 21-2-11149-8 |
| Date: | September 01, 2024 |
| Serial ID: | 24-497937-6324374B5K |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

**PHOTOCOPY**

FILED
2021 AUG 31 01:26 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 21-2-11149-8 SEA

**Superior Court of Washington**
**For King County**

_Jessica Owen_
Petitioner (Protected Person)    Date of Birth

No. 21-2-11149-8  Sea

**Proof of Service**
**(RTS)**

_Kurt Benshoof_
vs.
Respondent (Restrained Person)    Date of Birth

ᴾProof of Service

Server declares:

1.    My name is _Ryan Ellis_____. I am 18 or older.
      I am [ ]a peace officer [ ] not a party to this case.

2.    **Able to Serve:**

      [X] **Personal Service:** I served the court documents checked in section 4 for this case
      to (name of party) ___Kurt Benshoof_____
      on (date) ___8/30/21_____ at (time) ___1105___
      by giving the documents directly to them at this address:
      __10049 College Way N  Seattle usa__

      [ ] **Electronic Service:**

      > *Important* Do not use electronic service if your case involves the surrender of firearms, transfer of child
      > custody, removing respondent from the parties' shared residence, or an incarcerated respondent.

      I served the court documents checked in section 4 for this case to
      (name of party) _____
      on (date) _____ at (time) _____ via

      [ ] email [ ] text [ ] social media applications [ ] other technology

      At the following email address/s, phone number/s, social media application and user
      name, or other address: _____

      [ ] I received a read receipt or other reply from the receiving party (describe or
      attach): _____

Laws of 2021, ch. 215, § 18          Proof of Service
Mandatory (07/2021)                   p. 1 of 3
PO 004

[ ] **Service by Mail:** I served the court documents checked in section 4 for this case to *(name of party)* _____
on *(date)* _____ at *(time)* _____.
I sent **2** copies of the documents, postage prepaid: one by ordinary, first-class mail and one by other mail with certified or tracking information *(attach receipts)*. I sent the mail to this/these address/es: _____

**3.    Not Able to Serve:**

[ ] I was unable to make personal service on *(name of party)* _____
I notified the serving party that service was not successful. Personal service was attempted on the following date/s _____.

[ ] Electronic service was attempted at the following address/es but it bounced back or was undeliverable _____

[ ] I did not mail court documents to *(name of party)* _____
because I do not know the party's last known address.

**4.    List of Documents:**

> *Important!* You must check or write the title of every document that you served. Use the "Other Documents" box to write in the title of any document not already listed.

I served the following documents *(check all that apply)*:

| **New Domestic Violence Petition:** | **New Vulnerable Adult Petition:** |
|---|---|
| [X] Petition for Order for Protection | [ ] Petition for a Vulnerable Adult Order for Protection |
| [X] Temporary Order for Protection and Notice of Hearing | [ ] Temporary Order for Protection and Notice of Hearing |
| [ ] Reissuance of Temporary Order for Protection and Notice of Hearing | [ ] Reissuance of Temporary Order for Protection and Notice of Hearing |
| [X] Order to Surrender Weapons (issued without notice) and Notice of Hearing | [ ] Order to Surrender Weapons (issued without notice) and Notice of Hearing |
| [ ] Order Transferring Domestic Violence Case and Setting Hearing | [ ] Notice to Vulnerable Adult |
| [ ] Declaration/s of: _____ | [ ] Declaration/s of: _____ |
| [ ] Denial Order | [ ] Denial Order |
| **New Sexual Assault Petition:** | **New Harassment and/or Stalking Petition:** |
| [ ] Petition for a Sexual Assault Protection Order | [ ] Petition for Order for Protection – Harassment and/or Stalking  [ ] Respondent Under Age 18 |
| [ ] Temporary Sexual Assault Protection Order and Notice of Hearing | [ ] Temporary Order for Protection and Notice of Hearing  [ ] Respondent Under Age 18 |
| [ ] Reissuance of Temporary Sexual Assault Protection Order and Notice of Hearing | [ ] Order to Surrender Weapons (issued without notice) and Notice of Hearing |
| [ ] Order to Surrender Weapons (issued without notice) and Notice of Hearing | [ ] Declaration/s of: _____ |
| [ ] Declaration/s of: _____ | [ ] Denial Order |
| [ ] Denial Order | |

