Hon. Tana Lin
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF,

Plaintiff,

v.

CITY OF SHORELINE, KING COUNTY, TOWN & COUNTRY MARKETS, EVAN B. FAGAN, WILLIAM C AKERS, and MR. THOMPSON,

Defendants.

No.: 2:24-cv-00343-TL

**PLAINTIFF'S MOTION TO STRIKE DECL. SUMMERS (Dkt 77)**

Plaintiff moves to strike Decl. Ann Summers (Dkt 77).

## I. BACKGROUND

In Dkt 76, King County Defendants filed a response to Plaintiff's motion to strike Counsel Summers' responses on behalf of Mr. Akers and Mr. Thompson in their individual capacity on the grounds that Counsel Summers, a county prosecuting attorney, has no authority to provide defense services to local governmental employees who have been sued in their individual capacities.

In Dkt 77, Counsel Summers filed "DECLARATION OF ANN SUMMERS IN SUPPORT OF SHORELINE AND KING COUNTY DEFENDANTS' OPPOSITION TO MOTION FOR "JURISDICTIONAL DISCOVERY"". In this Declaration, Counsel

Summers declared that she represents "Defendants Shoreline, King County, Deputy Akers and Detective Thompson in this case."

Counsel Summers attached Exhibit 1, verdicts in Seattle Municipal Court Case Nos. 671384, 676175, 676207, 676216, 676463 and 67492; for such none of the parties in this case are parties to; nor which Counsel Summers has any personal knowledge of.

In Decl. Summers (Dkt 77), Counsel Summers also attached Exhibit 2, a criminal complaint filed against Plaintiff by the State of Washington, and Exhibit 3, an order for continuance in the same 24-1-02680-7 SEA criminal case. Here again, none of the parties in this case are party to 24-1-02680-7 SEA, nor does Counsel Summers have any personal knowledge of 24-1-02680-7 SEA.

## II.  ARGUMENT AND AUTHORITY

"Under Federal Rule of Civil Procedure 12(f), a party may ask the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.... 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)." *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010)

A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527

(9th Cir.1993), rev'd on other grounds by 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

Since the proceedings of 24-1-02680-7 SEA and Seattle Municipal Court Case Nos. 671384, 676175, 676207, 676216, 676463 and 67492 have no essential or important relationship to the claim for relief or the defenses being pleaded; nor do they pertain to the issues in question; the matters in the criminal cases cited in Decl. Summers are "immaterial" and "impertinent" *Fantasy, Inc. v. Fogerty* (9th Cir.1993).

As the criminal matters are immaterial and impertinent to this civil proceeding, Plaintiff and this Court should construe Decl. Summers (Dkt 77) as being presented for an improper purpose, such as to prejudice this Court, and to harass or needlessly increase the cost of litigation. FRCP 11(b)(1)

**CONCLUSION**

For the reasons stated, Plaintiff respectfully moves the Court to grant Plaintiff's Motion to Strike Decl. Ann Summers (Dkt 77).

RESPECTFULLY SUBMITTED,

Kurt Benshoof, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
**King County Correctional Facility – Seattle**[1]
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
East - Lower B - 9th Floor - Cell #6
Email: kurtbenshoof1@gmail.com
[no access to internet/email]

[1] Subject to change without notice, mail delivery [send/receive] not guaranteed.

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[2]

Signature: ______________________ Date: November 4, 2024

/URVE MAGGITTI / urve.maggitti@gmail.com

[2] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

**AFFIDAVIT**

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[3]

Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)*.

Mr. Benshoof is being held incommunicado without access to pen, paper and envelopes. Appellant's legal mail is deliberately obstructed and unreasonably delayed. Mr. Benshoof has the first amendment right to access all court and to litigate/prosecute his case(s) without any obstruction by the state, the justice system nor the court's.

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment ***813** was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . ..' The right is currently codified in 28 U.S.C. s 1654."*[4]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, **the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**"[5]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word ***attorneys at law*** from the Sixth Amendment, and substantially amended the language to read: ***"right to have the Assistance of Counsel."***

Signature: [signature] Date: November 4, 2024

/URVE MAGGITTI/ urve.maggitti@gmail.com

**ACKNOWLEDGMENT**

---

[3] See *Faretta v. California* and Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92

[4] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[5] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

# ACKNOWLEDGMENT

## AFFIDAVIT

## (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2024 / / 2024.

Signed: ____________________

Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania ____________________

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

____________________

Notary Public,

My commission expires: 07/20/27

Commonwealth of Pennsylvania - Notary Seal
Ryan W. Graham, Notary Public
Montgomery County
My commission expires July 20, 2027
Commission number 1433473
Member, Pennsylvania Association of Notaries

**CERTIFICATE OF SERVICE**

Plaintiff hereby certifies that the foregoing motion will be send to all counsel of record by email to the addresses listed below.

**Ann Marie Summers**
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
Fax: 206-296-0191
Email: ann.summers@kingcounty.gov
ATTORNEY TO BE NOTICED

**Colin M George**
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
Email: cogeorge@kingcounty.gov
ATTORNEY TO BE NOTICED

**Peggy C Wu**
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
Email: pwu@kingcounty.gov
TERMINATED: 08/19/2024

*Attorneys for Defendants Town & Country Markets, Inc. and Evan B. Fagan*

**Socius Law Group, PLLC**
One Union Square
600 University St., Suite 2510

Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

**Adam R. Asher**, WSBA #35517
aasher@sociuslaw.com
206-838-9110

**Courtney J. Olson**, WSBA #54548
colson@sociuslaw.com
206-838-9153

PLAINTIFF'S MOTION TO STRIKE DECL. SUMMERS (Dkt 77)
No. 2:24-cv-00343-TL

8