Hon. Tana Lin
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF,
Plaintiff,

v.

CITY OF SHORELINE, KING COUNTY, TOWN & COUNTRY MARKETS, EVAN B. FAGAN, WILLIAM C AKERS, and MR. THOMPSON,
Defendants.

No.: 2:24-cv-00343-TL

**PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS' OPPOSITION TO SECOND MOTION FOR "JURISDICTIONAL DISCOVERY"**

Plaintiff replies to King County, Mr. Akers, and Mr. Thompson's (collectively "King County Defendants") response in opposition to Plaintiff's SECOND MOTION FOR "JURISDICTIONAL DISCOVERY" (Dkt. 76); which is effectively a reply to King County Defendants' response to Plaintiff's Motion to Strike.

### I.   ARGUMENT AND AUTHORITY

**1.   King County Prosecuting Attorney has no authority to represent individual capacity defendants**

King County Prosecuting Attorney ("Counsel Summers") has no authority to represent Mr. Akers and Mr. Thompson in their individual capacities.

A local governmental employee sued for "acts or omissions while performing or

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS' OPPOSITION TO SECOND MOTION FOR "JURISDICTIONAL DISCOVERY"
No. 2:24-cv-00343-TL

1

in good faith purporting to perform his or her official duties may request the local governmental entity to authorize the defense of the action or proceeding at the expense of the local governmental entity" under RCW 4.96.041; *and* "the legislative authority of the local governmental entity, or the local governmental entity using a procedure created by ordinance or resolution, finds that the acts or omissions of the officer, employee, or volunteer were, or in good faith purported to be, within the scope of his or her official duties, the request shall be granted. If the request is granted, the necessary expenses of defending the action or proceeding shall be paid by the local governmental entity." RCW 4.96.041(2)

Plaintiff has found no authority which grants the legislative authority of King County Sheriff's Office to the King County prosecuting attorney to authorize the Mr. Anker's and Mr. Thompson's individual capacity defense; nor to provide any such individual-capacity defense.

The powers of the prosecuting attorney are still limited by RCW 36.27.020, which in the relevant part states that the prosecuting attorney shall,

> "(3) **Appear for and represent the state, county, and all school districts** subject to the supervisory control and direction of the attorney general in all criminal and civil proceedings in which the state or the county or any school district in the county may be a party;
> (4) Prosecute all criminal and civil actions in which the state or the county may be a party, **defend all suits brought against the state or the county**, and prosecute actions upon forfeited recognizances and bonds and actions for the recovery of debts, fines, penalties, and forfeitures accruing to the state or the county;" [emphasis added]

Personal-capacity suits seek to impose personal liability upon a government officer for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159,

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO SECOND MOTION FOR "JURISDICTIONAL DISCOVERY"
No. 2:24-cv-00343-TL

159, 105 S. Ct. 3099, 3102, 87 L. Ed. 2d 114 (1985). Mr. Akers and Mr. Thompson are being sued personally. Therefore, neither Mr. Akers nor Mr. Thompson can be said to be "the state, county, [or] any school district". RCW 36.27.020

    Counsel Summers cites the inapposite case in *Wimberley v. Lynch*, 460 F.2d 316, 317 (9th Cir. 1972) where an equal protection action was brought against the **California** State Attorney General's practice of providing legal representation to state employees sued in their individual capacities for allegedly illegal acts, while not providing free counsel to the plaintiff-prisoners. The *Wimberley* proceedings, and the authority of the California State Attorney General are irrelevant to this case nor to the fact that the King County prosecuting attorney has no authority at all, to provide civil defense services to local governmental entity employees being sued in their individual capacities. This is why Counsel Summers cannot cite any authority allowing her to represent Akers and Thompson individually, leading her to make strawman arguments in order to confuse this Court.

    This is not the first time that Counsel Summers has filed deceitful or misleading documents into this case. In Dkts 20 and 21, Counsel Summers filed documents claiming,

> "I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you."

