1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

KURT A. BENSHOOF, BRIANA D.
GAGE, and URVE MAGGITTI,

                Plaintiffs,

     v.

CITY OF SHORELINE, KING COUNTY;
TOWN & COUNTRY MARKETS;
WILLIAM C. AKERS; ADAM R. ASHER;
NICHOLAS W. DEMUSE; JANE DOE;
JOHN DOE; EVAN B. FAGAN;
COURTNEY J. OLSON; PAUL H.
THOMPSON; JAMPA TSETEN; and ANN
SUMMERS,

                Defendants.

Case No. 2:24-cv-00343-TL

T&C DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES

**Note for Motion Calendar:  March 3, 2025**

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square ● 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1
2

**TABLE OF CONTENTS**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

I.      Introduction ................................................................................................ 1

II.     Statement of Facts ...................................................................................... 2

III.    Statement of Issues ..................................................................................... 5

IV.     Evidence Relied Upon ................................................................................ 5

V.      Argument ..................................................................................................... 5

        A.  Motion To Dismiss Standard .............................................................. 5

        B.  Plaintiffs' Claims Must Be Dismissed Under Federal Rules Of Civil Procedure
            12(B)(1) and (6) ................................................................................... 6

            1.  Cause of Action 1 – Negligence ................................................. 6

            2.  Causes of Action 2, 3, 8, 9, and 10 – Plaintiffs' Claims Under 42 U.S.C. ........ 8

            3.  Cause of Action 4 – Violation of Title III of the the ADA ............................. 13

            4.  Cause of Action 5 – Unlawful Seizure .......................................... 14

            5.  Cause of Action 6 – Deprivation of Liberty .................................. 15

        C.  If Plaintiffs' Federal Claims Are Dismissed, The Court Must Dismiss The
            Remainder Of Their State Claims ....................................................... 16

        D.  Amendment Would Be Futile ............................................................ 17

VI.     Conclusion ................................................................................................. 18

21
22
23
24
25
26
27

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

i

Socius Law Group, PLLC
**A T T O R N E Y S**
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997)........................................................ 16

4

*Akhtar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012) ........................................................................... 17

5

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*,
    603 F.3d 666, 670 (9th Cir. 2010) .......................................................................................... 13

6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 L. Ed. 2d 868 (2009) .................................... 6

7

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) .............................................. 6

8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009)................................... 6, 7, 8, 13

9

*Benshoof v. Admon*, Case No. 2:23-cv-1392, 2024 WL 664012
    (W.D. Wash. Feb. 16, 2024) .................................................................................................. 10

10

*Browning v. Slenderella Systems of Seattle*, 54 Wn.2d 440, 341 P.2d 859 (1959) ................... 7

11

*Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 914 P.2d 728 (1996) ........................... 7

12

*Deloach v. Woodley*, 405 F.2d 496 (5th Cir. 1968) .................................................................... 17

13

*Estate of Esquivel v. Chavez*, Case No. CV-F-061690 OWW/GSA,
    2008 WL 4821714 (E.D. Cal. Nov. 4, 2008) ........................................................................ 11

14

*Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) ............................................................................ 6

15

*Giles v. Sprouts Farmers Market, Inc.*, No. 20-cv-2131-GPC-JLB,
    2021 WL 2072379 (S.D. Cal. May 24, 2021) ....................................................................... 14

16

*Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790,
    29 L. Ed. 2d 338 (1971) ......................................................................................................... 12

17

*Harris v. Cnty. of Orange*, 682 F.3d 1126 (9th Cir. 2012) ...................................................... 12

18

*Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010) ............................................................................ 6

19

*Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303 (9th Cir. 1992).................................. 16

20

*Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621 (9th Cir. 1988)........................................... 11

21

*Kirtley v. Rainey*, 326 F.3d 1088 (9th Cir. 2003) ....................................................................... 9

22

*Kiss v. Best Buy Stores*, Case No. 3:22-CV-00281-SB,
    2022 WL 17480936 (D. Or. Dec. 6, 2022) ............................................................. 10, 15, 17

23

*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) ...................................................................... 6

24

*Newcal Industries Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008) ..................... 16

25

*O'Handley v. Padilla*, 579 F. Supp. 3d 1163 (N.D. Cal. 2022)................................................. 10

26

*Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932,
    92 L. Ed. 2d 209 (1986) ................................................................................. 7, 8, 13

27

*Portman v. County of Santa Clara*, 995 F.2d 898 (9th Cir. 1993)........................................... 12

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

ii

Socius Law Group, PLLC
**A T T O R N E Y S**
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

*Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742 (9th Cir. 2020) ...................................... 9

*Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S. Ct. 2764,
    73 L. Ed. 2d 418 (1982) ........................................................................................... 9

*Reynolds v. County of San Diego*, 84 F.3d 1162 (9th Cir. 1996)............................................ 16

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)............................................. 5

*Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156 (9th Cir. 2003).................... 11, 17

*Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826 (9th Cir. 1999) ..................... 9

*Tilton v. Richardson*, 6 F.3d 683 (1993) ............................................................................... 12

*United States v. Jacobsen*, 466 U.S. 109, 104 S. Ct. 1652,
    80 L. Ed. 2d 85 (1984) ............................................................................................ 14

*United States v. Miller*, 688 F.2d 652 (9th Cir. 1982) ........................................................... 15

*W.H. v. Olympia School District*, 195 Wn.2d 779, 465 P.3d 322 (2020) ................................ 6

*Woodrum v. Woodward County, Okla.*, 866 F.2d 1121 (9th Cir. 1989) ................................. 10

**Statutes**

18 U.S.C. § 249 .......................................................................................................... 3

28 U.S.C. § 1367(a) .................................................................................................... 16

28 U.S.C. § 1367(c)(3) ................................................................................................ 16

42 U.S.C. § 12182 ........................................................................................................ 1

42 U.S.C. § 2000a .................................................................................................... 3, 8

42 U.S.C. § 1983 ................................................................................................ *passim*

42 U.S.C. § 1985 ................................................................................................ *passim*

Americans with Disabilities Act, 42 U.S.C. § 12101 (1990)........................... 2, 13, 15, 16, 21

