1
2

The Honorable Tana Lin
United States District Court Judge

3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

KURT A. BENSHOOF, BRIANA D. GAGE, and
UVRE MAGGITI

8

Plaintiffs,

9

v.

10

CITY OF SHORELINE, KING COUNTY,
TOWN & COUNTRY MARKETS, EVAN B.

11

FAGAN, WILLIAM C. AKERS, MR.
THOMPSON, JAMPA TSETEN, NICHOLAS

12

W. DEMUSE, COURTNEY J. OLSON, ADAM
R. AHSER and ANN M. SUMMERS

13
14

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:24-cv-00343-TL

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FED. R.
CIV. P. 12b

*Noted for March 7, 2025*

15
16

**TABLE OF CONTENTS**

17
18

**I. INTRODUCTION**……………………………………………………………**6**

**II. STATEMENT OF THE FACTS** ………………………...……………………**6**

    **A. Procedural facts** ……………………………………………………… **6**

    **B. Facts alleged in the complaint** ………………………………………...**7**

**III. ARGUMENT** …………………………………………………………………**7**

    **A. PLAINTIFF BENSHOOF'S AMENDED COMPLAINT SHOULD BE
DISMISSED BECAUSE HE HAS FAILED TO COMPLY WITH THE
TERMS OF THE ABUSIVE LITIGATION ORDER ISSUED BY JUDGE
FERGUSON IN STATE COURTSTANDARD OF
REVIEW**………………………………………………………………**7**

19
20
21
22
23

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 1

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

**B. THE AMENDED COMPLAINT FILED AT DKT. 88 IS PROCEDURALLY IMPROPER** ...............................................................................9

**C. GOVERNMENT DEFENDANT'S MOTION TO SHOW CAUSE WHY PLAINTIFF BENSHOOF SOULD RETAIN HIS IN FORMA PAUPERS (IFP) STATUS** ................................................................................ 11

**D. PLAINTIFFS FIRST CAUSE OF ACTION TITLED "NEGLIGENCE" SHOULD BE DISMISSED (CAUSE OF ACTION 1)**...............................12

    **1.  ANY STATE LAW CLAIM FOR FALSE IMPRISONMENT BASED ON ACTIONS THAT OCCURRED BEFORE MARCH 11, 2022, IS BARRED BY THE STATUTE OF LIMITATION (CAUSE OF ACTION 1)**.......13

    **2. BENSHOOF AND GAGE'S STATE LAW CLAIM OF UNLAWFUL IMPRISONMENT CLAIM IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 1)**............................................................ 14

    **3. BENSHOOF AND GAGE'S STATE LAW NEGLIGENCE CLAIM IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 1)**. ...15

**E. PLAINTIFFS FEDERAL CAUSE OF ACTIONS SHOULD BE DISMISSED.**17

    **1. PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD MONELL CLAIMS AGAINST KING COUNTY AND CITY OF SHORELINE (CAUSES OF ACTION 2, 4, 5, 6, 7, 8, 9, and 10)**.........17

    **2. DEFENDANTS AKERS, THOMPSON, DEMUSE, AND TSETEN ARE ENTITLED TO QUALIFIED IMMUNITY (cause of action 2, 5, 6 and 7)**.......................................................................................19

    **3. PLAINTIFF'S THIRD AND EIGHT CAUSES OF ACTION AGAINST SENIOR DEPUTY PROSECTING ATTONEY ANN SUMMER SHOULD BE DISMISSED WITH PREJUDICE (CAUSE OF ACTION 3 and 8)** ...23
    **4. PLAINTIFFS' CLAIM UNDER § 1985, CONSPIRACY TO OBSTRUCT JUSTICE AND CONSPIRACY TO DEPRIVE RIGHTS SHOULD BE DISMISSED (CAUSE OF ACTION 9 and 10)**.................................25

**F. BENSHOOF'S ADA CLAIM UNDER TITLE III IS INSUFFICIENT AS A MATTER OF LAW (CAUSESOF ACTION 4)**.........................................26

**G. NOTICE OF INTENT TO FILE MOTION AGAINST PLAINTIFF KURT EBNSHOOF AS VEXATIOUS LITIGANT AND MOTION FOR RELIEF OF CONFERRAL REQUIREMENT**.........................................................29

**IV. CONCLUSION**.....................................................................29

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 2

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1

## **TABLE OF AUTHORITIES**

2

### **Federal Cases**

3

*A.L. Through D.L. v. Walt Disey Parks and Resorts US, Inc*, 900 F.3d 1270 (11th cir, 2018)…..28

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)...................................................................16, 18

5

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ..............................................22

6

*Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d. 278 (7th Cir., 1994)………………… 19

7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ..........................................................17, 18

8

*City and County of San Francisco, Cal. v. Sheehan*, 575 U.S. 600, 611 (2015) ........................ 20

9

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)......................................................19

10

*Community House, Inc, v, City of Boise Idaho*, 623 F.3d 945, 965 (9th Cir. 2010).................... 20

11

*Connick v. Thompson*, 563 U.S. 51, 60 (2011) ............................................................................17

12

*Dantzler v. U.S. E.E.O.C., 810 F.Supp.2d 312, (*D.D.C.2011) ...........................................9

13

*Denis v. Ige*, 538 F.Supp.3d. (D. Haw. 2021) ..............................................................................21

*Doscher v. Timberland Regional Library*, 2024 WL 3508048 (9th cir. 2024)..............................15

14

*Doscher v. Timberland Regional Library*, 2022 WL 17667907 (W.D. Wash, 2022) .................28

15

*Doscher v. Timberland Regional Library*, 2022 WL 4534403 (W.D. Wash 2022) ....................28

16

*Dunn v. Hyra*, 676 F.Supp.2d 1172, 1195-96 (W.D. Wa. 2009) ..............................................13

17

*Estelle v. Gamble*, 429 U.S. 97, (1976) ...............................................................................9

18

*Fry v. Melaragno, 939 F.2d 832,* (9th Cir. 1991).......................................................................24

19

*Gardner v. Brown,* 2023 WL 11022871 (D. Or. Nov. 3, 2024) ..................................................22

20

*George v. Smith,* 507 F.3d. 605, (7th Cir. 2007)........................................................................10

21

*Griffin v. Breckenridge*, 403 U.S. 88 (1971)...............................................................................26

22

*Hafer v. Melo*, 502 U.S. 21, 25 (1991) .......................................................................................18

23

*Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)............................. 18

*Johnson v. High Desert State Prison* , --F.4[th].--- 2025 WL 301702 (9th Cir. Jan. 27, 2025).........10

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

*Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) ................................................................21

*Justice v. Koskinen,* 109 F.Supp.3d. 142 (D.D.C. 2015) ...............................................................9

*Justice v. Koskinen,* 672 Fed.Appx. 6 (D.D.C. 2016) ...................................................................9

*Kalina v. Fletcher,* 522 U.S. 118 (1997) ......................................................................................24

