The Honorable Tana Lin
United States District Court Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF, BRIANA D. GAGE, and UVRE MAGGITI | )<br>) No. 2:24-cv-00343-TL<br>) |
| Plaintiffs, | )<br>) DECLARATION OF SANTIAGO |
| v. | ) VIOLA VILLANUEVA IN SUPPORT<br>) OF DEFENDANT'S MOTION TO |
| CITY OF SHORELINE, KING COUNTY, TOWN & COUNTRY MARKETS, EVAN B. FAGAN, WILLIAM C. AKERS, MR. THOMPSON, JAMPA TSETEN, NICHOLAS W. DEMUSE, COURTNEY J. OLSON, ADAM R. AHSER and ANN M. SUMMERS | ) DISMISS PURSUANT TO FED. R.<br>) CIV. P. 12b<br>)<br>) *Noted for March 7, 2025*<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

I, Santiago Viola Villanueva, declare as follows:

1. I am over the age of 18 and I am competent to testify as to the matters stated herein. I am the representing Defendants Shoreline, King County, Senior Deputy Prosecuting Attorney Ann Summers, Deputies Akers and DeMuse, and Detectives Thompson and Tseten in this case.

2. Attached as **Exhibits A** is a true and correct copy of the Order Granting Defendant's joint Motion for Vexations Litigant Order Against Plaintiff [Benshoof], and Temporary

DECLARATION OF SANTIAGO VIOLA VILLANUEVA
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b [No. 3:24-cv-00343-TL] - 1

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

Order Restricting Abusive Litigation By Kurt Benshoof filed on March 6, 2023, *in Benshoof v. Cliber et al.*, King County Superior Court Cause No. 22-2-15958-8 SEA

3. Attached as **Exhibit B** is a true and correct copy of the Order Restricting Abusive Litigation of Kurt Benshoof file on March 31, 2023, *in Benshoof v. Cliber et al.*, King County Superior Court Cause No. 22-2-15958-8 SEA

4. Attached as **Exhibit C** is a true and correct copy of the Clerk's Minutes regarding a contempt motion against Kurt Benshoof, filed on February 29, 2024, in *Benshoof v. Cliber et al.,* King County Superior Court Cause No. 22-2-15958-8 SEA.

5. Attached as **Exhibit D** is a true and correct copy of the Order Finding of Contempt and Imposing Sanctions Against Plaintiff Kurk Benshoof, filed on March 1, 2024, in *Benshoof v. Cliber et al.,* King County Superior Court Cause No. 22-2-15958-8 SEA.

6. Attached as **Exhibit E** is a true and correct copy of the Bond filed on November 18, 2024, in *State of Washington v. Kurt Benshoof*, King County Superior Court Cause No. 24-1-02680-7 SEA,

7. According to the King County Department of Adult Detention's "Subject Lookup Tool" located at https://dajd-jms.powerappsportals.us/public/subject-lookup/  as of today's date Benshoof is currently in Electronic Home Detention.

8. I am aware of this Court's standing order that requires parties to make a meaningful effort to confer prior to filing a motion. This party attempted to communicate with Plaintiff Benshoof, Gage, and Maggitti over email outlining the arguments of the motion to dismiss receiving an email response by Plaintiff Benshoof. In addition, a conference call was set for February 3, 2025, at 10am in which Benfhoof and Maggitti

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1    participated. Plaintiff Gage did not participate of the call, nor she has responded to the

2    email communication

3        I declare under penalty of perjury under the laws of the United States of America and the

4    State of Washington that the foregoing is true and correct.

5        Signed this 3rd day of February, 2025 at Seattle, Washington.

6     

7        Santiago Viola Villanueva

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DECLARATION OF SANTIAGO VIOLA VILLANUEVA
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12b [No. 3:24-cv-00343-TL] - 3

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

# Exhibit A

1

2   The Honorable Marshall Ferguson
    Hearing Date: March 3, 2023
3   *Without* Oral Argument

4

5

6

7               SUPERIOR COURT OF THE STATE OF WASHINGTON
                          FOR KING COUNTY
8

KURT BENSHOOF,                              NO. 22-2-15958-8 SEA
9
                    Plaintiff,              ORDER GRANTING DEFENDANTS'
10  v.                                      JOINT MOTION FOR A VEXATIOUS
                                            LITIGANT ORDER AGAINST
11  NATHAN CLIBER, JESSICA OWEN,            PLAINTIFF, AND <u>TEMPORARY</u> ORDER
    MAGALIE LERMAN, and OWEN                RESTRICTING ABUSIVE LITIGATION
12  HERMSEN                                 BY KURT BENSHOOF

13                                          *[Clerk's Action Required]*
                    Defendants.
14

15          This matter came before the Court on the motion of Defendants Jessica Owen, Nathan

16  Cliber, Magalie Lerman, and Owen Hermsen's ("Defendants") Joint Motion for a Vexatious

17  Litigant Order against Plaintiff ("Motion"). The Court considered the records and files herein,

18  including:

19          a)      Defendants' Joint Motion;

20          b)      Declaration of Anthony S. Marinella,

21          c)      Declaration of Nathan Cliber;

22          d)      Declaration of Moshe Admon;

23          e)      Declaration of Magalie Lerman;

24          f)      Declaration of Owen Hermsen;

25

ORDER GRANTING JOINT MOTION                          JUDGE MARSHALL FERGUSON
AND TEMPORARY ORDER                                  KING COUNTY SUPERIOR COURT
RESTRICTING ABUSIVE LITIGATION                       516 THIRD AVENUE
BY KURT BENSHOOF - 1                                 SEATTLE WA 98104
                                                     (206) 477-1513



g) Plaintiff's Response to Defendants' Joint Motion for a Vexatious Litigant Order Against Plaintiff;

h) Plaintiff's Fourth Affidavit;

i) Affidavit of Kurt Benshoof, Plaintiff;

j) Affidavit of Azhrael Rune Walker;

k) Defendants' Reply in Support of their Joint Motion for a Vexatious Litigant Order Against Plaintiff;

l) The Reply Declaration of Kyle J. Rekofke; and

m) The Supplemental Declaration of Moshe Admon.

