1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  KURT A. BENSHOOF, BRIANA D.
GAGE, and URVE MAGGITTI,

Case No. 2:24-cv-00343-TL

11              Plaintiffs,

T&C DEFENDANTS' **REPLY** IN
SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES

12      v.

13  CITY OF SHORELINE, KING COUNTY,
TOWN & COUNTRY MARKETS,

14  WILLIAM C. AKERS, ADAM R. ASHER,
NICHOLAS W. DEMUSE, JANE DOE,

15  JOHN DOE, EVAN B. FAGAN,
COURTNEY J. OLSON, PAUL H.

16  THOMPSON, JAMPA TSETEN, and ANN
SUMMERS,

17

              Defendants.

18

19                  **I.      REPLY**

20      None of the arguments in Plaintiffs'[1] response change their failure to plausibly allege

21  any federal or state claims in the Amended Complaint.  For a second time, Plaintiffs make only

22  conclusory allegations to support their Section 1983 and 1985 claims.  Their allegations that

23  the T&C Defendants were acting under color of law because they "conspired" with the

24  Government Defendants are insufficient to sustain their Section 1983 claims.  Likewise, their

25  allegations that the T&C Defendants summoned the police to arrest Mr. Benshoof fail to

26

27  _____
[1] The T&C Defendants continue use of the naming conventions and abbreviations adopted in T&C Defendants'
Motion to Dismiss Plaintiffs' First Amended Complaint for Damages dated February 3, 2025.  (Dkt. No. 93.)

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

1

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

establish the required joint action between the parties.  Moreover, Plaintiffs' allegations supporting their Section 1985 claims are conclusory, do not involve an alleged conspiracy to interfere with court proceedings, and fail to specify any class-based animus.

Further, Plaintiffs fail to state a claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq*., because they do not allege that Mr. Benshoof's disability prevented him from wearing a face shield.  Plaintiffs allege that T&C permitted him to wear a face shield in lieu of a mask, which he refused.  Because they admit that Mr. Benshoof was offered and refused such accommodation due to his disagreement with its efficacy, Plaintiffs cannot sustain this claim.

Last, for a second time, Plaintiffs make only conclusory allegations to support their claims for negligence and/or violations of RCW 9.91.010.  The Court should nonetheless decline to exercise supplemental jurisdiction over such state claims.  For all these reasons, the T&C Defendants ask the Court to dismiss all the claims Plaintiffs have asserted against them with prejudice and without a second opportunity to amend.

A.    **Cause of Action 1 – Negligence**

Plaintiffs fail to make more than conclusory allegations to support their claims for negligence and/or violations of RCW 9.91.010.[2]  In their response, Plaintiffs discuss these claims interchangeably, appearing to argue that T&C had a duty to prevent discrimination in its store, as well as a duty to protect shoppers from reasonably foreseeable harm caused by other patrons.  (Dkt. No. 98, ¶¶ 21-25.)  They argue that T&C breached such duties when "Fagan repeatedly assaulted Benshoof" and T&C employees "allowed and enabled shoppers to harass, threaten, and assault Benshoof."  (*Id.* ¶ 27.)  Plaintiffs go on to discuss the Washington Law Against Discrimination, chapter 49.60 RCW; the ADA; and the First Amendment.  (*Id.* ¶¶ 31-36.)  Tracking their allegations in the Amended Complaint, Plaintiffs

---

[2] Because Plaintiffs title their first cause of action "Negligence" but also allege that the T&C Defendants violated RCW 9.91.010, the T&C Defendants address both purported claims for negligence and violations of RCW 9.91.010.

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

2

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1  conclude by arguing that the "'violations of RCW 9.91.010 by J. Does and Fagan were the

2  proximate cause of irreparable harm to Benshoof, as the violations retaliated against Benshoof

3  for freely exercising his religious beliefs and expression.'"  (*Id.* ¶ 38.)

4          While it is at times unclear which area of law Plaintiffs are arguing their first cause of

5  action falls under, none of their arguments change the conclusory nature of their allegations.

