The Honorable Tana Lin
United States District Court Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT A. BENSHOOF, BRIANA D. GAGE, and UVRE MAGGITI

    Plaintiffs,

v.

CITY OF SHORELINE, KING COUNTY, TOWN & COUNTRY MARKETS, EVAN B. FAGAN, WILLIAM C. AKERS, MR. THOMPSON, JAMPA TSETEN, NICHOLAS W. DEMUSE, COURTNEY J. OLSON, ADAM R. AHSER and ANN M. SUMMERS

    Defendants.

No. 2:24-cv-00343-TL

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12b

*Noted for March 7, 2025*

## I. REPLY

**A. Plaintiffs Gage and Maggitti have not opposed the defendants' motion to dismiss.**

Plaintiffs Briana Gage and Urve Maggitti have failed to oppose the defendants' motion to dismiss (Dkt. 94). Only Plaintiff Benshoof filed an opposition at Dkt. 99, which contains only Benshoof's signature. Pursuant to LCR 7(b)(2), a failure to oppose a motion may be considered by the Court as an admission that the motion has merits.

For the reasons stated in the defendants' motion to dismiss (Dkt. 94), which are unopposed, this Court should dismiss Plaintiffs Brianna Gage and Urve Maggitti's claims with prejudice.

---

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 1

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

**B. This Court should take judicial notice that Plaintiff Benshoof has been declared a vexatious litigant in Federal Court by Judge Whitehead in case 2:23-cv-1392 (Dkt. 264).**

The City of Shoreline, King County, Deputies William Akers and Nicholas DeMuse, and Detectives Paul Thompson and Jampa Tseten, and Senior Deputy Prosecuting Attorney Ann Summers (hereinafter Government Defendants) respectfully ask this Court take judicial notice of the Order Declaring Plaintiff Benshoof a Vexatious Litigant, issued by the Honorable Judge Whitehead in case 2:23-cv-1392 (Dkt. 264). Fed. R. Evid. 201.

In that Order, Judge Whitehead noted that "Benshoof stands out as a particularly difficult litigant, not only because of his prolific filings but also because of his abusive litigation tactics" (case 2:23-cv-1392, Dkt. 264, 13:14-15). And that "[h]e also routinely sues the judges presiding over his cases, if displeased by the outcome of a case or ruling … [and] [s]imilarly, he often sues any lawyer on the opposing side of his cases" (*Id*. 14:4-5;8-10), and that one of Benshoof's most disruptive tactics has been the length of his filings (*Id.* 16:16-17).

**C. Plaintiff Benshooof's opposition shows his pattern of vexatious litigation on meritless claims.**

Plaintiff's unfortunate personal attacks require no response, but he shows his pattern on vexatious litigation. None of the plaintiffs' statements in his response could change his failure to state a cognizable claim in his Amended Complaint.

Mr. Benshoof attempts to claim that he has presented "irrefutable evidence" against the State Court Order Restricting Abusive Litigation and that King County is not one of the "covered parties" (Dkt. 99 at 9). The King County Superior Court Order Restricting Abusive Litigation and the Order finding Mr. Benshoof in contempt (see Dkt, 95, decl. Viola Villanueva, Exhibits B and D) were both affirmed by the Court of Appeals, see *Benshoof v. Cliber*, 32 Wn. App. 2d 1011, 2024 WL 3936917, at *6 (2024), and *Benshoof v. Cliber*, 86466-1-I, 2025 WL 252817, at *3

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 2

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

(Wash. Ct. App. Jan. 21, 2025). Mr. Benshoof's disagreement with the terms of the order does not properly explain why he failed to submit a copy of such an order in this lawsuit, which was one of the terms imposed.

Plaintiff Benshoof has failed to adequately address why adding the addition of new claims with unrelated defendants, such as the addition of Senior Deputy Prosecutor Attorney Ann Summers, would be a proper amendment under Fed. R. Civ. P. 15. The new claims against the case's attorneys, which have been identified as one of the plaintiff's vexatious litigation tactics (case 2:23-cv-1392, Dkt. 264), do not pass the commonality and same transaction standard under the rule. More importantly, the amendment process should not be allowed to circumvent the terms of Judge Whitehead's order declaring Mr. Benshoof a vexatious litigant. *Id*.

Plaintiff Benshoof failed to address why this Court should exercise supplemental jurisdiction on the State claims, which the Court has declined to do so previously (See Dkt. 85). In addition, instead of responding to the defendants' motion to dismiss, Mr. Benshoof appears to argue the claims are interchangeable, seemingly to argue on behalf of Plaintiff Gage, when she has not opposed the motion to dismiss and has not signed the responding brief either. The negligence claim fails because Plaintiff does not specify what actions were attributed to each Defendant, nor does he specify even the date of the alleged violation.

