UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

---

KURT A. BENSHOOF,
BRIANA D. GAGE,
URVE MAGGITTI,
         Plaintiffs,       Case No. 2:24-cv-00343-TL
v.
CITY OF SHORELINE, *et al.,*       NOTE ON MOTION CALENDAR
         Defendants       as per LCR 7(d)(3):  October 31, 2025

---

# MOTION FOR RECONSIDERATION UNDER RULE 59 or RULE 60 and/ or LCR 7

## I. RELIEF REQUESRED

Co-Plaintiff Kurt Benshoof ["Benshoof"] timely moves this Court under Federal Rule of Civil Procedure 59 and Rule 60, for reconsideration of it's order [Dkt. #109] denying Benshoof's motion for an order directing the clerk of court to provide the complete record to Benshoof at public expense [Dkt. # 108] for Benshoof's Ninth Circuit Appeal, Case No. 25-2449.

## II. STATEMENT OF FACTS.

   1. Benshoof incorporates by reference as if fully restated herein his motion for an order directing the clerk of court to provide the record at public expense [Dkt. #108] including its exhibits.

   2. Benshoof was unlawfully imprisoned on February 24, 2025 and immediately incarcerated in solitary confinement in King County jail.

   3. Benshoof was held in solitary confinement in King County Jail until May 2025, without access to envelopes, postage, or paper.

   4. On or around May 13th, Benshoof was transferred to state prison custody and was again denied access to envelopes, postage, and paper until July 2025.

5. Since June 19th, 2025, Benshoof has been unlawfully imprisoned at Coyote Ridge Correctional Center [CRCC] in Connell, Washington.

6. Benshoof has not received any correspondence from the Lynn court during his imprisonment at CRCC.

7. On August 28, 2025, Benshoof moved for an order directing the US District Court clerk to provide Benshoof the record of public expense in Ninth Circuit Case No.25-4669 [Dkt.#8].

8. On September 23, 2025, the Ninth Circuit issued an order [Dkt.#13, Case No.25-4669 ] denying Benshoof's motion for an order and directed Benshoof to move in the district court for such an order.

9. On October 2, 2025, Benshoof filed the motion for an order directing the clerk of court to provide the record at public expense in this case [Dkt. #108].

### III.   LEGAL STANDARD

**<u>Motions for Reconsideration (Rule 59(e) and LCR 7(h))</u>.**

A Rule 59(e) motion to alter or amend a judgment is an *"extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources."*.

"Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). "<u>ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, v. Charles HERRON</u>, Defendant-Appellant., 634 F.3d 1101, 1111 (Mar 10, 2011)

Under Ninth Circuit law, such a motion may be granted on four narrow grounds: *"(1) if necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if necessary to present newly discovered evidence; (3) to prevent manifest injustice; or (4) if there is an intervening change in controlling law."* (quoting <u>Allstate Ins. Co. v. Herron</u>, 634 F.3d 1101, 1111 (9th Cir. 2011)). Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of a manifest error or new facts/legal authority that

could not have been presented earlier with reasonable diligence (LCR 7(h)(1)). They are to be granted only in *"highly unusual circumstances"*. A Rule 59(e)/LCR 7(h) motion is *not* an occasion to reargue the case or present evidence that was available previously; its role is to correct clear error or prevent a manifest injustice.

**Relief from Judgment (Rule 60(b)(1) & (6)).**

Separately, Rule 60(b) provides that a party may be relieved from a final judgment or order due to reasons including "mistake, inadvertence, surprise, or excusable neglect" (Rule 60(b)(1)) or *"any other reason that justifies relief"* (Rule 60(b)(6)). Rule 60(b)(6), the catchall provision, is reserved for *extraordinary circumstances* and is applied sparingly to prevent manifest injustice. The moving party bears the burden of showing truly exceptional circumstances beyond their control. Courts have emphasized that *"to justify relief under Rule 60(b)(6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."* (quoting <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs</u>., 507 U.S. 380, 393 (1993)). In other words, the party must demonstrate circumstances so extreme that they "prevented or rendered him unable to prosecute his case." (quoting <u>Lal v. California</u>, 610 F.3d 518, 524 (9th Cir. 2010)).

