# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** [_____]

## Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: [_____]

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: [_____]

Date of judgment or order you are appealing: [_____]

Docket entry number of judgment or order you are appealing: [_____]

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

○ Yes   ○ No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

[_____]

Is this a cross-appeal?   ○ Yes   ○ No

If yes, what is the first appeal case number? [_____]

Was there a previous appeal in this case?   ○ Yes   ○ No

If yes, what is the prior appeal case number? [_____]

Your mailing address (if pro se):

[_____]

[_____]

City: [_____]   State: [_____]   Zip Code: [_____]

[signature]

**Date** [_____]

*Complete and file with the attached representation statement in the U.S. District Court*

Prisoner Inmate or A Number (if applicable): [_____]

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Signature**

**Form 1**                                                                                          Rev. 06/09/2022

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 6**                                   1                                   *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?  ○ Yes   ○ No

**Appellees**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 6**                                    2                                    *New 12/01/2018*

**Defendant**

**Thompson**  
*Mr.*

represented by **Ann Marie Summers**  
(See above for address)  
*TERMINATED: 12/05/2024*

**Santiago Viola Villanueva**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jampa Tseten**

represented by **Santiago Viola Villanueva**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nicholas W. DeMuse**

represented by **Santiago Viola Villanueva**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Courtney J. Olson**

**Defendant**

**Adam R. Asher**

**Defendant**

**Ann M. Summers**

represented by **Santiago Viola Villanueva**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Defendant**

**William C Akers**

represented by **Ann Marie Summers**  
(See above for address)  
*TERMINATED: 12/05/2024*

**Santiago Viola Villanueva**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF, BRIANA D. GAGE, and URVE MAGGITTI,<br><br>Plaintiffs,<br>v.<br><br>CITY OF SHORELINE et al.,<br><br>Defendants. | CASE NO. 2:24-cv-00343-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiff Kurt Benshoof's motion for reconsideration (Dkt. No. 110)[1] of the Court's October 7. 2025 Order denying his motion for the record to be provided to him at public expense (Dkt. No. 109). Having considered the motion and the relevant record, the Court DENIES the motion.

---

[1] Both the original motion and the motion for reconsideration are only signed by Plaintiff Kurt Benshoof and not Plaintiff Briana Gage. Dkt. No. 108 at 5; Dkt. No. 110 at 9. As used in this Order, "Plaintiff" refers to Plaintiff Benshoof.

ORDER ON MOTION FOR RECONSIDERATION – 1

**I.     BACKGROUND**

The Court dismissed Plaintiffs' case on March 27, 2025. Dkt. No. 104. On April 13, 2025, Plaintiffs filed a notice of appeal to the Ninth Circuit Court of Appeals ("Court of Appeals"). Dkt. No. 105. On April 16, 2025, the Court of Appeals docketed Plaintiffs' appeal and issued a scheduling order. Dkt. No. 106. On June 20, 2025, the Court of Appeals dismissed Plaintiffs case for failure to file an opening brief by the due date. Dkt. No. 107.

On October 2, 2025, Plaintiff Benshoof filed a motion for the record to be provided to him at public expense. Dkt. No. 109. The Court denied the motion because while the Federal Rules of Appellate Procedure for the Ninth Circuit require the clerk of court to provide prisoners not represented by counsel with copies of documents comprising excerpts of the record upon their request "so that the prisoner can prepare the briefs on appeal," Fed. R. App. P. 30-1.7, no appeal was pending after Plaintiffs' appeal was dismissed by the Ninth Circuit. Dkt. No. 107 ("Records Denial Order"). Plaintiff Benshoof subsequently filed a motion to reconsider the order denying his request for a copy of the record in this case. Dkt. No. 110.

**II.     LEGAL STANDARD**

**A.     Local Civil Rule 7(h)**

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting that reconsideration is an "extraordinary remedy" and that the moving party

ORDER ON MOTION FOR RECONSIDERATION – 2

bears a "heavy burden" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

**B.     Federal Rule of Civil Procedure 59(e)**

Rule 59(e) allows a party to move to alter or amend a judgment. *See United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107 (9th Cir. 2017). A motion to amend judgment may only be granted where: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis omitted) (citation modified). "A Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citation modified). "District courts have considerable discretion in deciding Rule 59(e) motions." *Id.* (citation modified).