Laws of 2021, ch. 215, § 16                  Proof of Service
Mandatory (07/2021)                              p. 2 of 3
PO 004

08/31/2021 TUE 10:25  FAX 2066840727 SPD DOMESTIC VIOLENCE                    ☒003/004

| After a Full Hearing: | Renewals: |
|---|---|
| [ ]  Order for Protection | [ ]  Petition for Renewal of Order for Protection and Notice of Hearing |
| [ ]  Sexual Assault Protection Order | |
| [ ]  Order for Protection – Vulnerable Adult | [ ]  Order Setting Hearing on Renewal [ ] and Extending Order until Hearing |
| [ ]  Order for Protection – Harassment [ ] Respondent Under Age 18 | [ ]  Ex Parte Temporary Order for Renewal of Order for Protection and Notice of Hearing |
| [ ]  Order for Protection – Stalking [ ] Respondent Under Age 18 | [ ]  Order for Renewal of Order for Protection |
| [ ]  Order to Surrender Weapons | [ ]  Motion and Declaration for Renewal of Sexual Assault Protection Order |
| [ ]  Order Realigning Parties and Notice of Hearing | [ ]  Order Setting Hearing – Sexual Assault |
| | [ ]  Order on Motion for Renewal of Sexual Assault Protection Order |
| **Motions:** | **After a Motion Hearing:** |
| [ ]  Motion to Modify/Terminate Order for Protection | [ ]  Order Modifying/Terminating Order for Protection |
| [ ]  Motion for Surrender of Weapons | [ ]  Order to Surrender Weapons |
| [ ]  Notice of Hearing | |
| [ ]  Motion to Realign Parties | |
| **Other Documents:** | |
| [ ] _____ | |
| [ ] _____ | |
| [ ] _____ | |
| [ ] _____ | |

5.    **Fees Charged for Service:**

[ ]  Does not apply.

[ ]  Fees: $_____ + Mileage $_____ = Total: $_____

6.    Other: _DNS Signed + Attached. ① did not_
_Surrender the Child or Vehicle_ _____

I declare under penalty of perjury under the laws of the state of Washington that the statements on this form are true.

Signed at (city and state): _Seattle    Wa_    Date: _8/10/21_

_____        _Krin E Cle_
Signature of server                      Print or type name of server

                                         _Seattle PD_
                                         Law Enforcement Agency (if any)

Laws of 2021, ch. 215, § 16
Mandatory (07/2021)
PO 004                              Proof of Service
                                    p. 3 of 3

08/31/2021 TUE 10:26  FAX 2066840727  5PD DOMESTIC VIOLENCE                  ☑004/004

**Superior Court of Washington
For King County**

No. 21-2-11149-8 SEA

_Jessica Owens_
Petitioner

vs.

_Kurt Benshoof_
Respondent

**Declaration of Non-Surrender
(DCLRNS)**

Note: If you previously surrendered your firearms, other dangerous weapons, and concealed
pistol licenses, use the Proof of Surrender form, All Cases 03.0400 or NC 03.0400.

I understand that the court has ordered me to surrender all firearms, and other
dangerous weapons that I own or have in my possession or control, and any concealed
pistol licenses. I have not surrendered any firearms, other dangerous weapons, or
concealed pistol licenses pursuant to that order because I do not have any of those
items.

I also understand that:

I am prohibited from accessing, obtaining, or possessing firearms, other dangerous
weapons, or concealed pistol licenses until further order of the court.

If I fail to comply with the order to surrender weapons, I may be found in contempt of
court and be charged with a misdemeanor.

I may be charged with a crime up to and including a **felony** if I am found to own,
possess, or control a firearm or other dangerous weapon.

I declare, under penalty of perjury under the laws of the State of Washington, that this
statement is true and correct.

Dated: ___8/04/21___ at (place) ___Seattle___, Washington.