    In fact, Plaintiff had not sent any such waivers of service of summons for Defendants Mr. Akers and Mr. Thompson, sued in their individual capacities. Counsel Summers' waiver of service filing is **not** in compliance with FRCP 4(d) because plaintiff never requested that Defendants Mr. Akers and Mr. Thompson individually, waive service of summons under FRCP 4(d)(1).

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO SECOND MOTION FOR "JURISDICTIONAL DISCOVERY"
No. 2:24-cv-00343-TL

2.  **JURISDICTIONAL DISCOVERY reply**

Reply to "Motion For Jurisdictional Emergency Motion To Stay Discovery Under FRCP 26(B)(1)." Dkt. 73. Shoreline and King County Defendants responded to a substantially identical motion on November 1, 2024, and incorporate that response here. Dkt. 74."

## CONCLUSION

For the reasons stated, Plaintiff respectfully moves the Court to grant Plaintiff's strike motion and motion for jurisdictional discovery.

RESPECTFULLY SUBMITTED,

*[signature]*

Kurt Benshoof, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
**King County Correctional Facility – Seattle**[1]
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
East - Lower B - 9th Floor - Cell #6
Email: kurtbenshoof1@gmail.com
[no access to internet/email]

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[2]

Signature: _/s/ [signature]_  Date: _November 4, 2024_
/URVE MAGGITTI / urve.maggitti@gmail.com

---

[1] Subject to change without notice, mail delivery [send/receive] not guaranteed.
[2] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO SECOND MOTION FOR "JURISDICTIONAL DISCOVERY"
No. 2:24-cv-00343-TL

## AFFIDAVIT

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[3]

Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994).*

Mr. Benshoof is being held incommunicado without access to pen, paper and envelopes. Appellant's legal mail is deliberately obstructed and unreasonably delayed. Mr. Benshoof has the first amendment right to access all court and to litigate/prosecute his case(s) without any obstruction by the state, the justice system nor the court's.

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment \*813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel . . ..' The right is currently codified in 28 U.S.C. s 1654."*[4]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**"[5]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word ***attorneys at law*** from the Sixth Amendment, and substantially amended the language to read: ***"right to have the Assistance of Counsel."***

Signature: _____/URVE MAGGITTI / urve.maggitti@gmail.com_____ Date: November 4, 2024

---

[3] See *Faretta v. California* and Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92
[4] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[5] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS' OPPOSITION TO SECOND MOTION FOR "JURISDICTIONAL DISCOVERY"
No. 2:24-cv-00343-TL

## ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2024 /2024.

Signed: _____
Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania _____

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: 07/20/27

Commonwealth of Pennsylvania - Notary Seal
Ryan W. Graham, Notary Public
Montgomery County
My commission expires July 20, 2027
Commission number 1433473
Member, Pennsylvania Association of Notaries

Page 6

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that the foregoing motion will be send to all counsel of record by email to the addresses listed below.

**Ann Marie Summers**
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
Fax: 206-296-0191
Email: ann.summers@kingcounty.gov
ATTORNEY TO BE NOTICED

**Colin M George**
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
Email: cogeorge@kingcounty.gov
ATTORNEY TO BE NOTICED

**Peggy C Wu**
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
Email: pwu@kingcounty.gov
TERMINATED: 08/19/2024

*Attorneys for Defendants Town & Country Markets, Inc. and Evan B. Fagan*

**Socius Law Group, PLLC**
One Union Square
600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS' OPPOSITION TO SECOND MOTION FOR "JURISDICTIONAL DISCOVERY"
No. 2:24-cv-00343-TL

1 Facsimile 206.838.9101
2
3 **Adam R. Asher**, WSBA #35517
4 aasher@sociuslaw.com
5 206-838-9110
6
7 **Courtney J. Olson**, WSBA #54548
colson@sociuslaw.com
8 206-838-9153

PLAINTIFF'S REPLY TO SHORELINE AND KING COUNTY DEFENDANTS'
OPPOSITION TO SECOND MOTION FOR "JURISDICTIONAL DISCOVERY"
No. 2:24-cv-00343-TL

8