RCW 9.91.010 ..................................................................................................... *passim*

RCW 9.91.010(2) ......................................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b) ........................................................................................... *passim*

Fed. R. Civ. P. 12(b)(1).......................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6).................................................................................................. 5

Fed. R. Ev. 201(b)(2) ................................................................................................... 12

**Constitutional Provisions**

U.S. Const. amend. XIV § 1 ......................................................................................... 15

T&C DEFENDANTS' MOTION TO DISMISS         iii         Socius Law Group, PLLC
PLAINTIFFS' AMENDED COMPLAINT                          A T T O R N E Y S
                                                       One Union Square • 600 University St., Suite 2510
                                                       Seattle, Washington 98101
                                                       Telephone 206.838.9100
                                                       Facsimile 206.838.9101

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b), Defendants Town & Country Markets, Inc. ("T&C"), Evan B. Fagan, Adam R. Asher, and Courtney J. Olson (collectively, the "T&C Defendants") move the Court to dismiss the claims asserted against them by Plaintiffs Kurt A. Benshoof, Briana D. Gage, and Urve Maggitti (collectively, "Plaintiffs"). Plaintiffs' amended complaint suffers from the same deficiencies as the first.  Again, Plaintiffs make a series of allegations stemming from Mr. Benshoof's refusal to comply with a masking policy T&C implemented at its grocery stores during the COVID-19 pandemic.  Plaintiffs theorize that the T&C Defendants discriminated against Mr. Benshoof based on his religious beliefs and an unspecified disability.  They also theorize that undersigned counsel coordinated with government counsel to threaten Ms. Maggitti with criminal prosecution for filing pleadings on Mr. Benshoof's behalf.  Plaintiffs assert 10 different causes of action under federal civil rights statutes, federal public accommodations statutes, and state law, none of which state a cognizable claim invoking the Court's original subject matter jurisdiction.

Plaintiffs cannot sustain their claims under 42 U.S.C. §§ 1983 and 1985.  A violation of 42 U.S.C. § 1983 must be attributable to the government, and the T&C Defendants are private parties.  Plaintiffs' conclusory allegations that the T&C Defendants were acting under color of law because they "conspired" with the Government Defendants are, for a second time, insufficient to support their claims.  Likewise, Plaintiffs' allegations that the T&C Defendants called 911 to report Mr. Benshoof and have him arrested are, again, insufficient to establish joint action with the Government Defendants.  Plaintiffs' claims under 42 U.S.C. § 1985 also fail because their allegations are conclusory; do not involve an alleged conspiracy by the T&C Defendants to interfere with court proceedings; and fail to identify which protected class they belong to or any class-based animus.

Moreover, Plaintiffs cannot sustain their claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq*.  Plaintiffs fail to identify Mr. Benshoof's alleged disability or how such disability prevented him from wearing a mask.  They also fail

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1  to allege that Mr. Benshoof's disability prevented him from wearing a face shield, which
2  Plaintiffs admit T&C permitted Mr. Benshoof to wear in lieu of a mask.    Accordingly,
3  Plaintiffs' allegations are insufficient to establish that Mr. Benshoof was denied public
4  accommodations by T&C because of his disability.

5        Lastly, for a second time, Plaintiffs make only conclusory allegations in support of their
6  state claims for negligence and violation of RCW 9.91.010, failing to state any plausible claim
7  for relief.    For all these reasons, the Court should grant the T&C Defendants' motion and
8  dismiss the claims Plaintiffs have asserted against them with prejudice and without leave to
9  amend.

10              **II.    STATEMENT OF FACTS**

11        Mr. Benshoof and Ms. Gage initiated this matter in March 2024, when they sought
12  leave to proceed in forma pauperis to file a complaint against T&C, Mr. Fagan, and several
13  government bodies and employees, including the City of Shoreline (the "City"), King County
14  (the "County"), and two King County Sheriff's Office employees, William C. Akers, and Paul
15  H. Thompson (collectively, the "Government Defendants").    (*See* Dkt. Nos. 1, 4, 6-7, 10.)    In
16  April 2021, Mr. Benshoof and Ms. Gage were granted in forma pauperis status and filed their
17  complaint on April 30, 2024.    (*See* Dkt. Nos. 9, 13-14.)

18        T&C and Mr. Fagan appeared in this matter in June 2024.    (*See* Dkt. Nos. 28, 34.)    On
19  July 1, 2024, they filed a motion to dismiss all claims asserted against them by Mr. Benshoof
20  and Ms. Gage.    Two days later, Mr. Benshoof was arrested on multiple state charges and
21  incarcerated at a King County detention facility, where he remained for many months.

22        The original due date for Mr. Benshoof and Ms. Gage's opposition to T&C and Mr.
23  Fagan's motion to dismiss fell on July 22, 2024.    On that date, Howard Brown, a purported
24  "Next Friend" of Mr. Benshoof, filed a document titled "Judicial Notice," informing the Court
25  that Mr. Benshoof was incarcerated and requesting to stay the litigation until Mr. Benshoof
26  could "adjudicat[e] [the matter] himself."    (*See* Dkt. No. 51.)    Ms. Gage did not file any
27  response to T&C and Mr. Fagan's motion to dismiss.    The Court proceeded to re-note the

T&C DEFENDANTS' MOTION TO DISMISS          2          Socius Law Group, PLLC
PLAINTIFFS' AMENDED COMPLAINT                    **A T T O R N E Y S**
                                        One Union Square • 600 University St., Suite 2510
                                        Seattle, Washington 98101
                                        Telephone 206.838.9100
                                        Facsimile 206.838.9101

1    motion to September 30, 2024, giving Mr. Benshoof and Ms. Gage until September 16, 2024

2    to file a response.  (*See* Dkt. No. 57.)

3        Mr. Benshoof and Ms. Gage failed to respond to T&C and Mr. Fagan's motion to

4    dismiss by the September 16 deadline.  However, Mr. Benshoof began filing other pleadings

5    while incarcerated.[1]  On September 9, 2024, Mr. Benshoof filed his first motion for stay, asking

6    the Court to indefinitely stay the litigation until certain King County officials provided him

7    with the "essential materials and office equipment with which to litigate his claims."  (*See* Dkt.