*McTigue v. City of Chicago*, 60 F.3d 381, 382–83 (7th Cir. 1995) ...............................................18

*Milstein v. Cooley,* 257 F.3d. 1004 (9 Cir. 2001) .........................................................................24

*Molski v. MJ. Cable, Inc.,* 481 F.3d. 724 (9 Cir. 2007) ................................................................27

*Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658 (1978) ..............................17

*Mora v. Burn and Plastic Hand Clinic,* 2023 WL 7128855 (W.D. Wash Oct. 30, 2023).............27

*O'Handley v. Padilla*, 579 F.Supp.3d 1163 (N.D. Cal. 2022) ...................................................... 25

*Payan v. Los Angeles Community College District*, 11 F.4th 729 (9 Cir. 2021) ............................ 27

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ...........................................................................20

*Richmond v. Spokane County, Washignton*, 2021 WL 4951574 (E.D. Wash Oct. 15, 2021) ...... 14

*Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) ..............................................17

*Stich v. U.S.*, 1991 WL 150218 (S.D.N.Y. July 31, 1991) ............................................................. 9

*Terry v. Ohio,* 392 U.S. 1  (1968) ................................................................................................15

*Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) .................................................................20

*Thonton v. City of St. Helens*, 425 F.3d 1158 (9th Cir. 2005) ...................................................... 22

*Tilton v. Richardson*,  6 F.3d 683 (10th Cir. 1993)....................................................................... 26

*Townsend v. Quasim*, 328 F.3d. 511 (9th Cir. 2003) ..................................................................... 27

*Van de Kamp v. Goldstein*, 555 U.S. 335 (2009)........................................................................... 24

*Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) .........................................16

*Vinson v. Thomas*, 288 F.3d. 1145 (9th Cir. 2002)........................................................................ 28

*Walsh v. Nevada Dept. of Human Resources*, 471 F.3d. 1033 (9th Cir. 2006) ............................. 27

*Woodrum v. Woodward County, Okl*, 866 F.2d 1121 (9th Cir. 1989) ............................................. 2

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 4

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

## State Cases

*Bender v. City of Seattle*, 99 Wash.2d 582, 591, 664 P.2d 492, 499 (1983)...................................15

*Degel v. Majestic Mobile Manor, Inc.*, 129 Wash.2d. 43 (1996) ...................................................16

*Heckart v. Yakima*, 42 Wash. App. 38, 708 P.2d 407 (1985) ........................................................13

*Segaline V. State, Dept. of Labor and Industries*, 169 Wash.2d 467 (2010) ...............................16

## Federal Statutes

ADA Title III, citing Pub. L. 101-336, Title III §302...................................................................26

28 U.S.C. §§1914 and 1917 ..........................................................................................................10

28 U.S.C. §1367 .............................................................................................................................14

42 U.S.C. § 1983…………………………………………………………………………17, 23, 25

42 U.S.C. §1985 ..............................................................................................................................25

42 U.S.C. § 12182 ....................................................................................................................26, 27

## State Statutes

RCW 4.16.080 ................................................................................................................................ 16

RCW 4.16.100 ........................................................................................................................... 13, 14

RCW 4.96.020 ........................................................................................................................... 14, 15

RCW 9A.40.040.................................................................................................................... 12, 13, 14

RCW 9A.52.080 ............................................................................................................................... 15

RCW 9A.52.090................................................................................................................................ 15

RCW 36.27.020 ............................................................................................................................... 14

RCW 36.27.040 ............................................................................................................................... 14

RCW 43.10.232 ............................................................................................................................... 14

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

1

## I.    INTRODUCTION

2

The City of Shoreline, King County, Deputies William Akers and Nicholas DeMuse, and

3

Detectives Paul Thompson and Jampa Tseten, and Senior Deputy Prosecuting Attorney Ann

4

Summers (hereinafter Government Defendants) respectfully ask this Court to grant their motion

5

to dismiss Plaintiffs Kurt Benshoof, Briana Gage, and Urve Maggitti's claims with prejudice.

6

The Amended Complaint is procedurally improper because it joins new claims and new

7

parties without the proper motion first. In addition, it constitutes a re-filing by Plaintiff Gage

8

without paying fees or renewing her motion to proceed in forma pauperis (IFP). New Plaintiff

9

Maggitti has not paid the filing fee nor applied for a motion to proceed in forma pauperis. Finally,

10

Plaintiff Benshoof has violated the Abusive Litigation Order issued by the Honorable Judge

11

Ferguson, and good cause exists for an order to show cause why Benshoof should retain his IFP

12

status.

13

## II.    STATEMENT OF FACTS

14

A.  Procedural Facts

15

Plaintiff Benshoof filed this lawsuit on March 11, 2024. Dkt. 1. On April 30, 2024,

16

Magistrate Judge Vaughn granted Benshoof's in forma pauperis application. Dkt 13. Defendants

17

King County, Deputy Akers, and Thompson answered the complaint on May 31, 2024. Dkt. 27.

18

Defendant City of Shoreline answered the complaint on July 1, 2024. Dkt. 46. Defendants Town

19

& County Markets and Fagan filed a motion to dismiss pursuant to FRCP 12(b) that was renoted

20

by this Court for September 30, 2024. Dkt. 43, 57.

21

On December 20, 2024, this Court granted the Defendants motion to dismiss with leave to

22

amend. Dkt. 85. On January 19, 2025, Plaintiff Benshoof filed his Amended Complaint. Plaintiff

23

Gage and Maggitti signed the Amended Complaint as well. Dkt. 88.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 6

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

B.  Facts alleged in the Amended Complaint.

This Court is familiar with the facts in this case. Dkt. 85. The Amended Complaint recites mostly similar facts and adds co-defendants and co-plaintiffs. The Amended Complaint centers around a series of events alleged to have occurred at Town & Country Markets (hereinafter T&C), which operated the Central Market grocery store, and Fagan. T&C instituted a policy that required customers to wear masks in their stores during the COVID-19 pandemic. Dkt. 88, ¶ 36. Pursuant to that policy, T&C demanded that Benshoof wear a mask inside the Central Market store in September 2020 through May 2021, which Benshoof refused to do. The ongoing dispute over Benshoof's refusal to wear a mask in the store resulted in a number of conflicts between Benshoof, other T&C store customers and T&C employees, including Fagan. *Id.,* ¶¶ 42-72.

The Amended Complaint added a new set of facts and alleged that County officials made threats against Maggitti for filing documents on behalf of Benshoof. *Id.*, ¶116-132.

### III.    ARGUMENTS

### A.  PLAINTIFF BENSHOOF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO COMPLY WITH THE TERMS OF THE ABUSIVE LITIGATION ORDER ISSUED BY JUDGE FERGUSON IN STATE COURT.