Being otherwise fully advised on the matter, the COURT HEREBY ORDERS:

1. Defendants' Joint Motion is GRANTED. The Court concludes that Plaintiff Kurt Benshoof is a vexatious litigant, that he has engaged in an extensive pattern of abusive litigation and weaponization of the court system against Defendants, and that Defendants are entitled to entry of an order restricting Mr. Benshoof's ability to file further abusive legal actions against them.

2. **No later than noon on Friday, March 31, 2023**, Defendants shall submit for the Court's review a separate proposed order captioned "Order Restricting Abusive Litigation Of Kurt Benshoof". The Court intends that the prefiling restrictions contained in such proposed order will replace and supersede the prefiling restrictions contained in this Order which, as set forth below, only *temporarily* restrict Mr. Benshoof's ability to file new litigation against Defendants. All Defendants in the instant lawsuit shall be identified as the protected parties in the proposed order. Pursuant to *DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) and other

ORDER GRANTING JOINT MOTION
AND TEMPORARY ORDER
RESTRICTING ABUSIVE LITIGATION
BY KURT BENSHOOF - 2

authorities cited in Defendants' Motion, the proposed order shall list all of Mr. Benshoof's abusive case filings and set forth substantive findings of fact regarding the frivolous and vexatious nature of his filings. The proposed order should contain the prefiling restrictions set forth below and should indicate that the duration of the prefiling restrictions against Mr. Benshoof will be five (5) years from the date of entry. The Court will review the proposed order and may revise it prior to entry.

3.    While the Court awaits the finalization of the above-referenced proposed order, and to prevent Mr. Benshoof from filing further abusive lawsuits against Defendants in the meantime, the Court temporarily imposes the following prefiling restrictions, which are in effect immediately and shall not expire until 11:59 p.m. on March 31, 2023.

4.    Kurt Benshoof is hereby **ENJOINED AND RESTRAINED,** in both an individual and in any representative capacity, from initiating any litigation whatsoever in any Superior Court in the state of Washington against Defendants, their attorneys, their friends and family, or any other person related or connected to Defendants (collectively, "Persons Covered by This Order"), unless Mr. Benshoof first obtains advance approval from this Court.

5.    To obtain advance approval from this Court, Mr. Benshoof shall submit an application to the undersigned Judge/Department 31 in the form of a one-page document, in twelve-point type, that provides a summary of the parties involved and the proposed claims or issues.[1] The proposed complaint/petition shall be attached to the summary. No other exhibits

---

[1] Mr. Benshoof shall submit the application by filing it under the current case caption, King County Superior Court Case No. 22-2-15958-8 SEA, with copies served on all parties and counsel of record.

ORDER GRANTING JOINT MOTION
AND TEMPORARY ORDER
RESTRICTING ABUSIVE LITIGATION
BY KURT BENSHOOF - 3

JUDGE MARSHALL FERGUSON
KING COUNTY SUPERIOR COURT
516 THIRD AVENUE
SEATTLE WA 98104
(206) 477-1513

1    or attachments may be included.  The Court may, at its discretion, request a response from

2    Persons Covered by This Order before ruling on Mr. Benshoof's application.

3        6.      Any new case against Persons Covered by This Order filed by Mr. Benshoof

4    with Court approval in King County Superior Court shall be assigned to the undersigned

5    judge/Department 31.

6

7        7.      If Mr. Benshoof seeks to commence a new action against Persons Covered by

8    This Order in a court *other than* a Superior Court, Mr. Benshoof must first bring a motion in

9    the other court for leave to proceed with the action.  The motion must be filed contemporaneous

10   to the filing of the complaint or petition.  The motion for leave must demonstrate that good

11   cause exists to permit the action to proceed given the claims raised in the new complaint and

12   Mr. Benshoof's past litigation abuses.  If the reviewing court finds that good cause has not been

13   shown for the action to proceed, it may dismiss the action with prejudice.  If the reviewing court

14   determines that sanctions are warranted, it may impose sanctions at the same time the action is

15   dismissed.  Mr. Benshoof shall have an opportunity to explain in writing why sanctions should

16   not be imposed in a post-dismissal motion for reconsideration within ten (10) days of the

17   dismissal.

18

19       8.      Mr. Benshoof shall submit a copy of this Order with any future lawsuit he files

20   or attempts to file on or before March 31, 2023 in <u>any</u> court, including (but not limited to) any

21   federal court.

22

23       9.      Only the prefiling restrictions contained in this Order shall expire on March 31,

24   2023.  All other provisions of this Order shall remain in effect thereafter.

25   ///

ORDER GRANTING JOINT MOTION
AND TEMPORARY ORDER
RESTRICTING ABUSIVE LITIGATION
BY KURT BENSHOOF - 4

JUDGE MARSHALL FERGUSON
KING COUNTY SUPERIOR COURT
516 THIRD AVENUE
SEATTLE WA 98104
(206) 477-1513

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10.    If Mr. Benshoof fails to abide by the terms of this Order, any party may move, or the Court *sua sponte* may move, for a finding of contempt and sanctions.  A contempt finding could result in the imposition of jail time as a sanction.    The Court has attached the <u>Knight</u> warnings to this Order.

DATED this 3rd day of March, 2023.