6  Plaintiffs' allegations supporting their first cause of action primarily cite RCW 9.91.010, which

7  provides a civil cause of action for discrimination based on race, creed, or color in places of

8  public accommodation.  *See Browning v. Slenderella Systems of Seattle*, 54 Wn.2d 440, 445,

9  341 P.2d 859 (1959).  Plaintiffs generally allege that Mr. Benshoof was denied "the full

10  enjoyment of the goods and services of Town & Country Markets because of [his] creed"; that

11  such violations were "the proximate cause of irreparable harm to Benshoof, as the violations

12  retaliated against [him] for freely exercise his religious beliefs and express"; and that Mr.

13  Benshoof suffered "irreparable harm and damages."  (Dkt. No. 88, ¶¶ 178, 184-85.)  Again,

14  Plaintiffs' recitations of the elements of a claim under RCW 9.91.010 are insufficient to state

15  a claim for relief under the statute.

16          As to negligence, Plaintiffs, again, fail to identify any "duty" that the T&C Defendants

17  breached in their allegations.  Instead, they refer to the T&C Defendants' "violations of RCW

18  9.91.010" and allege that their conduct "constituted negligence as a matter of law"; allege that

19  "there is a prima facie casual connection between the violations of RCW 9.91.010 and the

20  irreparable harm to Benshoof"; and allege that Mr. Benshoof "suffered irreparable harm and

21  damages" as a "direct, proximate, and foreseeable result of Fagan's negligence."  (Dkt. No.

22  88, ¶¶ 179, 184-85.)  Again, such formulaic recitations of the elements of a cause of action are

23  insufficient to state a claim for relief.  For these reasons and the additional reasons stated in

24

25

26

27

T&C DEFENDANTS' **REPLY** IN SUPPORT OF         3         Socius Law Group, PLLC
MOTION TO DISMISS PLAINTIFFS' AMENDED                    A T T O R N E Y S
COMPLAINT FOR DAMAGES                         One Union Square • 600 University St., Suite 2510
                                                        Seattle, Washington 98101
                                                        Telephone 206.838.9100
                                                        Facsimile 206.838.9101

1   the T&C Defendants' opening motion, the Court should dismiss with prejudice the various

2   claims Plaintiffs assert in their first cause of action.[3]

3   **B.     Causes of Action 2, 3, 8, 9, and 10 – Plaintiffs' Claims Under 42 U.S.C. §§ 1983 and 1985**

4

5       *1.          Section 1983*

6           Plaintiffs premise their Section 1983 claims on joint action yet make only conclusory

7   allegations that the T&C Defendants were "state actors" that "conspired" with the Government

8   Defendants to deprive them of their constitutional rights.   In their response, Plaintiffs'

9   arguments largely track their allegations in the Amended Complaint.  For example, they argue

10  that T&C employees were "clothed in state authority by claiming that Gov. Inslee's mask

11  proclamations were 'laws' they were following and having Shoreline police enforce."  (Dkt.

12  No. 98, ¶ 53.)  They also argue that T&C employees "created a civil 'Trespass Admonishment'

13  and repeatedly called 911 to set in motion a series of events, claiming that Benshoof had been

14  'trespassed' from Central Markets," and that T&C employees "wanted Shoreline police to

15  arrest and imprison Benshoof so that the Shoreline Attorney's Office would prosecute

16  Benshoof for criminal trespass."  (*Id.* ¶ 56.)  Further, Plaintiffs argue that by pointing out that

17  Ms. Maggitti appeared to be engaged in the unauthorized practice of law, undersigned counsel

18  and government counsel made "parallel threats" to Ms. Maggitti to try and influence her

19  relative to providing testimony.  (*Id.* ¶ 75.)