Plaintiff Benshoof failed to state a cognizable *Monell* claim and produce substantive arguments. Mere legal conclusions in a complaint are not entitled to an assumption of truth. *Ashcroft v Iqbal*, 556 U.S. 662, 678-79 (2009). While this Court must accept a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 3

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

conclusions, and a formulaic recitation of the elements of a cause of action will not do…. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff Benshoof failed to address the deficiencies in his religious discrimination claim substantively and instead engaged in hypotheticals that exemplified his vexatious litigation tactics (See Dkt. 99, p22 ¶72). Plaintiff's arguments do not address the issues with the claim, which remain his failure to identify any First Amendment violation. Enforcement of a masking policy in a grocery store does not implicate the free exercise of religion. "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden…place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at 1031-32 (internal quotation marks and punctuation omitted). See also *Denis v. Ige*, 538 F.Supp.3d 1063, 1076 (D. Haw. 2021) (denying free exercise challenge to mask mandates). Benshoof does not identify how or why the tenets of his religion proscribe masks, and he fails to describe how T&C's mask policy placed a substantial burden on the exercise of that religion. And Plaintiff still has not addressed why the alternative of wearing a face shield in lieu of the face mask would place a substantive burden on the exercise of his religion. *Gardner v. Brown*, No. C21-1256, 2023 WL 11022871, at *5 (D. Or. Nov. 3, 2023) ("Neither does [Plaintiff] identify the tenets of his religion, allege that his sincerely held religious beliefs reject the use of face masks, nor describe how the mask mandate substantially burdens the practice of his religion.").

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 4

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

Plaintiff Benshoof failed to make more than conclusory allegations regarding his "conspiracy" claim. His response appears to track with his amended complaint, which also tracked with his original complaint that was dismissed. Mr. Benshoof's allegations remain conclusory, and this Court has previously dismissed these claims (See Dkt. 85). Mr. Benshoof has failed to cure his deficiencies.

Plaintiff Benshoof's argument regarding his ADA claims should be denied. Mr. Benshoof litigated similar ADA claims in case 2:23-cv-01392 (*see* Order in Dkt. 245 at 36-39), and the Ninth Circuit has recently affirmed the dismissal of such claims (*see* case 2:23-cv-01392, Dkt 265, case 24-4223 9 Cir). Here, the only accommodation that Mr. Benshoof requested was not wearing a mask during the pandemic. Mr. Benshoof failed to show why such accommodation was the only "reasonable modification," failed to identify his disability, and failed to show that the alleged disability would have prevented him from wearing a mask or a face shield (offered as an alternative by the Store).

Benshoof alleges ADA Title III claims against King County, the City of Shoreline, William Akers, Paul Thompson, and Jampa Tseten (Dkt. 88 at ¶234). He does not, however, allege that they are "private entit[ies] that ow[n], leas[e], or operat[e] a place of public accommodation," as required to state a claim under this section of the ADA. They are government actors; therefore, he cannot state an ADA claim against them under Title III.

## II.     CONCLUSION

King County Defendants respectfully request that this case be dismissed with prejudice, and that no further leave to amend be granted.

*I certify that this Memorandum contains 1,326 words in compliance with Local Civil Rules.*

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 5

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

DATED this 5th day of March, 2025.

        LEESA MANION (she/her)
        King County Prosecuting Attorney

        By: */s/ Santiago Voila Villanueva*
        SANTIAGO VIOLA VILLANUEVA, WSBA #54071
        Senior Deputy Prosecuting Attorney
        Attorney for City of Shoreline and King County Defendants
        701 5th Avenue, Suite 600
        Seattle, WA 98104
        Phone: (206) 477-1120/Fax: (206) 296-0191
        sviolavillanueva@kingcounty.gov

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send automatic notification to all the registered parties. I also hereby certify that on March 6, 2025, I sent the same electronically and via US Postal Service to the following:

        Uvre Maggitti
        244 Blackburn Drive
        Berwyn, PA 19312
        Uvre.maggitti@gmail.com
        *Pro Se Plaintiff*

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 5th day of March, 2025.

        _____
        RAFAEL A. MUNOZ-CINTRON
        Paralegal I – Litigation Section
        King County Prosecuting Attorney's Office

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12b
[No. 3:24-cv-00343-TL] - 6

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191