Relief under "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show *both* injury and that circumstances beyond its control prevented timely action to protect its interests." Id." <u>Navajo Nation v. Dep't of the Interior United States Court of Appeals,</u> Ninth Circuit. Dec 4, 2017; see <u>Alpine Land Reservoir</u>, 984 F.2d at 1049.

Notably, a court may consider equitable factors such as prejudice: if the non-movant will suffer no legitimate prejudice from granting the relief, but the movant would suffer severe prejudice absent relief, these circumstances weigh in favor of Rule 60(b) relief. Finally, Rule 60(b)(1) allows relief for mistakes – including factual mistakes by the court or parties – if brought within a reasonable time (and, for 60(b)(1), not more than one year).

## IV.  ARGUMENT AND AUTHORITY.

**The Order Contains a Manifest Factual Error That Merits Amendment under Rule 59(e) and LCR 7(h).**

The Court's Order [Dkt. #109] rests on a crucial but incorrect factual premise: court order [Dkt.#109] denied Benshoof's motion [Dkt.#108] stating that Benshoof had adequate time prior to filing of the motion on October 2, 2025, to request an order from this court.

 However, this Court's decision incorrectly presumed that Benshoof had access to the courts, which he did not, *supra* at #3 and #4 above.

In addition to Benshoof being held incommunicado for months, the federal courts bear the burden of responsibility for not mailing Benshoof court documents at his places of incarceration. As an example Benshoof's motion Dft. #108 clearly stated that Benshoof is in prison, provided the court the address where Benshoof is incarcerated at, and yet the court did not send it's Order [Dkt. #109] denying the motion to Plaintiff Benshoof.

The Washington Supreme Court instructs that **"the trial court must inquire into the circumstances surrounding the absence. The trial court must give a defendant the opportunity to explain the absence."** *State v. Garza*, 150 Wn.2d 360, 371**,** 77 P.3d 347 (2003).  In particular, when the absence is the result of incarceration and the record shows the party could not contact the court, *supra* at #3 and #4 above.

Although *Garza* is a criminal case, courts treat its inquiry requirement as a procedural due-process safeguard against presuming a voluntary waiver based on absence. Using it here is a persuasive analogy**:** the core principle is that before attributing fault to the litigant, the court must make a reasonable, on-the-record inquiry into whether the absence was involuntary. In particular, when the absence is the result of **i**ncarceration with no meaningful ability to communicate with the court.

Because this is a manifest error of fact appearing on the face of the Order, Rule 59(e) provides a proper avenue to correct it. Courts have consistently held that a 59(e) motion is appropriate to correct *"manifest errors of ... fact upon which the judgment rests."* Here, the error is not a minor typo; it strikes at the accuracy of the Court's findings. Leaving the

error uncorrected would work a *"manifest injustice"* to Benshoof's due process right to access court, to meaningfully participate in existing case(s) including the right and obligation to be served with all the filings in legal case by all parties, including the court. Especially considering the fact that Benshoof's incarceration is not a "voluntary" absence form society and conditions of his confinement are outside of Benshoof's control.

The Ninth Circuit recognizes that Rule 59(e) exists to rectify clear factual errors and to ensure the judgment is not predicated on a *"manifest error in the prior ruling."* (LCR 7(h)(1)).

In sum, Benshoof has identified a "manifest error" of fact, and this Court *"must [thus] carefully consider"* correcting it to uphold the accuracy and fairness of its rulings. Benshoof is not asking the Court to change its mind on a disputed issue or to consider new evidence – only to fix a plain mistake. Therefore, relief under Rule 59(e) and LCR 7(h) is appropriate.

Local Rule 7(h) likewise permits reconsideration on this basis. Benshoof raised this issue at the earliest opportunity post-judgment, and it involves no new evidence or law, only the Court's own inadvertent factual mistake. This is precisely the scenario in which reconsideration, although disfavored, is warranted to prevent an obvious miscarriage of justice. The Court can correct the record without undermining the finality principle that makes reconsideration extraordinary, because doing so *supports* the integrity of the proceedings rather than rehashing matters already decided on their merits.