**C.     Federal Rule of Civil Procedure 60(b)(3)**

Rule 60(b) allows a party to move for relief from "a final judgment, order or proceeding" for one of six stated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is

ORDER ON MOTION FOR RECONSIDERATION – 3

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

### III. PRELIMINARY MATTER

As preliminary matter, Plaintiff states that the federal courts bear responsibility for mailing court documents to the place of an individual's incarceration but that the Records Denial Order was not sent to him. Dkt. No. 110 at 4. Mr. Benshoof states that he is currently incarcerated at Coyote Ridge Correctional Center in Connell, Washington (Dkt. No. 110 at 2); however, the address on the docket is listed as a residential address in Mountlake Terrace. If there is a change of address or a change in a plaintiff's ability to receive service electronically, Local Civil Rule 10(f) requires that "any party not represented by an attorney must file a notice with the court of any change in address, telephone number or email address. Such notice must be received by the Clerk's Office within ten days of the change." In reviewing the docket, the Court sees that the several of its orders have been mailed to Urve Maggitti, the individual who has been typing and filing materials on Plaintiff Benshoof's behalf. *See, e.g.*, Dkt. No. 108 at 6; Dkt. No. 110 at 10. However, as both Plaintiffs have enrolled in the Court's e-filing service, they both automatically receive electronic notices of the Court's orders at the address(es) provided through their registrations. Again, if Plaintiff Benshoof wishes to receive notice electronically at a different email address or via hard copy at a different address, it is his responsibility to provide that information to the Clerk's Office. LCR 7(h). The orders were mailed to Mr. Maggitti out of an abundance of caution and as a courtesy. And Plaintiff Benshoof appears to be getting timely notice as he filed his motion for reconsideration just nine days after the Court issued the Records Denial Order.

//

//

ORDER ON MOTION FOR RECONSIDERATION – 4

IV. DISCUSSION

A. Reconsideration

Plaintiff's motion fails to show manifest error, and it does not provide new evidence that could not have been brought to the Court's attention until now. First, Plaintiff asserts that he was held incommunicado for months. Dkt. No. 110 at 4, 6–8. Plaintiff does not explain why he could not have brought this issue "to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). These were all facts within Plaintiff's control, and Plaintiff has been able to participate in this litigation by filing not only the motion for request for records and the instant motion for reconsideration but also objections, an amended complaint, motions, and responses. *See, e.g.*, Dkt. Nos. 86, 87, 88, 98, 99.

Regardless, the core reason for the denial of Plaintiff's request was that the Rule requires the provision of records "so that the prisoner can prepare the briefs on appeal," Fed. R. App. P. 30-1.7, but the Ninth Circuit had already dismissed Plaintiff's appeal at the time he requested the records. Dkt. No. 107. Plaintiff raises a number of motions he has filed in the Ninth Circuit, including that he has filed a request to reinstate the appeal. Dkt. No. 110 at 8–9. But none of those motions are before this Court. The fact remains that, on the record before this Court, his appeal has been dismissed. Should he be successful in reinstating his appeal, then he may move again for reconsideration as, in that situation, there will be new, changed facts to be brough to the Court's attention.

On the record before the Court at this time, Plaintiff fails to demonstrate why reconsideration under Local Civil Rule 7(h) is appropriate.

B. **Altering or Amending Judgment Under Rule 59(e)**

Rule 59(e) allows a party to file a motion to alter or amend a judgment. While there was a judgment entered in this case (Dkt. No. 104), Plaintiff is not moving to reconsider or amend the

judgment. *See generally* Dkt. No. 110. Therefore, Rule 59(e) is inapplicable here.

**C.     Relief from Judgment or Order Under Rule 60**

Federal Rule of Civil Procedure 60(b) allows a party to move for relief from the final order of a court. For the same reasons Plaintiff's motion fails to meet the requirement for reconsideration under Local Civil Rule 7(h), Plaintiff does not demonstrate that he meets any of the grounds for relief from judgment under Rule 60(b). *See supra* Section III.A.

V.     CONCLUSION

Accordingly, the Court DENIES Plaintiff Benshoof's motion for reconsideration (Dkt. No. 110) of the Court's Order denying his request for a copy of the record at public expense. The Court will further DIRECT the Clerk of Court to, as a one-time courtesy, mail a hard copy of this Order to Plaintiff Benshoof at the address listed in his motion, which is:

> Washington Department of Corrections
> Coyote Ridge Corrections Center (CRCC)
> DOC# 448305, Unit BF01, PO Box 769
> Connell, WA 99326.

Dated this 22nd day of October, 2025.

Tana Lin
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION – 6