_Kurt Benshoof, TDC_                    KURT BENSHOOF

Signature of Restrained Person          Print name

ALL RIGHTS RESERVED

Decl. of Non-Surrender (Civil) (DCLRNS) - Page 1 of 1
WPF All Cases 02-070 (07/2019) – RCW 9.41.800

NONE WAIVED

| | |
|---|---|
| Case Number: | 21-2-11149-8 |
| Date: | September 01, 2024 |
| Serial ID: | 24-497937-6324374B5K |
| Certified By: | Catherine Cornwall<br>King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-eccxap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **24-497937-6324374B5K**

This document contains 4 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# EXHIBIT E

08/31/2021 TUE 10:26  FAX 2066840727 SPD DOMESTIC VIOLENCE                    ☑004/004

| | |
|---|---|
| Case Number: | 21-2-11149-8 |
| Date: | September 01, 2024 |
| Serial ID: | 24-497937-6324373J0U |
| Certified By: | Catherine Cornwall<br>King County Clerk, Washington |

**PHOTOCOPY**

FILED
2021 AUG 31 01:26 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 21-2-11149-8 SEA

**Superior Court of Washington
For King County**

No. 21-2-11149-8 SEA

~~Jessica Owens~~
Petitioner

vs.

Kurt Benshoof
Respondent

**Declaration of Non-Surrender
(DCLRNS)**

Note: If you previously surrendered your firearms, other dangerous weapons, and concealed
pistol licenses, use the Proof of Surrender form, All Cases 03.0400 or NC 03.0400.

I understand that the court has ordered me to surrender all firearms, and other
dangerous weapons that I own or have in my possession or control, and any concealed
pistol licenses. I have not surrendered any firearms, other dangerous weapons, or
concealed pistol licenses pursuant to that order because I do not have any of those
items.

I also understand that:

I am prohibited from accessing, obtaining, or possessing firearms, other dangerous
weapons, or concealed pistol licenses until further order of the court.

If I fail to comply with the order to surrender weapons, I may be found in contempt of
court and be charged with a misdemeanor.

I may be charged with a crime up to and including a **felony** if I am found to own,
possess, or control a firearm or other dangerous weapon.

I declare, under penalty of perjury under the laws of the State of Washington, that this
statement is true and correct.

Dated: 8/04/21                 at (place) Seattle , Washington.

Kurt Benshoof, TFC                     KURT BENSHOOF
Signature of Restrained Person          Print name
ALL RIGHTS RESERVED
Decl. of Non-Surrender (Civil) (DCLRNS) - Page 1 of 1
WPF All Cases 02-070 (07/2019) – RCW 9.41.800
NONE WAIVED

| Case Number: | 21-2-11149-8 |
|---|---|
| Date: | September 01, 2024 |
| Serial ID: | 24-497937-6324373J0U |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **24-497937-6324373J0U**

This document contains 1 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

Case Number: 21-2-11149-8
Date:          September 01, 2024
Serial ID:     24-497937-6324396D0T
Certified By:  Catherine Cornwall
               King County Clerk, Washington

PHOTOCOPY

FILED
2021 SEP 07
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 21-2-11149-8 SEA

**Superior Court of Washington
For King County**

No. 21-2-11149-8  SEA

Petitioner: ~~JESSICA~~ Owens

vs.

Respondent: Kurt Benshoof

**Declaration of Non-Surrender
(DCLRNS)**

Note:  If you previously surrendered your firearms, other dangerous weapons, and concealed pistol licenses, use the Proof of Surrender form, All Cases 03.0400 or NC 03.0400.

I understand that the court has ordered me to surrender all firearms, and other dangerous weapons that I own or have in my possession or control, and any concealed pistol licenses.  I have not surrendered any firearms, other dangerous weapons, or concealed pistol licenses pursuant to that order because I do not have any of those items.

I also understand that:

I am prohibited from accessing, obtaining, or possessing firearms, other dangerous weapons, or concealed pistol licenses until further order of the court.

If I fail to comply with the order to surrender weapons, I may be found in contempt of court and be charged with a misdemeanor.

I may be charged with a crime up to and including a **felony** if I am found to own, possess, or control a firearm or other dangerous weapon.

I declare, under penalty of perjury under the laws of the State of Washington, that this statement is true and correct.

Dated:  8/24/21   at (place)  Seattle  , Washington.