8    No. 62 at 10.).  The following week, on September 16, 2024, the Court dismissed Ms. Gage

9    from the matter without prejudice, citing her failure to prosecute the case and comply with the

10   Court's order to confer with the parties and provide the Court with a combined Joint Status

11   Report.  (*See* Dkt. No. 63.)

12       On October 3, 2024, before Mr. Benshoof's first motion for stay had been decided, a

13   third party named Urve Maggitti filed a second motion for stay on Mr. Benshoof's behalf.  (*See*

14   Dkt. No. 67.)  T&C and Mr. Fagan opposed both motions for stay.  (*See* Dkt. Nos. 65, 70.)  As

15   to the second motion filed by Ms. Maggitti, T&C specifically argued that the Court should

16   strike the motion because it appeared to be filed by an individual engaged in the unauthorized

17   practice of law.  (*See* Dkt. No. 70 at 2.)

18       Mr. Benshoof was released from incarceration on November 27, 2024.  (*See* Dkt. No.

19   82.)  The next month, on December 20, 2024, the Court granted T&C and Mr. Fagan's motion

20   to dismiss, denied Mr. Benshoof's motions for stay, and struck his remaining motions as moot.[2]

21   (*See* Dkt. No. 85 at 16.)  Specifically, the Court dismissed Mr. Benshoof's claims under 42

22   U.S.C. §§ 1983 and 1985 and 42 U.S.C. § 2000a *et seq.*, with leave to amend, and dismissed

23   his claim under 18 U.S.C. § 249 without leave to amend.  (*See id.* at 8, 13, 15-16.)  It declined

24   to exercise supplemental jurisdiction over Mr. Benshoof's remaining state law claims, noting

25

26   ---
     [1] The T&C Defendants address only a handful of the pleadings that have been filed by Mr. Benshoof, many of
     which are not relevant to Plaintiffs' amended complaint.

27   [2] The Court also granted the Government Defendants' motion to dismiss Mr. Benshoof's claims against them.
     (*See* Dkt. No. 85 at 16.)

T&C DEFENDANTS' MOTION TO DISMISS          3
PLAINTIFFS' AMENDED COMPLAINT

that he could replead them.  (*Id.* at 16.)  The Court gave Mr. Benshoof until January 21, 2025 to file an amended complaint.  (*Id.*)

On January 19, 2025, Plaintiffs—which include Mr. Benshoof, Ms. Gage, and now Ms. Maggitti—filed a First Amended Complaint for Damages (the "Amended Complaint").  (*See* Dkt. No. 88.)  Similar to Mr. Benshoof and Ms. Gage's original complaint, the Amended Complaint centers around a series of events alleged to have occurred at T&C's grocery supermarket in Shoreline from January to April 2021.  Some of these events involve Mr. Fagan, a manager at the store, and other T&C employees, whom Plaintiffs identify as "John Doe" and "Jane Doe."  As Plaintiffs admit, at the time of the alleged events, Mr. Benshoof refused to wear a face mask in compliance with the masking policy T&C had implemented due to the COVID-19 pandemic.  Plaintiffs further admit that, upon being told by T&C employees that he could wear a face shield in lieu of a mask, Mr. Benshoof also refused to wear a face shield.

Among their many allegations, Plaintiffs allege that on January 5, 2021, a T&C employee handed Mr. Benshoof a paper titled "TRESPASS ADMONISHMENT"; on February 14, 2021, Mr. Fagan shoved Mr. Benshoof between a cooler door and door frame because of his disability and "firmly held religious beliefs," causing him physical pain in his left arm; on March 12, 2021, Mr. Fagan followed Mr. Benshoof around the store, telling him he had to leave and shoving him in the back with both hands; and on March 23, 2021, a T&C employee, John Doe, "absconded with all of [Mr.] Benshoof's groceries" and refused to provide him checkout service.  (*See id.* ¶¶ 57-59, 65-90.)  Mr. Benshoof allegedly reported these incidents to the Shoreline police, calling 911 from the store "approximately two dozen times."  (*Id.* ¶ 61.)  Plaintiffs also allege that Mr. Fagan and other T&C employees called 911 on Mr. Benshoof "at least one dozen times," claiming that he was criminally trespassing at the store.  (*Id.* ¶ 60.)

Plaintiffs assert 10 different causes of action against the T&C Defendants, including alleged violations of federal civil rights and public accommodations statutes, as well as violations of state law.  They theorize that the T&C Defendants discriminated against Mr.

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

4

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

Benshoof based on his disability and religious beliefs, alleging that they "conspired" with the Government Defendants[3] to deprive Mr. Benshoof of his rights under the First and Fourteenth Amendments. Plaintiffs also assert claims against undersigned counsel, theorizing that counsel violated Ms. Maggitti's rights under the First and Fourteenth Amendments by allegedly conspiring with the Government Defendants to threaten Ms. Maggitti with prosecution. Like Mr. Benshoof and Ms. Gage's original complaint, the Court lacks subject matter jurisdiction to hear Plaintiffs' claims, none of which are cognizable. Plaintiffs make no more than conclusory allegations that fail to state a claim for relief. As a result, the T&C Defendants seek to dismiss the Amended Complaint under Rules 12(b)(1) and (6).

### III.    STATEMENT OF ISSUES

Whether the Court should dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Rules 12(b)(1) and (6).

### IV.    EVIDENCE RELIED UPON

This motion is based on the pleadings and files herein.

### V.    ARGUMENT

A.    **Motion to Dismiss Standard**

A motion to dismiss under Rule 12(b)(1) may be based on either a factual or facial challenge to the Court's subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are insufficient to invoke the

---

[3] References to the "Government Defendants" also include Nicholas W. Demuse, Jampa Tseten, and Ann Summers, all of whom Plaintiffs added as defendants in the Amended Complaint. (*See* Dkt. No. 88.)

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

5

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  The Court must dismiss a complaint lacking subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).