### State Court Injunction

The defendants move for judicial notice of the proceedings in State Court case #22-2-15958-8 SEA. *Declaration of Santiago Viola Villanueva,* Exhibits A, B, C, and D. Plaintiff Benshoof was declared a vexatious litigant and enjoined from engaging in abusive litigation. In March 2023, the original temporary injunction was entered. Judge Ferguson ordered that "Mr. Benshoof shall submit a copy of this Order with any future lawsuits he files or attempts to file on or before March 31, 2023, in <u>any</u> court, including (but not limited to) any federal court." *Id.*, Exhibit A, p. 4, ¶8.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 7

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

On March 31, 2023, Judge Ferguson issued an order restricting abuse litigation of Kurt Benshoof. In that Order, the Judge noted that Mr. Benshoof is a vexatious litigant and has engaged in an extensive pattern of abusive litigation and weaponization of the court system (*Id.*, Exhibit B, p. 1) and imposed a 5 years restriction, which included that "Mr. Benshoof shall submit a copy of this Order with any future lawsuit he files or attempts to file in <u>any</u> court, including (but not limited to) any federal court." *Id.* p. 6, ¶ 5.

On February 29, 2024, Judge Ferguson held a hearing for a motion for contempt and sanctions against Benshoof. *Id.*, Exhibit C. On March 1, 2024, Judge Ferguson issued an order with a finding of contempt and imposing sanctions against Plaintiff Kurk Benshoof. Among the findings in such order, Judge Ferguson found that Benshoof had failed to file a copy of the Abusive Litigation Order with the federal court in Case No. 2:23-cv-01829-JHC (*Id.*, Exhibit D, p. 2, ¶ 3). In addition, Judge Ferguson extended the expiration of his Abusive Litigation Order to March 31, 2029. *Id.* p, 4 ¶C.

### <u>Violation of the Abusive Litigation Order</u>

The current case was filed ten days after Mr. Benshoof was found in contempt for his failure to comply with the terms of the Abusive Litigation Order. More noticeable, while Mr. Benshoof knew his obligation to file a copy of such order since March 2023, the contempt order dated March 1, 2024, made a specific finding that Mr. Benshoof failed to submit a copy of the order in another federal lawsuit (2:23-cv-01829). Regardless of having notice, appearing in contempt proceedings, and having a specific finding of contempt in part for failure to attach a copy of the Abusive Litigation Order to a federal case, he circumvented the terms of the order in this case and failed to comply.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 8

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

It is well-settled that "'[a] court may dismiss a complaint filed by a vexatious litigant [that violates] an injunctive order entered by another court.'" *Dantzler v. United States EEOC*, 810 F.Supp.2d 312, 319 (D.D.C. 2011) (quoting *Stich v. United States*, 1991 WL 150218, at *1, (S.D.N.Y. July 31, 1991)); *Justice v. Koskinen*, 109 F. Supp. 3d 142, 147, 115 A.F.T.R.2d 2015-2167, 2015 WL 3750329 (D.D.C. 2015), aff'd, 672 Fed. Appx. 6, 2016 WL 6238487 (D.C. Cir. 2016).

For those reasons, the defendants move for dismissal for failure to comply with a Court Order. In the alternative, this Court should issue an order to show cause for the plaintiff to explain his failure to comply.

/      /

/      /

## B. THE AMENDED COMPLAINT FILED AT DKT. 88 IS PROCEDURALLY IMPROPER.

This Court granted the defendants' motion to dismiss with leave to amend (Dkt. 85). Even though the Court granted leave to amend, the Court did not relieve the plaintiffs from complying with the procedural rules of joinder of new claims and parties.

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)-(d). Further, unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims... as the party has against an opposing party." Thus multiple claims

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

In this case, Plaintiffs Benshoof, Gage, and Maggitti filed a combined Amended Complaint (Dkt. 88) without complying with Fed. R. Civ. P. 15 because they did not a file a motion to join claims and parties. Moreover, the newly added Plaintiff Maggitti's claims failed the commonality and same transaction requirements.

In addition, new added Plaintiffs Gage and Maggitti have not filed motions to proceed in forma pauperis (IFP), nor has a filing fee been paid in this matter.

The Ninth Circuit has recently addressed the issue of paying fees in the context of the Prison Litigation Reform Act (PLRA) and joined the Third, Seventh, and Eleventh Circuits in holding that each prisoner proceeding IFP must pay the full amount of a filing fee. *Johnson v. High Desert State Prison*, 23-15299, 2025 WL 301702 at *6 (9th Cir. Jan. 27, 2025). The Court noted that "while both 28 U.S.C. §§ 1914 and 1917 contemplate paying one filing fee per proceeding, § 1915 contemplates paying one filing fee *per litigant*. The plain text of the different statutes makes this clear. Section 1914(a) requires that "the parties ... pay a filing fee," and section 1917 requires a filing fee for "any separate or joint notice of appeal." Section 1915, by contrast, provides that "the prisoner shall be required to pay the full amount of a filing fee." *Id*. at *6 (emphasis in the original).

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 10

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

In this case, none of the plaintiffs have paid the filing fee. Plaintiff Briana Gage was dismissed without prejudice from this case for failure to prosecute and comply with a Court order. Dkt. 63. Prior to the dismissal, Ms. Gage was granted in forma pauperis (IFP) status. Dkt. 9. Even though this Court allowed co-plaintiff Benshoof leave to amend (Dkt. 85), such order does not relieve Plaintiff Gage from complying with her obligation regarding refiling her case. Ms. Gage has not paid the filing fee nor has she submitted a motion to proceed in forma pauperis (IFP). Thus, this Court should issue an order to show cause regarding Plaintiff Brianna Gage.

Plaintiff Urve Maggitti has been added as a Plaintiff in this lawsuit (See Amended Complaint, Dkt. 88). Even though this Court allowed co-plaintiff Benshoof leave to amend (Dkt. 85), such order does not relieve a new Plaintiff from complying with the obligation to pay the filing fees or submit a motion to proceed in forma pauperis (IFP). Thus, this Court should issue an order to show cause regarding Plaintiff Urve Maggitti.

Finally, the defendants addressed Benshoof's situation in the subsequent section.

### C. GOVERNMENT DEFENDANTS' MOTION TO SHOW CAUSE WHY PLAINTIFF BENSHOOF SHOULD RETAIN HIS IN FORMA PAUPERIS (IFP) STATUS.

The Defendants move for this Court to issue an order for Plaintiff Benshoof to show cause why he should retain his in forma pauperis (IFP) in this case. Reviewing Benshoof's pending actions, it appears that Mr. Benshoof has been able to pay two appellate fees of $605 each in January 2025. The Defendants move for this Court to take judicial notice of the docket in case 2:24-mc-00060-JNW (Dkt. 17, appeal pending in the 9 Cir., case 25-498), and docket in case 2:24cv-01110-JNW (Dkt. 30, appeal pending in the 9 Cir., case 25-552). In addition, the defendants request this Court to take notice of the docket in Mr. Benshoof's case in King County Superior Court, case 24-1-02680-7 SEA. In that case, Mr. Benshoof entered into a bond agreement for $250,000.00 and was released to electronic home detention (*Decl. Viola Villanueva*, Exhibit E

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 11

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

and ¶7). Mr. Benshoof initially filed this case in March 2024, but since November 2024, he entered into a bond agreement for a substantial amount, has been released to electronic home detention, and has been able to pay at least 2 filing fees of $605 in January 2025 without requesting to proceed in pauperis on those appeals. This information suggests that Benshoof's financial situation has improved during the course of litigation; thus, it should constitute good cause for an order directing Plaintiff Benshoof to show cause why he should retain his in forma pauperis (IFP) in this case.