Judge Marshall Ferguson
King County Superior Court

ORDER GRANTING JOINT MOTION
AND TEMPORARY ORDER
RESTRICTING ABUSIVE LITIGATION
BY KURT BENSHOOF - 5

JUDGE MARSHALL FERGUSON
KING COUNTY SUPERIOR COURT
516 THIRD AVENUE
SEATTLE WA 98104
(206) 477-1513

# CONTEMPT "KNIGHT" WARNING

1. If this court finds you in contempt of court, jail time is an immediate possibility. Consequently, you have a right to counsel.

2. You may hire private counsel at your own expense, but the court is referring you to the Department of Public Defense (formerly the Office of Public Defense) where an attorney will be provided if you cannot afford to hire private counsel. It is your responsibility to contact the Department of Public Defense for screening. You are being provided with the contact information for the Department of Public Defense with this notice.

3. If you do not contact the Department of Public Defense or hire private counsel, your conduct will be deemed dilatory, which means you have failed to follow through on your obligation. As a consequence, the court can find that you have forfeited your right to an attorney.

4. If you are found to have forfeited your right to an attorney, the court will require you to proceed in the matter without representation by counsel. Without an attorney, you risk failing to assert defenses to contempt or effectively explaining to the court why you should not be held in contempt. Without an attorney you also may miss an opportunity to present information that could mitigate or make less severe any sanctions imposed if you are found to be in contempt. Given that I have advised you that a possible sanction for contempt is jail, I urge you seek counsel now.

King County Superior Court

**King County**

**Department of**
**PUBLIC DEFENSE**
*Upholding the Constitution,*
*one client at a time.*

**Important notice to defendants accused**
**of a crime or involved in a dependency action**

If you cannot afford a lawyer, you must be screened and determined eligible for a public
defender. **There are two ways to be interviewed:**
  1. **Call the King County Department of Public Defense (DPD) at (206) 477-9727**
     *Monday through Friday from 8 a.m. to 5 p.m.*

  2. **Report in person to a DPD screening office:**
  **King County Courthouse, 516 3rd Ave, Room E-820, Seattle**
  *Mondays and Wednesdays from 8 a.m. to 5 p.m.*

  **Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032**
  **Room 1-B**
  *Tuesdays and Wednesdays from 8 a.m. to 5 p.m.*
You can also email DPDScreening@kingcounty.gov to have a DPD screener contact you.

You will likely have a better outcome if you discuss your case with your attorney as soon as
possible. To see if you qualify for a public defender, contact DPD immediately. Even if an
attorney was originally assigned to you while you were in custody, you must still call DPD
upon release to see if you continue to qualify. SCREEN EARLY! DON'T WAIT!

**Aviso importante a los acusados, acusado de un delito o**
**involucrados en un caso de dependencia**

**King County**

**Department of**
**PUBLIC DEFENSE**
*Upholding the Constitution,*
*one client at a time.*

Si usted no puede pagar a un abogado, debe ser entrevistado y
determinado elegible para tener un defensor público. Hay dos
maneras para hacer la entrevista:
  1. Llame el Departamento del Condado de King de los
     Defensores Publicos (DPD) en (206) 477-9727 el lunes al viernes desde a las 8:00 AM
     – 5:00 PM
  2. Aparecer en persona a la Oficina de Defensores Publicos a:
King County Courthouse, 516 3rd Ave, Seattle, WA 98104
**Los lunes y miercoles entre los horarios 8:00 AM – 5:00 PM**
Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032
Sala 1-B
**Los martes y miercoles entre los horarios 8:00 AM – 5:00 PM**

Usted podria tener los mejores resultados si puede discutir sobre su caso con su abogado lo
mas pronto que sea posible. Para averiguar si usted califique por tener un defensor publico,
debe comunicarse con DPD inmediatamente aunque ha tenido un defensor publico mientras
usted estaba encarcelado, aun debe comunicarse con DPD cuando salga de la carcel para
averiguar si sigue ser eligible. Haga su entrevista pronto.
Usted tambien puede mandar un email a DPDScreening@kingcounty.gov para comunicarse con
uno de los entrevistadores.

King County Superior Court

# Exhibit B

1

2 ᴓᵴᴼᴼ
ᴳᴱᴳᴴᴬᵀ ᴼᴱᵁᴬᴴF
3 ᵴᴓᴾᴼᴬᴼᵁᵂᴾᵛᵞ
ᵁᵂᵁᴼᵁᴼᵁᵁᴬᴼᵁᵂᵁᵛᴬᴼᵴᴼᵁᵴ

4 ᴼᴼᴱᵁᴼᴬᴷᴬᴳᴳᴱᴳᴱFᴵ ᴶᴵ ᴵ ᴱᴵ ᴬᵁᴼᴼᴱ

5

6

7 **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND OF THE COUNTY OF KING**

8 | KURT BENSHOOF, | **NO. 22-2-15958-8 SEA**

9 | Plaintiff, | **ORDER RESTRICTING ABUSIVE**
**LITIGATION OF KURT BENSHOOF**
10 | v. |

11 | NATHAN CLIBER, JESSICA OWEN, |
MAGALIE LERMAN, and OWEN
HERMSEN

12 | |

13 | Defendants. |

14    This Court has determined that Kurt Benshoof is a vexatious litigant, that he has

15 engaged in an extensive pattern of abusive litigation and weaponization of the court system

16 against Defendants, and that Defendants are entitled to entry of an order restricting Mr.

17 Benshoof's ability to file abusive legal actions against them, their friends and family, and their

18 respective counsel. *See* Dkt. #177 (Order Granting Defendants' Joint Motion for a Vexatious

19 Litigant Order Against Plaintiff, And Temporary Order Restricting Abusive Litigation By Kurt

20 Benshoof). The Court incorporates that order by reference as if set forth fully herein and makes

21 the following additional findings and final orders:

22

23

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 1



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1048
P/ 206.621.1871  F/ 206.621.9907

## PRIOR ABUSIVE FILINGS BY MR. BENSHOOF

### King County Superior Court Cause No. 22-2-02932-3 SEA

1.    On March 1, 2022, Mr. Benshoof filed his first of several complaints against Ms. Owen arising from his claim that Ms. Owen had converted his Toyota FJ Cruiser, which was titled in Ms. Owen's name.