20          None of the above arguments cure Plaintiffs' failure to sufficiently allege the joint

21  action required to sustain their Section 1983 claims.  Again, summoning the police to arrest a

22  store customer for refusing to comply with a masking policy is not sufficient joint action to

23  make a private party a state actor.  *See Benshoof v. Admon*, Case No. 2:23-cv-1392, 2024 WL

24  664012, at *2-3 (W.D. Wash. Feb. 16, 2024) (holding that Mr. Benshoof's allegations that

25  store employee called police to remove him from store did not suggest some type of collusion

26

27  ---

[3] Even if the Court disagrees with this analysis, if all of Plaintiffs' federal claims are dismissed, the Court should decline supplemental jurisdiction over any remaining state law claims for the reasons stated in the T&C Defendants' opening motion.

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

4

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

indicating a broader conspiracy); *Kiss v. Best Buy Stores*, Case No. 3:22-CV-00281-SB, 2022 WL 17480936, at *5 (D. Or. Dec. 6, 2022), *aff'd*, Case No. 23-35004, 2023 WL 8621972 (9th Cir. Dec. 13, 2023) (holding that a request that a store customer comply with state law, and summoning police to arrest a store customer who refuses to do so, do not establish joint action). Likewise, conclusory allegations that a lawyer in private practice coordinated with a state officer to deprive a plaintiff of their constitutional rights are insufficient to demonstrate joint action. *See Simmons v. Sacramento*, *Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that a plaintiff's conclusory allegations that a lawyer was conspiring with state officers to deprive him of his constitutional rights were insufficient to show lawyer was acting under color of state law). Plaintiffs have failed, for a second time, to make any specific allegations that the T&C Defendants entered into some agreement with the Government Defendants to deprive them of their constitutional rights. For these reasons and the additional reasons stated in the T&C Defendants' opening motion, the Court should dismiss with prejudice the Section 1983 claims Plaintiffs assert in their second, third, eighth, ninth, and tenth causes of action.

### 2.     Section 1985

Similarly, Plaintiffs fail to make more than conclusory allegations that the T&C Defendants "conspired" with the Government Defendants to support their Section 1985 claims. In their response, Plaintiffs argue that the T&C Defendants and Government Defendants' "joint action" constituted a conspiracy to obstruct justice in a state court because Mr. Benshoof was prevented from making a criminal complaint. (Dkt. No. 98, ¶ 69.) Further, they argue that the T&C Defendants and Government Defendants' "negligent conduct" "allow[ed], enable[d], or perpetrate[d] retaliations against Benshoof for the exercise of his religious beliefs," which "constituted prima facie evidence that [T&C] employees could retaliate with impunity against Gage for her exercising her right of association with Benshoof in a public accommodation." (*Id.* ¶ 70.) They also suggest that the alleged "parallel threats" made by undersigned counsel and government counsel relative to Ms. Maggitti's unauthorized practice of law demonstrated

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

5

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

a "credible threat" preventing her from providing testimony in any state or federal court. (*See id.* ¶ 75.) Plaintiffs' other arguments generally track their allegations in the Amended Complaint.

Again, the above arguments do not cure Plaintiffs' failure to sufficiently allege a conspiracy between the T&C Defendants and Government Defendants. Their conclusory allegations that the T&C Defendants "conspired" with the Government Defendants to deprive Plaintiffs of "the equal protection of the laws" are not enough to sustain their Section 1985 claims. Specifically, Plaintiffs fail to allege a conspiracy to deter a party from attending or testifying in federal court or to obstruct justice in state court as required by Section 1985(2). Their conclusory allegations that undersigned counsel coordinated with government counsel to threaten Ms. Maggitti are not sufficient. Moreover, beyond concluding that the T&C Defendants and Government Defendants engaged in "invidious discriminatory animus" toward Mr. Benshoof, Plaintiffs have not specifically alleged the class to which Mr. Benshoof belongs or any class-based animus, as required to sustain their Section 1985(3) claim. For these reasons and the additional reasons stated in the T&C Defendants' opening motion, the Court should dismiss with prejudice the Section 1985 claims asserted by Plaintiffs in their ninth and tenth causes of action.