**In the Alternative, Relief from Judgment is Warranted Under Rule 60(b)(1) and 60(b)(6) Due to Mistake and Extraordinary Circumstances.**

Even if the Court were to view the above-described error as outside the scope of Rule 59(e), Benshoof is entitled to relief under Rule 60. The Court's statement that Benshoof had adequate time prior to filing of the motion on October 2, 2025, to request an order from this court constitutes a "mistake" for purposes of Rule 60(b)(1). And more broadly, the *extraordinary circumstances* surrounding Mr. Benshoof's inability to participate in this case justify relief under Rule 60(b)(6).

### A. Relief is Justified Under Rule 60(b)(1) to Correct the Factual Mistake in the Order.

Rule 60(b)(1) permits a court to correct mistakes in orders or judgments, including factual mistakes and inadvertence. The mistaken Order [Dkt#109] is precisely such a mistake. It was no fault of Benshoof.

The Court has authority to remedy *"mistake[s]"* in its judgment, especially when promptly brought to its attention (here, within the same month of the judgment). Correcting this error under 60(b)(1) aligns with the purpose of that rule: to ensure that judgments are not unjustly upheld when they are based on mistakes of fact. Indeed, a district court abuses its discretion if it refuses to correct a clear factual error once notified, as leaving it uncorrected would be arbitrary or unfair (and invite needless appeal or reversal). Thus, independently of Rule 59(e), the Court can and should grant relief by amending its Order via Rule 60(b)(1).

### B. Benshoof's Incommunicado Detention is an Extraordinary Circumstance Warranting Relief Under Rule 60(b)(6).

Rule 60(b)(6) exists as a grand reservoir of equitable power to vacate judgments in order to achieve justice. Courts may vacate a judgment for "any other reason" that justifies relief – but only in *extraordinary* situations that could not have been addressed by earlier motion or appeal. The situation of Benshoof is nothing short of extraordinary. Through no fault of his own, he was prevented from taking any action in his own lawsuit. He was, in effect, civilly dead to this litigation during the critical period, during motion(s) to dismiss. The undisputed evidence, the sworn statements shows that Benshoof had no ability to write to the Court, no ability to contact his co-plaintiffs or any attorney except by phone, for short periods of time, and no access to mail beyond possibly sending word through third parties. This was not a short or sporadic hindrance.

The Ninth Circuit has held that Rule 60(b)(6) relief is warranted where a party has been effectively prevented from participating in the case. For example, in <u>Lal v. California,</u> the court granted 60(b)(6) relief to a plaintiff who failed to timely prosecute his case due

to *"extraordinary circumstances which prevented or rendered him unable to prosecute his case."*. Likewise, in <u>Klapprott v. United States</u>, 335 U.S. 601 (1949), the Supreme Court famously allowed relief from a default judgment revoking citizenship where the defendant was imprisoned and ill during the response period – circumstances beyond his control that left him, as here, effectively unable to defend himself. The Supreme Court in *Klapprott* emphasized that such a scenario *"cannot fairly or logically be classified as mere 'neglect'"*; it was an *"extraordinary situation"* justifying invocation of the Rule 60(b) catchall. The petitioner in <u>Klapprott</u> had been **"no more able to defend himself ... than if he had never received notice of the charges."*. Here, Benshoof was no more able to contribute to his litigation than if he had never been a party to the case – indeed, in practical terms he *was not* a participating party, due solely to external constraints.