Signature of Restrained Person: Kurt Benshoof, TTC

ALL RIGHTS RESERVED

Print name: KURT BENSHOOF

Decl. of Non-Surrender (Civil) (DCLRNS) - Page 1 of 1
WPF All Cases 02-070 (07/2019) – RCW 9.41.800

NONE WAIVED

| | |
|---|---|
| Case Number: | 21-2-11149-8 |
| Date: | September 01, 2024 |
| Serial ID: | 24-497937-6324396D0T |
| Certified By: | Catherine Cornwall<br>King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **24-497937-6324396D0T**

This document contains 1 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

EXHIBIT F

| | |
|---|---|
| Case Number: | 24-0-62121-3 |
| Date: | August 25, 2024 |
| Serial ID: | 24-483857-626698705D |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

**PHOTOCOPY**

FILED
2024 JUL 09 02:18 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-0-62121-3 SEA

**SUPERIOR COURT, KING COUNTY, WASHINGTON**

| | | |
|---|---|---|
| **STATE OF WASHINGTON** | ) | **SW NO: 24-0-62121-3** |
| | ) | |
| **COUNTY OF KING** | ) | **SEARCH WARRANT**[1] |

**TO ANY PEACE OFFICER IN THE STATE OF WASHINGTON:**

Upon the sworn complaint made before me, there is probable cause to believe that the crime(s) of **Stalking, RCW 9A.46.110, and Violation of a Court Order, RCW 26.50.110** has been committed, in King County, and that evidence of that/those crime(s); or contraband, the fruits of crime, or things otherwise criminally possessed; or weapons or other things by means of which a crime has been committed or reasonably appears about to be committed; or a person for whose arrest there is probable cause, or who is unlawfully restrained is concealed in or on certain premises, vehicles or persons.

YOU ARE COMMANDED to:

1.  Search, within 10 Days, the premises, vehicle or person described as follows:

**RESIDENCE**:

**1716 N 128th ST, Seattle, WA 98133** occupied by Kurt A BENSHOOF.

2.  Seize, if located, evidence of the above-listed crimes, including:

☒      Evidence of those crimes; to include Kurt A BENSHOOF

SEARCH WARRANT - Basic
Page 1 of 2
KCPAO Rev. 01.01.21

**Daniel T. Satterberg**, Prosecuting Attorney
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-3733, FAX (206) 296-9009

1    ☒        Contraband, the fruits of a crime, or things otherwise criminally possessed;

2    ☒        Weapons or other things by means of which a crime has been committed or

3    reasonably appears about to be committed;

4

5        Promptly return this warrant to me or the clerk of this court; the return must include an

6    inventory of all property seized.

7        A copy of the warrant and a receipt for the property taken shall be given to the person from

8    whom or from whose premises property is taken.  If no person is found in possession, a copy and

9    receipt shall be conspicuously posted at the place where the property is found.

10       Date/Time:  6/27/2024 @1324 hours_____

11   **[ X ] (Check if applicable) The Judge's signature, below, was placed by declarant, at the
     Judge's direction given by:**
12       **[ ] telephone (preserve a recording of the authorization),**
         **[ X ] email (preserve and file the email), or by**
13       **[ ]_____ (other reliable method).**

14

15

16                   Signature:  _Judge Nicholas Straley_ _____
                     SUPERIOR/DISTRICT COURT JUDGE
17                   Printed Judge's Name: _Nicholas Straley_____

18

19

20

21

22

23

24

25

26

27

28

SEARCH WARRANT - Basic                    Daniel T. Satterberg, Prosecuting Attorney
Page 2 of 2                               W554 King County Courthouse
KCPAO Rev. 01.01.21                       516 Third Avenue
                                          Seattle, Washington 98104
                                          (206) 477-3733, FAX (206) 296-9009

| Case Number: | 24-0-62121-3 |
| Date: | August 25, 2024 |
| Serial ID: | 24-483857-626698705D |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **24-483857-626698705D**

This document contains 2 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# EXHIBIT G

```
Case Number: 21-5-00680-6
Date:        August 28, 2024
Serial ID:   24-492166-6299132U6U
Certified By: Catherine Cornwall
             King County Clerk, Washington
```