Further, under Rule 12(b)(6), the Court must dismiss a complaint lacking a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009)).  A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiffs are pro se litigants, their pleadings must be liberally construed.  *See Hebbe v. Pliler*, 627 F.3d 338, 842 (9th Cir. 2010).  Nonetheless, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Even construing the Amended Complaint liberally, Plaintiffs fail to state any cognizable claims invoking the Court's original subject matter jurisdiction.  Accordingly, the Court should dismiss Plaintiffs' claims against the T&C Defendants with prejudice and without leave to amend.

**B.    Plaintiffs' Claims Must Be Dismissed Under Federal Rules of Civil Procedure 12(b)(1) and (6)**

### 1.    Cause of Action 1 – Negligence

Plaintiffs title their first cause of action "Negligence," while also alleging that T&C, Mr. Fagan, and unnamed T&C employees violated RCW 9.91.010.  (*See* Dkt. No. 88, ¶¶ 175-85.)  To the extent the Court construes this cause of action as asserting two separate claims, the T&C Defendants address each claim here.

As explained in T&C and Mr. Fagan's first motion to dismiss, RCW 9.91.010 criminalizes discrimination based on race, creed, or color in places of public accommodation. *See W.H. v. Olympia School District*, 195 Wn.2d 779, 785, 465 P.3d 322 (2020).  The statute

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT                    6              Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1   provides in part, "Every person who denies to any other person because of race, creed, or color,

2   the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any

3   place of public resort, accommodation, assemblage, or amusement, shall be guilty of a

4   misdemeanor." RCW 9.91.010(2). The statute is criminal in nature, though a cause of action

5   for damages can arise from a violation. *See Browning v. Slenderella Systems of Seattle*, 54

6   Wn.2d 440, 445, 341 P.2d 859 (1959). Nonetheless, for a second time, Plaintiffs fail to allege

7   more than conclusory allegations to support their claim.

8        Plaintiffs generally allege that Mr. Fagan, John Doe, and Jane Doe "denied [Mr.]

9   Benshoof the full enjoyment of the goods and services of Town & Country Markets because

10  of [Mr.] Benshoof's creed." (Dkt. No. 88, ¶ 178.) They further allege that such "violations of

11  RCW 9.91.010" were the "proximate cause of irreparable harm to [Mr.] Benshoof, as the

12  violations retaliated against [Mr.] Benshoof for freely exercising his religious beliefs and

13  expression." (*Id.* ¶ 184.) Plaintiffs go on to allege that Mr. Benshoof suffered "irreparable

14  harm and damages," without specifying the harm or damage he allegedly suffered. (*Id.* ¶ 185.)

15  On a Rule 12(b)(6) motion, the Court is not bound to accept as true labels, conclusions,

16  formulaic recitations of the elements of a cause of action, or legal conclusions couched as

17  factual allegations. *See Bell Atlantic Corp.*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478

18  U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). Plaintiffs' allegations simply recite

19  the elements of a claim under RCW 9.91.010 and state that Mr. Benshoof suffered some

20  unspecified "harm." (*See* Dkt. No. 88, ¶¶ 175-85.) These conclusory allegations are not

21  sufficient to state a claim for relief under RCW 9.91.010.

22        To state a claim for negligence under Washington law, Plaintiffs must allege "(1) the

23  existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause."

24  *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48, 914 P.2d 728 (1996). For a second

25  time, Plaintiffs' allegations fail to identify any "duty" that Defendants breached. (*See* Dkt.

26  No. 88, ¶¶ 175-85.) Rather, they refer to Mr. Fagan, John Doe, and Jane Doe's alleged

27  "violations of RCW 9.91.010" and state that their "acts, and failures to act, constituted

7

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

negligence as a matter of law." (*Id.* ¶ 179.)  Plaintiffs go on to allege that "there is a prima

facie causal connection between the violations of RCW 9.91.010 and the irreparable harm to

[Mr.] Benshoof," and that Mr. Benshoof "suffered irreparable harm and damages" as a "direct,

proximate, and foreseeable result of [Mr.] Fagan's negligence." (*Id.* ¶¶ 184-85.)  Again, the

Court is not bound to accept as true legal conclusions couched as factual allegations.  *See Bell*

*Atlantic Corp.*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286).  Formulaic recitations of the

elements of a cause of action are not sufficient to state a claim for relief.  *Id.*  Plaintiffs fail to

identify any duty that Defendants breached and fail to specify the "harm" they suffered.  As a

result, they again fail to state a cognizable claim for negligence.  For all these reasons, the

Court should dismiss Plaintiffs' first cause of action with prejudice.

2.      **Causes of Action 2, 3, 8, 9, and 10 – Plaintiffs' Claims Under 42 U.S.C. §§ 1983 and 1985**

Plaintiffs' second, third, eighth, ninth, and tenth causes of action assert claims under

42 U.S.C. §§ 1983 and 1985.[4]  Among their many allegations, Plaintiffs allege that T&C, Mr.

Fagan, and unnamed T&C employees acted under color of state law to deprive Mr. Benshoof

of his First Amendment right to free exercise of religion; deny Mr. Benshoof equal protection

under the Fourteenth Amendment; and conspire with the Government Defendants to obstruct

justice and deprive Plaintiffs of their constitutional rights.  (*See, e.g.*, Dkt. No. 88, ¶¶ 206, 302,

308.)  Plaintiffs also allege that undersigned counsel acted under color of state law to retaliate

against Ms. Maggitti for exercising her right to associate with Mr. Benshoof under the First

Amendment and to deprive Ms. Maggitti of equal protection under the Fourteenth Amendment.

(*See id.* ¶¶ 225, 229, 293-94.)

a)      **Section 1983**

As explained in T&C and Mr. Fagan's first motion to dismiss, Plaintiffs cannot sustain

their Section 1983 claims against private parties like the T&C Defendants.  "The ultimate issue

---

[4] Plaintiffs do not name the T&C Defendants in the allegations supporting their seventh cause of action, under which they purport to assert a Section 1983 claim against only the Government Defendants.  (*See* Dkt. No. 88, ¶¶ 275-90.)  As a result, the T&C Defendants do not address Plaintiffs' seventh cause of action.

Socius Law Group, PLLC
**A T T O R N E Y S**
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the government?'" *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)). Under Section 1983, "a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020). The Ninth Circuit has "recognized at least four different general tests that may aid us in identifying state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Id.* (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)).