## D. PLAINTIFFS' FIRST CAUSE OF ACTION TITLED "NEGLIGENCE" SHOULD BE DISMISSED (CAUSE OF ACTION 1)

Plaintiffs Benshoof and Gage claimed that the City of Shoreline and King County failed to train officers Akers, DeMuse, Thompson, and Tseten "regarding the negligent unlawful restrain of Benshoof's class", Dkt. 88, ¶190. In addition, they claimed that "Akers, Thompson, and Tseten acted under color of law to force Benshoof from the Central Markets under threat of arrest" *Id*. ¶188.

This claim was previously pleaded under the Eight Cause of Action, "Negligence, Unlawful Imprisonment" of the prior Complaint (See Dkt. 14 at 34), and the Court declined to exercise supplemental jurisdiction for the State Law Claims. Dkt. 85 at 16.

This Court should dismiss this claim. First, the Amended Complaint fails to comply with Rule 8(a)(2), (d)(1) since this claim does not contain simple, concise, and direct allegations, nor does the statements of the claim show that the pleaders are entitled to relief. The Plaintiffs do not indicate with specificity what actions attributed to each defendant were, nor do they specify even the date of the alleged violation. The plaintiffs do not even identify the date of the alleged violations. The claim made references to RCW 9A.40.010(6) and the definition of retraining. Dkt. 88, ¶192.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 12

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

While these references are made regarding Plaintiff Benshoof, it remains unclear what allegation Plaintiff Gage is making in this claim.

### 1. ANY STATE LAW CLAIM FOR FALSE IMPRISONMENT BASED ON ACTIONS THAT OCCURRED BEFORE MARCH 11, 2022, IS BARRED BY THE STATUTE OF LIMITATIONS (CAUSE OF ACTION 1).

In his first cause of action, Benshoof purports to raise an "unlawful imprisonment" claim, citing RCW 9A.40.040. Dkt. 88, ¶¶ 192-194. RCW 9A.40.040 is a criminal statute, defining the class C felony, unlawful imprisonment. There is no tort of "unlawful imprisonment" under Washington law, but there is a tort of false imprisonment. *Dunn v. Hyra*, 676 F.Supp.2d 1172, 1195-96 (W.D. Wa. 2009). False imprisonment requires the plaintiff to show that he was intentionally confined without justification. *Id.* Even though Plaintiff Benshoof labeled his claim "negligence," the claim indicates that "RCW 9A.40.040 was exclusively or in part to protect innocent people, including Benshoof, from unlawful imprisonment" *Id*. ¶194.

RCW 4.16.100(1) provides a two-year statute of limitations for actions for false imprisonment. That statute of limitations also applies to actions for false arrest. *Heckart v. City of Yakima*, 42 Wash. App. 38, 708 P.2d 407 (1985).

To the extent that Benshoof's eighth cause of action is a claim for the Washington State law tort of false imprisonment based on actions of Shoreline, King County, Akers, or Thompson prior to March 11, 2022, that cause of action is barred by the statute of limitations.

In addition, Defendants DeMuse and Tseten have been added to this lawsuit for the first time in the Amended Complaint, so the actions against them are also barred by the statute of limitations.

Although Plaintiff Gage is named on the claim, there is no pleading regarding how she allegedly suffered any harm in the first cause of action. Regardless, she was previously dismissed

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 13

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

1  without prejudice (Dkt. 63), so the statute of limitations continues to run as if the suit had never

2  been filed. A dismissal without prejudice did not toll the statute of limitations. Plaintiff Gage's

3  claim is barred.

### 2.  BENSHOOF AND GAGE'S STATE LAW CLAIM OF UNLAWFUL IMPRISONMENT CLAIM IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 1).

6      Should this Court agree that the federal law claims are inadequately pleaded, this Court can

7  decline to exercise supplemental jurisdiction over remaining state law claims. *See* 28 U.S.C.

8  §1367(c)(3). If this Court does exercise supplemental jurisdiction over Benshoof and Gage's first

9  cause of action based on state law, it should be dismissed as well.

10     Benshoof seemingly accuses the officers of violating RCW 9A.40.040, which defines the

11  crime of unlawful imprisonment, a class C felony. As argued by co-defendants T&C and Fagan,

12  only the Attorney General of Washington or county prosecuting attorneys and their deputies have

13  the authority to initiate and prosecute felony prosecutions in Washington. RCW 36.27.020; RCW

14  36.27.040; RCW 43.10.232. Benshoof lacks authority to bring a state criminal law charges.[1]

15     As argued above, any cognizable tort action for false imprisonment based on events that

16  occurred in 2021 would be barred by the statute of limitations contained in RCW 4.16.100(1).

17     Moreover, Benshoof and Gage have not pled compliance with the procedural requirements

18  for their state law claims against a local governmental entity set forth in RCW 4.96.020(4)

19  (prohibiting action against local government entity or employees until 60 days after a claim

20  presented to the entity). *See Richmond v. Spokane County, Washington*, No. 2:23-cv-129-SMJ,

21  2021 WL 4951574, *2 (E.D.Wa. October 25, 2021) (dismissing state law claim for failure to

22  comply with RCW 4.96.020).

23

---

[1] In addition, this Court has no jurisdiction to adjudicate a state law criminal charges.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 14

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

In addition, even if Benshoof's cause of action was construed as false imprisonment, the facts alleged are clearly insufficient as a matter of law to establish that claim. False imprisonment occurs when a person is restrained or imprisoned without legal authority. *Bender v. City of Seattle*, 99 Wash.2d 582, 591, 664 P.2d 492 (1983). After speaking with the officers and being given the trespass admonishment, Benshoof was free to leave. He has not alleged that he was arrested or imprisoned in any way by Akers, Thompson, DeMuse, or Tseten. Even if he had been briefly restrained, the officers had articulable suspicion that Benshoof was violating the store's lawful policies and thus was committing the crime of criminal trespass. *See Terry v. Ohio,* 392 U.S. 1 (1968); RCW 9A.52.080; RCW 9A.52.090; *Doscher v. Timberland Regional Library*, No. 22-36071, 2024 WL 3508048, *1 (9th Cir. July 23, 2024) (holding officers' seizure of plaintiff was reasonable where he remained in the library without permission which constituted criminal trespass).