2.    After Ms. Owen voluntarily transferred title to Plaintiff, that matter was dismissed.

3.    However, and despite the vehicle being voluntarily transferred to him, Plaintiff continued to allege facts in this case (and others) regarding the vehicle.

### King County Superior Court Cause No. 22-2-03826-8 SEA

1.    On March 16, 2022, Plaintiff filed another complaint against Ms. Owen.

2.    In that complaint, Mr. Benshoof alleged claims of constructive fraud and infliction of emotional distress relating to a previously shared residence (titled in Ms. Owen's name). Further, and similar to the allegations alleged in this matter, Mr. Benshoof claimed that Ms. Owen wrongfully filed police reports against him.

3.    On June 24, 2022, Ms. Owen filed a motion to dismiss Mr. Benshoof's claims in that lawsuit pursuant to CR 12(c). Judge Robertson granted Ms. Owen's motion on July 22, 2022, and his claims were dismissed with prejudice. Judge Robertson determined Mr. Benshoof's claims were either time-barred or failed to state a claim upon which relief could be granted.

4.    As to the claims concerning Ms. Owen's communications with law enforcement, those were dismissed because they did not remotely rise to anything close to a viable cause of action.



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3580,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

5.    Additionally, Judge Robertson's order admonished Mr. Benshoof's filings as follows:

> Plaintiff improperly attempt[ed] to "amend" the complaint via a filing of an "amended" complaint coupled with what purports to be criminal allegations. These items were all filed on 7/15/22 without leave of this court. Plaintiff failed to comply with CR 15 to permit an amendment of the complaint. However, *even if* this amended complaint were to be considered, it falls under the same merits as above [time-barred & failure to state a claim upon which relief can be granted].
>
> Plaintiff's Response to this motion was improper and untimely, and Plaintiff failed to follow local rules regarding service of working copies to the Court. However, the response was given consideration by this Court as if it were filed timely. In this Response, Plaintiff failed to provide any legal basis to deny Defendant's motion [to dismiss].

**King County Superior Court Case No. 22-2-1112-7 SEA**

1.    On July 18, 2022, Mr. Benshoof filed an 85-page Petition for Writ of Habeas Corpus and named Mr. Cliber, Judge David Keenan, Commissioner Jason Holloway, Ms. Owen, Ms. Lerman, and one other individual as Respondents. The writ was denied three days after it was filed and the case was dismissed.

**King County District Court Cause No. 22CIV11976KCX**

1.    On August 2, 2022, Mr. Benshoof attempted to obtain an anti-harassment protection order against Mr. Cliber based on Mr. Cliber's representation of Ms. Owen in the Parentage Action. The court denied Mr. Benshoof's request.

**U.S District Court for the Western District of Washington Cause No. 2:22-cv-01281-LK and King County Superior Court Cause No. 22-2-15745-3 SEA**

1.    Following Judge Robertson's dismissal of his claims, Mr. Benshoof filed two other complaints against Ms. Owen on September 9, 2022, and September 29, 2022, respectively.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 3



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

1      2.      In the first of these two actions (the "Federal Action"), Mr. Benshoof filed a

2  litany of allegations against dozens of people, including all named Defendants here and multiple

3  sitting King County Superior Court Judges.

4      3.      On September 26, 2022, Judge Lauren King dismissed Mr. Benshoof's nearly

5  300-page complaint *sua sponte*.

6      4.      Three days later, Mr. Benshoof filed another action which was nothing short of

7  a re-filing on the exact same claims previously dismissed by Judge Robertson (King Co. Sup.

8  Ct. No. 22-2-15745-3).

9      **King County Superior Court Cause No. 22-2-15958-8 SEA (this case)**

10     1.      On October 3, 2022, Mr. Benshoof filed the present action.  When Ms. Owen

11  sought to consolidate this matter with the other matter assigned to Judge Robertson, Mr.

12  Benshoof filed an affidavit of prejudice.  This was a concerted effort to circumvent the prior

13  orders of the Superior Court.

14     2.      This case marked the fifth civil complaint filed by Mr. Benshoof against Ms.

15  Owen in a nine-month period.  In this action, Mr. Benshoof cited to the above-mentioned,

16  previously adjudicated matters, King County Superior Court Cause Nos. 21-5-00680-6 SEA

17  and 21-2-11149-8 SEA, alleging, among other things, "Defendants Cliber and Owen illegally

18  or improperly perverted the King County Family Court system against Plaintiff."

19     3.      When Ms. Owen and Mr. Cliber availed themselves of the protections found in

20  Ch. 4.105 RCW, Mr. Benshoof responded by threatening to file yet more litigation against the

21  same parties arising out of the same "facts".

22     4.      On March 17, 2023, this Court dismissed the one remaining claim asserted by

23  Mr. Benshoof after having previously dismissed all other claims.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3650,
Seattle, Washington 98104-1048
P/ 206.621.1871  F/ 206.621.9907

1    Based on the factual findings above, this Court concludes that Mr. Benshoof has

2  engaged in an extensive pattern of abusive litigation and weaponization of the court system

3  against these defendants, their friends and family, and their attorneys. This pattern of abusive

4  litigation has taken a significant emotional and financial burden on the defendants.

5  Accordingly, the Court imposes the following filing restrictions against Mr. Benshoof.

6                                  **FILING RESTRICTIONS**

7    Based on the pattern of abusive litigation detailed above, the court enters the following

8  filing restrictions which will apply to any and all future litigation Mr. Benshoof may attempt

9  to bring. These restrictions shall be in effect for five (5) years from the date of the entry of

10  this order.