## C.    Cause of Action 4 – Violation of Title III of the ADA

Plaintiffs fail to plausibly allege that Mr. Benshoof was denied public accommodations because of an alleged disability, requiring the dismissal of their ADA Title III claim. In their response, Plaintiffs argue that their allegations that Mr. Benshoof has a disability protected by the ADA, that he informed T&C employees that he had a disability, and that T&C regarded him as being disabled are sufficient to allege that Mr. Benshoof is disabled within the meaning of the ADA. (*See* Dkt. No. 98, ¶¶ 81, 84, 86.) Even if that were correct—which the T&C Defendants dispute—Plaintiffs fail to account for Mr. Benshoof's refusal to wear a face shield in lieu of a mask. Plaintiffs admit in the Amended Complaint that T&C permitted the wearing of a face shield. They do not allege that Mr. Benshoof's disability prevented him from wearing

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

6

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1    such a shield.  Rather, in the Amended Complaint and in their response, Plaintiffs argue that

2    such an accommodation was "arbitrary and capricious" and did not serve a compelling interest.

3    (*Id.* ¶ 98.)

4           Plaintiffs' view on the efficacy face shields is immaterial to the issue at hand, which is

5    whether they have sufficiently alleged that Mr. Benshoof was denied public accommodations

6    due to an alleged disability.  Because Plaintiffs fail to allege that Mr. Benshoof's disability

7    prevented him from wearing a face shield, they have not.  *See Giles v. Sprouts Farmers Market,*

8    *Inc.*, No. 20-cv-2131-GPC-JLB, 2021 WL 2072379, at *4 (S.D. Cal. May 24, 2021) (holding

9    that the plaintiff failed to plausibly allege that the defendant maintained a policy that prevented

10   her from shopping at its supermarket when the plaintiff's allegations regarding her disability

11   failed to account for the modification that permitted her to shop with a face shield).  Thus, for

12   these reasons and the additional reasons stated in the T&C Defendants opening motion, the

13   Court should dismiss with prejudice the ADA Title III claim asserted by Plaintiffs in their

14   fourth cause of action.

15   **D.    Cause of Action 5 – Unlawful Seizure**

16          Plaintiffs' allegations that T&C summoned the police to arrest Mr. Benshoof are

17   insufficient to sustain a claim for unlawful seizure under the Fourth Amendment.  In their

18   response, Plaintiffs argue that the T&C Defendants and Government Defendants "'set in

19   motion a series of acts'" that they should have known would "'cause others to inflict

20   constitutional injury'" "by arresting, imprisoning, and prosecuting Benshoof without

21   jurisdiction or probable cause."  (Dkt. No. 98, ¶ 96.)  Plaintiffs claim that if not for T&C's

22   "civil admonishment letter," the Government Defendants would not have "seized Benshoof by

23   unlawfully imprisoning [him]," and that the T&C Defendants acted in concert with the

24   Government Defendants to restrict Mr. Benshoof's movements.  (*Id.* ¶ 97.)

25          Plaintiffs' failure to allege any intrusive conduct by the T&C Defendants, let alone that

26   they performed a search or seizure, is fatal to their unlawful seizure claim.  *United States v.*

27   *Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984) (providing that the Fourth

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

7

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square ● 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

Amendment is wholly inapplicable to a search or seizure effected by a private individual not acting as a government agent).  Again, Plaintiffs' allegation that a T&C employee called 911 to report Mr. Benshoof is insufficient to allege joint action between the T&C Defendants and Government Defendants.  *See Kiss*, 2022 WL 17480936, at *4 (holding that summoning the police to arrest a store customer is insufficient joint action to make a private party a state actor).  Likewise, Plaintiffs other conclusory allegations that a T&C employee "conspired," had a "common plan," and engaged in "joint action" with the Government Defendants fail to plausibly allege joint action between the parties.  For these reasons and the additional reasons stated in the T&C Defendants' opening motion, the Court should dismiss with prejudice the unlawful seizure claim asserted by Plaintiffs in their fifth cause of action.