  The record demonstrates both "injury" and "circumstances beyond [Benshoof's] control," satisfying the Ninth Circuit's requirement for Rule 60(b)(6) relief. The injury is evident: Benshoof's meritorious claims have been (at least temporarily) extinguished without ever being heard on the merits, and his inability to oppose the motion to dismiss undoubtedly affected the outcome. The prejudice to Benshoof is that his case was decided in a one-sided vacuum. On the other hand, the *reason* for this outcome – Benshoof's inability to act – was entirely beyond his control (and beyond his co-plaintiffs' control as well). These facts closely parallel those in <u>Gardner v. Martino</u>, where the Ninth Circuit noted that Rule 60(b)(6) requires a showing that *"circumstances beyond [the party's] control prevented timely action to protect [his] interest."*. That is exactly case here: Benshoof was physically and administratively prevented from protecting his own interests in court.

  Furthermore, granting relief here would prevent a grave manifest injustice, consistent with Rule 60(b)(6)'s purpose. Fundamental fairness dictates that a litigant should not lose his day in court because he was denied a pencil and paper. The right of access to the courts is one of the most basic constitutional rights for anyone, including a prisoner. As the Supreme Court held in <u>Lewis v. Casey</u>, inmates must be afforded the tools necessary to challenge their sentences or conditions; an inmate demonstrates *actual injury* when official action *"hindered his efforts to pursue a nonfrivolous legal claim."*. Here, Benshoof's

jailers hindered – indeed completely foreclosed – his efforts to pursue very nonfrivolous civil rights claims. In *Christopher v. Harbury*, the Court described "forward-looking" access-to-courts claims where *"systemic official action frustrates a plaintiff in preparing and filing suits at the present time, where the suits could be pursued once the frustrating condition has been removed."*. Benshoof's circumstance is precisely that: a *systemic frustration* of his ability to litigate, which can be cured by removing the barriers (providing pen, paper, envelopes, access to legal resources, mail). *Harbury* teaches that the right of access is *"ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."* Here, the underlying claims are serious civil rights grievances; being "shut out" of pursuing them due to external restraints is itself a profound injury. Equity cannot countenance dismissing those claims with prejudice under such conditions.

Rule 60(b)(6) exists for scenarios like this, "to accomplish justice" when normal procedural rules would not. The Court's intervention under Rule 60(b)(6) is needed to prevent the **"**court doors [from] being actually shut on [his] complaint." (as the Seventh Circuit described prejudice in access-to-courts cases). In this regard, granting relief not only serves the Plaintiffs' interests but upholds the judiciary's integrity in ensuring every litigant a fair chance to be heard. As Justice Black observed in *Klapprott*, Rule 60(b)'s broad language empowers courts to vacate judgments whenever necessary *"to accomplish justice."* This is such a moment.

## Pending Appeal

Court also states that "..there is no appeal pending as Plaintiffs' appeal has been dismissed and, therefore, no appellate briefs to be prepared."

Court is not counting pending motions filed by Benshoof that are currently pending before the Ninth Circuit Court of Appeals, such as " MOTION TO CORRECT THE RECORD" filed on September 4, 2025 [Dkt. #15,1] and  "EMERGENCY MOTION TO RECALL THE MANDATE AND REINSTATE THE APPEAL" filed on September 17, 2025, [Dkt.#18.1] and "Form 28. Response to Motion or Court Order/ Miscellaneous Pro Se Filings" filed on October 6, 2024 [Dkt.#20.1].

The appeal is still ongoing and any closure in the appeal was done as a consequence of due process violation of Benshoof's rights, again due to the *"circumstances beyond [the party's] control"* and therefore the Ninth Circuit will reinstate the appeal and set a new briefing deadline.

## V. CONCLUSION

Because Benshoof's complete inability to exercise his rights was the reason for the adverse judgment, this case presents *"highly unusual circumstances"* justifying relief.

Upon the foregoing this court should amend the prior order [Dkt#109] and grant Benshoof order directing the United States District Court clerk to provide Benshoof the full record at the public expense.

## VERIFICATION

I, Kurt Benshoof, do hereby declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury in the State of Washington. Executed this 16th day of October in the year 2025, in Connell, Washington.