**PHOTOCOPY**

**FILED**
2022 NOV 15 01:43 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 21-5-00680-6 SEA

Superior Court of Washington, County of King

| | | |
|---|---|---|
| Jessica Owen | | No.  21-5-00680-6 SEA |
| Petitioner (Protected Person) | Date of Birth | Proof of Service (RTS) |
| vs. | | Clerk's Action Required:2 |
| Kurt Benshoof | | |
| Respondent (Restrained Person) | Date of Birth | |

**Proof of Service**

*Server declares:*

1.  My name is _____ Ryan Ellis _____. I am 18 or older.
    I am [X] a peace officer [ ] not a party to this case.

2.  **Able to Serve:**

    [ ] **Personal Service:** I served the court documents checked in section 4 for this case
    to *(name of party)* _____
    on *(date)* _____ at *(time)* _____
    by giving the documents directly to them at this address:

    _____

    [X] **Electronic Service:**

    > *Important! Do not use electronic service if your case involves the surrender of firearms, transfer of child custody, removing respondent from the parties' shared residence, an incarcerated respondent, or a petition for a vulnerable adult protection order is filed by someone other than the vulnerable adult. After 2 unsuccessful attempts at personal service, you can ask the court to authorize electronic service. Court authorization is not necessary for vulnerable adult protection orders.*

    I served the court documents checked in section 4 for this case to
    *(name of party)* _____ Kurt Benshoof _____
    on *(date)* __ 11/15/22 __ at *(time)* _1326_ _____ via

    [X] email [ ] text [ ] social media applications [ ] other technology

    At the following email address/s, phone number/s, social media application and user
    name, or other address: __ kurt benshoof <kurtbenshoof@gmail.com> __

    I received a read receipt or communication from the receiving party (*describe or
    attach)*:___ Attached

RCW 7.105.150                          Proof of Service
Mandatory (07/2022)                      p. 1 of 3
PO 004

[ ] **Service by Mail:** I served the court documents checked in section 4 for this case to
(*name of party*) _____
on (*date*) _____
at (*time*) _____.
I sent 2 copies of the documents, postage prepaid: one by ordinary, first-class mail
and one by other mail with certified or tracking information (*attach receipts*). I sent
the mail to this/these address/es: _____

> **Clerk's Action:** The court clerk shall forward a copy of this proof of service to the
> following law enforcement agency where the respondent resides (county or city)
> (check only one): _____
>
> [ ] Sheriff's Office or [ ] Police Department

3.  **Not Able to Serve:**

    [ ] I was unable to make personal service on (*name of party*) _____.
    I notified the serving party that service was not successful. Personal service was
    attempted on the following date/s _____.

    [ ] Electronic service was attempted at the following address/es but it bounced back,
    was undeliverable, or there was no follow-up communication _____
    _____

    [ ] I did not mail court documents to (*name of party*) _____
    because I do not know the party's last known address.

4.  **List of Documents:**

    > *Important! You must check or write in the title of every document that you served. Use the "Other
    > Documents" box to write in the title of any document not already listed.*

    I served the following documents (*check all that apply*):

| New Petition: | After a Full Hearing: |
|---|---|
| [ ] Petition for Protection Order | [X] Protection Order |
| [ ] Temporary Protection Order and Hearing Notice | [X] Order to Surrender and Prohibit Weapons |
| [ ] Reissuance of Temporary Protection Order and Notice of Hearing | [ ] Order Realigning Parties |
| [ ] Order to Surrender and Prohibit Weapons (issued without notice) | |
| [ ] Order Transferring Case and Setting Hearing | |
| [ ] Declaration/s of: _____ | |
| [ ] Denial Order | |
| [ ] Notice to Vulnerable Adult | |

| Renewals: | Motions: |
|---|---|
| [ ]  Motion for Renewal of Protection Order | [ ]  Motion to Modify or Terminate Protection Order |
| [ ]  Order Setting Hearing on Renewal<br>    [ ] and Extending Order until Hearing | [ ]  Motion for Surrender and Prohibition of<br>    Weapons |
| [ ]  Order for Renewal of Order for Protection | [ ]  Notice of Hearing |
| | [ ]  Motion to Realign Parties |
| | [ ]  Motion to Set Show Cause Hearing - Contempt |
| | [ ]  Order on Hearing - Contempt |
| | [ ]  Order re Adequate Cause |
| [ ]  Order Setting Hearing – Sexual Assault | *After a Motion Hearing:* |
| [ ]  Order on Motion for Renewal of Sexual<br>    Assault Protection Order | [ ]  Order Modifying or Terminating Protection Order |
| | [ ]  Order to Surrender and Prohibit Weapons |

*Other Documents:*

[ ] _____

[ ] _____

[ ] _____

[ ] _____

5.   **Fees Charged for Service:**

[ ]  Does not apply.