Plaintiffs again premise their Section 1983 claims on joint action. However, for a second time, they make only conclusory allegations that the T&C Defendants were "state actors" that "conspired" with the Government Defendants for the purpose of depriving Plaintiffs of their constitutional rights. For example, as to their second cause of action, Plaintiffs allege that T&C employees "acted in concert" with government officials and "set in motion of a series of acts by which they expected (1) City of Shoreline police officers to remove [Mr.] Benshoof; (2) City of Shoreline police officers to arrest [Mr.] Benshoof if he returned; and (3) City of Shoreline prosecutors to prosecute [Mr.] Benshoof for criminal trespass." (Dkt. No. 88, ¶¶ 206, 213.) As to their third cause of action, Plaintiffs allege that undersigned counsel "acted as integral participants with [government counsel] under the County's practice of threatening [Ms.] Maggitti for filing documents on [Mr.] Benshoof's behalf." (*Id.* ¶ 229.) As to their eighth cause of action, Plaintiffs allege that undersigned counsel "[a]ct[ed] under the color of state law" to deny Ms. Maggitti equal protection. (*Id.* ¶ 294.) Finally, as to their ninth and tenth causes of action, Plaintiffs allege that the T&C Defendants "conspired" with the Government Defendants to obstruct justice and deprive

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

9

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

Plaintiffs of their constitutional rights, referring to the parties' alleged "conspiratorial acts." (*Id.* ¶¶ 302-03, 309-10).

As to the conduct of the T&C Defendants relative to the Government Defendants, Plaintiffs allege that, between January 5, 2021 and April 15, 2021, Mr. Fagan and other T&C employees called 911 "at least one dozen times, claiming that [Mr.] Benshoof was criminally trespassing" at T&C's Shoreline store. (*Id.* ¶ 60.) Plaintiffs also allege that, in the parties' October 16, 2024 filings, undersigned counsel and government counsel both "inferred that [Ms.] Maggitti committed a crime by filing documents on [Mr.] Benshoof's behalf," concluding that the parties' counsel "coordinated their threats" to prosecute Ms. Maggitti. (*Id.* ¶¶ 122-23, 130.) This appears to be the extent of the joint action alleged by Plaintiffs.

Again, conclusory allegations that a private party "conspired" with a state officer are not enough to support a Section 1983 claim. *See Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989) ("[C]onclusory allegations that [defendants] conspired do not support a claim for violation of his constitutional rights under Sec. 1983[.]"); *see also O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1182 (N.D. Cal. 2022) ("Generalized statements about working together do not demonstrate joint action."). As detailed in T&C and Mr. Fagan's first motion to dismiss, summoning the police to arrest a store customer for refusing to comply with a masking policy is not sufficient joint action to make a private party a state actor. *See Benshoof v. Admon*, Case No. 2:23-cv-1392, 2024 WL 664012, at *2-3 (W.D. Wash. Feb. 16, 2024) (holding that Mr. Benshoof's allegations that store employee called police to remove him from store did not suggest some type of collusion indicating a broader conspiracy); *Kiss v. Best Buy Stores*, Case No. 3:22-CV-00281-SB, 2022 WL 17480936, at *5 (D. Or. Dec. 6, 2022), *aff'd*, Case No. 23-35004, 2023 WL 8621972 (9th Cir. Dec. 13, 2023) (holding that a request that a store customer comply with state law, and summoning police to arrest a store customer who refuses to do so, do not establish joint action). Likewise, conclusory allegations that a lawyer in private practice coordinated with a state officer to deprive a plaintiff of their constitutional rights are insufficient to demonstrate joint action. *See Simmons v. Sacramento*

10

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

*Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that a plaintiff's conclusory allegations that a lawyer was conspiring with state officers to deprive him of his constitutional rights were insufficient to show lawyer was acting under color of state law).

The Court should follow the above authority and hold that Plaintiffs have failed to allege facts supporting an inference of conspiracy or other joint action between the T&C Defendants and the Government Defendants.  Again, Plaintiffs make conclusory allegations that the T&C Defendants acted under "color of state law" and "set in motion a series of events" by which they expected the Government Defendants to arrest and prosecute Mr. Benshoof and Ms. Maggitti, or otherwise "conspired" or "coordinated" with the Government Defendants to deprive Plaintiffs of their constitutional rights.  They do not make specific allegations that the T&C Defendants entered into some agreement with the Government Defendants to do so. Accordingly, Plaintiffs' allegations do not support that the T&C Defendants were acting under color of state law.  For this reason, the Court should dismiss with prejudice the Section 1983 claims Plaintiffs assert in their second, third, eighth, ninth, and tenth causes of action.

### b)    Section 1985

Plaintiffs' ninth and tenth causes of action for "Conspiracy to Obstruct Justice" and "Conspiracy to Deprive Rights" cite Section 1985 in addition to Section 1983.  (Compl. at 39-40.)  The T&C Defendants construe such causes of action to also assert claims under 42 U.S.C. § 1985(2)-(3).

A Section 1985 claimant "must allege facts to support the allegation that defendants conspired together."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). "A mere allegation of conspiracy without factual specificity is insufficient."  *Id.* at 626. Specifically, "Section 1985(2) makes unlawful a conspiracy to deter any party or witness from attending federal court or testifying in federal court *or* a conspiracy to obstruct justice in any state court with the intent of depriving any citizen of the equal protection of the laws."  *Estate of Esquivel v. Chavez*, Case No. CV-F-061690 OWW/GSA, 2008 WL 4821714, at *24 (E.D. Cal. Nov. 4, 2008).  A plaintiff must allege either a conspiracy to injure a party or witness

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT                11                Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1    because that party attended federal court or testified in a pending federal court matter, or a

2    conspiracy to impede, hinder, obstruct or defeat the due course of justice in a state court with

3    the intent of depriving any citizen of equal protection. *See Portman v. County of Santa Clara*,

4    995 F.2d 898, 909 (9th Cir. 1993).

5    Further, a plaintiff asserting a claim under Section 1985(3) must allege "(1) a

6    conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3)

7    an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."