### 3. BENSHOOF AND GAGE'S STATE LAW NEGLIGENCE CLAIM IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 1).

Even if the Court assesses this claim as a negligence claim, it fails. As mentioned above, Benshoof and Gage have not pled compliance with the procedural requirements for their state law claims against a local governmental entity set forth in RCW 4.96.020(4) (prohibiting action against local government entity or employees until 60 days after a claim presented to the entity). *See Richmond v. Spokane County, Washington*, No. 2:23-cv-129-SMJ, 2021 WL 495157 4, *2 (E.D.Wa. October 25, 2021) (dismissing state law claim for failure to comply with RCW 4.96.020).

Gage's claim would also be barred under the statute of limitations because it refers to actions that took place in 2021, which are barred by the statute of limitations, which is three years

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

1   (RCW 4.16.080). Because Gage's Complaint was dismissed without prejudice (Dkt. 63), the

2   statute of limitations runs as if she had never filed the lawsuit, so this action is barred.

3       Benshoof's claim against the newly added defendants, DeMuse and Tseten, is also barred

4   by the statute of limitations. Even taking into consideration the three years mark (negligence

5   claim), Plaintiff Benshoof has circumvented Rule 15 by filing an Amended Complaint without a

6   proper motion and without explaining why this claim should relate back to his original Complaint.

7   If the plaintiff's delay in adding the new party was due to inexcusable neglect, an amendment will

8   not relate back. *Segaline v. State, Dept. of Labor and Industries*, 169 Wash.2d 467 (2010). For

9   those reasons, the newly added negligence claim is barred by the statute of limitations for newly

10  added defendants DeMuse and Tseten.

11      Finally, Plaintiff's claim is insufficient because it fails to allege sufficient facts regarding

12  a negligence claim. To state a claim for negligence under Washington law, Plaintiffs must allege

13  "(1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause."

14  *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48, 914 P.2d 728 (1996). Here, the Plaintiffs

15  failed to plead a cognizable negligence claim. Their claim contains generalization and legal

16  conclusion but failed to identify the duty of each of the defendants, what individual actions breach

17  such duty, the injury, and proximate cause. In addition, the failure to train allegation against the

18  County and City of Shoreline remains conclusory and insufficient. The Court is not bound to accept

19  as true legal conclusions couched as factual allegations. Mere legal conclusions in a complaint are

20  not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). While this

21  Court must accept a complaint's well-pled facts, conclusory allegations of law and unwarranted

22  inferences will not defeat a motion to dismiss. *Vasquez v. Los Angeles County*, 487 F.3d 1246,

23  1249 (9th Cir. 2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 16

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

2   cause of action will not do. Factual allegations must be enough to raise a right to relief above the

3   speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

4          For those reasons, this claim should be dismissed.

5   /      /

6   /      /

7   /      /

8   **E.  PLAINTIFFS FEDERAL CAUSE OF ACTIONS SHOULD BE DISMISSED.**

9          **1.  PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD MONELL**
               **CLAIMS AGAINST KING COUNTY AND CITY OF SHORELINE**
10             **(CAUSES OF ACTION 2, 4, 5, 6, 7, 8, 9, and 10)**

11         The Plaintiffs have failed, again, to state a cognizable *Monell* claim against King County

12   and City of Shoreline.

13         A municipality or local government may be liable under 42 U.S.C. § 1983 if the

14   government body itself subjects a person or causes a person to be subjected to a deprivation of

15   their constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Known as a "*Monell*

16   claim*," an individual may prevail in a § 1983 action against "municipalities, including counties

17   and their sheriff's departments," if the "unconstitutional action 'implements or executes a policy

18   statement, ordinance, regulation, or decision officially adopted and promulgated by that body's

19   officers.'" *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell v.

20   Dept. of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978)). In a *Monell* claim, a plaintiff must

21   prove that action pursuant to an official policy caused their injury. *Connick*, 563 U.S. at 60. Official

22   policy includes decisions of the government's lawmakers, acts of its policymaking officials, and

23   practices so widespread and persistent as to the have the force of law. *Id.* at 61.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 17

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1   Benshoof's § 1983 claims against Akers, Thompson, DeMuse, and Tseten in their official

2   capacity must be treated as a *Monell* claim, as "the real party in interest in an official-capacity suit

3   is the governmental entity and not the named official[.]" *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

4   The same conclusion should be reached on the newly-added claims against Senior Deputy

5   Prosecuting Attorney, Ann Summers, who acted in her official capacity in this matter.

6   Mere legal conclusions in a complaint are not entitled to an assumption of truth. *Ashcroft*,

7   556 U.S. at 678-79. While this Court must accept a complaint's well-pled facts, conclusory

8   allegations of law and unwarranted inferences will not defeat a motion to dismiss. *Vasquez v. Los*

9   *Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "[A] plaintiff's obligation to provide the

10  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

11  recitation of the elements of a cause of action will not do. Factual allegations must be enough to

12  raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

13  Benshoof has failed to allege facts that support any *Monell* claims against Shoreline or

14  King County or Akers, Thompson, DeMuse, and Tseten in their official capacity. Although he

15  repeatedly refers to "practices and widespread customs," (Dkts. 88, p 34-36, ¶ 160-172), on each

16  instance, states legal conclusions but no facts. He alleges that Defendants acted according to "a

17  practice or widespread custom of treating Benshoof as if his class had no rights," "the practices or

18  widespread custom of treating Benshoof as if he had no rights," and "practices or widespread

19  customs  . . . to deny Plaintiffs the equal protection of the law." *Id.* This is precisely the sort of

20  conclusory language that cannot survive a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of*

21  *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official

22  participation in civil rights violations are not sufficient to withstand a motion to dismiss.");

23  *McTigue v. City of Chicago*, 60 F.3d 381, 382–83 (7th Cir. 1995) ("Boilerplate allegations of a

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 18

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

1   municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are

2   insufficient.... The absence of any facts at all to support plaintiff's claim renders the allegations

3   mere legal conclusions of section 1983 liability devoid of any well-pleaded facts.") (quoting

4   *Baxter by Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994)).

5       The Amended Complaint alleges only a single interaction with Akers, Thompson, DeMuse,

6   and Tseten to support his claims that those officers violated his constitutional rights. Benshoof

7   alleges that the officers gave him the trespass admonishment that was issued as a result of his

8   admitted repeated violations of T&C's face mask policy. But "[p]roof of a single incident of

9   unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the

10  incident includes proof that it was caused by an existing, unconstitutional municipal policy, which

11  policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S.

12  808, 823–24 (1985).

13      The same conclusion should be reached regarding the newly added allegations that the

14  County officials had a policy of claiming that Maggitti was "practicing law without a license" by

15  filing documents on Benshoof's behalf. Dkt. 88, p. 36, ¶171. However, the plaintiff refers to a

16  single interaction that took place on October 16, 2024 (*Id.* p. 27 ¶121-123), which is insufficient

17  to support a *Monell* claim.

18      There are no factual allegations to support any *Monell* claim and thus the § 1983 claims

19  against the governmental entities should be dismissed without leave to amend.