11    1.    Kurt Benshoof is hereby **ENJOINED AND RESTRAINED**, in both an

12  individual and in any representative capacity, from initiating any litigation whatsoever in any

13  Superior Court in the state of Washington against Defendants, their attorneys, their friends

14  and family, or any other person related or connected to Defendants (collectively, "Persons

15  Covered by This Order"), unless Mr. Benshoof first obtains advanced approval from this

16  Court.

17    2.    To obtain advance approval from this Court, Mr. Benshoof shall submit an

18  application to the undersigned Judge/Department 31 in the form of a one-page document, in

19  twelve-point type, that provides a summary of the parties involved and the proposed claims

20  or issues.[1]  The proposed complaint/petition shall be attached to the summary. No other

21

22

23  ───────────────
[1] Mr. Benshoof shall submit the application by filing it under the current case caption, King County Superior Court Case No. 22-2-15958-8 SEA, with copies served via e-mail on all parties and counsel of record.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 5

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1671  F/ 206.621.9907

exhibits or attachments may be included. The Court may, at its discretion, request a response from Persons Covered by This Order before ruling on Mr. Benshoof's application.

3.    Any new case against Persons Covered by This Order filed by Mr. Benshoof with Court approval in King County Superior Court shall be assigned to the undersigned judge/Department 31.

4.    If Mr. Benshoof seeks to commence a new action against Persons Covered by This Order in a court *other than* a Superior Court, Mr. Benshoof must first bring a motion in the other court for leave to proceed with the action. The motion must be filed contemporaneous to the filing of the complaint or petition. The motion for leave must demonstrate that good cause exists to permit the action to proceed given the claims raised in the new complaint and Mr. Benshoof's past litigation abuses. If the reviewing court finds good cause has not been show for the action to proceed, it may dismiss the action with prejudice. If the reviewing court determines that sanctions are warranted, it may impose sanctions at the same time the action is dismissed. Mr. Benshoof shall have an opportunity to explain in writing why sanctions should not be imposed in a post-dismissal motion for reconsideration within ten (10) days of the dismissal.

5.    Mr. Benshoof shall submit a copy of this Order with any future lawsuit he files or attempts to file in any court, including (but not limited to) any federal court.

6.    If Mr. Benshoof fails to abide by the terms of this Order, any party may move, or the Court *sua sponte* may move, for a finding of contempt and sanctions. A contempt finding could result in the imposition of jail time as a sanction. The Court has attached the Knight warnings to this Order.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 6

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

1     DONE this 31st day of March, 2023.

2

3                                        The Hon. Marshall Ferguson

4     Presented by:

5     GORDON REES SCULLY MANSUKHANI, LLP

6     By: */s/ Kyle J. Rekofke*
       Kyle J. Rekofke, WSBA #49327
7     Attorney for Defendant Nathan Cliber

8
       TOMLINSON BOMSZTYK RUSS
9
       By: _____
10     Anthony S. Marinella, WSBA #55611
       Attorney for Defendant Jessica Owen
11

12
       ADMON LAW FIRM , PLLC
13
       By:    */s/ Moshe Y. Admon*
14     Moshe Y. Admon
       Attorney for Defendants Lerman and Hermsen
15

16

17

18

19

20

21

22

23

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 7

TOMLINSON
BOMSZTYK
RUSS

1008 Second Avenue, Suite 3600,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

# CONTEMPT "KNIGHT" WARNING

1. If this court finds you in contempt of court, jail time is an immediate possibility.  Consequently, you have a right to counsel.

2. You may hire private counsel at your own expense, but the court is referring you to the Department of Public Defense (formerly the Office of Public Defense) where an attorney will be provided if you cannot afford to hire private counsel.  It is your responsibility to contact the Department of Public Defense for screening.  You are being provided with the contact information for the Department of Public Defense with this notice.

3. If you do not contact the Department of Public Defense or hire private counsel, your conduct will be deemed dilatory, which means you have failed to follow through on your obligation.  As a consequence, the court can find that you have forfeited your right to an attorney.

4. If you are found to have forfeited your right to an attorney, the court will require you to proceed in the matter without representation by counsel.  Without an attorney, you risk failing to assert defenses to contempt or effectively explaining to the court why you should not be held in contempt.  Without an attorney you also may miss an opportunity to present information that could mitigate or make less severe any sanctions imposed if you are found to be in contempt.  Given that I have advised you that a possible sanction for contempt is jail, I urge you seek counsel now.

King County Superior Court

**King County**

Department of
**PUBLIC DEFENSE**
*Upholding the Constitution,
one client at a time.*

**Important notice to defendants accused
of a crime or involved in a dependency action**

If you cannot afford a lawyer, you must be screened and determined eligible for a public
defender. **There are two ways to be interviewed:**
**1. Call the King County Department of Public Defense (DPD) at (206) 477-9727**
*Monday through Friday from 8 a.m. to 5 p.m.*

**2. Report in person to a DPD screening office:**
**King County Courthouse, 516 3rd Ave, Room E-820, Seattle**
*Mondays and Wednesdays from 8 a.m. to 5 p.m.*

**Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032**
**Room 1-B**
*Tuesdays and Wednesdays from 8 a.m. to 5 p.m.*
You can also email DPDScreening@kingcounty.gov to have a DPD screener contact you.

You will likely have a better outcome if you discuss your case with your attorney as soon as
possible. To see if you qualify for a public defender, contact DPD immediately. Even if an
attorney was originally assigned to you while you were in custody, you must still call DPD
upon release to see if you continue to qualify. SCREEN EARLY! DON'T WAIT!