**E.      Cause of Action 6 – Deprivation of Liberty**

Again, Plaintiffs premise what appears to be another Section 1983 claim on conclusory allegations that the T&C Defendants "act[ed] in concert with" the Government Defendants to "violate Benshoof's liberty," failing to sufficiently allege joint action.  The T&C Defendants construe Plaintiffs' "Deprivation of Liberty" claim as asserting a violation of the Fourteenth Amendment's Due Process Clause, which prohibits state action depriving a person of life, liberty, or property without due process of law.  U.S. Const. amend. XIV, § 1.  In their response, Plaintiffs repeat the same arguments they made in support of their unlawful seizure claim— that but for T&C's "civil admonishment letter," the Government Defendants "could not have, and would not have, seized Benshoof by unlawfully imprisoning [him] . . . [and] knowingly 'restraining' [him] when they acted in concert 'to restrict [Benshoof's] movements . . . .'" (Dkt. No. 98, ¶ 99.)

This claim must be dismissed for the same reason that Plaintiffs' other Section 1983 claims and unlawful seizure claim require dismissal—their allegations that a T&C employee summoned the police to arrest Mr. Benshoof, and conclusory allegations that the employee "act[ed] in concert" with the Government Defendants, are not sufficient joint action to make a private party a state actor.  *See Kiss*, 2022 WL 17480936, at *4.  For these reasons and the

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

8

Socius Law Group, PLLC
**A T T O R N E Y S**
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1    additional reasons stated in the T&C Defendants' opening motion, the Court should dismiss

2    with prejudice the "Deprivation of Liberty" claim asserted by Plaintiffs in their sixth cause of

3    action.

4    **F.      Futility of Amendment**

5           While the amendment rules are liberal, the Court is not required to engage in "futile

6    gestures" by allowing amendments that are "without legal basis" or that "would assert claims

7    over which the Court does not have jurisdiction." *United States v. Articles of Food . . . Clover*

8    *Club Potato Chips*, 67 F.R.D. 419, 424 (D. Idaho 1975).  Amendment would be futile here

9    where, for a second time, Plaintiffs have improperly asserted Section 1983 and 1985 claims

10   against private parties without sufficiently alleging joint action or a conspiracy.  In its order

11   dismissing Plaintiffs' initial complaint, the Court instructed them about the deficiencies in their

12   Section 1983 and 1985 claims.    Nonetheless, Plaintiffs still premised such claims on

13   conclusory allegations that do not plausibly allege joint action, a conspiracy to deter a party

14   from testifying in court, or a conspiracy to deprive a party of equal protection of the laws.

15   Because Plaintiffs failed to remedy these deficiencies, it would be futile to now permit them a

16   second opportunity to amend. *See Ting v. Adams & Associates, Inc.*, 823 Fed. App'x 519, 523-

17   24 (9th Cir. 2020).

18          As to their ADA Title III claim, Plaintiffs fail to allege that Mr. Benshoof's disability

19   prevented him from wearing a face shield, which they admit T&C had permitted him to wear

20   in lieu of a mask.  Given such accommodation, Plaintiffs fail to sufficiently allege that Mr.

21   Benshoof was denied public accommodations due to his disability, which is fatal to their claim.

22   No amendment can cure such failure.  Thus, the Court should decline to grant Plaintiffs leave

23   to amend their ADA Title III claim.

24          Without the above federal claims, Plaintiffs are left only with their state claims.  The

25   Court should decline to exercise supplemental jurisdiction over such claims for the reasons

26   stated in the T&C Defendants' opening motion.  Even if the Court considers such claims, for

27

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

9

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

a second time, Plaintiffs' conclusory allegations fail to plausibly allege claims for negligence and violations of RCW 9.91.010.