RESPECTFULLY SUBMITTED,

*/s/ Kurt Benshoof*

Kurt Benshoof, Plaintiff *pro se*

Washington Department of Corrections,
Coyote Ridge Corrections Center (CRCC)
DOC# 448305, Unit BF01, PO Box 769,
Connell, WA 99326

    The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[1]

URVE MAGGITTI

urve.maggitti@gmail.com
1131 Westhaven Boulevard,
Franklin, TN 37064
urve.maggitti@gmail.com
917-340-056

---

[1] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

## CERTIFICATE OF SERVICE

The foregoing document is served via notice of electronic filing to all counsel of record, and by email to the email addresses listed below.

**Attorney For Defendants**
**KING COUNTY, Dep. Akers,**
**Dep. DeMuse, Dep. Tseten**
**Det. Thompson, Att. Summers:**
Santiago Pablo Viola Villanueva, Attorney
Direct: 206-477-0146
Email: sviolavillanueva@kingcounty.gov
[Government]
King County Office of the Prosecuting Attorney
701 5th Avenue
Suite 600
Seattle, WA 98104

**Attorneys for Defendants**
**TOWN & COUNTRY MARKETS**
**Evan Fagan, Jane Doe, John Doe:**
Courtney J. Olson, Attorney
Direct: 206-838-9100
Email: colson@sociuslaw.com
[Retained]
Socius Law Group PLLC
600 University Street
Suite 2510
Seattle, WA 98101

**Defendant CITY OF SHORELINE**
Santiago Pablo Viola Villanueva, Attorney
Direct: 206-477-0146
Email: sviolavillanueva@kingcounty.gov
[Government]
King County Office of the Prosecuting Attorney
701 5th Avenue
Suite 600
Seattle, WA 98104

**Defendant Paul H. Thompson**
Santiago Pablo Viola Villanueva, Attorney

Direct: 206-477-0146
Email: sviolavillanueva@kingcounty.gov
[Government]
King County Office of the Prosecuting Attorney
701 5th Avenue
Suite 600
Seattle, WA 98104

**Defendant William C. Akers**
Santiago Pablo Viola Villanueva, Attorney
Direct: 206-477-0146
Email: sviolavillanueva@kingcounty.gov
[Government]
King County Office of the Prosecuting Attorney
701 5th Avenue
Suite 600
Seattle, WA 98104

**Defendant Ann M. Summers**
Santiago Pablo Viola Villanueva, Attorney
Direct: 206-477-0146
Email: sviolavillanueva@kingcounty.gov
[Government]
King County Office of the Prosecuting Attorney
701 5th Avenue
Suite 600
Seattle, WA 98104

**Defendant Adam Asher**
Courtney J. Olson, Attorney
Direct: 206-838-9100
Email: colson@sociuslaw.com
[Retained]
Socius Law Group PLLC
600 University Street
Suite 2510
Seattle, WA 98101

**Defendant Courtney Olson**
Mr. Adam Richard Asher, Trial Attorney
Direct: 206-838-9100
Email: aasher@sociuslaw.com
[Retained]
Socius Law Group, PLLC
600 University Street

Suite 2510
Seattle, WA 98101

**Defendant Jampa Tseten**
Santiago Pablo Viola Villanueva, Attorney
Direct: 206-477-0146
Email: sviolavillanueva@kingcounty.gov
[Government]
King County Office of the Prosecuting Attorney
701 5th Avenue
Suite 600
Seattle, WA 98104

**Defendant Nicholas DeMuse**
Santiago Pablo Viola Villanueva, Attorney
Direct: 206-477-0146
Email: sviolavillanueva@kingcounty.gov
[Government]
King County Office of the Prosecuting Attorney
701 5th Avenue
Suite 600
Seattle, WA 98104

**Plaintiff/Appellant BRIANA D. GAGE** [Pro Se]
brianagage702@gmail.com

**Plaintiff/Appellant KURT BENSHOOF** [Pro Se]
Coyote Ridge Corrections Center (CRCC)
ID Number448305
Unit FB01, PO Box 769
Connell, WA 99326

**Plaintiff/Appellant URVE MAGGITTI** [Pro Se]
1131 Westhaven Boulevard,
Franklin, TN 37064
urve.maggitti@gmail.com
917-340-0561
urve.maggitti@gmail.com