[ ]  Fees: $_____ + Mileage $_____ = Total: $_____

6.   Other:___Email confirmation_____

_____

_____

I declare under penalty of perjury under the laws of the State of Washington that the statements on this form are true.

Signed at *(city and state):*___Seattle_____   Date:___Seattle_____

*Signature of server*              Ryan Ellis

                              *Print or type name of server*

                              Seattle PD

                              *Law Enforcement Agency (if any)*

RCW 7.105.150                Proof of Service
Mandatory (07/2022)          p. 3 of 3
PO 064

**Ellis, Ryan**

| | |
|---|---|
| **From:** | kurt benshoof <kurtbenshoof@gmail.com> |
| **Sent:** | Tuesday, November 15, 2022 1:26 PM |
| **To:** | Ellis, Ryan |
| **Subject:** | Re: Court Documents |

CAUTION: External Email

It says there was a Compliance Review Hearing for the weapons surrender on 10/27/2022.

Kind of hard for me to do that without a time machine, eh?

Gonna come arrest me for "violating" the order?

By the way, I don't HAVE ANY WEAPONS.

Gonna come take my dull kitchen knives?

How many times have we been over this nonsense?

On Tue, Nov 15, 2022 at 11:26 AM Ellis, Ryan <Ryan.Ellis2@seattle.gov> wrote:

Kurt – this is the final order related to the previous restraining order.  See attached packet.

Please reply to this email that you received this packet

Thank you


Detective Ryan Ellis

DV Order Service & Firearms Recovery Unit

Seattle Police Department

610 5th AV

Seattle, WA 98124

206-386-1306

1

| Case Number: | 21-5-00680-6 |
|---|---|
| Date: | August 28, 2024 |
| Serial ID: | 24-492168-6299132U6U |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **24-492168-6299132U6U**

This document contains 4 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# EXHIBIT H

Case Number: 24-1-02680-7
Date: August 09, 2024
Serial ID: 24-452350-6131750R5G
Certified By: Catherine Cornwall
King County Clerk, Washington

PHOTOCOPY

FILED
2024 JUL 08 03:15 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-1-02680-7 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

THE STATE OF WASHINGTON,

                            Plaintiff,

    v.

KURT ALDEN BENSHOOF,

                           Defendant.

No.    24-1-02680-7 SEA

MOTION, FINDING OF PROBABLE
CAUSE AND ORDER DIRECTING
ISSUANCE OF SUMMONS OR
WARRANT AND FIXING BAIL

       The plaintiff, having informed the court that it is filing herein an Information charging the defendant with the crime(s) of **Felony Stalking, Attempting To Elude A Pursuing Police Vehicle, Attempting To Elude A Pursuing Police Vehicle,** now moves the court pursuant to CrR 2.2(a) for a determination of probable cause and an order directing the issuance of a summons or warrant for the arrest of the defendant, and

       ☒ fixing the bail of the defendant in the amount of $500,000.00, cash or approved surety bond; **and no contact direct or indirect with Jessica Owen. The no contact order issued at the time of first appearance remains in effect until arraignment. The Order to Surrender Weapons issued at the time of first appearance (if any) remains in effect until arraignment.**

       ☐ directing the issuance of a summons; **and no contact direct or indirect with Jessica Owen. The no contact order issued at the time of first appearance (if any) remains in effect until arraignment.**

       In connection with this motion, the plaintiff offers the following incorporated materials: The <u>Seattle Police Department</u> certification or affidavit for determination of probable cause; the <u>Seattle Police Department</u> suspect identification data; and the prosecutor's summary in support of order directing issuance of summons or order fixing bail and/or conditions of release.