8    *Tilton v. Richardson*, 6 F.3d 683, 686 (1993). Section 1985(3) "does not 'apply to all tortious,

9    conspiratorial inferences with the rights of others,' but rather, only to conspiracies motivated

10    by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.*

11    (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971)).

12    As detailed above, for a second time, Plaintiffs fail to allege facts supporting an

13    inference of conspiracy or other joint action between the T&C Defendants and the Government

14    Defendants. They only make conclusory allegations that the T&C Defendants "conspired"

15    with the Government Defendants to deprive Plaintiffs "the equal protection of the laws." (Dkt.

16    No. 88, ¶¶ 302, 308.) For that reason alone, Plaintiffs' Section 1985 claims fail.

17    Moreover, for a second time, Plaintiffs fail to allege a conspiracy to deter a party from

18    attending or testifying in federal court or to obstruct justice in state court. Other than their

19    conclusory allegations that undersigned counsel coordinated with government counsel to

20    threaten Ms. Maggitti for filing pleadings on Mr. Benshoof's behalf,[5] none of Plaintiffs'

21

22    [5] Specifically, Plaintiffs' allegations about undersigned counsel concern T&C and Mr. Fagan's response to the
second motion for stay filed by Ms. Maggitti. In that response, T&C and Mr. Fagan asked the Court to strike the

23    motion on the grounds that it was filed by a third party who was not authorized to practice law. (*See* Dkt. No. 70
at 2.) T&C and Mr. Fagan pointed out that the unauthorized practice of law is a crime in Washington, Ms. Maggitti

24    attested to drafting the motion at Mr. Benshoof's request, and Ms. Maggitti did not appear to be a licensed attorney.
(*See id.*) This is the extent of the statements made about Ms. Maggitti in T&C and Mr. Fagan's response to the

25    second motion for stay. The response included no statements constituting a threat or an attempt to influence Ms.
Maggitti relative to her providing testimony of any kind. Federal courts may take judicial notice of matters of

26    public record, including filed pleadings. *See* Fed. R. Ev. 201(b)(2); *Harris v. Cnty. Of Orange*, 682 F.3d 1126,
1132 (9th Cir. 2012). Accordingly, the T&C Defendants ask the Court to take judicial notice of T&C and Mr.

27    Fagan's response to the second motion for stay (Dkt. No. 70), which reflects that undersigned counsel did not
threaten Ms. Maggitti with prosecution. For that alternative reason, the Court should dismiss with prejudice and
without leave to amend all of Plaintiffs' claims against undersigned counsel.

Socius Law Group, PLLC
**A T T O R N E Y S**
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1   allegations about the T&C Defendants relate to pending court matters. Plaintiffs' Section

2   1985(2) claim fails for that additional reason. As to their Section 1985(3) claim, Plaintiffs

3   generally refer to Mr. Benshoof being in a "class," but do not identify the class to which he

4   belongs or allege any class-based animus. (*See, e.g.*, *id.* ¶¶ 212, 231.) Their Section 1985(3)

5   claim fails for that additional reason. Accordingly, the Court should dismiss with prejudice

6   the Section 1985 claims Plaintiffs assert in their ninth and tenth causes of action.

7           **3.      *Cause of Action 4 – Violation of Title III of the ADA***

8           To state a valid Title III claim under the ADA, a plaintiff must show that "(1) he is

9   disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

10  or operates a place of public accommodation; and (3) the plaintiff was denied public

11  accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v.*

12  *Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

13          As an initial matter, Plaintiffs make no more than conclusory allegations that Mr.

14  Benshoof is "disabled" or has a "disability." While they refer to Mr. Benshoof's alleged

15  disability throughout the Amended Complaint, nowhere do Plaintiffs describe what Mr.

16  Benshoof's disability is or how it prevented him from wearing a mask. Indeed, in asserting

17  their ADA Title III claim, Plaintiffs refer to Mr. Benshoof's alleged disability as a "physical

18  or mental impairment," not even identifying whether his disability is physical or mental in

19  nature. (*See* Dkt. No. 88, ¶¶ 238-39.) Formulaic recitations of the elements of a cause of action

20  are not sufficient to state a claim for relief. *See Bell Atlantic Corp.*, 550 U.S. at 555 (citing

21  *Papasan*, 478 U.S. at 286). Accordingly, Plaintiffs' allegations are insufficient to plausibly

22  allege that Mr. Benshoof is disabled within the meaning of the ADA.

23          Even if Plaintiffs' allegations relative to Mr. Benshoof's disability were sufficient, they

24  fail to plausibly allege that Mr. Benshoof was denied public accommodations by T&C because

25  of his disability. Specifically, Plaintiffs allege that Mr. Fagan and other T&C employees told

26  Mr. Benshoof that he could wear a face shield in lieu of a mask. (*See* Dkt. No. 88, ¶ 42.) They

27  specifically admit that T&C "permitted the wearing of a face shield in lieu of a face mask."

T&C DEFENDANTS' MOTION TO DISMISS               13           Socius Law Group, PLLC
PLAINTIFFS' AMENDED COMPLAINT                                 A T T O R N E Y S
                                                    One Union Square • 600 University St., Suite 2510
                                                         Seattle, Washington 98101
                                                         Telephone 206.838.9100
                                                         Facsimile 206.838.9101

1   (*Id.* ¶ 44.)  Nowhere in the Amended Complaint do Plaintiffs allege that Mr. Benshoof's

2   disability prevented him from wearing a face shield.  As a result, Plaintiffs fail to plausibly

3   allege that T&C maintained a policy that prevented Mr. Benshoof from shopping at its store

4   due to his claimed disability.  *See Giles v. Sprouts Farmers Market, Inc.*, No. 20-cv-2131-

5   GPC-JLB, 2021 WL 2072379, at *4 (S.D. Cal. May 24, 2021) (holding that the plaintiff failed

6   to plausibly allege that the defendant maintained a policy that prevented her from shopping at

7   its supermarket when the plaintiff's allegations regarding her disability failed to account for

8   the modification that permitted her to shop with a face shield).  For all these reasons, the Court

9   should dismiss Plaintiffs' fourth cause of action with prejudice.