20          **2.  DEFENDANTS AKERS, THOMPSON, DEMUSE, AND TSETEN ARE
              ENTITLED TO QUALIFIED IMMUNITY (Cause of Action 2, 5, 6 and 7)**

21

22      Defendants Akers, Thompson, DeMuse, and Tseten, in their individual capacities, move

    to dismiss because Plaintiff's claims do not allege a violation of any constitutional rights, and

23
    even if they did, the right was not clearly established at the time.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 19

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

This Court has previously found that the plaintiff "does not plausibly allege that Defendants Akers or Thompson violated his constitutional rights, thus entitling them to qualified immunity on the facts currently alleged" (Dkt. 85 at 12). Even though the plaintiff added new co-defendants, DeMuse and Tseten, the factual allegations still do not support a violation of his constitutional rights.

Qualified immunity is a defense available to government officials sued in their individual capacities. *Community House, Inc. v. City of Boise Idaho*, 623 F.3d 945, 965 (9th Cir. 2010). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The qualified immunity analysis involves two steps: (1) did the officer's conduct violate a constitutional right, and (2) was that right clearly established at the time of the alleged violation. *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018), *cert. denied*, 139 S.Ct. 381 (2018). When conducting the first step, the court takes the facts in the light most favorable to the plaintiff. *Id.* As to the second step, "[a]n officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it, meaning that existing precedent ... placed the statutory or constitutional question beyond debate." *City and County of San Francisco, Cal. v. Sheehan*, 575 U.S. 600, 611 (2015) (alteration and omission in original; citation omitted). This is an "exacting standard" that "gives government officials breathing room to make reasonable but mistaken judgments by protect[ing] all but the plainly incompetent or those who knowingly violate the law." *Id.* (alteration in original; internal quotation marks omitted). Immunity questions should be

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 20

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1    resolved at the earliest possible stage of the litigation. *Pearson*, *supra*, 555 U.S at 232. This Court

2    may exercise its discretion in deciding which of these two prongs to address first. *Id.* at 236.

3        Benshoof alleges that Akers, Thompson, and Tseten violated his First Amendment right of

4    free exercise of religion (Cause of action 2), his Fourth Amendment right, unlawful seizure claim

5    (Cause of action 5), his Fourteenth Amendment right, deprivation of liberty and equal protection

6    (cause of action 6 and 7) by advising him pursuant to the trespass admonishment that he would be

7    subject to arrest if he returned to the Central Market at 15505 Westminster Way.

8        This Court has previously addressed the freedom of religion claim and equal protection

9    (Dkt. 85 at 12). The plaintiff has not cured the pleading deficiencies. Benshoof again alleged that

10   his firmly held religious beliefs "require him to confront, expose, and seek redress against liars

11   and their lies" Dkt. 88 ¶4, and that his "firmly held spiritual belief proscribe him being coerced to

12   wear a face covering." *Id*. ¶1. The complaint fails to plausibly identify any First Amendment

13   violation. Enforcement of a masking policy in a grocery store does not implicate the free exercise

14   of religion. "A person asserting a free exercise claim must show that the government action in

15   question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d

16   1023, 1031 (9th Cir. 2015). "A substantial burden…place[s] more than an inconvenience on

17   religious exercise; it must have a tendency to coerce individuals into acting contrary to their

18   religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate

19   his beliefs." *Id.* at 1031-32 (internal quotation marks and punctuation omitted). *See also Denis v.*

20   *Ige*, 538 F.Supp.3d 1063, 1076 (D. Haw. 2021) (denying free exercise challenge to mask

21   mandates). Benshoof does not identify how or why the tenets of his religion proscribe masks and

22   he fails to describe how T&C's mask policy placed a substantial burden on the exercise of that

23   religion. In addition, employees of the store offer the alternative of wearing a face shield in lieu of

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 21

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

a face mask (Dkt. 88 ¶42), and the plaintiff also fails to explain why this alternative would also place a substantial burden on the exercise of his religion. *Gardner v. Brown*, No. C21-1256, 2023 WL 11022871, at *5 (D. Or. Nov. 3, 2023) ("Neither does [Plaintiff] identify the tenets of his religion, allege that his sincerely held religious beliefs reject the use of face masks, nor describe how the mask mandate substantially burdens the practice of his religion."). The complaint contains no factual allegations from which it could reasonably be inferred that the defendants Akers, Thompson, and Tseten substantially burdened Benshoof's religious practices.

Benshoof only added Deputy DeMuse to his seventh cause of action, an equal protection claim. Dkt. 88 ¶276. Plaintiff Gage is also added to this claim. Id. ¶¶275, 278. Benshoof and Gage failed to cure the deficiencies in their equal protection claim. They have failed to allege facts to support a finding of discrimination based on his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The first step in equal protection analysis is to identify the asserted classification of groups by the defendants. *Thornton v. City of St. Helen's*, 425 F.3d 1158, 11166 (9th Cir. 2005). Benshoof has not alleged that he was treated differently due to some protected class membership. Indeed, Benshoof's primary grievance is that he was treated the same as everyone else when T&C required him to wear a mask. His equal protection claim lacks any merit.

Benshoof's claims that Akers, Thompson, and Tseten's issuance of the trespass admonishment implicated Benshoof's right under the Fourth and Fourteenth Amendments (unlawful seizure and deprivation of liberty) are unsupported by any relevant factual allegations and are patently frivolous. The plaintiff was served with a criminal trespass order, and from there, he alleges that his liberty was restrained under a threat of immediate arrest (Dkt. 88 ¶256). The defendants do not find any caselaw that would support the allegation that service of a trespass

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 22

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

notice would constitute seizure or deprivation of liberty; thus, they are entitled to qualified immunity.

Akers, Thompson, DeMuse, and Tseten are entitled to qualified immunity because Benshoof fails to plausibly allege any violation of his constitutional rights. Even if he did, Benshoof cannot demonstrate that any constitutional right he had to enter a grocery store without a mask during the COVID-19 pandemic against the store's policy was clearly established in April of 2021.

### 3. PLAINTIFF'S THIRD AND EIGHT CAUSES OF ACTION AGAINST SENIOR DEPUTY PROSECTING ATTONEY ANN SUMMERS SHOULD BE DISMISSED WITH PREJUDICE (CAUSE OF ACTION 3 and 8)

Plaintiffs' claims against Senior Deputy Prosecuting Attorney Ann Summers are unsupported by any relevant factual allegations and are patently frivolous. Plaintiff Maggitti and Benshoof attempt to construe a First Amendment Retaliation and Equal Protection Clause action under 42 U.S.C. §1983.