**Aviso importante a los acusados, acusado de un delito o
involucrados en un caso de dependencia**

**King County**

Department of
**PUBLIC DEFENSE**
*Upholding the Constitution,
one client at a time.*

Si usted no puede pagar a un abogado, debe ser entrevistado y
determinado elegible para tener un defensor público. Hay dos
maneras para hacer la entrevista:
1. Llame el Departamento del Condado de King de los
Defensores Publicos (DPD) en (206) 477-9727 el  lunes al viernes desde a las  8:00 AM
– 5:00 PM
2. Aparecer en  persona a la Oficina de Defensores Publicos a:
King County Courthouse, 516 3rd Ave, Seattle, WA 98104
**Los lunes y miercoles entre los horarios  8:00 AM – 5:00 PM**
Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032
Sala 1-B
**Los martes y miercoles entre los horarios  8:00 AM – 5:00 PM**

Usted podria tener los mejores resultados si puede discutir sobre su caso con su abogado lo
mas pronto que sea posible. Para averiguar si usted califique por tener un defensor publico,
debe comunicarse con DPD inmediatamente aunque ha tenido un defensor publico mientras
usted estaba encarcelado, aun debe comunicarse con DPD cuando salga de la carcel para
averiguar si sigue ser elegible. Haga su entrevista pronto.
Usted tambien puede mandar un email a DPDScreening@kingcounty.gov para comunicarse con
uno de los entrevistadores.

King County Superior Court

Exhibit C

# CLERK'S MINUTES

| | | | |
|---|---|---|---|
| Judicial Officer: | Marshall L Ferguson | Dept. | 31 |
| Bailiff: | Kiese Wilburn | Date: | February 29, 2024 |
| Court Clerk: | Andre Jones | | |
| Digital Recorder / Reporter: | KCCH E713 | | |

## KING COUNTY CAUSE NO.: 22-2-15958-8  SEA

## BENSHOOF VS CLIBER ET AL

**Appearances:**

Plaintiff KURT BENSHOOF is present Pro Se (appearing by zoom)

Defendant NATHAN CLIBER is not present, represented by Kyle Rekofke (appearing by zoom)

Defendant JESSICA OWEN is present pro se (appearing by zoom)

Defendant MAGALIE LERMAN is not present, represented by Moshe Yiftah Admon, Blair Russ (appearing by zoom)

Defendant OWEN HERMSEN is not present, represented by Moshe Yiftah Admon, Blair Russ (appearing by zoom)

## MINUTE ENTRY

Commit as: Motion hearing

Start: 1:02:15

Judge Marshall Ferguson, Bailiff, and Clerk are present in open Court and via Zoom, with parties appearing remotely via Zoom.

Respective counsel and parties are present

Defendant Owen's motion for contempt and sanctions against Benshoof

Counsel/Pro Se Plaintiff make oral arguments

Court's ruling: Defendant Owen's motion for contempt and sanctions against Benshoof is granted

Orders to be presented

Stop: 2:07:10

# Exhibit D

ØŠÒÖ

ŒŠ Ấ ŒË Á Æ Ǽ Œ Œ Ế Ấ T    The Honorable Marshall Ferguson

SŒ Õ Ö UWP VÝ

Ù Œ Ò Ō Ō Ū Œ U WÚ Ü Ŏ ŠÒ ÜS

Ò Œ ŠÒ Ö

ÔŒ Ü Ò Ä Œ Œ Ế Í J Í Ì Ễ Ẩ Ò Œ

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KURT BENSHOOF,<br><br>               Plaintiff,<br><br>     v.<br><br>NATHAN CLIBER, JESSICA OWEN and<br>MAGALIE LERMAN,<br><br>               Defendants. | Case No. 22-2-15958-8 SEA<br><br>**ORDER FINDING OF CONTEMPT<br>AND IMPOSING SANCTIONS<br>AGAINST PLAINTIFF KURT<br>BENSHOOF** |

This matter comes before the Court on Defendant Nathan Cliber's Motion for Finding of Contempt and Sanctions Against Plaintiff Kurt Benshoof ("Cliber's Motion"), Defendant Jessica Owen's Motion for Finding and Contempt and Sanctions Against Plaintiff Kurt Benshoof ("Owen's Motion"). The Court considered the arguments of the parties, the documents and pleadings on file herein, including the following:

- Cliber's Motion;

- The Declaration of Sarah N. Turner in Support of Cliber's Motion;

- Plaintiff's Opposition to Cliber's Motion;

- Defendant Nathan Cliber's Reply in Support of Cliber's Motion;

- Owen's Motion;

- The Declaration of Jessica Owen in Support of Owen's Motion;

- The Declaration of Paige Gagliardi in Support of Owen's Motion;

ORDER FINDING OF CONTEMPT AND IMPOSING
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 1

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington 98104
(206) 695-5100

- The Declaration of Moshe Y. Admon in Support of Cliber's and Owen's Motions;
- Plaintiff's Opposition to Owen's Motion; and
- Defendant Jessica Owen's Reply in Support of Owen's Motion.