Plaintiffs should not be granted another opportunity to replead their frivolous claims and/or assert new frivolous claims against the T&C Defendants.  Recently, on February 11, 2025, this Court entered an order in a separate matter declaring Mr. Benshoof a vexatious litigant and requiring him to seek advance leave of the Court before filing any new pro se civil actions in the Western District of Washington.  (*See Benshoof v. Admon*, Case No. 2:23-cv-01392-JNW, Dkt. No. 264.)  The Order identifies the instant matter as one of 10 cases Mr. Benshoof has filed in this district over the past three years, noting his tendency to file lengthy, meritless pleadings and sue the judges and lawyers involved in his cases.  (*Id.* at 14.)  This is what Mr. Benshoof has done here, filing a lengthy amended complaint that fails to cure the deficiencies in his original complaint and suing undersigned counsel and government counsel for opposing his meritless pleadings.  The findings in the Order and his conduct here make clear that Mr. Benshoof will not stop trying to amend his frivolous claims and making the same defective arguments unless the Court dismisses such claims with prejudice.

The T&C Defendants have incurred substantial attorneys' fees in moving to dismiss Plaintiffs' defective claims twice now, as well as in responding to meritless motions filed by or on behalf of Mr. Benshoof.  They should not be subjected to further defending against such defective claims and the expense of moving to dismiss them.  Given Mr. Benshoof's latest failure to cure his deficient claims, the T&C Defendants ask the Court to put a stop to his cycle of abusive litigation and dismiss the Amended Complaint with prejudice.

## II.    CONCLUSION

Based on the foregoing, the T&C Defendants respectfully request that the Court grant their motion and dismiss the claims Plaintiffs have asserted against them in the Amended Complaint with prejudice and without leave to amend.

T&C DEFENDANTS' **REPLY** IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES

10

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1    DATED this 3rd day of March, 2025.

2                                          SOCIUS LAW GROUP, PLLC

3

4                                          By: s/ Adam R. Asher
                                               Adam R. Asher, WSBA #35517
5                                              Courtney J. Olson, WSBA #54548

6                                              aasher@sociuslaw.com
7                                              206-838-9110
                                               colson@sociuslaw.com
8                                              206-838-9153

9                                          *Attorneys for Defendants Town & Country*
10                                         *Markets, Inc. and Evan B. Fagan*

11                                         I certify that the foregoing brief contains 3230
                                           words in compliance with the Local Rules.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

T&C DEFENDANTS' **REPLY** IN SUPPORT OF          11
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101

1

CERTIFICATE OF SERVICE

2

I certify under penalty of perjury under the laws of the state of Washington that on

3

this date I served the foregoing document on the following parties of record, as indicated:

4

***Via Email and Regular Mail***                    ***Via Email***

5

Kurt Benshoof                                       Margaret J King
6                                                   City of Shoreline
22701 42nd Place West                               Email: mking@shorelinewa.gov
Mountlake Terrace, WA 98043
7
Email: kurtbenshoof1@gmail.com
8                                                   *Attorneys for City of Shoreline*

Briana D Gage
9
2760 W 22nd Street #431
Brooklyn, NY 11224                                  ***Via Email***
10
Email: brianagage702@gmail.com
11                                                  Santiago Viola Villanueva
Urve Maggitti                                       King County Prosecuting Attorney's Office
12                                                  Email: sviolavillanueva@kingcounty.gov
244 Blackburn Drive
Berwyn, PA 19312
13
Email: urve.maggitti@gmail.com                      *Attorneys for King County, Ann Summers,*
14                                                  *Wm Ackers, Paul Thompson, Nicholas W.*
*Pro Se Plaintiffs*                                 *DeMuse, Jampa Tseten*

15

16

DATED March 3, 2025, at Seattle, Washington.

17

18

_s/Leslie Boston_
19
Leslie Boston

20

21

22

23

24

25

26

27

T&C DEFENDANTS' **REPLY** IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT FOR DAMAGES

12

Socius Law Group, PLLC
A T T O R N E Y S
One Union Square • 600 University St., Suite 2510
Seattle, Washington 98101
Telephone 206.838.9100
Facsimile 206.838.9101