       If the defendant is not in custody, the plaintiff has attempted to ascertain the defendant's

MOTION, FINDING OF PROBABLE CAUSE AND
ORDER DIRECTING ISSUANCE OF SUMMONS OR
WARRANT AND FIXING BAIL - 1

Leesa Manion (she/her)
Prosecuting Attorney
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104-2385
(206) 477-3742  FAX (206) 205-6104

current address by searching the District Court Information System database, the driver's license and identicard database maintained by the Department of Licensing, and the database maintained by the Department of Corrections listing persons incarcerated and under supervision.

> LEESA MANION (she/her)
> King County Prosecuting Attorney

> By:

> _David D. Martin_

> David D. Martin, WSBA #27129
> Senior Deputy Prosecuting Attorney

## FINDING OF PROBABLE CAUSE AND ORDER FOR ARREST WARRANT

The court finds that probable cause exists to believe that the above-named defendant committed an offense or offenses charged in the information herein based upon the police agency certification/affidavit of probable cause incorporated and pursuant to CrR 2.2(a).

IT IS ORDERED that the Clerk of this Court issue a summons or warrant of arrest for the above-named defendant; and

IT IS FURTHER ORDERED that

☒ the bail of the defendant be fixed in the amount of $500,000.00, cash or approved surety bond; **and defendant shall have no contact direct or indirect with Jessica Owen. The no contact order issued at the time of first appearance remains in effect until arraignment. The Order to Surrender Weapons issued at the time of first appearance (if any) remains in effect until arraignment.**

☐ a summons shall be issued; if the defendant is incarcerated on the investigation charge herein the defendant shall be released from custody; **and shall have no contact direct or indirect with Jessica Owen. The no contact order issued at the time of first appearance (if any) remains in effect until arraignment.**

☐ Additional Conditions: _____

_____

_____

_____

MOTION, FINDING OF PROBABLE CAUSE AND
ORDER DIRECTING ISSUANCE OF SUMMONS OR
WARRANT AND FIXING BAIL - 2

Leesa Manion (she/her)
Prosecuting Attorney
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104-2385
(206) 477-3742  FAX (206) 205-6104

1     IT IS FURTHER ORDERED that the defendant be advised of the amount of bail fixed by
2  the court and/or conditions of his or her release, and of his or her right to request a bail reduction.
   Service of the warrant by telegraph or teletype is authorized.

3     SIGNED this _____ day of July, 2024.

4

   _____
5                                    JUDGE

   Presented by:
6

7

8  David D. Martin, WSBA #27129
9  Senior Deputy Prosecuting Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
   MOTION, FINDING OF PROBABLE CAUSE AND               Leesa Manion (she/her)
   ORDER DIRECTING ISSUANCE OF SUMMONS OR              Prosecuting Attorney
   WARRANT AND FIXING BAIL - 3                         W554 King County Courthouse
                                                       516 Third Avenue
                                                       Seattle, WA 98104-2385
                                                       (206) 477-3742  FAX (206) 205-6104

King County Superior Court
Judicial Electronic Signature Page

Case Number:        24-1-02680-7
Case Title:         State vs Benshoof

Document Title:     ORDER TO ISSUE SUMMONS OR WARRANT OF ARREST

Signed By:          Hillary Madsen
Date:               July 08, 2024

Judge:   Hillary Madsen

This document is signed in accordance with the provisions in GR 30.

Certificate Hash:           A8F21D1A4134263FEF180B3D31AEF0CF46936405
Certificate effective date: 1/6/2021 3:26:10 PM
Certificate expiry date:    1/6/2026 3:26:10 PM
Certificate Issued by:      C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                            O=KCDJA, CN="Hillary Madsen:
                            BrlEviJ16hGkpFUp/CyjcQ=="

Page 4 of 4

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | August 09, 2024 |
| Serial ID: | 24-452350-6131750R5G |
| Certified By: | Catherine Cornwall<br>King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was *transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through* this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **24-452350-6131750R5G**

This document contains 4 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

| Case Number: | 24-1-02680-7 |
| Date: | October 28, 2024 |
| Serial ID: | 24-617726-6832074Z2B |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **24-617726-6832074Z2B**

This document contains 73 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.