10            **4.    *Cause of Action 5 – Unlawful Seizure***

11           The T&C Defendants construe Plaintiffs' fifth cause of action to assert a claim for

12   unlawful seizure under the Fourth Amendment.  Because the Fourth Amendment applies only

13   to governmental actions, the T&C Defendants further construe Plaintiffs' fifth cause of action

14   to assert another Section 1983 claim premised on joint action between the T&C Defendants

15   and the Government Defendants.  However, Plaintiffs fail to plausibly allege joint action

16   between the parties.

17           The Fourth Amendment is wholly inapplicable to a search or seizure—even an

18   unreasonable one—effected by a private individual not acting as a government agent.  *United*

19   *States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984).  In asserting

20   their unlawful seizure claim, Plaintiffs fail to even allege that the T&C Defendants conducted

21   a search or seizure.  Rather, they allege that an unknown T&C employee called 911 to report

22   that Mr. Benshoof was criminally trespassing at the store.  (*See* Dkt. No. 88, ¶ 248.)  For that

23   reason alone, the Court should dismiss Plaintiff's fifth cause of action.

24           Nonetheless, to determine whether a private person has acted as a government

25   instrument or agent for Fourth Amendment purposes, courts must consider "(1) whether the

26   government knew of and acquiesced in the intrusive conduct, and (2) whether the party

27   performing the search intended to assist law enforcement efforts or to further his own ends."

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT                        14                  Socius Law Group, PLLC
                                                                            A T T O R N E Y S
                                                              One Union Square • 600 University St., Suite 2510
                                                                        Seattle, Washington 98101
                                                                        Telephone 206.838.9100
                                                                        Facsimile 206.838.9101

1    *United States v. Miller*, 688 F.2d 652, 657 (9th Cir. 1982). Again, Plaintiffs do not allege any

2    intrusive conduct by the T&C Defendants, let alone that they performed a search or seizure.

3    They simply allege that an unnamed T&C employee called 911 to report Mr. Benshoof. Such

4    conduct is insufficient to allege joint action between the T&C Defendants and the Government

5    Defendants. *See Kiss*, 2022 WL 17480936, at *4 (holding that summoning the police to arrest

6    a store customer is insufficient joint action to make a private party a state actor). Plaintiffs'

7    other allegations that the T&C employee "conspired," had a "common plan," and engaged in

8    "joint action" with the Government Defendants are conclusory in nature and thus fail to

9    plausibly allege joint action between the parties. (*See* Dkt. No. 88, ¶¶ 249-52.) Accordingly,

10   the Court should dismiss Plaintiffs' fifth cause of action with prejudice.

11            **5.        Cause of Action 6 – Deprivation of Liberty**

12           The T&C Defendants construe Plaintiffs' sixth cause of action as claiming that Mr.

13   Benshoof was deprived of his liberty in violation of the Due Process Clause of the Fourteenth

14   Amendment. Because Plaintiffs' claim applies only to governmental actions, the T&C

15   Defendants further construe Plaintiffs' sixth cause of action to assert another Section 1983

16   claim premised on joint action between the T&C Defendants and the Government Defendants.

17   Again, such claim must be dismissed because Plaintiffs fail to plausibly allege joint action.

18           The Fourteenth Amendment's Due Process Clause prohibits state action that deprives

19   a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1.

20   In asserting their deprivation of liberty claim, Plaintiffs again allege that an unnamed T&C

21   employee call 911. (*See* Dkt. No. 88, ¶ 266.) They do not allege any other specific conduct

22   by the T&C Defendants relative to this claim. (*See* Dkt. No. 88, ¶¶ 260-74.) Again,

23   summoning a police officer to arrest a store customer is insufficient joint action to make a

24   private party a state actor. *See Kiss*, 2022 WL 17480936, at *4. Plaintiff's other allegations

25   that the T&C employee "act[ed] in concert" with the Government Defendants to "violate [Mr.]

26   Benshoof's liberty" are conclusory in nature and thus fail to allege joint action between the

27

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT                    15               **Socius Law Group**, PLLC
                                                           A T T O R N E Y S
                                                  One Union Square • 600 University St., Suite 2510
                                                          Seattle, Washington 98101
                                                            Telephone 206.838.9100
                                                            Facsimile 206.838.9101

1    parties.  (*See* Dkt. No. 88, ¶ 267.)  Accordingly, the Court should dismiss Plaintiffs' sixth cause

2    of action with prejudice.

3    **C.    If Plaintiffs' Federal Claims Are Dismissed, the Court Must Dismiss the Remainder of Their State Claims**

4

5        Defendants maintain that all of Plaintiffs' causes of action should be dismissed with

6    prejudice.  However, to the extent the Court determines that Plaintiffs have stated cognizable

7    claims under state but not federal law, the Court should nonetheless dismiss Plaintiffs' state

8    claims.

9        Plaintiffs' federal claims invoke the Court's original subject matter jurisdiction by

10   supplying it with federal question jurisdiction.  Plaintiffs have not alleged facts supplying the

11   Court with diversity jurisdiction.  (*See generally* Dkt. No. 88.)  Under 28 U.S.C. § 1367(a), the

12   Court must have original jurisdiction over one claim to exercise supplemental jurisdiction over

13   other claims.  The Court may decline supplemental jurisdiction if it "dismisse[s] all claims

14   over which it ha[d] original jurisdiction."  28 U.S.C. § 1367(c)(3).

15       In deciding whether to retain jurisdiction over pendent state law claims, the Court may

16   consider factors such as "economy, convenience, fairness, and comity."  *Imagineering, Inc. v.

17   Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992), *abrogation on other grounds

18   recognized by Newcal Industries Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1055 (9th Cir.

19   2008).  However, "in the usual case in which federal claims are eliminated before trial, the

20   balance of factors . . . will point toward declining to exercise jurisdiction over the remaining

21   state law claims."  *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996),

22   *overruled on other grounds by Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

23   Plaintiffs filed the Amended Complaint just two weeks ago.  No discovery has taken place.

24   Given the early stage of this litigation, if the Court dismisses Plaintiffs' federal claims, it should

25   decline supplemental jurisdiction over the remaining state law claims in their first cause of

26   action.