Plaintiffs alleged that the motion to strike filed in this case at Dkt. 69 constitutes a threat. In that motion, Defendant Summers filed a motion to strike a pleading apparently drafted by Urve Maggitti at the request of Benshoof, noting that Maggitti does not appear to be a licensed attorney and citing case law for the proposition that a person preparing legal forms is practicing law. Dkt. 88 ¶¶123, 124. According to the Amended Complaint, County officials made thinly veiled threats against Maggitti when Maggitti filed documents on Benshoof's behalf, pursuant to Section 35 of the Judiciary Act of 1789[2]. *Id.* ¶116. The plaintiff added that Defendant Summers works in the King County Office of the Prosecuting Attorney, which initiates criminal prosecutions. *Id.* ¶228.

---

[2] Section 35 of the Judiciary Act of 1789 reads, in pertinent part, that "in all courts of the United States, the parties may plead and manage their own causes personally or by assistance of such

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 23

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1    Senior Deputy Prosecuting Attorney Ann Summers is entitled to absolute immunity. State

2    prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.

3    See *Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009); *Kalina v. Fletcher*, 522 U.S. 118,

4    123–25 (1997). Government civil attorneys are also entitled to absolute prosecutorial immunity.

5    See *Fry v. Melaragno*, 939 F.2d 832, 837–38 (9th Cir. 1991). "Whether the government attorney

6    is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or

7    an agency hearing, absolute immunity is "necessary to assure that ... advocates ... can perform their

8    respective functions without harassment or intimidation." *Id*. at 837 (internal citation omitted). If

9    the government attorney is performing acts "intimately associated with the judicial phase" of the

10   litigation, that attorney is entitled to absolute immunity from damage liability. *Id*. at 837.

11   In this case, Defendant Ann Summers filed a motion to strike (Dkt. 69), which clearly is

12   intimately associated with the judicial phase. Even if the Court would extend Plaintiff's allegation

13   to a potential decision to prosecute, such a decision would still be covered by absolute immunity.

14   Deciding whether and when to prosecute is an activity intimately connected with the judicial phase

15   of a criminal process and covered by immunity. *See Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th

16   Cir. 2001.

17   In addition, Defendant Summers is entitled to qualified immunity because the plaintiffs

18   have failed to properly plead any violation of constitutional rights and that such rights were clearly

19   established. The plaintiffs have not pleaded the elements for a retaliation claim, and their equal

20

21

22   counsel or attorneys at law as by the rules of the said courts respectively shall be permitted to
     manage and conduct causes therein." Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92

23   (1789). As subsequently amended, it is now 28 U.S.C. § 1654, which reads: "In all courts of the
     United States the parties may plead and conduct their own cases personally or by counsel as, by
     the rules of such courts, respectively, are permitted to manage and conduct causes therein."

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 24

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

protection claim is faulty because they did not allege any classification group, nor do they allege any protected class to support an equal protection claim.

Finally, once again, the plaintiffs' allegation that the attorneys "coordinate[d] their threats" to prosecute Maggitti (Dkt. 88 ¶¶ 122-123, 130) is a conclusory and unsupported allegation that does not survive the pleading standard under Rule 8.

### 4. PLAINTIFFS' CLAIM UNDER § 1985, CONSPIRACY TO OBSTRUCT JUSTICE AND CONSPIRACY TO DEPRIVE RIGHTS SHOULD BE DISMISSED (CAUSE OF ACTION 9 and 10).

Plaintiffs Maggitti and Benshoof alleged two violations of 42 U.S.C. § 1985 that overlap with § 1983. Even though Maggitti was added as a Plaintiff, these allegations are essentially a repeat of the prior cause of actions Tenth and Eleventh of the original Complaint, which were dismissed with leave to amend. Dkt. 85.

Plaintiffs' claim under §1985(2) appears to be almost identical to the original complaint. Compare Dkt. 14 ¶230-235 and Dkt. 88 ¶299-303. The plaintiffs changed the mention of Gage for Maggitti and updated the list of Defendants. However, the assertions remained conclusory. This Court has previously dismissed this claim, noting that Plaintiff's allegations do not relate to access to any courts or court proceedings, so the defendants could not be liable under this statute. Dkt. 85 at 14. In addition, conclusory allegations that a private party "conspired" with a state officer are not enough to support a Section 1983 claim. *See Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989) ("[C]onclusory allegations that [defendants] conspired do not support a claim for violation of his constitutional rights under Sec. 1983[.]"); *see also O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1182 (N.D. Cal. 2022) ("Generalized statements about working together do not demonstrate joint action.").

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 25

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

Plaintiffs' claims under § 1985(3) also appear to be almost identical to the original complaint. Compare Dkt. 14 ¶236-242 with Dkt. 88 ¶304-310. Again, Maggitti was added as Plaintiff, and the list of defendants was updated. However, the plaintiffs have not pleaded the essential elements of the claim: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges or immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (9th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). Section 1985(3) "does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Id. (quoting *Griffin*, 403 U.S. at 101–02). As the Court has previously noted, the Plaintiffs do not allege membership in a protected class or discriminatory based thereon. Nor does Plaintiff allege conspiracy to violate any rights protected against both private and official encroachment.

Because the Plaintiffs failed to cure their claims under §1985, they should be dismissed without leave to amend.

## F. BENSHOOF'S ADA CLAIM UNDER TITLE III IS INSUFFICIENT AS A MATTER OF LAW (CAUSE OF ACTION 4)

Plaintiff Benshoof renewed his claim regarding public accommodations, but this time, he asserted under the ADA Title III, citing Pub. L. 101-336, Title III §302, 42 U.S.C. § 12182. Dkt. 88 ¶235. He describes this claim as based on T&C's discriminatory animus in denying service to Benshoof based on his perceived "physical or mental impairment" *Id.* ¶238. This claim is labeled "Central Markets" *Id.* at 47.

To prevail on his Title III discrimination claim, Benshoof must show that "(1) [he is] disabled within the meaning of the ADA; (2) the defendant is a **private entity** that owns, leases, or operates a place of public accommodation; and (3) [he] was denied public accommodations by

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1    the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir.

2    2007) (citing 42 U.S.C. §§ 12182(a)- (b)). A defendant discriminates based on the plaintiff's

3    disability by "(a) failing to make a requested reasonable modification that was (b) necessary to

4    accommodate the plaintiff's disability." *Mora v. Burn & Plastic Hand Clinic*, No. C23-1008-JLR,

5    2023 WL 7128855, at *3 (W.D. Wash. Oct. 30, 2023); see *Townsend v. Quasim*, 328 F.3d 511,

6    518 (9th Cir. 2003) ("As the regulatory language makes clear, entities are required only to make

7    reasonable changes in existing policies in order to accommodate individuals' disabilities."

8    (emphasis in original)).

9        Benshoof alleges ADA Title III claims against King County, the City of Shoreline, William

10   Akers, Paul Thompson, and Jampa Tseten (Dkt. 88 ¶234). He does not, however, allege that they

11   are "private entit[ies] that ow[n], leas[e], or operat[e] a place of public accommodation," as

12   required to state a claim under this section of the ADA. They are government actors; therefore, he

13   cannot state an ADA claim against them under Title III.