Based upon such review and consideration, the Court GRANTS both Cliber's Motion and Owen's Motion, and enters the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1.    Plaintiff has disregarded and failed to comply with this Court's Order Restricting Abusive Litigation of Kurt Benshoof (the "Abusive Litigation Order") (Dkt. 189) in his filing and attempted service of new claims and causes of action in Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW) upon Defendants Nathan Cliber, Jessica Owen, and the other "Persons Covered by This Order" (as those persons are defined in the Abusive Litigation Order);

2.    Specifically, Plaintiff failed to file a contemporaneous motion for leave to proceed with his claims against Mr. Cliber, Jessica Owen and other Persons Covered by This Order (as those persons are defined in the Abusive Litigation Order) in both Case No. 2:23-cv-01392-JNW and Case No. 2:23-cv-01829-JHC, as required by the Abusive Litigation Order (at p. 6, ¶ 4);

3.    Plaintiff also failed to file a copy of the Abusive Litigation Order with the federal court in Case No. 2:23-cv-01829-JHC, as required by the Abusive Litigation Order (at p. 6, ¶ 5);

4.    In Case No. 2:23-cv-01392-JNW, Plaintiff did file a copy of the Abusive Litigation Order, but he did so by burying the order among 2,034 pages of exhibits to his complaint. Plaintiff filed a 184-page original complaint and later a 280-page amended complaint in Case No. 2:23-cv-01392-JNW. Plaintiff's 2,034-page exhibit filing occurred on September 26, 2023, seven calendar days after Plaintiff filed the original complaint. Within the 2,034 pages of exhibits, the Abusive Litigation Order can be found at Pages 563 through 571. Plaintiff buried the Abusive Litigation Order among numerous other exhibits to reduce the likelihood that the federal court would become aware of the order;

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 2

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington  98104
(206) 695-5100

5.    Plaintiff is in contempt of court for violating the Abusive Litigation Order.

6.    The Abusive Litigation Order warned Mr. Benshoof that if he "fails to abide by the terms this Order, any party may move, or the Court *sua sponte* may move, for a finding of contempt and sanctions.  A contempt finding could result in the imposition of jail time as a sanction." Abusive Litigation Order (p. 6, ¶ 6);

7.    The Abusive Litigation Order included the <u>Knight</u>[1] warnings as an attachment;

8.    The Abusive Litigation Order clearly and unequivocally states that the filing restrictions in the order "apply to any and all future litigation Mr. Benshoof may attempt to bring" against the protected persons.  Abusive Litigation Order, p. 5.  The order further states that Mr. Benshoof is "**ENJOINED AND RESTRAINED**…from initiating any litigation whatsoever in any Superior Court in the state of Washington… <u>unless</u> Mr. Benshoof first obtains advanced approval from this Court" and that "If Mr. Benshoof seeks to commence a new action…in a court *other than* a Superior Court, Mr. Benshoof must first bring a motion in the other court for leave to proceed with the action."  Id., p. 5, ¶ 1 and p. 6, ¶ 4.  Although the Abusive Litigation Order is clear and unambiguous, the Court now clarifies, as guidance for Mr. Benshoof, that terms like "any and all future litigation" and "new action" in the Abusive Litigation Order include all claims, counterclaims, crossclaims, third party actions, and any other claims whatsoever brought by Mr. Benshoof in any court against the "Persons Covered by This Order" as defined in the Abusive Litigation Order.

9.    Although the present Order does not include jail time as a sanction, any future violation(s) of the Abusive Litigation Order by Mr. Benshoof could potentially result in jail time as a remedial or punitive sanction.

///

///

---

[1] *State ex rel. Schmitz v. Knight*, 142 Wn. App. 291, 174 P.3d 1198 (2007).

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 3

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington  98104
(206) 695-5100

Based upon the above findings of fact and conclusions of law, the Court ORDERS the following sanctions:

A.    Mr. Benshoof is ordered to pay the attorneys' fees and costs incurred by Defendants in bringing their respective motions for finding of contempt and sanctions against Mr. Benshoof, including supporting filings, declarations, and replies.  Defendants shall submit their respective fee petitions to the Court within **14 days** of this Order.

B.    Mr. Benshoof shall pay the attorneys' fees and costs incurred by Mr. Cliber in bringing the Abusive Litigation Order to the attention of the federal court in Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW).  Mr. Cliber shall submit his fee petition to the Court within **14 days** of this Order.

C.    The Abusive Litigation Order's expiration date is extended by one year, to **March 31, 2029**.

D.    Mr. Benshoof shall file the leave motion ("Leave Motion") required by the Abusive Litigation Order in both Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW) as to any and all Persons Covered by This Order, excluding Mr. Cliber, and including Moshe Admon, Owen Hermsen, Magalie Lerman, Jessica Owen, and Blair Russ (collectively, "Other Named Defendants Covered by this Order").  Such motion ("Leave Motion") shall be captioned "Motion for Leave to Proceed Against Certain Parties in Accordance with the Order Restricting the Abusive Litigation of Kurt Benshoof" and shall conspicuously identify the Abusive Litigation Order in the statement of facts.  Plaintiff shall attach a copy of the Abusive Litigation Order as an exhibit to a separately filed supporting declaration, appendix, or addendum to the Leave Motion.

E.    Upon filing the Leave Motions, Mr. Benshoof shall file proof in this action of such filings in the federal court cases.  Absent obtaining leave to proceed against the Other Named

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington  98104
(206) 695-5100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Defendants Covered by this Order, Mr. Benshoof shall refrain from taking any action in pursuit of his claims against those individuals including but not limited to, attempting effectuate service and seeking affirmative relief in any form.  To the extent necessary to comply with an impending deadline, Mr. Benshoof may seek to extend that deadline to an extent necessary to accommodate a ruling on the Leave Motion.

       F.      **Beginning one calendar week from the entry of this Order, for each day Mr. Benshoof has failed to the file the Abusive Litigation Order's required leave motion in BOTH pending actions, or otherwise dismissed claims in those actions against the Other Named Defendants Covered by This Order, an ongoing remedial sanction shall be entered against him in the amount of $250 per day, per Other  Defendant Covered by This Order**.  Mr. Benshoof shall deposit such accrued amounts in the King County Superior Court Registry under this cause number and the Other Named Defendants may, at their option, apply for disbursement or seek to enter a judgment for any accrued amounts not so deposited.