27

Socius Law Group, PLLC
**A T T O R N E Y S**
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

**D.      Amendment Would be Futile**

Plaintiffs should not be granted leave to amend their claims for a second time.  "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).  Nonetheless, the amendment rules "do not require that courts indulge in futile gestures."  *Deloach v. Woodley*, 405 F.2d 496, 496-97 (5th Cir. 1968).

The majority of Plaintiffs' federal claims fail for a second time because they cannot assert such claims against private parties.  Plaintiffs' Section 1983 claims against T&C, Mr. Fagan, and unnamed T&C employees are, again, premised on the theory that the T&C Defendants summoned the Government Defendants to remove Mr. Benshoof from T&C's Shoreline store and possibly have him arrested and/or prosecuted if he attempted to return.  Summoning the police to arrest a store customer is insufficient joint action to make a private party a state actor.  *See Kiss*, 2022 WL 17480936, at *5.  Likewise, Plaintiffs' Section 1983 claims against undersigned counsel are premised on the theory that counsel "coordinated" with government counsel to threaten Ms. Maggitti with criminal prosecution for filing pleadings on Mr. Benshoof's behalf.  Conclusory allegations that a lawyer in private practice coordinated with a state officer to deprive a plaintiff of their constitutional rights are insufficient to demonstrate joint action.  *See Simmon*, 318 F.3d at 1161.  Plaintiffs cannot cure the lack of state action by the T&C Defendants.  Indeed, they were specifically instructed about this deficiency and nevertheless filed the Amended Complaint premised on the same theory.  Thus, the Court should decline to grant Plaintiffs a second opportunity to amend their Section 1983 claims.

Moreover, Plaintiffs' Section 1985 claims against the T&C Defendants fail because, for a second time, their allegations are conclusory, do not relate to pending court matters, and do not identify any "class" to which Mr. Benshoof belongs.  Specifically, Plaintiffs' claims do not involve an alleged conspiracy to deter a party from attending or testifying in federal court,

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

17

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

or to obstruct justice in state court—the conduct proscribed by Section 1985(2).    No amendment can cure the fact that Plaintiffs' allegations do not fit a Section 1985(2) claim. Moreover, Plaintiffs do not identify which protected "class" they belong to, or any class-based animus, as required to assert a Section 1985(3) claim.    Again, no amendment can cure the fact that Plaintiffs' allegations do not fit a Section 1985(3) claim.    As a result, the Court should decline to grant Plaintiffs another opportunity to amend their Section 1985 claims.

Lastly, Plaintiffs' claim under Title III of the ADA fails because they do not describe what Mr. Benshoof's alleged disability is or how it prevented him from wearing a mask.    Nor do Plaintiffs allege that Mr. Benshoof's disability prevented him from wearing a face shield, which T&C permitted him to wear in lieu of a mask.    Given the modification Mr. Benshoof was offered, Plaintiffs do not sufficiently allege that he was denied public accommodations due to his disability, as required to assert an ADA Title III claim.    No amendment can cure Plaintiffs' failure to plausibly allege such claim.    As a result, the Court should decline to grant Plaintiffs leave to amend the same.

Without the above federal claims, Plaintiffs are left with their state claims against the T&C Defendants.    Again, the Court should decline to exercise supplemental jurisdiction over the state claims and dismiss them as a result.    Even if the Court were to hear such claims, Plaintiffs have, for a second time, made only conclusory allegations that fail to plausibly allege claims for negligence and violation of RCW 9.91.010.    Accordingly, the Court should decline to grant Plaintiffs another opportunity to replead their frivolous claims.

## VI.    CONCLUSION

Based on the foregoing, the T&C Defendants respectfully request that the Court grant their motion and dismiss the claims Plaintiffs have asserted against them in the Amended Complaint with prejudice and without leave to amend.

A proposed order is attached herewith.

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

18

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

DATED February 3, 2025.

SOCIUS LAW GROUP, PLLC

By:___*s/ Adam R. Asher*___
     Adam R. Asher, WSBA #35517
     Courtney J. Olson, WSBA #54548

     aasher@sociuslaw.com
     206.838.9110
     colson@sociuslaw.com
     206.838.9153

*Attorneys for T&C Defendants*

I certify that the foregoing brief contains 6646 words in compliance with the Local Rules.

---

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

19

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATION OF CONFERRAL**

I certify that I participated in a conference call with Plaintiffs Kurt Benshoof, Briana Gage, and Urve Maggitti, and counsel for the government defendants on February 3, 2025, and made reasonable efforts to reach agreement with Plaintiffs on the relief sought in this Motion. Plaintiffs oppose the relief sought in this Motion.

DATED the 3rd day of February, 2025.

_s/ Adam R. Asher_
Adam R. Asher, WSBA #35517

T&C DEFENDANTS' MOTION TO DISMISS          20          Socius Law Group, PLLC
PLAINTIFFS' AMENDED COMPLAINT                                    A T T O R N E Y S
                                               One Union Square • 600 University St., Suite 2510
                                                       Seattle, Washington 98101
                                                        Telephone 206.838.9100
                                                        Facsimile 206.838.9101

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the state of Washington that on this date I served the foregoing document on the following parties of record, as indicated:

**Via Email and Regular Mail**

Kurt Benshoof
22701 42nd Place West
Mountlake Terrace, WA 98043
Email: kurtbenshoof1@gmail.com

Briana D Gage
2760 W 22nd Street #431
Brooklyn, NY 11224
Email: brianagage702@gmail.com

Urve Maggitti
244 Blackburn Drive
Berwyn, PA 19312
Email: urve.maggitti@gmail.com

*Pro Se Plaintiffs*

**Via Email**

Margaret J King
City of Shoreline
Email: mking@shorelinewa.gov

*Attorneys for City of Shoreline*

**Via Email**

Santiago Viola Villanueva
King County Prosecuting Attorney's Office
Email: sviolavillanueva@kingcounty.gov

*Attorneys for King County, Ann Summers, Wm Ackers, Paul Thompson, Nicholas W. DeMuse, Jampa Tseten*

DATED February 3, 2025, at Seattle, Washington.

_s/Leslie Boston_
Leslie Boston

T&C DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

21

Socius Law Group, PLLC
**A T T O R N E Y S**
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101