14       In addition, this Court should not construe his Amended Complaint as to include an ADA

15   Tittle II claim. Under Title II of the ADA, Benshoof must show that "(1) he is a 'qualified

16   individual with a disability'; (2) he was either excluded from participation in or denied the benefits

17   of a public entity's services, programs, or activities, or was otherwise discriminated against by the

18   public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his

19   disability." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737-38 (9th Cir. 2021). Here,

20   Benshoof's allegation refers to services by a private entity, Central Market (Town & Country

21   Market). In addition, to the extent that Benshoof sued public employees, Akers, Thompson, and

22   Tseten, his claim also should be dismissed. ADA does not allow Title II claims against individual

23   defendants. *Walsh v. Nev. Dep't of Hum. Res*., 471 F.3d 1033, 1037 (9th Cir. 2006) ("individual

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 27

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 Fax (206) 296-0191

1    defendants cannot be held personally liable for violations of the ADA"); *Vinson v. Thomas*, 288

2    F.3d 1145, 1156 (9th Cir. 2002) (holding plaintiff cannot sue state officials in their individual

3    capacities to vindicate rights created by the ADA).

4        Finally, under either Title, Benshoof's claim fails because he has not identified a disability

5    that would have prevented him from wearing a mask. Benshoof alleged a perceived "physical or

6    mental impairment" Dkt. 88. ¶238, but he does not explain what his disability is, nor does he

7    explain how that disability prevents him from wearing the mask. In addition, not wearing a mask

8    was Benshoof's only "reasonable modification" request but fails to assert any facts establishing

9    that such modification was necessary to accommodate his disability. In this case, Benshoof alleged

10   that T&C employees offered him to wear a face shield in lieu of a mask (Dkt. 88 ¶¶42,44). *see*

11   *also A.L. ex rel. D.L. v. Walt Disney Parks & Resorts U.S., Inc.*, 900 F.3d 1270, 1296 (11th Cir.

12   2018) ("[F]acilities are not required to make the preferred accommodation of plaintiffs' choice.").

13       The Washington State Governor and health officials instituted several emergency measures

14   and proclamations, including orders requiring face coverings, with limited exceptions and

15   exemptions, during the COVID-19 pandemic. *See Doscher v. Timberland Reg'l Libr.*, No. 3:22-

16   CV-05340- RJB, 2022 WL 17667907, at *1 (W.D. Wash. Dec. 14, 2022), appeal dismissed (Jan.

17   6, 2023) (recounting Washington state emergency measures to slow the spread of COVID-19);

18   *Doscher v. Timberland Reg'l Libr.*, No. 3:22-CV-05340-RJB, 2022 WL 4534403, at *2 (W.D.

19   Wash. Sept. 28, 2022) (taking judicial notice of Washington State Governor's COVID-19

20   emergency proclamations). To the extent Benshoof demanded that stores take action inconsistent

21   with the prevailing public health orders, his accommodation requests were unreasonable.

22       For those reasons, Benshoof's ADA claim under Title III should be dismissed.

23   /    /

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 28

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1   /     /

2   /     /

3   **G. NOTICE OF INTENT TO FILE MOTION AGAINST PLAINTIFF KURT BENSHOOF
        AS VEXATIOUS LITIGANT AND MOTION FOR RELIEF OF CONFERRAL
        REQUIREMENT**.

4       This Court's standing order requires parties to make a meaningful effort to confer prior to

5   filing a motion. Mr. Benshoof has a history of harassing behavior toward participants of the judicial

6   system, including attorneys and judges. *See Decl. Viola Villanueva, Exhibits A, B, C, and D,* . In

7   addition, *see (1) Benshoof v. Fauce et al., 2:22-cv-01281-LK;(2) Benshoof v Keenan et al., 2:23-*

8   *cv-00751-RA; (3) Benshoof et al. v. Admon* et al., 2:23-cv1392-JNW (which currently has a motion

9   for vexatious litigant against Benshoof, Dkts. 250 & 258), (4) *Benshoof v. Keenan*, 2:24-cv-00382-

10  JNW; (5) *Benshoof v. Ferguson et al.*, 2:24-cv-00808-JHC; (6) *City of Seattle v. Benshoof*, 2:24-

11  0057-JNW (removal action filed by Benshoof); (7) *State of Washington v. Benshoof*, 2:24-mc-

12  00060-JNW (removal action filed by Benshoof). Now in this case, Benshoof is also suing the

13  attorneys who participated in this matter, Ann Summers, Courtney J. Olson, and Adam R. Asher.

14  In light of these facts, the undersigned counsel concludes that there is no possibility of

15  meaningfully conferring with Mr. Benshoof, and requests that this Court grant relief from

16  conferring before filing a motion for vexatious litigant.

17

18              **IV.    CONCLUSION**

19      This case should be dismissed with prejudice. All Benshoof's claims against them should

20  be dismissed with prejudice without leave to refile as the claims are frivolous and amendment

21  would be futile.

22      The Court should relieve the parties from the obligation to confer prior to bring a motion

23  to declare Plaintiff Benshoof vexatious litigant in this matter.

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 29

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

*I certify that this Memorandum contains 7,556 words in compliance with Local Civil Rules.*

DATED this 3rd day of February, 2025.

<p style="margin-left: 40%;">LEESA MANION (she/her)<br>
King County Prosecuting Attorney</p>

<p style="margin-left: 40%;">By: <u>/s/ Santiago Voila Villanueva</u><br>
SANTIAGO VIOLA VILLANUEVA, WSBA #54071<br>
Senior Deputy Prosecuting Attorney<br>
Attorney for City of Shoreline and King County<br>
Defendants<br>
701 5th Avenue, Suite 600<br>
Seattle, WA 98104<br>
Phone: (206) 477-1120/Fax: (206) 296-0191<br>
sviolavillanueva@kingcounty.gov</p>

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 30

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

## CERTIFICATION OF CONFERRAL

I certify that I attempted to confer with all the Plaintiff by emailing them and setting a conference call. I participated in a conference call with Plaintiffs Kurt Benshoof and Urve Maggitti, and counsel for co-defendants on February 3, 2025. Plaintiff Gage did not participate of the call. I made reasonable efforts to reach agreement with Plaintiffs on the relief sought in this Motion. Plaintiffs oppose the relief sought in this Motion.

DATED the 3rd day of February, 2025.

By: */s/ Santiago Voila Villanueva*
SANTIAGO VIOLA VILLANUEVA, WSBA #54071

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send automatic notification to all the registered parties. I also hereby certify that on February 3, 2025, I sent the same electronically and via US Postal Service to the following:

Uvre Maggitti
244 Blackburn Drive
Berwyn, PA 19312
Uvre.maggitti@gmail.com
*Pro Se Plaintiff*

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 3rd day of February, 2025.

RAFAEL A. MUNOZ-CINTRON
Paralegal I – Litigation Section
King County Prosecuting Attorney's Office

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 31

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191