       G.      For any further legal proceedings filed by Mr. Benshoof in violation of the Abusive Litigation Order, he shall be assessed, in addition to any other sanction which may be imposed, a per diem sanction of $250.00 per day per Person Covered by the Order named as a defendant in such action.

       DATED this 1st day of March, 2024.


                                         _____
                                         THE HONORABLE MARSHALL FERGUSON

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 5

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington  98104
(206) 695-5100

King County Superior Court
Judicial Electronic Signature Page

Case Number:        22-2-15958-8
Case Title:         BENSHOOF VS CLIBER ET AL

Document Title:     ORDER  RE CONTEMPT SANCTIONS

Signed By:          Marshall Ferguson
Date:               March 01, 2024

_____

Judge：Marshall Ferguson

This document is signed in accordance with the provisions in GR 30.

Certificate Hash:           A4ABB09C7C1D81F742E845B69E1C4CD6FEAA5E8C
Certificate effective date: 7/17/2023 2:21:34 PM
Certificate expiry date:    7/17/2028 2:21:34 PM
Certificate Issued by:      C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                            O=KCDJA, CN="Marshall Ferguson:
                            8skMktsk7hG1yuM6zbJ6iw=="

Page 6 of 6

# Exhibit E

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

STATE OF WASHINGTON

,

**Plaintiff**

vs.

Kurt Benshoof                    NO. 24-1-02680-7 SEA

,

**Defendant**

_____ Bond _____ is attached.

L:/forms/gr14coversheet

2034-008067
20:41
11 EVB -02L

| United States Fire Insurance Company<br>11490 Westheimer Rd., Suite 300  77077<br>P.O. Box 2807 • Houston, Texas 77252-2807<br>(713) 954-1800 • FAX (713) 954-8389<br>Email: CourtNotices@cfins.com | Bail Producer's Name, Address, Phone and Bail License #<br><br>ALL CITY BAIL BONDS<br>601 6th AVE<br>Seattle, WA 98104<br>206-622-9999<br>P.O BOX 24307 Seattle, WA 98124 |
|---|---|

Power of Attorney # ___U250-21826751_____

In the _King Co Superior_____ Court, County of_ King_____ Washington

The State of Washington                    No._ 24.1.02680.7_____

VS:

_Kurt Benshoof_____
Defendant

Know All Men by These Presents:

That we ___Kurt Benshoof_____ as Principal and United States Fire Insurance Company, a Delaware Corporation, as Surety are held and firmly bound to the _King Co Superior_____ Court in the Penal Sum of _250,000.00_____ Dollars ($ _250,000.00_____ ), for the payment of which will and truly to be made, we bind ourselves and our heirs, executors, and administrators firmly by these presents.

Now the conditions of the above obligation are such that if the above named principal shall be and appear before the _King Co Superior___ Court, County of _King_____, State of Washington on this date: _____ at _____.M. to answer the charge of _Stalking, Eluding Police x2_____ and from day to day thereafter as ordered and not depart therefrom without permission of the court, then this obligation is void, otherwise to remain in full force and effect.

Signed this date: __11/14/2024_____

_____            _____
Defendant                               Attorney in Fact

THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, IF MORE THAN ONE SUCH POWER IS ATTACHED OR WRITTEN AFTER THE EXPIRATION DATE SPECIFIED ON THE ATTACHED.

Approved by me this date: _____   _____

NOTE: THIS IS AN APPEARANCE BOND AND CONNOT BE CONSIDERED AS A GUARANTEE FOR FAILURE TO PROVIDE PAYMENTS, BACK ALIMONY PAYMENTS, FINES, OR WAGE LAW CLAIMS, NOR CAN IT BE USED AS A BOND ON APPEAL.

APPROVED AS TO FORM BY
KC PROS. ATTORNEY
DATE_11 | 15 | 24_____

Washington Face Sheet USFIC

FOR SECURITY PURPOSES, THE FACE OF THIS DOCUMENT CONTAINS A VOID PANTOGRAPH PRINTED ON SECURITY PAPER WITH A TRUE WATERMARK

UNITED STATES FIRE INSURANCE COMPANY
157 Main Street, Greenville, PA 16125
P.O. Box 806, Greenville, PA 16125
(800) 245-0366 ( FAX (724) 588-8801
Email: CourtNotices@cfins.com

# POWER OF ATTORNEY

POWER NO.   ***U250-21826751***

POWER AMOUNT $ ***250,000.00***

This Power of Attorney is granted pursuant to Article IV of the By-Laws of UNITED STATES FIRE INSURANCE COMPANY as now in full force and effect. Article IV, Execution of Instruments. Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, Vice President, Assistant Vice President, Secretary or any Assistant Secretary shall have power on behalf of the Corporation: (a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business, including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements; (b) to appoint in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a) including affixing the seal of the Corporation. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendants future lawful conduct, adherence to travel limitations, fines, restitution, payments or penalties of any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Bonds or Immigration Bonds. This power void if altered or erased, void if used with other powers of this Company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

**The obligation of the Company shall not exceed the sum of**  ***Two Hundred Fifty Thousand Dollars and Zero Cents***

and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, UNITED STATES FIRE INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this ___14___ of ___nov___ ___2024___
DAY of      MONTH      YEAR

Bond Amount $ _250,000_   Gross Premium $ _____

Defendant _Kurt Benshoof_

Charges _Stalking, eluding Police +2_

Court _King Co Superior_

Case No. _24.1.02680.7_

City _Seattle_   State _Wa_

If rewrite, original No._____

Executing agent _C. Price_
NAME

By _____
Michael Ziemer
Senior Vice President

VOID IF NOT ISSUED BY:   03/31/2025

*FOR STATE USE ONLY*
*NOT VALID IF USED IN FEDERAL COURT*

COURT COPY

S-0075US   USFIC Bail Bond  REV. (07/22)

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES A SECURITY BACKER